FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS, BOX 879
AYER, MA 01432

PRO-SE PLAINTIFF

US DISTRICT COURT,
DISTRICT OF MASSACHUSETTS

FRANK BARBARO,

PRO-SE PLAINTIFF

vs

UNITED STATES OF AMERICA ON
BEHALF OF THE FEDERAL BUREAU
OF PRISONS (FMC DEVENS PRISON)

AND

INDIVIDUALLY NAMED PRISON
OFFICIALS; DR BHATTI, PA KILDUFF
AND UNIT MGR MRS FERNANDEZ,

DEFENDANTS

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

DOCKET NO.:_____

JUDGE:_____

## 05-40097 MLW

JURY TRIAL DEMANDED UNDER BIVENS
CONSTITUTIONAL VIOLATIONS BY THE
THREE NAMED PRISON OFFICIALS

COMPLAINT

## JURISDICTION & VENUE

**JURISDICTION**

1.    Frank    Barbaro    Pro-Se    Plaintiff    hereinafter,
**Plaintiff,** sets forth that the Honorable Court has Subject
Matter  Jurisdiction  over  the  United  States  of  America
(USA), the first named Defendant on behalf of the Federal
Bureau  of  Prisons  (BOP),  Federal  Medical  Center  (FMC)
Devens, pursuant to the Plaintiff's completed exhaustion
of three (3) separate Federal Tort Claim Filings under the
following    Tort    Claim    Numbers    with    descriptions:
**TRT-NER-2004-05174**    for    alleged    personal    injuries,
**TRT-NER-2004-03785** for alleged denial for the Plaintiff to
the  proper  access  of  the  BOP  Administrative  Remedy
Process, **TRT-NER-2005-01035** for denial for the Plaintiff's
Right to a Second Medical Opinion.

2.    The USA by the BOP Northeast Regional Counsel, Henry
J Sadowski, did issue the Plaintiff with the denial for
each of the above completed & exhausted Federal Tort Claim
Remedies. Tort  Claim  #TRT-NER-2004-03785  was  denied  on
12/1/04.  Tort  Claim  #TRT-NER-2005-01035  was  denied  on
5/12/05. Tort Claim #TRT-NER-2004-05174 was denied on 3/17/05.
* The 3 Tort Claim Denials from the BOP Northeast Regional
Counsel,  Henry  J  Sadowski,  are  in  **Exhibit  #1**  attached
hereto.

**(1)**

3.    In addition to the USA as the first named
Defendant, the Plaintiff has named Three (3) Prison
Officials in their official & individual capacities,
under Constitutional Violations pursuant to US Supreme
Court Authority in <u>Bivens v Six Unknown Named Agents of
the Federal Bureau of Narcotics</u> (1971) 403 US 388, 29 LEd
2d 619, 91 S. Ct 1999. The Plaintiff has named the USA as
the first Defendant under his completed & exhausted three
(3) Federal Tort Claims pursuant to the Federal Tort
Claims Act. The Plaintiff has further named three (3)
Prison Officials in their official & individual
capacities for Violations deliberately acted out against
the Plaintiff pursuant to <u>Bivens</u> case-law.

4.    In addition to the Plaintiff's completed
Administrative Remedy Exhaustion, under the Federal Tort
Claims Act, the Plaintiff did file approximately 60 BOP
Administrative Remedies. The Plaintiff filed his BOP
Administrative Remedies with the required three (3)
levels of exhaustion, under the Federal Prison Litigation
Reform Act, Title 42 USC 1997 (e)(a). The Plaintiff
completed each Remedy Exhaustion with the Warden at FMC
Devens, BOP NE Regional Director and the BOP General
Counsel at theBOP main office in Washington, DC.

5.    The Plaintiff alleges that he met each Burden for
Jurisdiction, under the Prison Litigation Reform Act,
by completing the required Exhaustion of each allegation
that was available by the Named Defendants. The Plaintiff
further alleges that the USA was Negligent by Prohibiting
& Obstruction the Plaintiff's required access to the 3
levels of the BOP Administrative Remedy Process on and
under a substantial amount of the Plaintiff's claims that
were prevented from Exhaustion. The USA and the Named
Prison Official, Mrs Fernandez, acted to make the BOP
Administrative    Remdy    Process    unavailable    to    the
Plaintiff, in Violation of the Prison Litigation Reform
Act & Supreme Court Authority. The Plaintiff did complete
his Exhaustion under the Federal Tort Claims Act, along
with "Sensitive 10" Special BOP Administrative Remedies
that the Plaintiff filed with the BOP NE Regional
Director. In the above Federal Tort Claims Filings &
"Sensitive 10" Administrative Remedies, the Plaintiff
alleged that the USA and Mrs Fernandez made the filing of
Remedies unavailable to the Plaintiff. That Misconduct
was in Breach of Title 42 USC 1997 (e)(a), and the
Federal Tort Claims Act.

(3)

**VENUE**

6.     The Plaintiff alleges that the Court has Venue over the Subject Matter of the Action, pursuant to the location of the FMC Devens Prison which is located in the Court's Judicial District. The Plaintiff alleges that each of the allegations in the Complaint were based upon Wrongful Conduct and Negligence, with Constitutional Violations at the FMC Devens Prison. The Plaintiff has been held in Federal Detention at FMC Devens Prison since December 30, 2003 thru the filing of the Instant Action.

<u>INTRODUCTION TO THE ACTION & PARTIES</u>

7.     The Plaintiff is a Federal Prisoner that had been held in detention at FMC Devens Prison from December 30, 2003 thru the filing of the Instant Action.

8.     The Defendants are the USA and Three (3) Named Prison Officials. The Complaint allegations below sets forth Tort Negligence by the Defendant's withholding the medically required Community Standard of Care for the Plaintiff's documented injuries to his neck, back, shoulder, hearing and toe. The allegations took place from December 2003 thru the filing of the Instant Action.

9.     In addition to the USA, the Plaintiff has named Three (3) Prison Officials in their official & individual capacities, pursuant to Constitutional <u>Bivens</u> Violations.

10.    Defendants, Dr Bhatti and PA Kilduff, acted with Deliberate Indifference by wanton malice in depriving the Plaintiff of the medically required Community Standard of Care for his neck, back, shoulder, hearing and toe. The Plaintiff has named Defendant Mrs Fernandez for her Constitutional Bivens Violations by preventing, with wanton malice, and making unavailable to the Plaintiff the BOP Administrative Remedy Process.

11.    The allegations set forth below will present the Actual Injury that the Plaintiff suffered by the Defendant, USA's, Negligence by failing to provide the Plaintiff with the medically required Community Standard of Care for his neck, back, shoulder, hearing and toe. The Plaintiff will further show allegations below of Specific Constitutional Violations by Defendants, Dr Bhatti, PA Kilduff and Mrs Fernandez, in Violation of their Scope of Employment with deliberate wanton malice.

12.    The Plaintiff alleges that he is presenting separate Causes of Action against the USA, under the Federal Tort Claims Act. The Plaintiff sets forth that the USA is not alleged to have violated any Constitutional Bivens allegations. The Plaintiff affirms that he can not litigate against the USA for any Constitutional Bivens Violations. The Plaintiff alleges that he has named Dr Bhatti, PA Kilduff and Mrs Fernandez under Specific Allegations below, in Violation of the Bivens Supreme COurt Authority, that resulted in Actual Injury to the Plaintiff by the above named 3 Prison Officials in their official & individual capacities.

## FACTUAL ALLEGATIONS

13.    The   Plaintiff   alleges   that   on   3/17/05   the
Defendant, USA, was  Negligent  in  filing  **Exhibit  #1**,
attached hereto, the BOP NE Regional Counsel's Denial of
the     Plaintiff's     Administrative     Tort     Claim
#TRT-NER-2004-05174, that was the reconsideration of the
Plaintiff's First Tort Claim under the same number. The
First Tort Claim was filed under the same allegations of
Negligence against the Medical Staff at FMC Devens Prison.
The  Plaintiff  alleges  that  the  Regional  Counsel,  Mr
Sadowski, set forth in his 3/17/05 Denial that his review
of the Plaintiff's medical records for the period of time
that the Plaintiff was incarcerated at FMC Devens Prison
from 12/30/03 thru 3/17/05 showed that the Neuro Surgeon
did  not  recommend  surgery  for  the  Plaintiff's  spinal
injuries, see **Exhibit #1** attached hereto.

14.    The Plaintiff alleges that the Defendant, USA, by
the Regional Counsel, Mr Sadowski, was Negligent in his
3/17/05 Tort Claim Denial by setting forth that the BOP
Outside Contract Neuro Surgeon had not recommended surgery
for the Plaintiff's spinal injuries. The Plaintiff claims
that Mr Sadowski was aware that the BOP Outside Contract
Neuro Surgeon, Dr Bennett Blumenkopf, was treating the
Plaintiff, and that on 3/31/04 Dr Blumenkopf set forth
in his Clinical Note to the FMC Devens Medical Director,
Dr Sandra Howard, that the Plaintiff warranted spinal
surgery in the last sentence of the Clinical Note which is
**Exhibit #3** attached hereto.

15.    The Plaintiff alleges Negligence by the Defendant, USA, under the Defendant's failure to provide the Plaintiff with the Community Standard of Care, by the FMC Devens Prison Medical Director, Dr Sandra Howard, preventing the spinal surgery that was recommended by the BOP outside Contract Neuro Surgeon, Dr Blumenkopf, for the Plaintiff from 3/31/04 thru the filing of the Instant Complaint. In **Exhibit #3**, attached hereto, Dr Blumenkopf, the BOP Outside Contract Neuro Surgeon who was treating the Plaintiff, set forth that the Plaintiff's cervicle spine warranted surgery.

16.    The Plaintiff alleges that the attached Motion for Discovery by Interrogatories & Production of Documents, upon the Defendant, will request all of the medical documents issued by the Neuro Surgeon, Dr Blumenkopf, who was treating the Plaintiff for his spinal injuries, and will prove that Dr Blumenkopf had communicated in writing with the FMC Devens Prison Medical Director, Dr Sandra Howard, setting forth that the Plaintiff required surgery for his spinal injuries, see **Exhibit #3** attached hereto.

17.    The Plaintiff alleges that the BOP Outside Contract Neuro Surgeon, Dr Blumenkopf, who was treating the Plaintiff on 3/31/04, wrote Dr Sandra Howard, the FMC Devens Medical Director, setting forth that the Plaintiff required spinal surgery. The Plaintiff alleges that Dr Howard had reviewed the Neuro Surgeon's writings to the BOP, starting on 3/31/04 & ongoing, that established that the Plaintiff warranted spinal surgery.

18.    The Plaintiff alleges that the FMC Devens Medical Director, Dr Sandra Howard, acted with Negligence from 3/31/04, when she was informed by the Neuro Surgeon that the Plaintiff warranted spinal surgery. The Plaintiff further alleges that Dr Howard acted out a Pattern of Negligence, by preventing the Plaintiff's medically required spinal surgery. The Plaintiff claims that Dr Howard was Negligent by informing the BOP NE Regional COunsel, Mr Sadowski, that the BOP Outside Contract Neuro Surgeon had not recommended spinal surgery.

19.    The Plaintiff alleges that Dr Sandra Howard acted with Negligence when she communicated with the Regional Counsel, Mr Sadowski, on or about 3/17/05 wherein, Dr Howard informed Mr Sadowski that the Neuro Surgeon, Dr Blumenkopf, had not recommended surgery for the Plaintiff's spinal injuries. The Plaintiff alleges that Dr Sandra Howard and Mr Sadowski were both Negligent, by their failure to review, and establish the recommendations that the Neuro Surgeon, Dr Blumenkopf, had set forth in his treatment of the Plaintiff by recommending surgery for the Plaintiff's spinal injuries.

**THE FEDERAL TORT CLAIMS ACT REQUIRED DR SANDRA HOWARD TO ISSUE A WRITTEN REPORT TO THE REGIONAL COUNSEL, MR SADOWSKI, SETTING FORTH THE PLAINTIFF'S MEDICAL RECOMMENDATIONS**

20.    The Plaintiff alleges that Dr Sandra Howard and Mr Sadowski were both Negligent, under their Wrongful Conduct pursuant to the Federal Tort Claims Act, when they reviewed the Dr Howard written Medical Report regarding the Plaintiff's filed Administrative Tort Claim #TRT-NER-2004-05174. The Plaintiff claims that the written Medical Report, that was issued in preparation for the 3/17/05 Denial by Mr Sadowski, was issued by Dr Howard with Negligence setting forth that the Neuro Surgeon, Dr Blumenkopf, had not recommended surgery for the Plaintiff's spinal injuries.

21.    The Plaintiff alleges that the Defendant, USA, by the FMC Devens Medical Department which operates under the authority of the Medical Director, Dr Sandra Howard, has a number of documents in the Plaintiff's medical file confirming that the Neuro Surgeon, Dr Blumenkopf, had recommended surgery for the Plaintiff's spinal injuries.

22.    The Plaintiff alleges that his Motion for Discovery upon the Defendant will produce documents regarding the Neuro Surgeon, Dr Blumenkopf's, 3/31/04 recommendation to provide surgery for the Plaintiff's spinal injuries. The Plaintiff claims that there are a number of documents in his FMC Devens medical file that prove the Negligence

(9)

by Dr Howard for depriving the Plaintiff of the Community Standard of Care, that is required under BOP Policy and well settled case-law in this Circuit and the Supreme Court.

**THE FMC DEVENS MEDICAL DIRECTOR, DR SANDRA HOWARD, ACTED WITH NEGLIGENCE REGARDING THE PLAINTIFF'S TRANSFER TO FMC DEVENS PRISON FOR SURGERY THAT WAS WITHHELD, IN VIOLATION OF THE COMMUNITY STANDARD OF CARE**

23.    The Plaintiff alleges that on 10/2/03 the BOP Washington, DC Main Office, at the direction of the Chief of BOP Health Programs Nationwide, Dr Nelson, first denied the Plaintiff's transfer from FCI Otisville Prison to FMC Devens Prison. In **Exhibit #4** attached hereto, the BOP Washington, DC Main Office on 10/2/03, by Dr Nelson, first denied the Plaintiff's transfer to FMC Devens Prison for surgery.

24.    The Plaintiff alleges that the FCI Otisville Medical Staff provided Dr Nelson, the Chief of BOP Health Programs, with further evidence after 10/2/03 demonstrating the recommendations for the Plaintiff's surgery. The Plaintiff claims that **Exhibit #4**, the 10/2/03 BOP Washington, DC writing that denied the Plaintiff's transfer to FMC Devens Prison for surgery was reversed & recommended wherein, the Plaintiff arrived at FMC Devens Prison for surgery on 12/30/03.

25.  The Plaintiff alleges that FCI Otisville Prison
issued his Transfer Document, see **Exhibit #5** attached
hereto, to FMC Devens Prison for the Plaintiff's
medically required surgery, on or about 9/15/03.

26.  The Plaintiff alleges that the FCI Otisville
Transfer Documents dated 9/15/03 in **Exhibit #5**, sets
forth, at the first sentence in the first paragraph, in
the Transfer Documents' explanation saying "At present
this individual would benefit from definitive Neuro
Surgical/Orthopedic Surgical intervention, regarding his
diagnosis of spinal stenosis and shoulder impingement."

27.  The Plaintiff alleges that Dr Sandra Howard acted
with Negligence when she reviewed the above FCI Otisville
Transfer Documents setting forth that the Plaintiff
needed surgical intervention for his spine & shoulder
injuries. The Plaintiff claims that Dr Howard acted out a
Pattern of Negligence when she reviewed the FCI Otisville
Transfer Documents that recommended surgery for the
Plaintiff, and then reviewed the FMC Devens Contract
Neuro Surgeon, Dr Blumenkopf, documents confirming the
recommendation for the Plaintiff's medically required
surgery, and thereafter Dr Howard Negligently withheld
the medically required surgery from 3/31/04 thru the
filing of the Instant Complaint.

28. The Plaintiff alleges that Dr Sandra Howard acted with Negligence when she knew that the Plaintiff's Transfer Documents from FCI Otisville Prison in **Exhibit #5**, and the FMC Devens Contract Neuro Surgeon, Dr Blumenkopf, writings to Dr Howard in **Exhibit #3** both confirming that the Plaintiff required surgery which has been denied by Dr Howard from 3/31/04 thru the filing of the Instant Complaint.

29. The Plaintiff slleges that he arrived at FMC Devens Prison on or about 12/30/03 wherein, his Transfer Documents, in **Exhibit #5** attached hereto, shows that the Plaintiff was transferred to FMC Devens Prison to obtain surgery for his spine & shoulder injuries. The Plaintiff claims that Dr Howard acted with Negligence from 12/03 thru the filing of the Instant Complaint by withholding the recommended surgery that is described in the BOP Transfer Documents in **Exhibit #5**, and the FMC Devens Contract Neuro Surgeon, Dr Blumenkopf, recommendations for surgery in **Exhibit #3** attached hereto.

**DR HOWADR'S NEGLIGENCE WILL NOW CAUSE THE PLAINTIFF IRREPARABLE HARM CAUSED BY THE DELAYED & DENIED SPINAL SURGERY**

30. The Plaintiff alleges that the FMC Medical Director, Dr Howard, acted with Negligence form 12/03 thru the filing of the Instant Complaint by depriving the Plaintiff of medically required surgery that was

(12)

recommended by Dr Blumenkopf, the expert Neuro Surgeon, in **Exhibit #3** , and BOP Transfer Documents in **Exhibit #5** recommending surgery, and showing that the reason which the Plaintiff was transferred to FMC Devens Prison was to have the above surgery performed.

31.  The Plaintiff alleges that Dr Howard acted with Negligence by her denial of the medically required surgery to his spine which has now become seriously aggravated under the "Dr Howard Denial" of surgery wherein, should the Plaintiff now have surgery, he will suffer a substantial Loss of Motion based upon the required operation that will restrict the movement of his neck & back. The Plaintiff claims that the Negligent denial by Dr Howard for the recommended surgery to the Plaintiff's spine is the cause of the aggravated injury, that can not be healed or cured by the spinal surgery.

32.  The Plaintiff alleges Dr Howard's Negligent denial of the recommended spinal surgery resulted in substantial aggravated damage to the Plaintiff's injuries from 12/03 thru the filing of the Instant Complaint. The Plaintiff claims that Dr Howard's Negligent denial of surgery has caused aggravated Nerve Damage & Muscle Atrophy to the Plaintiff's injuries which will no longer be able to be healed with surgery.

33. The Plaintiff alleges that Dr Howard's Negligent denial for the recommended spinal surgery was Wrongful Conduct, which Dr Howard considered, when she denied the recommended surgery by the Neuro Surgeon, Dr Blumenkopf. The Plaintiff claims that Dr Blumenkopf issued additional documents after 3/31/04 supporting the **Exhibit #3** recommendations for surgery to the Plaintiff's spinal injuries.The Plaintiff claims that Dr Howard has, in the Plaintiff's FMC DEvens medical file, the 3/31/04 **Exhibit #3** Dr Blumenkopf recommendation for spinal surgery along with additional documents dated after 3/31/04 to Dr Howard setting forth that it was recommended for the Plaintiff to proceed with spinal surgery, see **Exhibit #2.**

34. The Plaintiff alleges that the Dr Howard Negligent Denial for the recommended surgery, and protracted delay from 12/03 thru the filing of the Instant Complaint will now cause irreparable harm to the Plaintiff's neck & back should surgery be performed.

35. The Plaintiff alleges that Dr Howard will now act to "cover-up" her Negligence by rushing the Plaintiff through spinal surgery that will result in irreparable harm to his neck & back. The Plaintiff claims that the Negligence caused by Dr Howard in denying the Plaintiff's spinal surgery from 12/03, at the time of the Plaintiff's transfer to FMC Devens thru the filing of the Instant Complaint can only be addressed by providing the Plaintiff with the new procedure known as "Artificial Disk Replacement". The Plaintiff claims that the new

procedure known as " Artificial Disk Replacement" is now at the "Clinical Studies" stage and has demonstrated that it may heal a part of the Plaintiff's spinal injuries which were aggravated by Dr Howard's denial of the Plaintiff's spinal surgery from 12/03 thru the filing of Instant Complaint.

**THE DR HOWARD NEGLIGENT DENIAL OF THE RECOMMENDED SPINAL SURGERY FOR THE PLAINTIFF'S INJURIES WAS MOTIVATED BY THE BOP BUDGET RESTRICTIONS**

36.    On 3/4/04 the Plaintiff filed his BOP Remedy Appeal #328787-F1 with the FMC Devens Warden, David L Winn, see **Exhibit #6** attached hereto. The Remedy Appeal set forth that the FMC Devens Medical Staff were withholding treatment based upon the BOP Budget Restrictions which prevented the Plaintiff from receiving the recommended spinal surgery for his injuries, and the Co mmunity Standard of Care. The Plaintiff claims that Dr Howard is operating under Negligence by preventing his spinal surgery based upon BOP Budget Restrictions for the FMC Devens Medical Expenditures.

37.    The Plaintiff alleges that Dr Howard acted with Negligence based upon the BOP Budget Restrictions, which delayed the Plaintiff's examinations by the Neuro Surgeon, Dr Blumenkopf, from 12/03 thru 3/31/04. The Plaintiff claims that Dr Howard acted with Negligence when she received the Plaintiff's FCI Otisville Prison

Transfer Documents, that recommended the Plaintiff to have spinal surgery when he arrived at FMC Devens Prison on 12/03.

38.   The Plaintiff alleges that his 3/4/04 Remedy Appeal #328787-F1, in **Exhibit #6**, was filed with the FMC DEvens Warden, BOP Regional Director, and the BOP General Counsel at the Washington, DC Main Office. In the above **Exhibit #6** Remedy Appeal the Plaintiff claims that Warden Winn's 4/1/04 Remedy Response was Deceptive & Negligent by withholding all of the facts regarding the Plaintiff's recommended spinal injury surgery, that was documented in the Plaintiff's medical file.

39.   The Plaintiff alleges that the above Warden's 4/1/04 Response was Deceptive & Negligent by failing to address the Plaintiff's "Primary" reason for transfer to FMC Devens regarding his spinal injuries and recommended surgery. The Plaintiff claims that the Warden's Response only addresses some of the Plaintiff's shoulder injuries that are inadequately detailed, based upon the Plaintiff's shoulder injury allegations set forth below showing Negligent treatment for his shoulder injury.

**THE DEFENDANT WAS NEGLIGENT BY FAILING TO HAVE THE NEURO SURGEON EXAMINE THE PLAINTIFF FROM 12/03 THRU 3/31/04**

40. The Plaintiff alleges that on 2/25/04 Warden Winn responded to the Plaintiff's Remedy Appeal #324848-F1, see **Exhibit #7** attached hereto, regarding the allegation that Dr Howard was Negligent by failing to provide the Plaintiff with the medically required Consultation & Treatment by a Neuro Surgeon for the Plaintiff's well documented spinal injuries, which appear in the Plaintiff's FMC Devens medical files.

41. The Plaintiff alleges that he filed the required 3 levels of Prison Remedies with the Warden, BOP Regional Director, and BOP Main Office General Counsel, regarding the allegations in **Exhibit #7** attached hereto, which shows the Warden Winn 2/25/04 Remedy Response.

42. The Plaintiff alleges that Dr Howard was Negligent by delaying the Plaintiff's medically requires Neuro Surgeon examination from 12/03 thru 3/31/04.

43. The Plaintiff alleges that his Remedy Appeal #322650-F1, see **Exhibit #8** attached hereto, was exhausted at the 3 required levels of BOP Administrative Remedy Appeals. The Plaintiff claims that the 2/9/04 Warden Winn Remedy Response in **Exhibit #8** concedes the Negligence by Dr Howard in failing to have the Neuro Surgeon examine the Plaintiff. The Plaintiff claims that Warden Winn conceded in the second paragraph of his 2/9/04 Remedy

**(17)**

Response in **Exhibit #8** that the Plaintiff had to be seen by a Neuro Surgeon, based upon the Plaintiff's degenerative medical condition. The Plaintiff claims that Dr Howard was Negligent by withholding the Neuro Surgeon evaluation from 12/03 thru 3/31/04, resulting in further aggravating the Plaintiff's spinal injuries.

**DR HOWARD WAS NEGLIGENT BY FAILING TO PROVIDE THE PLAINTIFF WITH REQUIRED ADEQUATE PAIN-RELIEF MEDICATION FOR HIS INJURIES**

44. The Plaintiff alleges that his Remedy Appeal #326829-F1, see **Exhibit #9** attached hereto, was exhausted at the 3 required levels of BOP Administrative Remedy Appeals. The Plaintiff alleges that the 3/15/04 Warden Winn Remedy Response in **Exhibit #9** failed to provide the required pain-relief medication for the Plaintiff's serious injuries from 12/30/03 thru 3/15/04. The Plaintiff claims that he exhausted all 3 levels of BOP Appeals under the Dr Howard Negligence in failing to provide the Plaintiff with adequate pain-relief medication.

45. The Plaintiff alleges that from 12/30/04 thru 3/15/05 Dr Howard was Negligent by failing to provide him with the medically required Community Standard of Care adequate pain-relief medication needed for his injuries to his neck, back, and shoulder. The Plaintiff claims that Dr Howard and her Medical Staff only provided him with Motrin, which failed to address the serious pain

that the Plaintiff suffered daily and ongoing from
12/30/03 thru 3/15/04, see **Exhibit #9** attached hereto.

## SECOND CAUSE OF ACTION

**THE DEFENDANT, USA, WAS NEGLIGENT UNDER THE FEDERAL TORT
CLAIM DENIAL OF CLAIM #TRT-NER-2004-03785, THAT ALLEGED
THE PLAINTIFF WAS OBSTRUCTED FROM PROPER ACCESS TO THE
ADMINISTRATIVE REMEDY PROCESS**

46. The Plaintiff alleges that on 12/1/04 the Defendant,
USA, by the BOP Regional COunsel, Henry J Sadowski, was
Negligent in denying the Plaintiff's Administrative Tort
Claim #TRT-NER-2004-03785 in **Exhibit #1** attached hereto.

47. The Plaintiff alleges that the USA was Negligent
when Henry J Sadowski, the BOP Regional Counsel issued
his 12/2/04 Tort Claim Denial to the Plaintiff's completed
exhaustion of allegations that the FMC Devens Prison Staff
were preventing the Plaintiff's access to the required
BOP Administrative Remedy Process. The Plaintiff claims
that Mr Sadowski was Negligent for writing in his 12/1/04
Tort Claim Denial that the FMC Devens Prison Staff had
not denied the Plaintiff to the appropriate access to the
Administrative Remedy Statutes.

48. The Plaintiff alleges that the FMC Devens Warden, David L Winn, was Negligent when he had the FMC Devens Prison issue their completed Tort Memorandum investigating the above Plaintiff's Tort allegations regarding the Plaintiff being denied appropriate access to the Administrative Remedy Statutes. The Plaintiff claims that Warden Winn knew that the Tort Memorandum investigation was Negligent in reporting to the BOP Regional Counsel, Henry J Sadowski, that the Plaintiff was not denied appropriate access to the Administrative Remedy Statutes.

49. The Plaintiff alleges that he filed repeated remedies for exhaustion to the FMC Devens Unit Team requesting a response that would allow him the required Informal Administrative Remedy Response which provides the Grounds for the Plaintiff to file his Administrative Remedy Appeal with the FMC Devens Warden. The Plaintiff sets forth below multiple dates wherein, he filed his Informal Administrative Remedy Appeal with the FMC DEvens Unit Team that was denied appropriate access to the Administrative Remedy Statutes by the Unit Team's withholding the required responses.

50. The Plaintiff alleges that the Investigation Report that Mr Sadowski makes reference to in his 12/1/04 Tort Claim Denial shows Prima Facia evidence and Negligence wherein, both Mr Sadowski and Warden Winn had substantial evidence from the Plaintiff showing that he was denied appropriate access to the Administrative Remedy Statutes by the FMC Devens Prison officials.

51.    The Plaintiff alleges that the second paragraph of the 12/1/04 Tort Claim #TRT-NER-2004-03785 Denial, Mr Sadowski sets forth that "After careful review of the claim, I have decided not to offer a Settlement. The Investigation reveals you have not been denied appropriate access to the Administrative Remedy Program." The Plaintiff claims that the Investigation Report was Negligent wherein, Mr Sadowski had received repeated Complaints, from the Plaintiff, by BOP Special "Sensitive 10" Appeals, see **Exhibit #10**, along with Letters to Mr Sadowski from the Plaintiff, see **Exhibit #12**, alleging the FMC Devens Prison Staff Negligence in the denial of the appropriate access to the Administrative Remedy Statutes.

52.    The Plaintiff alleges that the FMC Devens Unit Team Inmate Counselor, Mr Quiles, was Negligent by denying Plaintiff appropriate access to the Administrative Remedy Statutes, when Mr Quiles withheld the required responses to the Plaintiff's Informal Administrative Remedies, see **Exhibit #11** the unanswered Informal Administrative Remedies, attached hereto. The Plaintiff claims that Mr Quiles understood that the Plaintiff needed responses to his Informal Administrative Remedies in order to have Grounds to submit a Formal Appeal to the FMC Devens Warden.

53.    The Plaintiff alleges that Mr Quiles understood that he was Negligent by failing to respond to the above Plaintiff's Informal Administrative Remedies in **Exhibit #11.**

54.   The Plaintiff alleges that Mr Quiles was Negligent when the FMC Devens Prison Officials prepared the Tort Investigation Report for the 12/1/04 Mr Sadowski Denial of the Plaintiff's Tort Claim, when Mr Quiles knew that he Prevented & Denied that Plaintiff appropriate access to the Administrative Remedy Statutes. The Plaintiff claims that his Pending Motion for Discovery by Interrogatories & Production of Documents will show the Court the Actual Investigation Report required under the Federal Tort Claims Act, that Mr Sadowski referenced in his 12/1/04 Tort Claim Denial in the second paragraph wherein, he set forth "The investigation reveals you have not been denied appropriate access to the Administrative Remedy Program." See **Exhibit #1** attached hereto.

55.   The Plaintiff alleges that when the Court Orders the Defendant to produce the documents that were used by Mr Sadowski in his investigation, under the Federal Tort Claims Act, the documents will show the Negligence by Mr Quiles who was holding possession of the above listed Plaintiff's Informal Administrative Remedies that Mr Quiles Negligently failed to provide the required responses, see **Exhibit #11** attached hereto.

56.   The Plaintiff alleges that Mr Sadowski understood, when he issued his 12/1/04 Denial of the Plaintiff's Tort Claim, that Mr Quiles was Negligent by not providing responses for the above Informal Administrative Remedies which were properly filed by the Plaintiff.

57.   The Plaintiff alleges that he provided Mr Sadowski with a copy of the above Informal Administrative Remedies, and had filed repeated "Sensitive 10 Appeals", along with letters to Mr Sadowski enclosing copies of the Informal Administrative Remedies that Mr Quiles Negligently failed to provide the Plaintiff with responses, see **Exhibit #12** the Plaintiff's letters to Mr Sadowski attached hereto.

58.   The Plaintiff alleges that Mr Sadowski conceded on 12/1/04 that he had rejected the Palintiff's "Sensitive 10 Appeals" regarding the Negligence by Mr Quiles in failing to provide the required responses to the Plaintiff's Informal Administrative Remedy Appeals in **Exhibit #11.**

### THIRD CAUSE OF ACTION
DELIBERATE   INDIFFERENCE,   UNDER   CONSTITUTIONAL   **BIVENS** VIOLATIONS, BY THE FMC DEVENS UNIT MANAGER, MRS FERNANDEZ

59.   The Plaintiff alleges that the FMC Devens Unit Manager, Mrs Fernandez, was the Senior Prison Official with authority over Mr Quiles, when the Plaintiff had filed all of the above Informal Administrative Remedies with Mr Quiles that were never provided with the required responses, see **Exhibit #11.**

60.   The Plaintiff alleges that Mrs Fernandez acted with Constitutional Violations of Due Process, by authorizing Mr Quiles to not provide responses to the Plaintiff's above listed Informal Administrative Remedies, see **Exhibit #11.**

61.  The  Plaintiff  alleges  that  Mrs  Fernandez individually reviewed the majority of the above Plaintiff's Informal Administrative Remedies, and then Ordered Mr Quiles to act with Negligence by failing to respond to the Plaintiff's above Informal Administrative Remedies. The Plaintiff claims that Mrs Fernandez acted with Constitutional Violations by Obstructing the Due Process required in response to the above Plaintiff's Informal Administrative Remedies. The Plaintiff claims that Mrs Fernandez acted with Deliberate Indifference in Preventing the Plaintiff's Due Process by not providing the required responses to the Plaintiff's Informal Administrative Remedies that would prove the Tort Negligence by the FMC Devens Medical Staff in failing to treat the Plaintiff's neck, back, shoulder, hearing, and sinovial cyst (toe), see **Exhibit #11.**

62.  The Plaintiff alleges that Mrs Fernandez acted with Deliberate Indifference, under Constitutional <u>Bivens</u> Violations, by Obstructing the Plaintiff from exhausting the above Informal Administrative Remedies, that would have documented each and every act of Negligence by the FMC Devens Medical Staff regarding the Plaintiff being deprived of the Community Standard of Care for his neck, back, shoulder, hearing, and sinovial cyst (toe).

63.    The Plaintiff alleges that Mrs Fernandez acted with Constitutional <u>Bivens</u> Violations in Conflict with her Official Responsibilities as the Unit Team Manager, in charge of Mr Quiles and as the person with authority to respond to the Plaintiff's above Informal Administrative Remedies that were never answered by Mr Quiles. The Plaintiff claims that Mrs Fernandez Deliberately acted with Indifference to her Official Responsibilities when she Prevented the Plaintiff from receiving responses to his above Informal Administrative Remedies.

64.    The Plaintiff alleges that Mrs Fernandez understood the that she acted with Deliberate Indifference when she Violated the Plaintiff's Constitutional Right to Due Process, in the Plaintiff being able to exhaust each level in the **Exhibit #11** Remedies with; the Warden, Regional Office and Washington, DC General Counsel, under the above Administrative Remedies that Mrs Fernandez failed to provide responses after the Plaintiff's repeated requests to her when the Plaintiff properly filed the Remedies with Mr Quiles.

65.    The Plaintiff alleges that Mrs Fernandez acted with <u>Bivens</u> Constitutional Violations of Due Process when she participated in the Tort Investigation Report that was submitted to Mr Sadowski, the BOP Regional Counsel, regarding the failure to provide responses to the above Informal Administrative Remedies in **Exhibit #11.**

66.    The Plaintiff alleges that Mrs Fernandez acted with
Deliberate    Indifference,    under    <u>Bivens</u>    Constitutional
Violations of Due Process, when she Violated her Official
Responsibilities  in  order  to  Prevent  the  Plaintiff  from
documenting  each  step  of  the  FMC  Devens  Medical  Staff's
Negligence  that  would  have  proved  the  Plaintiff's  Tort
Injury  under  his  neck,  back,  shoulder,  hearing,  and
sinovial  cyst  injuries.  The  Plaintiff  claims  that  Mrs
Fernandez  intended  to  Obstruct  the  Plaintiff's  Due
Process  which  was  going  to  prove  how  the  FMC  Devens
Medical  Staff  was  Negligent  in  treating  the  Plaintiff's
neck,  back,  shoulder,  hearing,  and  sinovial  cyst
injuries,  under  the  Plaintiff's  filed  Tort  Claim  for  Ten
Million  Dollars  for  Negligence  in  treating  the
Plaintiff's above injuries. The Plaintiff further claims
that  Mrs  Fernandez  acted  individually  with  malice,  by
preventing "the Mr Quiles Responses"to the above Remedies
that  targeted  the  ongoing  Pattern  of  Negligence  by  the
FMC  Devens  Medical  Staff  regarding  the  Violation  of  the
Community  Standard  of  Care  by  failing  to  treat  the
Plaintiff's  neck,  back,  shoulder,  hearing,  and  sinovial
cyst injuries.

67.    The Plaintiff alleges that Mrs Fernandez acted with
Constitutional <u>Biven</u> Violations of Due Process, when she
told the Plaintiff on or about Feb 2004, that    she    was
going   to   stop   all   of   the   Plaintiff's   filing   of
Administrative  Remedies  against  the  FMC  Devens  Medical
Staff.  The  Plaintiff  claims  that  Mrs  Fernandez  had  the

(26)

authority, as the Unit Team Mgr and Senior Prison Official above Mr Quiles, to make sure that every one of the above Plaintiff's Obstructed Remedies were answered however, Mrs Fernandez Deliberately Prevented every answer in the above Plaintiff's Remedies in **Exhibit #11**.

68.    The Plaintiff alleges that Mrs Fernandez acted with Constitutional <u>Bivens</u> Violations of Due Process by Preventing the Plaintiff from filing Administrative Remedies against the Unit Team, Mrs Fernandez & Mr Quiles, for their failure to respond to the above Plaintiff's Administrative Remedies in **Exhibit #11**.

69.    The Plaintiff alleges that on or about March 2004 Mr Quiles informed that Plaintiff that he was Ordered not to file the required Statutory responses in each Remedy in **Exhibit #11** attached hereto. The Plaintiff claims taht at the above conversation Mr Quiles set forth that his boss, Mrs Fernandez, Ordered him not to respond to all of the **Exhibit #11** Remedies.

70.    The Plaintiff alleges that the Court's Granting the Pending Motion for Discovery by Interrogatories will prove that Mr Quiles was Ordered, by Mrs Fernandez, to prevent, and not respond to all of the Plaintiff's Remedies in **Exhibit #11**.

71.    The Plaintiff alleges that Mr Quiles will respond in the Pending Motion for Interrogatories showing that he wanted to answer all of the Plaintiff's Remedies in

**Exhibit #11**, but he was Ordered by the Unit Manager, Mrs Fernandez, not to respond to any of the Plaintiff's Remedies in **Exhibit #11**.

72. The Plaintiff alleges that the BOP Regional Counsel, Mr Sadowski, knew that when the Plaintiff was served with the 12/1/04 Administrative Tort Claim #TRT-NER-03785 on Decmber 23, 2004 that Mr Quiles had not responded to any of the Remedies in **Exhibit #11**. The Plaintiff claims that his "Sensitive 10" Administrative Remedies which were filed with the BOP Regional Counsel, Mr Sadowski, see **Exhibit #10**, allege that Mr Quiles never responded to any Remedies in **Exhibit #11**.

73. The Plaintiff alleges that the <u>Bivens</u> Constitutional Violations to prevent the required responses to the **Exhibit #11** Remedies was orchestrated by Unit Manager Mrs Fernandez in Violation of her Cfficial Responsibilities.

74. The Plaintiff alleges that his Pending Motion for Discovery by Production of Documents will show how Mrs Fernandez acted with Fraud & Malice, by setting forth that all of the Plaintiff's Remedies in **Exhibit #11** were provided with responses by Prison Officials. The Plaintiff claims that he documented, with the BOP Regional Counsel, the Constitutional <u>Bivens</u> Violations by Mrs Fernandez' preventing the "Mr Quiles responses" to all of the Informal Administrative Remedies in **Exhibit**

#11, when the Plaintiff filed his "Sensitive 10" Appeals in **Exhibit #10,**along with the Plaintiff's letters to Henry J Sadowski in **Exhibit #12.**

## THE 12/1/04 DENIAL OF TORT CLAIM #TRT-NER-03785 WAS SERVED ON THE PLAINTIFF ON 12/23/04

75.    The Plaintiff alleges that the 12/1/04 Tort Claim #TRT-NER-03785 Denial was served on the Plaintiff by FMC Devens Prison Staff Unit Manager, Ms Patterson, on 12/23/04.

76.    The Plaintiff alleges that the Date of Service upon him, with the Mr Sadowski 12/1/04 Tort Claim #TRT-NER-03785 Denial, was on 12/23/04 causing the Plaintiff's time to file Suit 6 months thereafter. The Plaintiff claims that the Defendant, by Mr Sadowski, has a copy of the 12/23/04 Acknowledgement of Receipt by the Plaintiff for the 12/1/04 Tort Claim Denial.

### FOURTH CAUSE OF ACTION

## THE 5/12/05 MR SADOWSKI DENIAL OF TORT CLAIM #TRT-NER-2005-01035, REGARDING THE PLAINTIFF'S REQUEST FOR A SECOND MEDICAL OPINION

77.    The Plaintiff alleges that on 5/12/04 the BOP Regional Counsel, Mr Sadowski, Denied Tort Claim #TRT-NER-2005-01035.

78.    The Plaintiff alleges that the above Mr Sadowski

5/12/05 Tort Claim Denial was issued under the Plaintiff's request for a second medical opinion for his neck, back and shoulder injuries. The Plaintiff claims that Mr Sadowski was Negligent by withholding the "Actual Wording" that wa filed in the Plaintiff's Tort Claim showing that FMC Devens Medical Staff denial of the Plaintiff's Right to a second medical opinion for his neck, back and shoulder.

79. The Plaintiff alleges that his Pending Motion for Discovery by Production of Documents of the Defendant will show the Plaintiff's Actual Tort Claim that was filed with Mr Sadowski, under the 5/12/05 Tort Claim Denial. The Plaintiff claims that the Pending Motion for Production of Documents will cause Mr Sadowski to turn over the original Tort Claim that the Plaintiff filed, which will prove the allegation against the FMC Devens Medical Staff were for a denial of a second medical opinion regarding the Plaintiff's shoulder and spine injuries.

80. The Plaintiff alleges that Mr Sadowski was Negligent when he created the 5/12/05 Denial for Tort Claim #TRT-NER-2005-01035 that was in conflict with the Plaintiff's Tort Claim allegations which was in the possession of Mr Sadowski.

81.    The Plaintiff alleges that the FMC Devens Medical
Staff were Negligent in Obstructing the Plaintiff's
request to gain a Second Opinion from the Plaintiff's
Private Doctors, which would have shown the required
Community Standard of Care for the Plaintiff's spine &
shoulder injuries.

82.    The Plaintiff alleges that the Defendant, by the
FMC Devens Medical Director, Dr Howard, prevented and
failed to provide the Plaintiff's Private Doctors with
his Medical Documentation & Diagnostic Films regarding
the Plaintiff's injuries to his spine & shoulder for a
Second Opinion from on or about Feb 2004  thru the filing
of the Instant Complaint.

83.    The Plaintiff alleges that Dr Howard was Negligent
by preventing & denying the above Second Opinion by the
Plaintiff's Private Doctors which would have created
evidence documenting the Dr Howard Negligence in failing
to provide the Community Standard of Care treatment for
the Plaintiff's spine and shoulder injuries form 12/03
thru the filing of the Instant Complaint.

84.    The Plaintiff alleges that he was forced to seek
a Second Opinion from his Private Doctor based upon Dr
Howard refusing the Plaintiff's documented Transfer
Request for shoulder surgery, see **Exhibit #5** attached
hereto.

85.    The Plaintiff alleges that Dr Howard was Negligent when she underunderstood and supported the evaluation by the Orthopedic Surgeon, Dr Philbin, to deny the Plaintiff's recommended shoulder surgery on or about 2/04 in conflict with the Plaintiff's Transfer Documents in **Exhibit #5.**

86.    The Plaintiff alleges that on or about 2/10/04   Dr Howard had the visiting Orthopedic Surgeon, Dr Philbin, examine the Plaintiff's shoulder injury at FMC Devens Prison.  The Plaintiff claims that Dr Philbin was Negligent in denying the Plaintiff's shoulder surgery in conflict with the **Exhibit #5** Transfer Documents' Medical Evidence that recommended surgery for the Plaintiff's shoulder injury.

87.    The Plaintiff alleges that after Dr Philbin denied his shoulder surgery in conflict with the **Exhibit #5** Transfer Documents' recommendation for shoulder surgery, that the Plaintiff was required, medically, to obtain a Second Opinion from his Private Doctors in order to establish "why" the **Exhibit #5** Transfer Documents recommended shoulder surgery, and Dr Philbin denied the Plaintiff's shoulder surgery. The Plaintiff claims that Dr Howard was Negligent when she denied the Plaintiff's Right to a Second Opinion by his Private Doctors in order to address the above conflict between Dr Philbin and the **Exhibit #5** Transfer Documents that recommended surgery for the Plaintiff's shoulder injury.

88.    The Plaintiff alleges that he was denied the Right
to exhaust his BOP Administrative Remedy in **Exhibit #13**
for a Second Medical Opinion, by Mr Quiles' Negligence
in failing to answer the Plaintiff's Administrative
Remedy filing for a Second Opinion, see **Exhibit #13**
attached hereto.

89.    The Plaintiff alleges that he forwarded the **Exhibit
#13** Informal Administrative Remedy for a Second Opinion
under the BOP Special "Sensitive 10" filing to the
Regional Counsel, Mr Sadowski, in order to stop the
Pattern of Negligence by Mr Quiles in refusing to provide
a response to the Plaintiff's Administrative Remedy in
**Exhibit #13** for a Second Opinion from his Private
Doctors.

**FOURTH CAUSE OF ACTION**

**CONSTITUTIONAL BIVENS VIOLATIONS BY PRISON OFFICIAL DR
BHATTI & MLP KILDUFF**

90.    The Plaintiff alleges that on 2/4/04 he filed BOP
Administrative Remedy #324848-Fl. In that Appeal the
Plaintiff complained that it was his third request to Mid
Level Practioner (MLP) Kilduff, with his complaint to Dr
Bhatti, setting forth that he was transferred to FMC
Devens Prison for Neuro Surgery, and that he was deprived
from an evaluation by a Neuro Surgeon, see **Exhibit #7**
attached hereto. In **Exhibit #7**, the Plaintiff shows his

(33)

Appeal to Warden Winn with a copy of the Warden's Response to the Appeal in which the Warden concedes that the Plaintiff had not seen the recommended Neuro Surgeon with a promise that there would be an evaluation by a Neuro Surgeon in the near future.

91.  The Plaintiff alleges that Constitution **Bivens** Violations by Dr Bhatti, who was the Plaintiff's primary treating physician at FMC Devens Prison from 12/03 thru 5/05. In addition, the Plaintiff claims that MLP Kilfuff was assigned to his treatment by FMC Devens Prison from 12/03 thru the filing of the Instant Complaint. The Plaintiff claims Constitutional **Bivens** Violations by MLP Kilduff , along with Dr Bhatti in depriving the Plaintiff of the spinal surgery that was recommended in his Transfer Documents in **Exhibit #5**, and the Neuro Surgeon's recommendations in **Exhibit #3**.

92.  The Plaintiff alleges that Dr Bhatti & MLP Kilduff understood from 12/03 thru 5/05, when Dr Bhatti resigned his position at FMC Devens Prison, that they acted together to violate the Plaintiff's Constitutional **Bivens** Right for the recommended Neuro Surgery, which was well documented in the Plaintiff's FMC Devens Prison Medical

Records. The Plaintiff claims that **Exhibit #5** presents his Transfer Documentation to FMC Devens Prison recommending spinal surgery that was reviewed by Dr Bhatti & MLP Kilduff. The Plaintiff further claims that Dr Bhatti signed **Exhibit #3** himself and reviewed **Exhibit #3**, the second recommendation for spinal surgery, with MLP Kilduff. The Plaintiff claims that Dr Bhatti & MLP Kilduff acted with Deliberate Indifference by preventing the above recommended spinal surgery from 12/03 thru 5/05, when Dr Bhatti resigned his position at FMC Devens Prisin. The Plaintiff claims that MLP Kilduff continued her Deliberate Indifference in preventing the Plaintiff's Neuro Surgery thru the filing of the Instant Complaint.

93.     The Plaintiff alleges that in 5/05, after Dr Bhatti resigned his position at FMC Devens Prison, the Plaintiff was examined by Dr Spada, who said to the Plaintiff, "How did the Spinal Surgery work out?" The Plaintiff claims that at the 5/05 Dr Spada examination, the Dr Spada was shocked to hear that the Plaintiff had not received the recommended Neuro Surgery from 12/03 thru 5/05.

94.     The Plaintiff alleges that at the 5/05 Dr Spada examination, Dr Spada said "That it was Negligence by the BOP in withholding the recommended Neuro Surgery from 12/03 thru 5/05." The Plaintiff claims that Dr Spada

apologized to him during the 5/05 examination for the failure of the FMC Devens Medical Department in failing to provide the recommended spinal surgery.

95.  The Plaintiff alleges that in the 5/05 Dr Spada examination, Dr Spada was reading the 3/31/04 Neuro Surgery recommendation by Dr Blumenkopf in **Exhibit #3**. The Plaintiff claims that Dr Spada said that he was shocked and that he had no ability himself to correct the failure by the Defendant to provide the recommended Neuro Surgery in **Exhibits #3 & #5**.

96.  The Plaintiff alleges that he has exhausted some 10 BOP Administrative Remedies at the 3 levels with the Warden, BOP Regional Counsel, and Washington, DC General Counsel. The Plaintiff claims that the above Remedies alleged the Deliberate Indifference Constitutional <u>Bivens</u> Violations by Dr Bhatti & MLP Kilduff for depriving the Plaintiff of the recommended Neuro Surgery from 12/03 thru 5/05. The Plaintiff claims that between 12/03 and 5/05 he repeatedly attempted, each and every month, to gain access to Dr Bhatti & MLP Kilduff in order to stop the Constitutional <u>Bivens</u> Violations, that deprived the Plaintiff of the recommended Neuro Surgery in **Exhibits #3 & #5**.

97.    The Plaintiff alleges that the above Remedies, which were exhausted at all 3 levels of the BOP Administrative Remedy Process, shows the repeated effort by the Plaintiff to complain  and cause Dr Bhatti & MLP Kilduff to schedule his Neuro Surgery. The Plaintiff claims that he continued his 3 levels of BOP filings, along with verbal communications that are set forth in the above over 10 exhausted Remedies in order to obtain the recommended Neuro Surgery that was deprived under Constitutional Bivens Violations by Dr Bhatti & MLP Kilduff from 12/03 thru 5/05.

98.    The Plaintiff alleges that the FMC Devens Prison Unit Team Manager, Mrs Fernandez, acted with Deliberate Indifference and Constitutional Bivens Violations by Obstructing the BOP Administrative Remedy Process for the Plaintiff's filed Appeals at the required Informal Administrative Remedy stage, regarding the above Constitutional Bivens Violations, which were acted out by Dr Bhatti & MLP Kilduff in Exhibit #11 attached hereto. The Plaintiff claims Mrs Fernandez understood that she was Violating her Official Responsibilities under Constitutional Bivens Violations, when she prevented the Plaintiff from exhausting the BOP 3 levels of Remedies showing the Deliberate Indifference by Dr Bhatti & MLP Kilduff in Exhibit #11.

(37)

99. The Plaintiff alleges that all of his above claims against Dr Bhatti & MLP Kilduff demonstrates Constitutional <u>Bivens</u> Violations of Cruel & Unusual Punishment by willfully withholding, with Malice, the above explained medical treatment that was never provided to the Plaintiff from 12/03 thru 5/05.

100. The Plaintiff alleges that from 12/03 thru the filing of the Instant Complaint, the FMC Devens Medical Director, Dr Howard, was Negligent in failing to treat the Plaintiff, under the Community Standard of Care, for his neck, back, shoulder, hearing, toe(sinovial cyst), and deviated septum injuries.

### WHEREFORE THE PLAINTIFF DEMANDS THE FOLLOWING:

1. Compensatory Damages pursuant to a Bench Trial, under all of the Tort Triable Issues that the Court awards.

2. Compensatory Damages pursuant to a Jury Trial on all of the Constitutional <u>Bivens</u> Violations, that are alleged against the 3 Individually Named Prison Officials, that is Ordered by the Jury.

3. Punitive Damages pursuant to a Jury Trial, under all of the Constitutional <u>Bivens</u> Violations by the 3 Named Prison Officials that is awarded by the Jury.

(38)

4.    Appointment of Counsel, in order to litigate the required Discovery of the Defendants, under the Complex Issues of Fact & Law.

5.    Leave of the Court to Grant the Plaintiff the Right to Supplement and/or Amend the Complaint in order to demonstrate each and every allegation of injury caused by the Defendants.

6.    Under the Benefit of Justice, the Plaintiff is requesting the Court to Order all of the Relief and Due Process that is required to bring all of the Plaintiff's allegations to a Bench & Jury Trial conclusion.

7.    The Plaintiff is simultaneously filing his Motion for In Forma Pauperis Relief attached to the Complaint.

8.    The Plaintiff is simultaneously filing his Motion for the Court to Order Service on the US Attorney for the District of Massachusetts, with the US Attorney General and the 3 Named Prison Official, under a Waiver of Service by each Defendant. Wherein, the Court is requested to Order the US Marshall to Serve and File the Plaintiff's Proof of Service with the Clerk of the Court.

9.    The Plaintiff is filing his Motion, attached to the Complaint, for Discovery upon the Defendant under each allegation in the Complaint by Interrogatories & Production of Documents. Wherein, the Court is requested

to Order the Discovery to Proceed upon the Service by the US Marshall on the Defendants of the Pleadings.

**10.** The Plaintiff is requesting the Court to Order the Defendant, USA, to provide the Plaintiff with Discovery upon the Prison Officials who participated in the allegations, and the Outside Contract Doctors that were providing medical assistance to the Plaintiff in order to bring the Action to Conclusion by a Bench & Jury Trial.

Respectfully Submitted,

Dated: 6/8/05   By: _____
                    Frank Barbaro (Pro-Se Plaintiff)
                    Prison ID# 48264-053
                    FMC Devens, Box 879
                    Ayer, MA 01432