UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK BARBARO,                    )
                Plaintiff,        )
                                )
          v.                       )     C.A. No.  05-40097-MLW
                                )
UNITED STATES OF AMERICA, on      )
behalf of the Federal Bureau of Prisons,   )
ET AL.,                           )
                Defendants.       )

MEMORANDUM AND ORDER

WOLF, D.J.

      For the reasons stated below: (1) Plaintiff's Motion for Leave to Proceed *in forma pauperis* (#2) is denied without prejudice.  Plaintiff shall, within forty-two (42) days of the date of this Memorandum and Order, either pay the $250.00 filing fee for civil actions, or file a completed Application to Proceed Without Prepayment of Fees, <u>accompanied by a certified prison account statement</u>; (2) The Treasurer's Office at FMC Devens is Ordered to provide a certified copy of Plaintiff's prison account statement for the six month period preceding the filing of Plaintiff's Complaint; (3) Plaintiff's Motion for an Order for the U.S. Marshal to serve the Summons and Complaint (#3) is denied without prejudice; (4) Plaintiff's Motion for Discovery (#4) is denied without prejudice; (5) the request for leave to amend complaint or supplement pleading is denied without prejudice; and (6) the request for appointment of counsel is denied without prejudice.

BACKGROUND

      On June 17, 2005, Plaintiff Frank Barbaro, a prisoner at FMC-Devens filed a *pro se* civil

rights Complaint, alleging three violations of the Federal Tort Claims Act ("FTCA")[1], for personal injuries, denial of access to administrative remedies, and denial of right to a second medical opinion. Compl. at ¶ 1. Plaintiff names the United States of America ("USA"), on behalf of the Federal Bureau of Prisons, ("BOP"). He also alleges <u>Bivens</u>[2] civil rights claims against three individual prison officials: (1) Dr. Bhatti; (2) Mid-level Practitioner ("MLP") Kilduff; and (3) Unit Team Manager Mrs. Fernandez. <u>Id.</u> at ¶ 3.

Plaintiff's first claim is an FTCA claim against Defendant USA for personal injuries allegedly sustained as a result of failure to provide adequate medical care. <u>Id.</u> at ¶ 8. He alleges that Defendant USA intentionally misrepresented information regarding Plaintiff's medical condition which prevented him from obtaining surgery, and that the denial of surgery caused him actual injury. <u>Id.</u> at ¶ 13-31. He further alleges that the prison is now attempting to provide him with a new form of surgery known as "Artificial Disk Replacement." He claims this type of surgery is still in the clinical trial phase, and is <u>not</u> the medically recommended surgery for him. Plaintiff contends the proper surgery was denied due to prison budget restrictions. He also claims that the proposed new surgery is being proposed in order to cover-up the Defendants' prior negligence in failing to provide appropriate surgery. <u>Id.</u> at ¶¶ 37-38. Plaintiff also claims that he was not provided with adequate pain relief medication for his injuries. <u>Id.</u> at ¶¶ 44-45.

Plaintiff's second claim is an FTCA claim against Defendant USA, for deprivation of access to administrative remedies. <u>Id.</u> at ¶¶ 5, 46. He claims that several named prison officials

---

[1] <u>See</u> 28 U.S.C. § 2680. The Federal Torts Claims Act ("FTCA") provides for a waiver of sovereign immunity, in certain circumstances.

[2] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) (establishing cause of action enabling plaintiff to seek judicial relief against federal officers who allegedly violated his Fourth Amendment rights).

prevented him from accessing administrative remedy statutes, and these persons later denied doing so.  Id. at ¶¶  47-58.

Plaintiff's third claim is a Bivens claim against Defendant Fernandez, the Unit Team Manager, alleging that she deprived Plaintiff of his right to due process of law.  Id. at ¶ 63. He claims that she knowingly and personally denied him access to the previously mentioned administrative remedies/statues.  Id. at ¶¶ 59, 61.

Plaintiff's fourth claim is a Bivens claim against Defendants Dr. Bahtti, and MLP Kilduff alleging deliberate indifference to his medical needs.  Defendant Bahtti was Plaintiff's primary physician from December 2003 through May 2005.  Defendant Kilduff was also assigned to assist in his treatment for the same time period.  Id. at ¶ 91.  Plaintiff alleges that once Defendant Bahtti resigned as prison doctor, he met with Dr. Spada, who was "shocked" to discover that he had not had the recommended surgery.  Id. at ¶¶ 93-95.  Plaintiff alleges that Defendants Bahtti and Kilduff demonstrated deliberate indifference to his health and safety by ignoring the neuro-surgery recommendation.  Id. at ¶ 91.

Plaintiff further asserts that each claim was administratively exhausted prior to the filing of this Complaint.  Id. at ¶¶ 2, 4.  He seeks a non-jury trial for his FTCA claims, and a jury trial for his Bivens claims, with compensatory damages to be awarded for each claim.  Id at p. 38. Plaintiff also demands punitive damages for the Bivens claims against the three named prison officials.  Id.

Finally, in his Complaint, Plaintiff asks the Court to appoint counsel, and to grant leave to amend and/or supplement the Complaint.  Accompanying the Complaint, was an Application to Proceed in forma pauperis,  a Motion for an Order for the U.S. Marshals to Serve the

Summons and Complaint, and a Motion for discovery.  Id. at p 38-40.

ANALYSIS

I.    The Filing Fee

A party bringing a civil action must either (1) pay the $250.00 filing fee when filing the

complaint, or (2) file an Application to Proceed Without Prepayment of Fees.  See 28 U.S.C.

§§ 1914(a) (filing fees), 1915 (proceedings *in forma pauperis*).  Where the plaintiff is a prisoner,

an application for waiver of prepayment of the filing fee must be accompanied by a document

certifying the amount of funds on deposit to the plaintiff's credit at his institution of

incarceration.  28 U.S.C. § 1915(a)(2) (emphasis added).

Plaintiff is advised that, unlike other civil litigants, prisoner plaintiffs are not entitled to a

complete waiver of the $250 filing fee,  notwithstanding the grant of *in forma pauperis* status.

Rather,  prisoner plaintiffs must pay the full amount of the filing fee, although such payments

may be made in installments, payable through their prison accounts in accordance with the

provisions of § 1915(b).  Moreover, the obligation to pay the filing fee attaches at the time the

Complaint is filed, and a subsequent dismissal or voluntary withdrawal of the Complaint does

not release a prisoner plaintiff from payment obligations through his prison account.[3]

Here, Plaintiff has sought to proceed *in forma pauperis*, but has failed to file a certified

---

[3]Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub. L.
104-134, 110 Stat. 1321-1375 (1996), the only issue for a court, presented with a prisoner
complaint, is whether the filing fee must be paid "up-front," or whether the fee may be paid in
installments through the inmate's prison account.  McGore v. Wrigglesworth, 114 F.3d 601, 604
(6th Cir. 1997).  "Even a voluntary dismissal of a complaint or an appeal does not eliminate a
prisoner's obligation to pay the required filing fees.  Section 1915(b)(1) compels the payment of
the respective fees at the moment the complaint or notice of appeal is filed."  Id. at 607; see also
In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co., 173 F.
Supp. 2d 951, 952 (D. Neb. 2001).

4

prison account statement showing his prison transactions for the six months prior to the filing of this action (the statement provided does not contain this information; the statement reflects inmate transactions occurring in 2004). Accordingly, the Plaintiff's Application is deficient, and his Motion to Waive the Filing Fee is denied at this time, without prejudice to renew by filing a completed Application and certified prison account statement.

It is hereby ORDERED that Plaintiff shall, within forty-two (42) days of the date of this Memorandum and Order, either pay the $250.00 filing fee, or in the alternative, file a completed Application to Proceed Without Prepayment of Fees, accompanied by his certified prison account statement, as required by § 1915. Failure to comply with this directive may result in dismissal of this action.

The clerk is directed to provide a blank Application form to Plaintiff, along with a copy of this Order, and summonses shall not issue pending compliance with this Order.

II.    Order to Treasurer's Office at FMC Devens

To the extent that the Warden or the Treasurer's Office at FMC Devens requires a Court Order to provide Plaintiff with a certified copy of his prison account statement, it is hereby ORDERED:

The Treasurer's Office at FMC Devens, or any other facility housing the Plaintiff, shall, upon request by Plaintiff, provide this Court with a certified copy of Plaintiff's prison account statement. Such statement shall include balance information for the six (6) months preceding June 17, 2005 (date complaint was filed), and specifically include the following information: 1) the average monthly deposits to Plaintiff's prison account for that six (6) month period; and 2) the average monthly balance in Plaintiff's account for the six (6) month period immediately preceding June 17, 2005.

III.    Motion for an Order for the U.S. Marshal to Serve the Summons and Complaint (#3)

Plaintiff seeks and Order for the U.S. Marshals to serve the summonses and Complaint. The motion is denied without prejudice. If Plaintiff complies with this Order and files a completed Application to proceed *in forma pauperis* and prison account statement demonstrating that he qualifies for *in forma pauperis* status, then this Court will direct summonses to issue as to all named Defendants. If Defendant is allowed to proceed *in forma pauperis*, this Court will at that time enter an Order for the United States Marshal to serve the Defendants as directed by the Plaintiff, with all costs of service to be borne by the U.S. Marshal.

IV.     Motion for Discovery (#4)

Plaintiff seeks to compel the Defendants to produce various documents, including medical records and reports. The Motion for Discovery (#4) is denied without prejudice to renew only after the Defendants have been served and have filed a response to Plaintiff's Complaint, and only after the Plaintiff has made a formal request for Production of Documents directly to the Defendants, and such request is denied.

V.     Request for Leave to Amend Complaint or Supplement Pleading

In his Complaint, Plaintiff seeks leave to amend or supplement his pleading. The request for denied without prejudice to filing a motion for such leave accompanied by the actual proposed amended or supplemental pleading, and stating the reasons in support of the motion.

VI.     Request for Appointment of Counsel

In his Complaint, Plaintiff has requested he be appointed counsel. The request is denied at this time. The decision to appoint counsel is discretionary, and neither a civil litigant nor a habeas petitioner has a constitutional or statutory right to appointed counsel. Dellenbach v.

<u>Hanks</u>, 76 F.3d 820, 823 (7th Cir. 1996), <u>cert. denied</u>, 519 U.S. 894 (1996); <u>Jackson v. Coalter</u>, 337 F.3d 74 (1st Cir. 2003)(state prisoner had no right to counsel to collaterally attack sentence).

In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. <u>See</u> <u>DesRosiers v. Moran</u>, 949 F. 2d 15, 23 (1st Cir. 1991). <u>See</u> <u>also</u> <u>Manisy v. Maloney</u>, 283 F. Supp. 2d 307, 317 (D. Mass. 2003)(Memorandum and Order on Report and Recommendation of Magistrate Judge Dein, adopted (on the denial of counsel issue) by Judge Stearns by Memorandum and Order (#32) dated September 4, 2003 in C.A. 01-11849-RGS).  In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  <u>DesRosiers,</u> 949 F. 2d at 23-24 (citations omitted).

Here, even assuming  Plaintiff qualified for *in forma pauperis* status as it relates to appointment of counsel, he has not yet demonstrated the kind of  "exceptional circumstances" that warrant appointment of *pro bono* counsel.   The fact that Plaintiff is a prisoner and is unable to retain his own counsel, or that absent counsel, he may not be on a level playing field with the Defendants, is insufficient to justify appointment of counsel .  If such assertions were deemed sufficient, then virtually every *pro se* prisoner plaintiff would qualify.  Moreover, at this time the Complaint does not appear to present complex or novel issues of  law or fact which would warrant appointment of counsel.  Finally, the Court notes that Plaintiff's Complaint is organized and coherent, and demonstrates at least some familiarity with various legal terms, concepts, substantive law, and legal procedures.

Accordingly, the request for appointment of counsel is Denied without prejudice to renew after Plaintiff has complied with this Order and the Defendants have responded to the Complaint, and upon a showing that exceptional circumstances exist to warrant the appointment of counsel.

<u>CONCLUSION</u>

Based on the above, it is hereby ORDERED:

1.    Plaintiff's Motion for Leave to Proceed *in forma pauperis* (#2) is denied without prejudice.  Plaintiff shall, within forty-two (42) days of the date of this Memorandum and Order, either pay the $250.00 filing fee for civil actions, or file a completed Application to Proceed Without Prepayment of Fees, <u>accompanied by a certified prison account statement</u>;

2.    The Treasurer's Office at FMC Devens is Ordered to provide a certified copy of Plaintiff's prison account statement for the six month period preceding the filing of Plaintiff's Complaint;

3.    Plaintiff's Motion for an Order for the U.S. Marshal to serve the Summons and Complaint (#3) is denied without prejudice; and

4.    Plaintiff's Motion for Discovery (#4) is denied without prejudice.

5.    Plaintiff's request for leave to amend complaint or supplement pleading is denied without prejudice; and

6.    Plaintiff's request for appointment of counsel is denied without prejudice.

Dated: October 13, 2005                    /s/ Mark L. Wolf
                                           MARK L. WOLF
                                           UNITED STATES DISTRICT JUDGE