```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

FRANK BARBARO,                  )
          Plaintiff,            )
                                )
     v.                         )    C.A. No.  05-40097-MLW
                                )
UNITED STATES OF AMERICA, on    )
behalf of the Federal Bureau    )
of Prisons, ET AL.,             )
          Defendants.           )
```

FURTHER MEMORANDUM AND ORDER
RE: APPLICATION TO PROCEED *IN FORMA PAUPERIS*

WOLF, D.J.

For the reasons set forth below: (1) Plaintiff's Application to Proceed Without Prepayment of Fees is allowed; (2) Plaintiff's Motion for a Court Order for the Defendant to Produce Plaintiff's Prison Account Statement (#6) is allowed and the Business Office at FMC Devens is directed to provide prison account statement information as set forth in this Memorandum and Order; (3) The initial partial filing fee to be assessed pursuant to 28 U.S.C. § 1915(b) is deferred pending this Court's receipt of the relevant prison account information from FMC Devens;(4) Any filing fee assessment in this action shall be collected consecutive to the collection of fee payments pursuant to a prior Order of another court; and (5) Summonses shall issue as to all named Defendants pursuant to the Memorandum and Order (#5) dated October 13, 2005, and costs of service shall be borne by the United States Marshal.

BACKGROUND

On October 13, 2005, this Court entered a Memorandum and Order (#5) directing, *inter alia,* that the Treasurer's Office at FMC Devens provide a certified copy of Plaintiff's prison account statement for the six month period preceding the filing of Plaintiff's Complaint. The Memorandum and Order also directed the Treasurer's Office to provide information sufficient for this Court to assess whether Plaintiff qualifies for *in forma pauperis* status, and if so, to assess the initial partial filing fee pursuant to 28 U.S.C. § 1915(b).

On November 1, 2005, Plaintiff filed a Motion for a Court Order for the Defendant to Produce Plaintiff's Prison Account Statement (#6), alleging that he attempted obtain this prison account information from FMC Devens as required, but that such attempts have been unsuccessful.

On November 25, 2005, in response to the Plaintiff's Motion (#6), Patrick Ward, Esq., on behalf of the Federal Bureau of Prisons, FMC Devens filed a Declaration (#7), which indicated that he had conducted a search of the prison's records and located additional trust account information, dating back to January 4, 2005 and continuing through October 21, 2005. This information was submitted as an attachment to the Declaration, however, no information was provided with respect to: 1) the average monthly deposits to Plaintiff's prison account for the

2

six (6) month period preceding June 17, 2005; and 2) the average monthly balance in Plaintiff's account for the six (6) month period immediately preceding June 17, 2005.

On December 1, 2005, counsel for FMC Devens supplemented the Declaration of November 25, 2005, attaching an Inmate Inquiry printout from the Bureau of Prisons's ("BOP") computerized system, known as "TRUFACS," which is the primary source for monitoring inmate trust fund accounts.  See Letter/Request (#8).  Additionally, the pleading includes the calculations of the average balances and average deposits over a six month period. However, the pleading also notes that under the BOP's TRUFACS system, the "Inmate Inquiry" report can be generated instantly by staff, but it is limited to the immediately preceding six month time frame.  The computerized system is unable to provide this account information outside of this six month time period. Therefore, FMC Devens is not able to provide the requisite prison account balance and summary information for the relevant time period, unless a manual calculation by the Business Office staff is performed.  Staff at FMC Devens has agreed to do this should this Court so require.

### DISCUSSION

I.   Application to Proceed *In Forma Pauperis*

Although this Court does not have the exact calculations of the prison account information for the six month period preceding

3

the filing of the Complaint, sufficient information has been provided for this Court to determine the threshold issue of whether Plaintiff qualifies for *in forma pauperis* status, notwithstanding the fact that the assessment of the filing fee pursuant to 28 U.S.C. § 1915(b)(1) cannot be resolved absent further account information.

Upon review of the prison account information provided to this Court to date, it appears that the Plaintiff had a balance of approximately $2.64 <u>at the time the Complaint was filed</u>, and that his current balance is $83.67.

His average monthly deposits for the six month period preceding November 30, 2005 was $725.00, and his average monthly balance over this same period was $62.05.  Utilizing these figures, Plaintiff qualifies for *in forma pauperis* status.[1]

Moreover, a review of Plaintiff's account transactions

---

[1] If these figures were used to determine the assessment of the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff would be assessed $145.00 payment (*i.e.,* 20% of the average deposits over the six month period).  The balance of the $250.00 filing fee owed ($105) would be payable in installments pursuant to the provisions of § 1915(b)(2). However, because Plaintiff appears to have had less money in his prison account at the time of filing the Complaint, the assessment of the initial installment may be less than the $145.00 amount.  Therefore, to avoid any prejudice to the Plaintiff in this regard, the Court will not rely on the these figures and will require further account information, as set forth herein.

beginning January 4, 2005[2] to date does not indicate that Plaintiff made any substantial deposits or withdrawals which would undermine this Court's determination that at the time the Complaint was filed, Plaintiff had insufficient funds to pay the entire filing fee. There is nothing in the records which would suggest any intentional depletion of funds in order to obtain *in forma pauperis* status.

Finally, Plaintiff avers he has no other assets or income apart from his prison account.

Based on this information, Plaintiff qualifies for *in forma pauperis* status, and his request for leave to proceed without prepayment of fees is allowed at this time. However, the Court will defer on assessment of the initial partial filing fee owed pursuant to 28 U.S.C. § 1915(b)(1) pending receipt of additional prison account information for the six month period preceding the filing of the Complaint, as set forth below.

II.   Plaintiff's Motion for a Court Order for the Defendant to Produce Plaintiff's Prison Account Statement (#6)

Because Plaintiff has attempted to obtain the required prison account statement but has been unable to do so, and because it appears that the Business Office at FMC Devens is in fact able to retrieve the prison account records for the six month period preceding the filing of the Complaint, and is also

---

[2]This starting date is just 2.5 weeks shy of the relevant six month time period (*i.e.,* December 17, 2004 to June 17, 2005).

able to make the necessary balance calculations (albeit manually and not through the BOP's TRUFACS program), Plaintiff's Motion for a Court Order for the Defendant to Produce Plaintiff's Prison Account Statement (#6) is Allowed.

It is hereby Ordered that the Business Office at FMC Devens shall file with this Court, within twenty-one (21) days of the date of this Memorandum and Order, the prison account statement and balance calculations which comport with this Court's prior Order of October 13, 2005, so that an accurate assessment of the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) may be made.  Upon receipt of the requisite prison account information, the initial partial filing fee owed by Plaintiff pursuant to § 1915(b)(1) will be assessed, by separate Order.

III. <u>Collection of Assessed Filing Fee</u>

It appears from Exhibit #2 attached to Plaintiff's Motion for a Court Order for the Defendant to Produce Plaintiff's Prison Account Statement (#6) that Plaintiff has another civil action in the Southern District of New York, and has been assessed partial installment payments in that action.

In circumstances where a prisoner has outstanding filing fees for more than one lawsuit, (or where fees are assessed by more than one court, as here) courts are faced with the question of whether the multiple fees should be collected simultaneously or consecutively.  The First Circuit has not addressed this

issue; and other circuits are not in agreement.  See Lafauci v. Cunningham, 139 F. Supp. 2d 144, 146 (D. Mass. 2001)(Tauro, J.)(reviewing decisions of the courts of appeals for the Second, Seventh, and District of Columbia circuits).  Cunningham indicates that "the simultaneous collection of filing fees from indigent prisoners may raise serious constitutional concerns." Id. at 147.

In accordance with the practice of this Court, to the extent that the Plaintiff is subject to any prior court orders with respect to payment of a civil action filing fee (or for an appeal of a prior action), the collection of the filing fee due in this action shall be made consecutive to, and not concurrent with, any prior court order regarding filing fees.

IV.  Summonses Shall Issue and the United States Marshal Shall Bear All Costs of Service

The Memorandum and Order dated October 13, 2005 authorized the issuance of summonses as to all named Defendants upon resolution of the filing fee issue.  Because this Court has now determined Plaintiff qualifies for *in forma pauperis* status, there is no sound reason why the proceedings in this case should be tabled any further at this time, notwithstanding that the filing fee assessment has not yet been made.

Accordingly, it is hereby Ordered that the Clerk shall issue summonses forthwith.  It is Further Ordered that the United States Marshal shall serve a copy of the summons, Complaint, and

this order upon each of the Defendants <u>as directed by Plaintiff</u> with all costs of service to be advanced by the United States.

Plaintiff is advised that it is his responsibility, and not the Court's or the United States Marshal's Office, to ensure that proper service on the Defendants has been effectuated, and that failure to comply with this directive may result in the dismissal of this action.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees is allowed;

2. Plaintiff's Motion for a Court Order for the Defendant to Produce Plaintiff's Prison Account Statement (#6) is allowed and the Business Office at FMC Devens is directed to provide prison account statement information as set forth in this Memorandum and Order within twenty-one (21) days;

3. The initial partial filing fee to be assessed pursuant to 28 U.S.C. § 1915(b) is deferred pending this Court's receipt of the relevant prison account information from FMC Devens;

4. Any filing fee assessment in this action shall be collected consecutive to the collection of fee payments pursuant to a prior Order of another court; and

5. Summonses shall issue as to all named Defendants pursuant to this Court's Memorandum and Order (#5) dated October 13, 2005, and costs of service shall be borne by the United States Marshal.

<u>/s/ Mark L. Wolf</u><br>
MARK L. WOLF<br>
CHIEF, UNITED STATES DISTRICT JUDGE

Dated: February 24, 2006