UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK BARBARO, )<br>    Plaintiff, )<br> )<br>v. )<br> )    CIVIL ACTION NO:<br> )    05-40097-MLW<br>UNITED STATES OF AMERICA, )<br>DR. BHATTI, MLP KILDUFF and )<br>UNIT MGR MRS FERDNANDEZ )<br>    Defendants. ) | |

## UNITED STATES' MEMORANDUM IN OPPOSITION TO THE PLAINTIFF'S DISCOVERY MOTION

The United States enters its limited appearance exclusively for the purpose of opposing the Plaintiff's "Discovery Motion" and requests that this Court enter an order quashing (or staying) any discovery pending: (1) service of the Complaint on the United States;[1] (2) the resolution of any motion to dismiss or qualified immunity defenses; (3) the scheduling of a conference under Local Rule 16.1; and/or (4) completion of mandatory disclosures by the Plaintiff.

## Facts

By way of background, the Plaintiff, Frank Barbaro, is an inmate committed to the custody of the Federal Bureau of Prisons at FMC-Devens. He alleges violations of the Federal Tort Claims Act and his constitutional rights, under the theory espoused in <u>Bivens v. Six Unkown Federal Narcotics Agents</u>, 403 U.S. 388 (1971), arising from his claim that he has received deficient and/or negligent medical care.

---

[1] The United States takes no position as to any portion of the Plaintiff's motion requesting that service be effected.

On or about March 28, 2006, Barbaro served[2] the United States Attorney's Office with a "Motion to Order the Defendant United States of America to Forward the Plaintiff's Actual MRI Films to the Plaintiff's Private Physician . . . ."  In support, Plaintiff claims, inter alia, that the failure to forward such records has prejudiced another claim pending in the Southern District of New York.[3]

The docket does not reflect, and counsel's inquiry confirms, that no service of the Complaint has yet been made upon the United States

**Argument**

In the absence of service of process, it is premature to order discovery.   See Omni Capital International v. Rulolf Wolff & Co., Ltd, 484 U.S. 97, 103 (1987) ("[T]hough personal jurisdiction and service of process are distinguishable, they are inextricably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction").  Moreover, the necessity for, and scope of,  discovery may be substantially affected by a motion to dismiss some or all of the Plaintiff's claims once service is completed.

The Rules of Civil Procedure and Local Rules both prohibit the instant "Motion." Absent specific court order, parties to civil litigation are required to hold off on discovery until the conference anticipated by Federal Rule of Civil Procedure 26(f) has occurred.  This prevents a party from having to submit to unreasonable discovery while a motion to dismiss is pending.

---

[2]Both the copy sent to the United States Attorney's Office and in this Court's PACER system contain only pages 1, 2 and 4 of a purportedly four page motion.

[3]In striking similarity to the instant dispute, the Court in that matter has found that Barbaro's discovery requests, served prior to a responsive pleading, were premature.  See Case No. 05-cv-06998-DLC (S.D.N.Y.), Order dated March 30, 2006.

See Fed. R. Civ. P. 26(d).[4]  Further, local rules prohibit service of discovery requests until mandatory disclosures have been completed.  See Local Rule 26.2(A).

## Conclusion

Accordingly, the United States respectfully requests that this Court enter an order quashing (or staying) the discovery request pending before this Court.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

                  By:   /s/ Mark J. Grady
                          Mark J. Grady
                          Assistant U.S. Attorney
                          One Courthouse Way, Suite 9200
                          Boston, MA 02210
Dated: April 5, 2006          (617) 748-3136

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April 2006, I caused a copy of the foregoing Opposition and Exhibit to be served upon the Plaintiff by first class mail, addressed to:
                Frank Barbaro, 48264-053
                FMC Devens
                PO Box 879
                Ayer, MA 01432

                          /s/ Mark J. Grady
                          Mark J. Grady
                          Assistant U.S. Attorney

---

[4] Digressing briefly, the Plaintiff need not obtain an order of this Court to have any medical records sent to a private physician.  Plaintiff need only execute a release.  Despite being advised of this requirement, Plaintiff has inexplicably elected not to do so.  A copy of the original request, BOP response, and the necessary release, is attached hereto as Exhibit 1.

BP-S148.055 INMATE REQUEST TO STAFF CDRFM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                      FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member)<br>X-Ray | DATE:<br>1/3/05 |
|---|---|
| FROM:<br>Barbaro, Frank | REGISTER NO. :<br>48264-053 |
| WORK ASSIGNMENT: | UNIT:<br>JB |

SUBJECT: (Briefly state your question or concerned the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to respond to your request.)

REQUEST: Please send the following MRI Films & Interpretations to
the Medical Specialist listed below for a Second Opinion,
and notify me when they are to be mailed.

1. 3/19/03  Cervical & Lumbar
2. 4/02/04  Cervical & Lumbar
3. 5/14/03  Right Shoulder
4. 10/15/04 Right Shoulder

TO: Dr Louis Jenis
New England Baptist Hospital
125 Parkerhill Ave
Boston, MA 02120

Att: Ellen Ivy Cohen

**FOURTH REQUEST**

(Do not write below this line.)

DISPOSITION:

You will need to sign a "release of information" to have these mailed out. Films will be sent on "loan" for 30 days. only. as they are property of the BOP. It will become the responsibility of the requester to have these returned.

\* 4th Response \*

Signature Staff Member:   Date: 1-13-05

Record Copy – File; Copy – Inmate
(This form may be replicated via WP)



This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BP-S621.060  **AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION**  CDFRM
FEB 05
**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| Inmate Name | Register Number | Date |
|---|---|---|
|  | Date of Birth | Social Security Number |

I hereby authorize and request the Federal Bureau of Prisons to:

    ☐ release information to, or      ☐ obtain information from      **PLEASE CONTACT IF PAYMENT IS REQUIRED PRIOR TO FILLING REQUEST**

Name/Facility:_____

Address:_____

City, State, Zip:_____

I understand the information is to be used for (specific reason for release of information):

    ☐ Continuation of care, or      ☐ Other _____

Information to be Released/Obtained: Copy of and/or information from my medical file pertaining to my evaluation and treatment received from _____ to _____.

This is to include:    ☐ Complete Record    ☐ Discharge Summary    ☐ History & Physical

☐ Operative Reports    ☐ Consultations    ☐ Progress Notes    ☐ X-ray Reports

☐ Laboratory Reports    ☐ Pathology Reports    ☐ Actual Films*#    ☐ Actual Slides*

☐ Other:_____

*will be returned
#duplicates accepted

I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand that information used or disclosed pursuant to this authorization could be subject to redisclosure by the recipient and, if so, may not be subject to federal or state law protecting its confidentiality. I understand that I may revoke this consent at any time by sending a written notice to the Supervisor of Medical Records. I understand that any release which has been made prior to my revocation and which was made in reliance upon this authorization shall not constitute a breach of my rights to confidentiality. This authorization will automatically expire three months from the date of the signature.

| Signature of Patient<br>**FAX SIGNATURE VALID ORIGINAL** | Date (Month, Day, Year) | Staff Witness |
|---|---|---|

SPECIFIC AUTHORIZATION FOR RELEASE OF INFORMATION PROTECTED BY STATE OR FEDERAL LAW.
Must sign below, to Release Protected Information.

I specifically authorize the release of data and information relating to:
    ☐ 1. Substance Abuse      ☐ 2. Mental Health      ☐ 3. HIV

_____                              _____
        Signature                                                                          Date

**Deliver Records To:**  (Institution Address & Fax number)

(This form may be replicated via WP)                This form replaces BP-S621 Dtd AUG 96