FRANK BARBARO
ID# 48264-053
FMC DEVENS, BOX 879
AYER, MA 01432

PROSE PLAINTIFF

FILED
IN CLERKS OFFICE

2006 APR 14 A 11:17

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK BARBARO, <br> PROSE PLAINTIFF <br><br> vs <br><br> UNITED STATES OF AMERICA, <br> DR BHATTI, MLP KILDUFF, AND <br> UNIT MGR MRS FERNANDEZ, <br> DEFENDANTS | CIVIL ACTION NO.: 05-40097 <br><br> JUDGE MARK L. WOLF <br><br> REPLY BY THE PROSE PLAINTIFF |

REPLY BY THE PROSE PLAINTIFF TO THE DEFENDANT'S OPPOSITION REQUESTING THE COURT TO QUASH OR STAY THE PLAINTIFF'S PENDING MOTION FOR DISCOVERY BY INTERROGATORIES & PRODUCTION OF DOCUMENTS IN THE INSTANT ACTION WHEREIN, THE DEFENDANT IS SEEKING TO OBSTRUCT THE CHIEF JUDGE FROM LEARNING ABOUT THE PENDING FBI "WHISTLE-BLOWER" INVESTIGATION REGARDING THE UNLAWFUL DEPRIVATION OF MEDICAL TREATMENT AT THE FMC DEVENS PRISON WHEREBY THE TWO "WHISTLE-BLOWERS", DR BHATTI & MLP KILDUFF, ARE THE SUBJECT OF THE PLAINTIFF'S INSTANT DISCOVERY AS THEY ARE NAMED DEFENDANTS, AND ARE SEEKING TO PROVIDE THE ANSWERS TO THE PLAINTIFF'S INTERROGATORIES & PRODUCTION OF DOCUMENTS THAT WILL SHOW THE CHIEF JUDGE WHAT IS TAKING PLACE IN THE PENDING FBI "WHISTLE-BLOWER" INVESTIGATION

CONSOLIDATED REPLY & DECLARATION IN THE DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S PENDING MOTION FOR DISCOVERY BY INTERROGATORIES & PRODUCTION OF DOCUMENTS WHEREIN, THE DEFENDANT IS SEEKING TO OBSTRUCT THE CHIEF JUDGE FROM LEARNING ABOUT THE PENDING FBI WHISTLE-BLOWER INVESTIGATION REGARDING THE UNLAWFUL DEPRIVATION OF MEDICAL TREATMENT AT THE FMC DEVENS PRISON WHEREBY THE 2 WHISTLE-BLOWERS, DR BHATTI & MLP KILDUFF, ARE THE SUBJECT OF THE PLAINTIFF'S INSTANT DISCOVERY AS THEY ARE NAMED DEFENDANTS, AND ARE SEEKING TO PROVIDE THE ANSWERS TO THE PLAINTIFF'S INTERROGATORIES & PRODUCTION OF DOCUMENTS THAT WILL SHOW THE CHIEF JUDGE WHAT IS TAKING PLACE IN THE PENDING FBI WHISTLE-BLOWER INVESTIGATION

## DECLARATION & AFFIRMATION

Frank Barbaro ProSe Plaintiff hereinafter, **Plaintiff**, declares and affirms under penalty of perjury that the Instant Filing is true.

THE DEFENDANT IS SEEKING TO OBSTRUCT THE CHIEF JUDGE FROM LEARNING ABOUT THE PENDING FBI WHISTLE-BLOWER INVESTIGATION WITH THE USE OF THE INSTANT FRIVOLOUS MOTION TO QUASH OR STAY THE DISCOVERY IN THE INSTANT ACTION

1. Respectfully, the Plaintiff is litigating ProSe from the FMC Devens Prison wherein, he is entitled to Meaningful Court Access under well settled law by the US Supreme Court in Lewis v Casey 135 LEd 2d 606 (1996) that cited Bounds v Smith 52 LEd 2d 72 (1977) that was Affirmed in the First Circuit under Boivan v Black 225 F3d 36 (1st cir 2000). The Defendant's Frivolous Motion to Stay or Quash the Plaintiff's Pending Discovery upon the FBI Investigation Whistle-Blowers, Dr Bhatti & MLP Kilduff, who are Defendants in the Instant Action must be Denied.

-1-

## THE DEFENDANT CITED FALSE FACTS & LAW IN THEIR ATTEMPT TO OBSTRUCT THE CHIEF JUDGE FROM REVIEWING THE INSTANT ACTION

2.   The Defendant's Memorandum in Opposition to the Plaintiff's Pending Motion for Discovery by Interrogatories & Production of Documents sets forth that the Honorable Court faces a Question of Jurisdiction by the Service of Process that is not distinguishable in the Instant Action under the case cited by the Defendant <u>Omni Capital International v Rulolf Wolff & Co LTD</u> 484 US 97, 103 (1987).

3.   The <u>Omni Capital International</u> case cited by the Defendant has <u>no</u> Standing in the Instant Prison Litigation that is controlled under the Authority of the US Supreme Court Mandate in <u>Mallard v US District Court of Iowa</u> 104 LEd 2d 318 (1989). The Supreme Court Ruled contrary to the Defendant's Instant "Frivolous" Motion regarding the Process of Service upon the Defendants that is the "Procedural Escape" the the Defendant is employing to Obstruct the Chief Judge from learning about the Pending FBI Whistle-Blower Investigation into the Unlawful Deprivation of Medical Care at the FMC Devens Prison that is rampant. The Supreme Court Ruled in the <u>Mallard</u> case at 490 US 302 setting foth:

> To represent a litigant proceeding In Forma Pauperis §1915(c) - adopted at the very same time as §1915(d) - treats Court Officers and Witnesses differently: "The Officers of the Court shall Issue & Serve all Process, and perform all duties in such cases."

4.   In the Instant Action the Plaintiff was Granted In Forma Pauperis Standing under §1915(c) by the Honorable Court under the Federal Rules of Civil Procedure that was left out of the Defendant's Pending Instant "Frivolous" Motion. The Honorable Court is in Authority over the Instant Service upon the Defendants wherein, the Federal Rules of Civil Procedure Rule 4(c)(2) sets forth:

The Court may direct that Service be effected by a US Marshall, Deputy US Marshall, or other person or Officer Specially Appointed by the Court for that purpose. Such an Appointment must be made when the Plaintiff is Authorized to proceed In Forma Pauperis pursuant to 28 USC §1915 or is Authorized to proceed as a Seaman under 28 USC§1916.

**THE DEFENDANT'S SECOND PRONG TO DENY THE PLAINTIFF'S MEANINGFUL COURT ACCESS BY DISCOVERY USED THE FEDERAL RULE OF CIVIL PROCEDURE 26(f)&(d) WITH LOCAL RULE 26.2(a) UNDER THE WRONG CONTEXT**

5.   The Defendant's Instant Motion to Deprive the Plaintiff of Meaningful Court Access set forth a second prong under the Federal Rules of Civil Procedure (FRCP) 26(f)&(d) with Local Rule 26.2(a) that does not apply to the Instant Fact & Law that is in front of the Honorable Chief Judge. The Defendant attempted to "Escape Discovery" by using a Wrongful "Ploy" setting forth that the Court must first hold a Conference under FRCP 26(f) in order to allow the Plaintiff's Demanded Discovery. The second element to the above "Ploy" in the Defendant's Instant Motion set forth that FRCP 26(d) Prohibited the Plaintiff's Pending Motion for Discovery wherein, the Defendant contends that they will bring a Motion to Dismiss the Instant Action wherefore FRCP 26(d) should Obstruct the Plaintiff's Right to the Demanded Discovery. The Court may note that the Defendant presented no Authority Case-Law in support of their above "Frivolous Ploy" to Obstruct the Plaintiff's Discovery.

**THE AUTHORITY CASE-LAW UNDER DISCOVERY DISCERNS THAT THE DEFENDANT'S INSTANT MOTION IS FRIVOLOUS**

6.   In <u>Evans v Yum Brands Inc</u> 326 F. Supp2d 214 (DNH 2004), the District Court Ruled at page 226 under Heading III [15,16], setting forth that Dispute over the Discovery Schedule does not rest upon the Defendant and their effort to bring a Motion for Summary Judgment. The District Court in New Hampshire Ruled that they frown on Motions to

-3-

Stay Discovery, and Deny them in the absence of compelling reasons. Under the above facts the <u>Evans</u> Court cited a long line of case-law Authority in support of the Plaintiff's Instant Demand for Discovery. The following Authority comes from paragraphs [15, 16] at page 226 in the above <u>Evans</u> Ruling: <u>3 Alba Conte & Herbert B. Newberg</u>, Newberg on Class Actions §9:43, at 404(4th ed 2002); see also <u>Medimatch Inc v Lucent Techs Inc</u> 120 FSupp2d 842, 862 n. 20(N.D.Cal 2000); <u>In Re Lotus Dev. Corp. Sec. Litig</u>, 875 FSupp 48, 51(D.Mass 1995); <u>In Re Proxima Corp Sec Litig</u> 1994 WL 374306, at *15, 1994 US Dist. LEXIS 21443, at *43-*44(S.D.Cal 1994); <u>Dickson v Chicago Allied Warehouse Inc</u> 1993 WL 362450, at *11, 1993 US Dist. LEXIS 12914, at *34-*35(N.D.Ill. Sept 15, 1993).

7.   The <u>Evans</u> Court further Ruled at page 226 paragraphs 15, 16 that "A Defendant's confidence that it will prevail on a dispositive motion does <u>not</u> in and of itself justify holding discovery in abeyance. See <u>Gray v First Winthrop Corp</u> 133 F.R.D. 39, 40(N.D.Cal 1990); accord <u>Miller Brewing Co v Silver Bros Co</u> No. 88-229-SD (D.N.H. Sept 29, 1992), available at http://www.nhd.uscourts.gov (rejecting pendency of motions as reason to stay discovery)."

8.   In addition to all of the above case-law, the Plaintiff is litigating as a ProSe Prisoner wherein, the Supreme Court has held under well settled law in <u>Lewis v Casey</u> citing <u>Bounds v Smith</u> which has been Affirmed by the First Circuit in <u>Boivan v Black</u> 225 F3d 36(1st cir 2000), that the Plaintiff must be provided with Meaningful Court Access in the Instant Action.

-4-

**THE DEFENDANT'S "PLOY" BY SERVING THE INSTANT MOTION TO STAY DISCOVERY IN ORDER TO OBSTRUCT THE CHIEF JUDGE FROM LEARNING ABOUT THE PENDING FBI "WHISTLE-BLOWER" INVESTIGATION THAT WAS REQUESTED BY DR BHATTI AND MLP KILDUFF, WHO ARE DEFENDANTS IN THE INSTANT ACTION**

9.   The "Corrupt Ploy" behind the Defendant's Instant Motion is simply to Obstruct the Honorable Chief Judge from learning about the Extraordinary Unlawful Medical Deprivations that are taking place at the FMC Devens Prison, who are Defendants in the Instant Action. The Plaintiff's Complaint in the Instant Action discerns <u>repeated</u> allegations of the Defendant's Unlawful Deprivation of Health Care that has resulted in the Plaintiff suffering Partial Paralysis for the <u>balance of his life</u>.

10.   The Defendant's in the Plaintiff's Instant Action, Dr Bhatti & MLP Kilduff, have come forward and requested the United States Attorney, and the FBI in Boston to open a "Whistle-Blower" Investigation into their allegations of Criminal Negligence & Unlawful Deprivation of Medical Care that includes the Plaintiff's Instant Action. The "Whistle-Blowers", Dr Bhatti & MLP Kilduff, were employees of FMC Devens Prison Medical Department wherein, they were responsible for the Deprivation of the Medical Treatment that resulted in the Plaintiff's Lifetime Partial Paralysis. The above two FMC Devens Prison Medical Staff informed the Plaintiff that they were being Ordered by the FMC Devens Prison Officials to Violate the Community Standard of Care, and Deprive the Plaintiff of the Mandatory Medical Treatment that would have prevented his suffering Lifetime Partial Paralysis.

11.     The Defendant's Instant Motion to Stay and/or Quash the Plaintiff's Request for Discovery is <u>on-point</u> in the Obstruction of Justice & Due Process in the Instant Action by seeking to Withhold the above "Whistle-Blower" facts from the Honorable Chief Judge. The Plaintiff prays that the Chief Judge would simply inquire as to the above "Whistle-Blower" FBI Investigation, and thereafter Order that the Plaintiff may proceed with Discovery upon Defendants Dr Bhatti & MLP Kilduff, who are the Two "Whistle-Blowers" in the above FBI Investigation. It's time for the Federal Bureau of Prisons to take the "High Road" in comparison to the Iraq Abu-Gahrib Prison abuse that was acted out by the United States wherein, the United States was embarrassed world-wide.

12.     The Instant Motion is indistinguishable under the Prison Abuse that was acted out in Iraq against Inmates based on the lack of Accountability. We now have the Chief Judge of the Honorable Court Reviewing another kind of Iraq type Prison Abuse that is taking place daily at the Federal Medical Center Devens Prison under a False Color of Law. The Plaintiff has not requested the media spotlight to the Instant Action wherein, the Plaintiff prays that the Honorable Chief Judge will now bring the "Light" upon the Outrage of the Prison Abuse which the Plaintiff suffers that has resulted in his Lifetime Partial Paralysis based upon the Defendant's Violations of the Community Standard of Care that is set forth in the Instant Action.

## CONCLUSION

Based on all the Papers filed in the Instant Action, along with the extraordinary circumstances taking place as set forth above, the Plaintiff is respectfully requesting the Honorable Court to Order that the Plaintiff may commence Discovery by Serving Interrogatories upon the Instant Action Defendant "Whistle-Blowers" Dr Bhatti & MLP Kilduff.

Respectfully Submitted,

Dated: April 11, 2006   By: _____
Frank Barbaro
ProSe Plaintiff

## PROOF OF SERVICE

Frank Barbaro ProSe Plaintiff declares and affirms, under penalty of perjury, that the attached Motion in Opposition to the Defendant's Motion to Stay and/or Quash the Plaintiff's Pending Motion for Discovery was Served on the Defendant's Counsel by Regular US Mail Service with the use of the FMC Devens Prison Legal Mail System as set forth below.

**SERVED ON:**

Defendant's Counsel,

AUSA Mark J Grady
US Attorney's Office
1 Courthouse Way, ste 9200
Boston, MA 02210

Dated: April 11, 2006   By: _____

Frank Barbaro
ID# 48264-053
FMC Devens, Box 879
Ayer, MA 01432

ProSE Plaintiff