UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK BARBARO                          )
    Plaintiff,                         )
                             )
        v.                             )  C.A. No. 05-40097-MLW
                             )
UNITED STATES OF AMERICA, ON    )
BEHALF OF THE FEDERAL BUREAU OF )
PRISONS, ET AL.,
    Defendants.                        )

ORDER

WOLF, D.J.                                                May 4, 2006

Pro se plaintiff Frank Barbaro ("Barbaro") has filed a "Motion" (Docket No. 13), which this court is construing as a Motion for Discovery since it requests that the court order defendant United States of America to provide Barbaro's private physician with his actual MRI films in order to obtain the physician's opinion regarding the irreparable harm that the defendant allegedly caused the plaintiff to suffer.

In addition, Barbaro requests that the court issue an order allowing the United States Marshal to make service upon all of the defendants as required under Rule 4(c)(2) of the Federal Rules of Civil Procedure since its application to proceed without prepayment of fees was allowed.  The court, however, has already issued such a directive in its February 24, 2006 Memorandum and Order in which it stated that "[i]t is Further Ordered that the United States Marshal shall serve a copy of the summons, Complaint, and this order upon each of the Defendants as directed by Plaintiff with all

1

costs of service to be advanced by the United States." Feb. 24, 2006 Memorandum and Order, pgs. 7-8.  In addition, the plaintiff was provided with the necessary forms to effectuate service of process on the defendants.  It is unclear, however, whether the plaintiff has directed the United States Marshall to proceed by forwarding the required paperwork.

It is apparent from the docket that the United States Marshal has not yet effected service of process.  The government acknowledges that it has not received service of process in its opposition to Barbaro's Motion for Discovery.  In the absence of service of process, it is premature to order discovery.  A federal court may not exercise personal jurisdiction prior to service of process.  <u>Omni Capital International v. Rudolf Wolff & Co.</u>, Ltd, 484 U.S. 97, 104 (1987)("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") Discovery should generally occur after service of process, the scheduling of a conference under Local Rule 16.1, and the completion of mandatory disclosures referenced in Local Rule 26.2.

For the foregoing reasons, it is hereby ORDERED that:

1.  The plaintiff's "Motion" (Docket No. 13) is DENIED without prejudice to refiling after service of process, the resolution of any motion to dismiss or qualified immunity defenses, the scheduling of a conference under Local Rule 16.1, and/or completion

of mandatory disclosures referenced in Local Rule 26.2.

2.   The plaintiff's request that the court issue an order allowing the United States Marshal to make service upon all of the defendants is MOOT.   The plaintiff is advised that it is his responsibility to ensure that the U.S. Marshal has all necessary paperwork and information for service of process.   Failure of the plaintiff to effectuate service and arrange for proof of service to be filed with this Court within 120 days of the date of this Order will result in the dismissal of this action, pursuant to Local Rule 4.1.


                                     /s/ MARK L. WOLF
                                     UNITED STATES DISTRICT JUDGE