UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK BARBARO,  )<br>      Plaintiff,  )<br>  )<br>v.  )<br>  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>DR. BHATTI, MLP KILDUFF and  )<br>UNIT MGR MRS FERDNANDEZ  )<br>      Defendants.  ) | CIVIL ACTION NO:<br>05-40097-MLW |

### UNITED STATES' MEMORANDUM IN OPPOSITION TO THE PLAINTIFF'S MOTION REGARDING THE HANDLING OF MAIL

The United States enters its limited appearance exclusively for the purpose of opposing the Plaintiff's most recent "Motion" and requests that this Court deny any relief. As an initial matter, there has not yet been proper service of the underlying Complaint on the United States and individual named defendants. See Case No. 05-40097-MLW, Order, dated May 4, 2006.[1] More significantly, and for the reasons stated herein, Barbaro's Motion does not state any claim upon which relief may be granted.

### Facts

By way of background, the Plaintiff, Frank Barbaro, is an inmate committed to the custody of the Federal Bureau of Prisons at FMC-Devens. He alleges violations of the Federal Tort Claims Act and his constitutional rights, under the theory espoused in Bivens v. Six Unkown Federal Narcotics Agents, 403 U.S. 388 (1971), arising from his claim that he has received deficient and/or negligent medical care.

On or about May 24, 2006, Barbaro served the United States Attorney's Office with a

---

[1] It should be noted that the United State's Attorney's office was served with copy of the Complaint on or about June 4, 2006.

"Motion" requesting that further correspondence from the Court be opened in his presence in accord with BOP regulation governing privileged legal mail along with a "Supplement" to that Motion. As grounds for the motion, Barbaro contends that this Court's February 24, 2006, Order (regarding, *inter alia*, service of the Complaint for individuals granted in forma pauperis status), was not delivered to him until May 19, 2006.[2] Barbaro further complains that the correspondence had been improperly opened outside of his presence.

## **Argument**

As an initial matter, in that there is no privilege attached to such documents, BOP regulations appropriately allow for screening of mail from this Court (in the absence, obviously, of some directive otherwise from the Court). See 28 C.F.R. § 540.10, *et seq.* (identifying the procedures for handling of mail generally); contrast 28 C.F.R. § 540.18-19 (governing handling of attorney client communications or other privileged materials which must, *inter alia*, be opened in the presence of the inmate). Thus, Barbaro's motion states no basis for relief in contending that such mail has been opened outside of his presence.[3]

---

[2] It appears from the plaintiff's "Motion," Docket #19, that Plaintiff initially claims that he never received this Court's February 24, 2006, Order. The Plaintiff's "Supplement," Docket # 20, contends that he received the Order on May 19, 2006.

[3] See also, generally, Wolff v. McDonnell, 418 U.S. 539, 575-576 (1974) (emphasis added).
> To begin with, the constitutional status of the rights asserted, as applied in this situation, is far from clear. While First Amendment rights of correspondents with prisoners may protect against the censoring of inmate mail, when not necessary to protect legitimate governmental interests, this Court has not yet recognized First Amendment rights of prisoners in this context. Furthermore, freedom from censorship is not equivalent to freedom from inspection or perusal. As to the Sixth Amendment, its reach is only to protect the attorney-client relationship from intrusion in the criminal setting, while the claim here would insulate all mail from inspection, whether related to civil or criminal matters. Finally, the . . . due

Barbaro also complains that FMC-Devens delayed in providing this Court's February 24, 2006, Order, until May 19, 2006. (An allegation presumed to be true for purposes of this response).[4]  Barbaro contends that such action constitutes a deprivation of access to the courts. To the extent that Barbaro's motion is construed as alleging interference with access to the courts, Barabro has not identified any prejudice. As such, it states no viable claim. See Lewis v. Casey, 518 U.S. 343 (1996) (requiring actual injury).

Indeed, this Court's most recent order, dated May 4, 2006, has afforded Barbaro 120 days to complete service as outlined in the February 24, 2006, Order. Any alleged prejudice from the delay is fully ameliorated by this Court's order.[5]

---

process claim based on access to the courts, has not been extended by this Court to apply further than protecting the ability of an inmate to prepare a petition or complaint. Moreover, even if one were to accept the argument that inspection of incoming mail from an attorney placed an obstacle to access to the court, it is far from clear that this burden is a substantial one.

Id.

[4]The United States has presumed the truth of the prisoner's allegations for purposes of this motion but explained why it states no valid basis for relief. Should the Court feel that relief may be warranted, the United States would request leave to contest the allegation. In addition, presuming the allegation to be true, undersigned counsel has conferred with FMC-Devens officials to insure that such delay, if any, is not a recurrent event.

[5]It also appears from investigation that Barbaro's claims that FMC-Devens attorneys are reviewing all mail received from the courts are wholly baseless.

**Conclusion**

Accordingly, the United States respectfully requests that this Court deny any relief.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MICHAEL J. SULLIVAN |
|  | United States Attorney |
| By: | /s/ Mark J. Grady |
|  | Mark J. Grady |
|  | Assistant U.S. Attorney |
|  | One Courthouse Way, Suite 9200 |
|  | Boston, MA 02210 |
| Dated: June 5, 2006 | (617) 748-3136 |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of June 2006, I caused a copy of the foregoing Opposition and Exhibit to be served upon the Plaintiff by first class mail, addressed to: Frank Barbaro, 48264-053, FMC Devens, PO Box 879, Ayer, MA 01432.

/s/ Mark J. Grady
Mark J. Grady
Assistant U.S. Attorney