FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432

PROSE PLAINTIFF

FILED
IN CLERKS OFFICE

2006 JUN 15 A 11: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK BARBARO, )
PLAINTIFF )
) C.A. NO.: 05-40097 MLW
)
)
vs )
) THE HONORABLE CHIEF JUDGE MARK L WOLF
)
UNITED STATES OF AMERICA ON )
BEHALF OF THE FEDERAL BUREAU )
OF PRISONS, ET AL ) **REPLY BY THE PROSE PLAINTIFF TO THE**
) **FALSE OPPOSITION BY THE DEFENDANT**
DEFENDANTS )

<u>REPLY BY THE PROSE PLAINTIFF TO THE DEFENDANT'S JUNE 5, 2006 FALSE OPPOSITION THAT DELIBERATELY MISSTATES THE AUTHORITY IN THE PENDING INSTANT MOTION REQUIRING THE DEFENDANT TO SIMPLY FOLLOW THEIR OWN "SPECIAL MAIL" POLICY WHEREIN, THE DEFENDANT IS WASTING THE CHIEF JUDGE'S VALUABLE TIME BY FILING THEIR UNLAWFUL OPPOSITION</u>

**CONSOLIDATED PROSE PLAINTIFF'S REPLY DECLARATION WITH MEMORANDUM PROVING THAT THE DEFENDANT'S FALSE OPPOSITION WAS FILED UNDER THE DELIBERATE KNOWLEDGE THAT THE AUTHORITY CITED DID NOT SUPPORT THE DEFENDANT'S OPPOSITION WHEREIN, THE HONORABLE CHIEF JUDGE IS WASTING HIS VALUABLE TIME REVIEWING THE DEFENDANT'S MEANINGLESS & DECEPTIVE OPPOSITION**

### DECLARATION & AFFIRMATION

Frank Barbaro ProSe Plaintiff hereinafter, **Plaintiff**, declares and affirms under penalty of perjury, that the Instant Filing is true.

**THE DEFENDANT'S OPPOSITION WAS FILED WITH DELIBERATE KNOWLEDGE THAT THE AUTHORITY CITED WAS FALSE, AND COULD NOT SUPPORT THEIR ABSURD & FRIVOLOUS OPPOSITION**

1. Respectfully, On June 5, 2006 the Defendant by Attorney Mark J. Grady filed their False Opposition to the Plaintiff's Simple Motion requesting that the FMC Devens Prison Warden & Staff simply follow their own Prison Policy regarding the Federal Court's Mail to the FMC Devens Prisoner Plaintiff. The Plaintiff simply requested that the Defendant process mail from the Honorable Court under the BOP Policy for "Special Mail" that has Absolute Authority under 28 CFR 540.2, and other Sections discerned below.

**THE DEFENDANT HAS BEEN PROPERLY SERVED WITH THE INSTANT SUMMONS & COMPLAINT WHEREIN, THE FIRST PARAGRAPH OF THE DEFENDANT'S INSTANT OPPOSITION IS FALSE & DECEPTIVE WHEREBY MR GRADY KNEW THAT THE DEFENDANT WAS PROPERLY SERVED ON JUNE 4, 2006**

2. Respectfully, the Defendant's First Paragraph in their Instant Opposition dated June 5, 2006 states that "As an initial matter, there has not yet been proper service of the underlying Complaint on the United States and individual named Defendants" wherein, Mr Grady then cites case # 05-40097 MLW, Order, dated May

-1-

4, 2006. However, as a footnote on the Opposition's First Page Mr Grady states "it should be noted that the United States Attorney's Office was served with a copy of the Complaint on or about June 4, 2006."

3.  The Defendant respectfully understands that the Honorable Chief Judge Ordered that the Instant Action was proceeding In Forma Pauperis. Therefore, Mr Grady fully understands that the Federal Rules of Civil Procedure (FRCP) regarding the Service of the Summons & Complaint under Rule 4(C)(2) moves the Authority for executing the Service to the Honorable Court pursuant to the Plaintiff's In Forma Pauperis Relief, Title 28 USC §1915.

4.  Respectfully, the Supreme Court of the United States in <u>Mallard v US District Court of Iowa</u> 490 US 296, 302 (1989) set forth under well settled law the following discernment regarding the Plaintiff's Service upon the Defendants that was completed by the US Marshal before the filing of the Defendant's Instant Opposition wherein, the Supreme Court stated:

> <u>Mallard v US District Court of Iowa</u> 490 US 296, at 302
>
> [490 US 302]
>
> to represent a litigant proceeding In Forma Pauperis, §1915(c)-adopted at the very same time as §1915(d)-treats court officers and witnesses differently: "The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases."

5.  The Fed.R.Civ.P. under Rule 4(c)(2) provides for the following Authority for the Court's Service that was completed by the US Marshal before the Defendant's Instant Opposition was filed wherein, the Fed.R.Civ.P. Rule 4(c)(2) states:

> The Court may direct that service be effected by a US Marshal, Deputy US Marshal, or other person or officer specially appointed by the Court for that purpose. Such an appointment must be made when the Plaintiff is authorized to proceed In Forma Pauperis pursuant to 28 USC §1915 or is authorized to proceed as a seaman under 28 USC §1916.

6.  In order to clarify the Authority of the above cited Supreme Court Law in <u>Mallard v US District Court of Iowa</u>, the Plaintiff respectfully submits the Supreme Court of the United States Ruling in <u>Hutton v Davis</u> 454 US 370 (1982). Therein, the Supreme Court Ruled that unless we wish Anarchy to prevail within the Federal Judicial System, a precedent of this Court must be followed by the Lower Federal Courts no matter how misguided the Judges of those courts may think it to be (375).

7.  Respectfully, the US Marshal has completed the Service of the Instant Summons & Complaint upon all of the Defendants under the Waiver of Service Authority wherein, Attorney Mr Grady fully understood that the above Service was effected prior to the filing of the Instant Opposition whereby making Mr Grady's claim in the First Paragraph of the Instant Opposition that "there has not yet been proper service of the underlying Complaint on the United States and individual named Defendants" to be Deliberately <u>False</u>, and Misleading.

8.      The Plaintiff filed the Instant Motion only because the FMC Devens Prison Officials Withheld the Honorable Court's February 24, 2006 Order, and delivered said Order after the filing of the Plaintiff's Motion by Letter to the Court dated May 11, 2006 informing the Court that the Plaintiff was not in receipt of the February 24, 2006 Order. The above Order was delivered to the Plaintiff via General Correspondence Means of incoming mail on May 19, 2006. However, the Defendant, FMC Devens Prison Officials were under the Mandatory Obligation to Comply with 28 CFR 540.2, and following Sections discerning that the Federal Court's Mail to the Plaintiff <u>must</u> be processed under "Special Mail" only.

**THE DEFENDANT'S ARGUMENT UNDER 28 CFR 540.10 IS FALSE WHEREIN, MR GRADY KNEW THAT HE DELIBERATELY MISREPRESENTED THE AUTHORITY REGARDING "SPECIAL MAIL" TO THE CHIEF JUDGE**

9.      Respectfully, Mr Grady's Argument at page 2 in his Opposition <u>falsely</u> states that the Honorable Court's mail to the Plaintiff is <u>not</u> subject to 28 CFR 540.10. The Honorable Court is referred to 28 CFR 540.2 Definitions wherein, the Code of Federal Regulations for the Bureau of Prisons (BOP) makes it Mandatory for the FMC Devens Prison Officials to process the Federal Court's mail to the Plaintiff pursuant to "Special Mail."

10.     The Plaintiff submits that 28 CFR 540.10 specifically states that the US Court's correspondence <u>must</u> be processed under the BOP "Special mail" procedures. The Plaintiff never requested a client privilege communication that Mr Grady states in hsi <u>Frivolous</u> Argument at page 2 in his Opposition. The Plaintiff simply requested that the FMC Devens Prison Staff Comply with the Authority of 28 CFR 540.2 wherein, 28 CFR 540.10 established that all mail from the US

-4-

Courts are deemed "Special Mail" whereby the Court's mail is opened in the presence of the inmate, who in this case is the Plaintiff.

11. The Plaintiff is only requesting that the FMC Devens Prison Officials simply interpret the Authority in 28 CFR 540.2, and other Sections relating to "Special Mail" be used in the procedure of delivering the Federal Court's mail to the Plaintiff.

**MR GRADY CONCEALED THE WORDING OF 28 CFR 540.10 FROM THE HONORABLE CHIEF JUDGE REGARDING "SPECIAL MAIL," AND HOW THE COURT MAY MARK THE ENVELOPE**

12. Respectfully, the Argument in the Defendant's Opposition has <u>concealed</u>, at page 2, that there is a Question of how the Honorable Court should "mark" the envelopes being mailed to the Plaintiff. Under 28 CFR 540.10, "Special Mail" includes the US Courts wherein, it does state that envelopes must be marked "Special Mail Open in the Presence of Inmate."

**THE HONORABLE COURT SHOULD NOT BE HELD TO THE ABOVE STANDARD THAT WOULD ALLOW THE DEFENDNAT FROM ESCAPING THE USE OF "SPECIAL MAIL" THAT IS MANDATORY IN DELIVERING ALL MAIL FROM THE US COURTS**

13. Respectfully, the Honorable Court direct the FMC Devens Prison Officials to simply follow their own "Special Mail" regulations that is Mandatory in delivering the Plaintiff's mail from the US Courts whereby it will not be "lost" again for 4 months. The Plaintiff did not seek to delay the Instant Action from February thru May 2006 wherein, the Mr Grady Opposition, at page 3 in the last paragraph, states that the Plaintiff had no prejudice with the unnecessary delay of the Action.

14. Respectfully, the Plaintiff has the Constitutional Right of Meaningful Court Access that has been well-settled law of the Supreme Court of the United States in <u>Lewis v Casey</u> 518 US 343 citing, <u>Bounds v Smith</u> 52 LEd 2d 72 (1977) wherein, the First Circuit Affirmed that Authority in <u>Boivan v Black</u> 225 F3d 36 (1st cir 2000). Therefore, the Plaintiff did suffer Actual Injury by the Defendant's Withholding the Honorable Court's "Special mail" from February 24, 2006 thru May 19, 2006 whereby that mail was handed to the Plaintiff under the Prison's General Correspondence Procedures.

15. Respectfully, when the FMC Devens Prison Officials receive the Honorable Court's "Special mail" they utilize a simple procedure that logs the US Court's mail into a Recording System that day whereby the prisoner is then handed the US Court's mail, and is requested to sign & date the prison's paperwork conceding that the Court's delivery was completed.

**MR GRADY IS ATTEMPTING TO PREVENT THE FEDERAL COURT'S MAIL FROM BEING RECORDED UNDER "SPECIAL MAIL" BY THE FMC DEVENS PRISON OFFICIALS THEREIN, ANY DELAY OF THE ACTION BY THE FAILURE OF THE DELIVERY OF THE COURT'S MAIL BECOMES ANOTHER FACT FINDING ISSUE**

16. Respectfully, Mr Grady fully understands that the FMC Devens Prison Officials did Withhold this Court's mail from the Plaintiff in the Instant Action starting on February 24, 2006 until May 19, 2006. However, Mr Grady would like the FMC Devens Prison Officials to benefit by that Unlawful Withholding of the US Court's Mail to the Plaintiff in the future. That is the only reason that Mr Grady is requesting the Honorable Chief Judge to prevent the FMC Devens Prison Officials from processing mail from the US Courts under the "Special Mail" Authority that is established by 28 CFR 540.10 etc.

17.   Respectfully, the Plaintiff submits that it is "transparent" in the Mr Grady Instant Opposition that his mind-set is to deprive the Plaintiff of the Mandatory Meaningful Court Access that is well-settled Law. There is no reason for Mr Grady to Object to the US Court's mail being processed as "Special Mail" by the FMC Devens Prison Officials.

18.   The Supreme Court of the United States in <u>Wolff v McDonnell</u> 41 LEd 2d 935, at pages 963 & 963 Ruled that the "Special Mail" Question should be applied whereby that mail <u>must</u> be opened in the presence of the inmate, and that the Prison Official may inspect the inside of the envelope used for mailing in front of the prisoner. The Plaintiff is simply requesting that procedure to be followed by the FMC Devens Prison Officials. Therein, this Honorable Court's Mail to the Plaintiff will no longer "magically" become lost for 4 months as the Instant Action proceeds.

**MR GRADY INTENTIONALLY FILED HIS FALSE OPPOSITION TO THE PLAINTIFF'S INSTANT MOTION FOR THE FMC DEVENS PRISON OFFICIALS TO FOLLOW THEIR PUBLISHED PRISON POLICY IN THEIR FMC DEVENS INMATE HANDBOOK, AT PAGE 18 UNDER "SPECIAL MAIL"**

19.   Respectfully, Mr Grady understood that he intentionally filed his <u>False Opposition</u> in front of the Honorable Chief Judge in <u>Direct Conflict</u> with the Published FMC Devens Prison Policy under "Special Mail United States & State Courts" at page 18 in the FMC Devens Inmate handbook.

20.   The Honorable Chief Judge has the AUSA Grady Instant Opposition that states that Attorney Grady Reviewed the Federal Court Question regarding "Special Mail" with the FMC Devens Prison Officials.

-7-

21. However, AUSA Grady understood that the FMC Devens Prison Handbook, at pages 18 & 19, Demands that <u>all mail</u> sent to & received from the US & State Courts must be considered as <u>Special Mail</u> without the Court's marking the envelope as "Special Mail Open Only in the Presence of the Inmate." See <u>EXHIBIT #1</u> the Prison Policy attached hereto.

22. Mr Grady <u>understood</u> that his Instant Opposition was a <u>False Filing</u> whereby the <u>EXHIBIT #1</u> Page 18 of the FMC Devens Prison Inmate Handbook attached hereto, states that <u>all mail</u> from the <u>US & State Courts</u> must be <u>processed only</u> under "Special Mail". The Prison Inmate handbook at page 18 states that the US & State Court's correspondence are considered <u>exceptions</u> at page 18 setting forth:

> "are exceptions being those items identified above at page 18 whereby the envelope <u>need not be marked</u> by the Federal & State Courts Special Mail Open only in the Presence of the Inmate."

23. Respectfully, Mr Grady knew that he acted by intentionally filing his <u>False Opposition</u> that was in Direct COnflict with <u>EXHIBIT #1</u> attached hereto. The FMC Devens Prison Inmate Handbook that was signed, and issued by the FMC Devens Prison Warden Winn states, at page 18, that all correspondence from the US & State Courts must be processed under <u>"Special Mail Only"</u>.

24. The Plaintiff alleges that it was the <u>Intentional Undertaking</u> by the FMC Devens Prison Officials, who are the Defendants Named as the United States in the Instant Action, to delay the Instant Action by some (4) months that is set forth above.

25. Respectfully, the above Prison Abuse is subject to the Fed.R.Civ.P. <u>Rule 11 Sanctions</u>. The Plaintiff submits that <u>Sanction Question</u> to the Honorable Chief Judge wherein, the Defendant did file <u>False Pleadings</u> in the Instant Opposition.

26. AUSA Grady fully understood that the Federal Court's Mail had to be processed under the "Special Mail" Category wherein, there was <u>no</u> reasonably related <u>Penalogical Interest</u> to deprive the Federal Court's Mail to the Plaintiff under the "Special Mail" Category. <u>Turner v Safley</u> 482 US 78, 96 LEd 2d 64, 107 S.Ct 2254.

### CONCLUSION

Based on all the Papers filed in the Instant Action, the ProSe Plaintiff is respectfully requesting that the Honorable Court Order that **all mail** from the US Courts will be processed as "Special Mail" by the FMC Devens Prison Officials.

Respectfully Submitted,

Dated: June 9, 2006  By: _____*Frank Barbaro*_____
Frank Barbaro
ProSe Plaintiff