FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432

PROSE PLAINTIFF

FILED
IN CLERKS OFFICE
2006 JUL 14 A 11: 35
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK BARBARO,                          )
PROSE PLAINTIFF                         )          C.A. NO.: 05-40097 (MLW)
                                        )
                                        )
vs.                                     )
                                        )
                                        )
UNITED STATES OF AMERICA ON             )   THE HONORABLE CHIEF JUDGE: MARK L WOLF
BEHALF OF THE FEDERAL BUREAU            )
OF PRISONS, FMC DEVENS PRISON           )
        AND                             )
INDIVIDUALLY NAMED PRISON               )
OFFICIALS: DR BHATTI, PA KILDUFF        )            **PLAINTIFF'S MOTION FOR
AND UNIT MGR MRS FERNANDEZ,             )            PARTIAL SUMMARY JUDGMENT**
                                        )
DEFENDANTS                              )

MOTION BY THE PROSE PLAINTIFF PRISONER FOR PARTIAL SUMMARY JUDGMENT UNDER

THE FED.R.CIV.P. RULE 56 WHEREIN, DEFENDANT UNITED STATES MADE THE

PLAINTIFF'S EXHAUSTION OF PRISON REMEDIES UNAVAILABLE WHEREBY THERE IS NO

GENUINE ISSUE OF MATERIAL FACT FOR THE DEFENDANT TO ASSERT AS A DEFENSE

IN THE INSTANT MOTION OR AT TRIAL

CONSOLIDATED MOTION, DECLARATION, MEMORANDUM & ARGUMENT BY THE PROSE
PLAINTIFF PRISONER UNDER THE FED.R.CIV.P. RULE 56 FOR PARTIAL SUMMARY
JUDGMENT WHEREIN, THE INSTANT PENDING COMPLAINT DISCERNS REPEATED
ALLEGATIONS PROVING THAT DEFENDANT UNITED STATES MADE THE MANDATORY
EXHAUSTION OF THE PLAINTIFF'S PRISON REMEDIES UNAVAILABLE IN BREACH
OF THE CONGRESSIONAL INTENT UNDER PLRA 42 USC §1997(e)(a) WHEREBY
DEFENDANT UNITED STATES HAS NO GENUINE ISSUE OF MATERIAL FACT TO
ASSERT IN THE INSTANT MOTION OR AT TRIAL AS A DEFENSE THEREBY
RESULTING IN THE HONORABLE COURT'S ISSUANCE OF THE INSTANT MOTION FOR
PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT UNITED STATES

### DECLARATION & AFFIRMATION

Frank Barbaro ProSe Plaintiff hereinafter, **Plaintiff**, declares
and affirms under penalty of perjury that the Instant Filing is true.

### SHORT INTRODUCTION TO THE LITIGATION
### AND INSTANT MOTION FOR PARTIAL SUMMARY JUDGMENT

1.    Respectfully, on June 17, 2005 under the Honorable Court's
Docket Sheet #1, the Docket Text states:

> Complaint against Untied States of America on behalf of the Federal
> Bureau of Prisons, FMC Devens, Bhatti, Kilduff, Fernandez, Filing
> Fee: IFP submitted, filed by Frank Barbaro. (Attachments: #1
> complaint part 2)(Entered: 06/20/2005).

2.    On June 5, 2006, the Defendant by Counsel AUSA Mark J Grady
conceded in his Memorandum in Opposition to the Plaintiff's Pending
Motion regarding the Unlawful Handling of the Prison "Special Mail" at
FMC Devens Prison wherein, AUSA Grady conceded on the cover page of
the foregoing Opposition under line-note #1, that the US Attorney's
Office was Served with a copy of the Instant Complaint on or about
June 4, 2006.

3.    On February 24, 2006, the Honorable Court Granted the
Plaintiff's then Pending Motion for In Forma Pauperis Relief.

4.     Respectfully, the Plaintiff incorporates by referrence herein his (2) Two Pending Motions. The first Motion is for the Honorable Court to Order that any & all mail forwarded by the Federal Courts to the FMC Devens Prison shall be processed as "Special Mail." The second Pending Motion states that the Defendant must Stop Obstructing the US Marshal Service of Process upon the (3) Three Individually Named Prison Official Defendants; Dr Bhatti, PA Kilduff, and Unit Mgr Mrs Fernandez.

5.     Respectfully, pursuant to the Honorable Court's Granting of the Plaintiff's Motion for In Forma Pauperis Relief, the Service of all Process regarding the Instant Summons & Complaint shall be performed by this Court. Mallard v US DIstrict Court of Iowa 490 US 296, at 303. In addition to the above Supreme Court Authority, the Fed.R.Civ.P. under Rule 4(c)(2) provides for the Authority whereby the Honorable Court must effect Service of Process upon all of the Named Defendants in the Instant Pending Action.

6.     Respectfully, the Plaintiff's Pending Motion for the Honorable Court to Order the Defendant to Stop Obstructing the US Marshal Service from their Service of Process upon the (3) Three Individually Named Prison Official Defendants; Dr Bhatti, PA Kilduff, and Unit Mgr Mrs Fernandez, that has now created a Deprivation of the Plaintiff's Meaningful Court Access.

-2-

7. Respectfully, the Plaintiff is now being Deprived of his Constitutional Right to Meaningful Court Access under Lewis v Casey 518 US 343 citing, Bounds v Smith 52 LEd 2d 72 (1977) wherein, the First Circuit Affirmed that Authority in Boivan v black 225 F3d 36 (1st cir 2000) whereby the Plaintiff is now Obstructed by Defendant United States from asserting the Instant Motion for Partial Summary Judgment against the above (3) Three Individually Named Prison Official Defendants; Dr Bhatti, PA Kilduff, and Mrs Fernandez based upon the Defendant making the foregoing (3) Three Individually Named Prison Official Defendants Unavailable for Service of Process by the US Marshal in the Instant Action.

8. Respectfully, the Plaintiff is requesting the Honorable Court to Rule on hte Question of whether any Opinion Rendered in the Instant Motion for Partial Summary Judgment should attach to the (3) Three Individually Named Prison Official Defendants; Dr Bhatti, PA Kilduff, and Mrs Fernandez wherein, they each participated in making the Plaintiff's Exhaustion of Prison Remedies Unavailable. The foregoing Defendants failed to Comply with the PLRA 42 USC §1997(e)(a) pursuant to Repeated Allegations in the Plaintiff's Instant Pending Complaint. Defendants; Dr Bhatti & PA Kilduff were forced under the Unlawful Conduct of Defendant Unit Mgr Mrs Fernandez, who Deliberately Deprived the Plaintiff of Exhaustion for his filed Prison Remedy Appeals that required Answers from Defendants Dr Bhatti & PA Kilduff which were never provided to the Plaintiff. The Plaintiff will further discern the Unlawful Deliberate Indifference by Defendant Mrs Fernandez below. The Plaintiff submits to the Court the allegation of whether Defendants Dr Bhatti & PA Kilduff are Liable whereby Defendant Mrs Fernandez Deliberately Deprived Dr Bhatti & PA Kilduff from responding

-3-

to the Plaintiff's <u>Repeated Filings</u> of his Prison Remedies that are set forth in the Instant Complaint, and discerned below.

9.    Respectfully, the Plaintiff is bringing to the Honorable Court's attention, the Fact that (2) Individually Named Prison Official Defendants; Dr Bhatti & PA Kilduff are the <u>"Whistle-Blowers"</u> who approached the Federal Officials in Boston, and requested that an Investigation be opened into the Medical Deprivations against the Plaintiff & Other Prisoners in Violation of the Eighth Amendment at the Federal Medical Center Devens Prison.

10.    Respectfully, the Instant Motion for Partial Summary Judgment is being submitted to the Honorable Court pursuant to the Plaintiff's <u>Repeated Allegations</u> in his Pending Complaint discerning that the Defendants made the Plaintiff's Exhaustion of Prison Remedies <u>Unavailable</u> pursuant to the PLRA 42 USC §1997(e)(a).

11.    Respectfully, the Instant Motion for Partial Summary Judgment is being submitted to the Honorable Court with Substantial Evidence attached hereto, showing the Federal Bureau of Prisons Northeast Regional Counsel, Henry J Sadowski, stating that the Plaintiff should bring the Instant Action in the US District Court under the Defendant's Obstruction of the Plaintiff's Right to Exhaustion of Prison Remedies.

12.    Respectfully, the Bureau of Prisons Northeast Regional Counsel, Henry J Sadowski, issued his Denial to the Plaintiff's Tort Claim #TRT-NER-2004-03785 on December 1, 2004, that was first Served on the Plaintiff by Unit Mgr Nancy Patterson on December 23, 2004. See EXHIBIT #1 Tort Claim/Denial #TRT-NER-2004-03785 dated 12/1/04 with Unit Mgr Nancy Patterson Acknowledgement of Service of same to the Plaintiff on 12/23/04, attached hereto.

-4-

**13.** Respectfully, the Bureau of Prisons Northeast Regional Counsel, Henry J Sadowski, stated in the above Tort Claim Denial that the Plaintiff had completed the Total Administrative Exhaustion pursuant to the Federal Tort Claims Act (FTCA) under the Plaintiff's Administrative Tort Claim #TRT-NER-2004-03785. See EXHIBIT #1 attached hereto.

**14.** Resp ectfully, Defendant United States by FMC Devens Prison Official, Unit Mgr Nancy Patterson, stated in her Acknowledgement of Service of the Plaintiff's above Tort Claim Denial by Henry J Sadowsli dated December 1, 2004, that said Tort Claim Denial dated December 1, 2004 was first handed & issued by Prison Staff Mrs Patterson to the Plaintiff on December 23, 2004 that is established in EXHIBIT #1 attached hereto.

**15.** Respectfully, the Honorable Court's Civil Docket for case #4:05CV40097MLW confirms that the Plaintiff filed the Pending Instant Action against Defendant United States within (6) six months of the December 23, 2004 Receipt of the above Tort Claim Denial that was dated December 1, 2004 by the BOP Northeast Regional Counsel, Henry J Sadowski. The Plaintiff repeats that the Actual Service Date of the completed Totally Exhausted Tort Claim #TRT-NER-2004-03785 pursuant to Claims that the Defendants Deprived the Plaintiff of his Right to Exhaust Prison Remedies that was first handed to the Plaintiff by Prison Staff, FMC Devens Unit Mgr Nancy Patterson, was December 23, 2004. Therefore, the Instant Action is timely under the FTCA by being filed within 6 months of the December 23, 2004 Service on the Plaintiff of the above Tort Claim Denial dated December 1, 2004.

-5-

## APPLICABLE LEGAL STANDARD FOR THE
## INSTANT MOTION FOR PARTIAL SUMMARY JUDGMENT

16.   Respectfully, the Plaintiff submits the Instant Motion for Partial Summary Judgment under the Defendant United States Depriving the Plaintiff of his Right to Exhaust his Prison Remedies pursuant to the Fed.RCiv.P. Rule 56(a) wherein, that Rule provides the Plaintiff with the Right to file the Instant Motion for Partial Summary Judgment within 20 days from the Commencement of the Action. The Honorable Court's Docket Sheet Item #1 confirms that the Instant Action was filed on June 17, 2005. See EXHIBIT #2, the Court's Civil Docket Sheet attached hereto. The Defendant United States, by their Counsel AUSA Grady, conceded in his Opposition to the Plaintiff's Motion to Receive the Federal Court's Mail by "Special Mail" Processing, on the cover-page of said Opposition and indicated as underlined item #1 therein states that the US Attorney was Served with the Instant Summons & Complaint on June 4, 2006. The foregoing confirmation by AUSA Grady was filed at the Honorable Court on June 5, 2006 in the AUSA Grady Opposition to the Plaintiff's Motion for "Special Mail" Processing as set forth above.

17.   Respectfully, Partial Summary Judgement is appropriate where there are no Genuine Disputes as to Material Facts, and the Moving Party is entitled to Judgment as a matter of law. Saenger Organization v National Insurance Assoc. 119 F3d 55, 57 (1st cir 1997). In this respect, the Genuine Issue exists where the evidence relevant to the issue viewed in the light most flattering to the party opposing the Motion is sufficiently open-ended to permit the rational fact finding to resolve the issue in favor of either side. National Amusements Inc v Town of Dedham 43 F3d 731, 735 (1st cir 1995). "Material" means that a contested issue of fact has the potential to alter the outcome

-6-

of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant.. Smith v Morse & Company Inc. 76 F3d 413, 428 (1st cir 1996).

18.    The Moving Party bears the initial burden of informing the Court fo the basis for the Motion, and identifying those portions of the Record which he believes demonstrates a Genuine Issue of Material Fact wherein, the Instant Motion discerns that Defendant United States has No Defense, under Fact & Law, in this Motion or at Trial for making the Plaintiff's Right to Exhaust Prison Administrative Remedies Unavailable. Denovellis v Shalala 124 F3d 298, 306 (1st cir 1997). The Plaintiff will submit the Authority under the Exhaustion of Prison Administrative Remedies below.

19.    As to the issues on which the Partial Summary Judgment target bears the ultimate burden of proof, one cannot rely on an absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. McCarthy v Northwest Airlines Inc 56 F3d 313, 315 (1st cir 1995), in accord with Denovellis v Shalala 124 F3d 298, 306 (1st cir 1997).

20.    Factual Disputes are resolved in favor of the Defendant as the Non-Moving Party. Saenger Organization v National Insurance Assoc 119 F3d at 56, in accordance with Rosenberg v City of Everett 328 F3d 12, 17 (1st cir 2003).

21.    The Plaintiff's Pleadings must receive a liberal construction under ProSe Status. Haines v Kerner, 404 US 519 (1972).

**THE INSTANT MOTION FOR PARTIAL SUMMARY JUDGMENT PROVES THAT DEFENDANT UNITED STATES OBSTRUCTED & DENIED THE PLAINTIFF'S RIGHT TO EXHAUST PRISON REMEDIES BY MAKING SAID REMEDIES UNAVAILABLE TO THE PLAINTIFF**

22.   Respectfully, the Plaintiff's Second Cause of Action in the Instant Complaint alleges that Defendant United States was Negligent under their Federal Tort Claim Denial of Claim #TRT-NER-2004-03785, that alleged that the Plaintiff was Obstructed from Proper Access to the Administrative Remedy Process.

23.   The Plaintiff's Instant Complaint at paragraph #46 alleges that Defendant United States was Negligent by the Wrongful Misconduct of the Bureau of Prisons Northeast Regional Counsel, Henry J Sadowski, when he filed his Negligent Denial of the Plaintiff's Federal Tort Claim #TRT-NER-2004-03785. See EXHIBIT #1 attached hereto.

24.   The Instant COmplaint in paragraphs; 48, 49 & 50 alleges Prima Fascia Evidence of Negligence by the Bureau of Prison Northeast Regional Counsel, Henry J Sadowski, by his Wrongful Misconduct in Denying that the FMC Devens Prison Warden & Unit Mgr Mrs Fernandez did not make the Prison Administrative Remedy Process Unavailable to the Plaintiff.

25.   The Instant Complaint at paragraphs 51, 52, 53 & 54 discerns that the BOP Regional Counsel  Mr Sadowski, understood, based upon the Plaintiff's Repeated Filings of BOP Special "Sensitive 10" Appeals to the Bureau of Prisons Northeast Regional Director, Scott Dodrill, regarding the FMC Devens Warden & Unit Mgr Mrs Fernandez Wrongful Misconduct in making the Plaintiff's Right to Exhaust Prison Remedies Unavailable. The Complaint contains Exhibits 10, 11 & 12 attached therein showing the Evidenciary Documents wherein, Defendant

-8-

United States made the Plaintiff's Right to Exhaust Prison Remedies Unavailable. Porter v Nussel 534 US 516 (2002), Booth v Churner 532 US 731 (2001), Casanova v DuBois 304 F3d 75, 77 n.3 (1st cir 2002), Medina Claudio v Rodriguez Mateo 292 F3d 31, 34 (1st cir 2002).

26.   The Plaintiff's Instant Complaint alleges at paragraph #47 that Defendant United States, by HenryJ Sadowski, was well aware of the Plaintiff's Denial of Access to the Mandatory BOP Administrative Remedy Process that was made Unavailable at the FMC Devens Prison by Defendant Unit Mgr Mrs Fernandez, who was in charge of the Plaintiff's Access to the BOP Administrative Remedy Process as the Unit Manager of the Plaintiff's Building wherein, the Plaintiff was held in Detention at FMC Devens Prison.

27.   The Supreme Court of the United States is now Reviewing the above Settled Law regarding Prison Officials making the Exhaustion of Prison Remedies Unavailable for Prisoners in the following (2) Two Cases; Ngo v Woodford Supreme Ct. Docket #05416 with Hoffenberg v Provost Supreme Ct. Docket #059989. The foregoing Pending Cases will discern the Supreme Court's Opinion as to Prison Officials making the Exhaustion of Prison Remedies Unavailable pursuant to the Procedural Default Standard that has become a "Split" within the Circuits. However, the First Circuit has not Ruled under the Procedural Default Standard regarding Prison Officials making the Exhaustion of Prison Remedies Unavailable for the Prisoners. Wherefore, the First Circuit has followed the Supreme Court Precedent in Porter v Nussel 534 US 516 (2002), and Booth v Churner 532 US 731 (2001) wherein, the First Circuit states that Prison Officials can not make the Exhaustion of Prison Remedies Unavailable to the Prisoners in the Body of Settled Law issued by the First Circuit Affirming both the Porter & Booth Supreme Court Rulings.

28. The Instant Complaint alleges in the above set forth paragraphs the Repeated allegations of Defendant United States making the Plaintiff's Exhaustion of Prison Remedies Unavailble in the Complaint Paragraphs: 51, 52, 53, 54, 55, 56, 57 & 58.

29. In addition to the above Complaint Paragraphs, the Complaint, at paragraph #59 discerns repeated acts of making the Plaintiff's Administrative Remedies Unavailable by Defendant United States under Wrongful Misconduct of Defendant Unit Mgr Mrs Fernandez, who was the FMC Devens Prison Unit Mgr in the Instant Action with her Assistant Mr Quieles wherein, Exhibit #11 attached to the Complaint proves that Defendant United States never provided the Mandatory Responses to the Plaintiff's filed Prison Remedies in Exhibit #11 attached to the Complaint whereby paragraph #59 shows that Defendant United States made the Exhaustion of Prison Remedies Unavailable to the Plaintiff.

30. In support of the Complaint allegations in paragraph #59, the Repeated conduct of making the Exhaustion of Prison Remedies Unavailable to the Plaintiff by Defendant United States is supported in the Complaint under paragraphs: 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73 & 74.

**DEFENDANT UNITED STATES & INDIVIDUALLY NAMED PRISON OFFICIAL DEFENDANTS ALL HAVE LIABILITY WHEREIN, DEFENDANT UNITED STATES IS LIABLE UNDER THE FEDERAL TORT CALMS ACT (FTCA), AND THE INDIVIDUALLY NAMED PRISON OFFICIAL DEFENDANTS ARE LIABLE PURSUANT TO THEIR <u>BIVENS</u> CONSTITUTIONAL VIOLATIONS WHEREIN, THEY DELIBERATELY MADE THE PLAINTIFF'S EXHAUSTION OF PRISON REMEDIES <u>UNAVAILABLE</u>**

31.    Respectfully, the plaintiff's Instant Complaint discerns <u>repeated</u> allegations as set forth above & below wherein, Defendant United States, and the Individually Named Prison Official Defendants made the Plaintiff's Exhaustion of Prison Remedies Deliberately <u>Unavailable</u>.

32.    Respectfully, the Supreme Court of the United States Ruled in <u>Carlson v Green</u> 446 US 14, at page 20 setting forth that Congress views FTCA and <u>Bivens</u> as parallel, complimentary causes of Action:

> "[A]fter the date of enactment of this measure, innocent individuals who are subjected to raids [like that in <u>Bivens</u>] will have a Cause of Action against the Individual Federal Agents **and** the Federal Government.Furthermore, this provision should be viewed as a **counterpart** to the <u>Bivens</u> case and its progenty [sic], in that it waives the defense of sovereign immunity so as to make the Government independently liable in damages for the same type of conduct that is alleged to have occurred in <u>Bivens</u> (and for which that case imposes liablitiy upon the Individual Government Officials involved)." S Rep No. 93-588, p 3 (1973)(emphasis supplied).

In the absence of a contrary expression from Congress, the victim of the kind of intentional wrongdoing alleged in the Instant Complaint shall have an Action under FTCA against the United States as well as a <u>Bivens</u> Action against the Individually Named Prison Official Defendants alleged to have infringed the Plaintiff's Constitutional Rights.

33.   Respectfully, regarding the Defendant United States & the Named
Prison Official Defendants wherein, the Plaintiff is discerning the
Deliberate Violation of making his Prison Administrative Remedies
Unavailable was acted out by Defendant Mrs Fernandez, who was the
FMC Devens Prison Unit Manager who has the Authority over the
Plaintiff's Exhaustion of Prison Remedies, Title 42 USC §1997(e)(a).
Booth v Churner 149 LEd 2d 958 (2000), Porter v Nussel 152 LEd 2d 12
(2002).

34.   Respectfully, the Defendant, United States, has litigated in
every Federal Circuit in America making claims that each & every
prisoner must first Exhaust Prison Administrative Remedies prior to
filing any Federal Litigation. The Defendant, United States, has
cited the Code of Federal Regulations that provides the Authority for
the Bureau of Prisons (BOP) under the Administrative Remedy Program
wherein, 28 CFR §542.10 provides the Purpose & Scope for the
Regulation. In addition, 28 CFR §542.11 discerns the Responsibility
of the Warden, Regional Director, and BOP Central Office General
Counsel who are Responsible for the implementation & operation of the
Administrative Remedy Program.

35.   Respectfully,  28  CFR  §542.13  sets  forth  the  "Informal
Resolution" for the Plaintiff's first step in Exhausting his Prison
Administrative Remedies. The "first step" at FMC Devens Prison was
for the Plaintiff to file his "Informal Resolution" with Defendant
Unit Mgr Mrs Fernandez. The 28 CFR §542.14 provides that the
Plaintiff must file his written Administrative Remedy Request on the
appropriate form designated as the BP-9 which is processed to the FMC
Devens Prison Warden.

36.   Respectfully, the Plaintiff is discerning the Mandatory Steps that Defendant United States with the Named Prison Official Defendant Unit Mgr Mrs Fernandez Deliberately Violated by making the Plaintiff's Prison Remedies Unavailable that is further discerned below. The 28 CFR §542.10, §542.13, §542.14, §542.15 & §542.17 sets forth the Procedures wherein, the Plaintiff had to file his Prison Remedies with the FMC Devens Warden thereafter, the Bureau of Prisons (BOP) Northeast (NE) Regional Director, and thereafter the BOP Central Office General Counsel.

37.   Respectfully, the Defendant United States has affirmed the above Mandatory Exhaustion of Prison Remedies by the Plaintiff in thousands of lawsuits initiated by prisoners throughout the United States in almost every Federal District & Appeals Court in America. The Plaintiff submits that Defendant United States must concede that it was Mandatory for the Plaintiff to have the Exhaustion of his Prison Remedies made Available. The Instant Complaint & Exhibits in the paragraphs discerned above & below assert that Defendant United States with Defendant Unit Mgr Fernandez Deliberately made the Plaintiff's Exhaustion of Prison Remedies Unavailable.

38.   Respectfully, the following paragraphs in the Plaintiff's Instant Complaint discerns the allegations of the Defendant United States with Defendant Unit Mgr Mrs Fernandez making the Prison Administrative Remedy Process Unavailable, Complaint Paragraphs #5, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73 & 74.

-13-

**THE PLAINTIFF'S INSTANT COMPLAINT ASSERTS REPEATED ALLEGATIONS SETTING FORTH THAT THE PLAINTIFF HAD EXHAUSTED CONTINUOUS "SENSITIVE 10" REMEDY APPEALS UNDER 28 CFR §542.15(d) EXCEPTIONS TO INITIAL FILING AT INSTITUTION (1) "SENSITIVE ISSUES"**

39.    Respectfully, the Plaintiff alleged in his Instant Complaint under the following paragraphs; 72 & 74, with Exhibits; 10 & 11, that he had filed Continuous "Sensitive 10" Administrative Remedy Appeals under 28 CFR §522.15(d)(1) regarding the Plaintiff's well-being that was placed in danger by the Plaintiff's Deprivation of HealthCare that resulted in Substantial Actual Injuries to the Plaintiff's neck, back & Shoulder whereby causing lifetime partial paralysis.

40.    Respectfully, the Plaintiff filed his "Sensitive 10" Remedy Appeals with the BOP NE Regional Director, Scott Dodrill, that is asserted in the Instant Complaint paragraphs 72 & 74.

41.    Respectfully, the Plaintiff sets forth that the BOP NE Regional Director, Scott Dodrill, assigned the Authority in responding to the Plaintiff's above set forth "Sensitive 10" Remedy Appeals to the BOP NE Regional Counsel, henry J. Sadowski.

42.    Respectfully, the Plaintiff attaches hereto in EXHIBIT #3 copies of his continuously filed "Sensitive 10" Prison Remedy Appeals which were filed with the BOP NE Regional Director, Scott Dodrill, who assigned the Authority in responding to the Remedy Appeals to the BOP NE Regional Counsel, Henry J. Sadowski wherein, Mr Sadowski Deliberately Rejected all of the Plaintiff's Continuously Exhausted "Sensitive 10" Remedy Appeals that discerned how Defendant United States with Defendant Unit Mgr Fernandez were making the Plaintiff's Prison Remedies Unavailable.

-14-

THE SUPREME COURT OF THE UNITED STATES RULED ON JUNE 22, 2006 IN WOODFORD, ET AL v NGO S.CT DOCKET #05416,THAT PRISON OFFICIALS MUST MAKE THE EXHAUSTION OF PRISON REMEDIES AVAILABLE TO PRISONERS WHEREIN, DEFENDANT UNITED STATES REPEATEDLY VIOLATED THE FOREGOING SUPREME COURT MANDATE AS WELL AS PRIOR SETTLED LAW IN BOOTH v CHURNER & PORTER v NUSSEL

43.  Respectfully, the Plaintiff invokes the Supreme Court of the United States Controlling Authority under Hutto v Davis 545 US 370 (1982) that Mandates the following:

> Hutto v Davis 454 US 370, 70 LEd 2d 556, 102 S.Ct 703
>
> [454 US 375]
>
> But unless we wish anarchy to prevail within the Federal Judicial System, a precedent of this Court must be followed by the lower Federal Courts no matter how misguided the judges of those Courts may think it to be.

44.  Respectfully, under the Supreme Court's June 22, 2006 Ruling in Woodford, Et Al v Ngo, S.Ct Docket #05416, the word "Available" is repeated throughout the entire Woodford Mandate. Therein, Defendant United States with the Individually Named Prison Official Defendants in the Instant Action have repeatedly Violated the Woodford Mandate by depriving the Plaintiff of his Right to Exhaust 68 Prison Remedies. The foregoing Remedies were based on the Plaintiff's medical treatment deprivation for the Plaintiff's known injuries wherein, the Defendant United States' making the Plaintiff's Prison Remedy Exhaustion Unavailable resulted in the Defendant's causing Substantial Actual Injuries by Partial Paralysis to the Plaintiff's head, neck, and back wherein, the Defendant's making the Plaintiff's Prison Remedies Unavailable deprived the Plaintiff of the Community Standard of Care which was the Grievance in the Plaintiff's Remedies that were made Unavailable by Defendant United States' depriving the Plaintiff

-15-

of the Mandatory Answers in each of the Remedies set forth in this Instant Motion by the Defendant United States' Violations of the Community Standard of Care in depriving the Plaintiff of the appropriate medical treatment. See EXHIBIT #4 attached hereto.

45. Respectfully, the Plaintiff was deprived of the Right to a Response from approximately _17_ Informal Resolutions that would have allowed the Plaintiff to file _17_ Prison Remedies with the FMC Devens Warden. Thereafter, the Plaintiff was deprived of the Right to file _17_ Prison Remedies with BOP Regional Director. Thereafter, the Plaintiff was further deprived the Right to file _17_ with the BOP General Counsel at the BOP Central Office in Washington, DC.

46. The Plaintiff was deprived by Defendant United States by the Individually Named Prison Official Defendant Unit Mgr Mrs Fernandez from Exhausting the above _68_ total amount of Prison Remedies wherein, the Plaintiff was deprived Answers from _17_ Informal Resolutions filed with Defendant United States by Defendant Mrs Fernandez, who is an Individually Named Tort & Bivens Violating Prison Official Defendant. Carlson v Green 446 US 14, 64 LEd 2d 15, 100 S.Ct 1468 (1980)

47. The above evidence discerning the Plaintiff's Instant Complaint that cites specific paragraphs with identified Exhibits attached to the Instant Complaint shows the Negligence by Defendant United States in withholding & depriving the Plaintiff's Right to Proper Available Exhaustion of Prison Remedies under Woodford, Et Al v Ngo, S.Ct Docket #05416. The Defendant United States with the assistance of the Individually Named Prison Official Defendant, Mrs Fernandez, deprived the Plaintiff of making his Proper Administrative Remedy Record in

-16-

some  68  Prison Remedies under Informal Resolutions, Form BP9 Prison Warden Remedy Exhaustion, Form BP10 Regional Director Remedy Exhaustion, and Form BP11 BOP General Counsel at BOP Central Office in Washington, DC Remedy Exhaustion. The above Named Defendants Violated the PLRA 42 USC §1997(e)(a), with Woodford v Ngo S.Ct Docket #05416, Porter v Nussle 534 US 516 (2002) & Booth v Churner 532 US 731 (2001) in order to Obstruct the Plaintiff's Meaningful Court Access in the Instant Action Allegations under Lewis v Casey 518 US 343 (1996), Bounds v Smith 52 LEd 2d 72 (1977) & Boivan v Black 225 F3d (1st cir 2000). The foregoing Defendant United States' making the Plaintiff's Prison Remedy Exhaustion Unavailable resulted in the Defendant's causing Substantial Actual Injuries by Partial Paralysis to the Plaintiff's head, neck, and back wherein, the Defendant's making the Plaintiff's Prison Remedies Unavailable deprived the Plaintiff of the Community Standard of Care which was the Grievance in the Plaintiff's Prison Remedies that were made Unavailable by Defendant United States' depriving the Plaintiff of the Mandatory Answers in each of the Prison Remedies set forth in this Instant Motion by the Defendant United States' Violations of the Community Standard of Care in depriving the Plaintiff of the appropriate medical treatment. See attached EXHIBIT #4

48.    Respectfully, the Defendant United States by Defendant Unit Mgr Mrs Fernandez deprived the Plaintiff of his Right to make his Prison Administrative Remedy Record in all of the above discerned Prison Remedy Appeals in order to Obstruct the Plaintiff's Meaningful Court Access in the Instant Action, based on the foregoing Administrative Remedy Record Proving the Plaintiff's Actual Injuries that include Partial Life-time Paralysis to the Plaintiff's head, neck, and back.

-17-

**49.** Respectfully, the Defendant United States by Defendant Mrs Fernandez deprived the Plaintiff's Right as set forth above, in creating the Proper Exhaustion of the Plaintiff's Prison Administrative Remedy Record that would have discerned "element by element" each Violation of the Community Standard of Care by Defendant United States that resulted in the Plaintiff's Actual Injuries.

**50.** Respectfully, the Defendant United States by BOP Regional Director, Scott Dodrill, and the BOP Regional Counsel, Henry J. Sadowski, both participated in Aiding & Abetting the above Exhaustion of Prison Remedies that were made Unavailable to the Plaintiff. The Plaintiff had filed some 7 "Sensitive 10" Prison Remedies that is under the Controlling Authority in 28 CFR 542.14(d) with the BOP Northeast Regional Director, Scott Dodrill & BOP Northeast Regional Counsel, Henry J. Sadowski. The above Paragraphs in the Instant Motion for Partial Summary Judgment sets forth each allegation in the Plaintiff's Pending Complaint with the Identified Exhibits in the Complaint that discern the foregoing Aiding & Abetting by the BOP NE Regional Director, Scott Dodrill, and NE Regional Counsel, Henry J Sadowski who both made all of the above set forth Exhaustion of Prison Remedies Unavailable to the Plaintiff.

**51.** Respectfully, in addition to the above "Sensitive 10" Prison Remedy Appeals regarding the Defendant United States' Obstructing the Plaintiff's Meaningful Court Acces by depriving the Plaintiff of his Right to Proper Exhaustion of Prison Remedies that were made Unavailable, the Plaintiff communicated directly with the NE Regional Counsel, Henry J Sadowski, by (4) Four Letter dated 6/28/04, 7/8/04, 7/16/04, and 8/12/04 wherein, the Plaintiff requested Mr Sadowski to

stop making the Administrative Remdy Process <u>Unavailable</u>. The Plaintiff's Instant Complaint discerns the above "Letters to Mr Sadowski" in Complaint Paragraphs 57 & 74, and were submitted as Complaint Exhibit #12 therein.

52. Respectfully, the Plaintiff did complete each Level in Exhaustion of Prison Remedies. However, the Defendant United States with the assistance of Defendant Mrs Fernandez Reviewed the Plaintiff's Completed Proper Exhaustion of the foregoing Prison Remedies, and then specifically made the Plaintiff's Exhaustion of Remedies <u>Unavailable</u> in order to <u>Prevent</u> & <u>Deprive</u> the Plaintiff from making a <u>Detailed Administrative Remedy Record</u>. The Defendant United States & Defendant Mrs Fernandez made all of the Plaintiff's above set forth Prison Remedies <u>Unavailable</u> in order to deprive the Plaintiff of his Proper Exhaustion of Prison Administrative Remedies so that the <u>Detailed Record</u> of the FMC Devens Medical Staff by Dr Bhatti & PA Kilduff, at the instructions of the FMC Devens Prison Medical Director, Dr S. Howard, would not have to participate in responding to all of the above Plaintiff's Prison Remedies that were made <u>Unavailable</u> by Defendant United States with Defendant Mrs Fernandez.

**THE DEFENDANT UNITED STATES BY BOP NE REGIONAL COUNSEL, HENRY J SADOWSKI, WITH DEFENDANT UNIT MGR MRS FERNANDEZ MADE ALL OF THE ABOVE DISCERNED PLAINTIFF'S PRISON REMEDIES <u>UNAVAILABLE</u> TO PREVENT THE COURT FROM REVIEWING THE ACTUAL EXHAUSTED REMEDY RESPONSES THAT WERE OBSTRUCTED UNDER THE MANDATORY WARDEN, REGIONAL DIRECTOR & GENERAL COUNSEL RESPONSES**

53. The Supreme Court of the United States in <u>Woodford v Ngo</u>, S.Ct Docket #05416 decided on June 22, 2006 that the Prisoner's Proper Exhaustion of Administrative Remedies provided "Substantial Useful

Record", when the Remedy Allegations were filed in Federal Court as a Prisoner Lawsuit. In Woodford v Ngo at page 20 of the Slip Opinion dated June 22, 2006 the Supreme Court stated that the Prison Institutions should provide prisoners with Meaningful Opportunity for the prisoners to raise Meritorious Grievances. The Defendant United States, by Mr Sadowski & Defendant Mrs Fernandez made all of the above discerned Prison Remedies Unavailable for Exhaustion in Direct Violation of the Supreme Court Mandate in Woodford v Ngo, S.Ct Docket #05416 (Slip Opinion 6/22/06, Porter v Nussle, 534 US 516 (2002), Boot v Churner, 532 US 732 (2001), and the Congressional Intent of PLRA 42 USC §1997(e)(a).

54.    Respectfully, the Defendant United States by Henry J Sadowski, the BOP NE Regional Counsel, acted Negligently when the Plaintiff repeatedly filed "Sensitive 10" Prison Remedy Appeals to the BOP NE Regional Director Scott Dodrill setting forth the Grievance that Defendant Mrs Fernandez was acting out a Continuous Obstruction in all of the above set forth Plaintiff's Prison Remedies whereby Defendant Mrs Fernandez made all of the Prison Remedies Unavailable to the Plaintiff, by failing to Respond to the Plaintiff's filing of the first level of Remedies known as Informal Resolutions.

55.    The BOP NE Regional Counsel Mr Sadowski understood when he Denied the Plaintiff's above set forth Federal Tort Claim Filing under Completed Exhaustion Remedy #TRT-NER-2004-03785, that the Plaintiff had repeatedly filed "Sensitive 10" Prison Remedy Appeals to the BOP NE Regional Director Scott Dodrill, who had assigned Mr Sadowski the Authority to Reject the Plaintiff's continuous filing of "Sensitive 10" Prison Remedy Appeals demanding that Defendant Mrs Fernandez stop making the Plaintiff's Informal Resolution Remedy Appeal Filings Unavailable by Obstruction the Mandatory Answers to each & Every one of the Plaintiff's Informal Resolution Remedy Appeals.

**THE DEFENDANT UNITED STATES WITH DEFENDANT FERNANDEZ DEPRIVED THE PLAINTIFF OF AVAILABLE INFORMAL RESOLUTION REMEDY APPEALS BY FAILING TO ANSWER THE 17 INFORMAL RESOLUTION FILINGS SET FORTH IN THE INSTANT COMPLAINT**

56.    Respectfully, the Defendant United States by, and with Defendant Mrs Fernandez made the Mandatory Responses to the Plaintiff's 17 Prison Remedies Unavailable pursuant to the Instant Complaint Allegations in Complaint Paragraphs; 5, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73 & 74 with the attached evidence in Complaint Exhibits 10, 11, & 12.

**THE PLAINTIFF INFORMED DEFENDANT UNITED STATES BY WRITING THE WARDEN & UNIT COUNSELOR MR QUILES THAT ALL OF THE ABOVE PRISON REMEDIES WERE BEING MADE UNAVAILABLE FOR PROPER EXHAUSTION BY THE DEFENDANT UNITED STATES WITH DEFENDANT MRS FERNANDEZ**

57.    Respectfully, the Plaintiff provided the Defendant United States with specific writings of complaints to the FMC Devens Warden & Unit Counselor Mr Quiles setting forth that Defendant United States with Defendant Mrs Fernandez were making the Plaintiff's Continuous Exhaustion, by filing Informal Resolutions, Unavailable whereby they Obstructed the Responses to all of the above set forth Plaintiff's filed Informal Resolutions. See EXHIBIT #5 attached hereto.

58.    Respectfully, the Defendant United States by the FMC Devens Prison Warden Winn, Unit Mgr Mrs Fernandez, Unit Counselor mr Quiles, and BOP NE Regional Counsel Henry J Sadowski all Aided & Abetted Defendant United States in making the Plaintiff's Proper Exhaustion of the BOP Informal Resolution Remedy Process Unavailable. Prison Officials, Warden Winn, Unit Mgr Mrs Fernandez, Unit Counselor Mr

Quiles, and BOP NE Regional Counsel Henry J Sadowski acted by understanding that the Plaintiff had filed with each person ongoing written Grievances demanding that each of the foregoing Prison Officials make the Plaintiff's Proper Exhaustion of his Informal Resolution Remedy Appeals Available by Ordering Defendant Unit Mgr Mrs Fernandez to Respond to each & every one of the above set forth Plaintiff's Informal Resolution Remedy Appeals. However, each of the foregoing Named Prison Officials Aided & Abetted Defendant United States by making sure that the Mandatory Responses for all of the above set forth filed Informal Resolution Remedy Appeals became Unavailable for Exhaustion. The Plaintiff received no remedy from the foregoing Named Prison Officials to his continuous writings demanding Responses to his Pending Informal Resolution Remedy Appeals. However, Defendant United States, by Henry J Sadowski, continuously Rejected the Plaintiff's ongoing requests to make his Informal Resolution Remedy Appeals Available by Defendant Unit Mgr Mrs Fernandez.

59.    Respectfully, the Plaintiff attached EXHIBIT # 5 shows the repeated Notice to Defendant United States by the Plaintiff's writings to Warden Winn & Unit Counselor Mr Quiles setting forth the specific facts showing how Unit Mgr Mrs Fernandez & BOP NE Regional Counsel Henry J Sadowski were making all of the above set forth Plaintiff's Remedy Filings under Informal Resolutions Unavailable for Proper Exhaustion by Obstructing & Preventing each & every set forth Plaintiff's filed Informal Resolution. See EXHIBIT #4 attached hereto.

60.    Respectfully, the Supreme Court of the United States on June 22, 2006 Ruled in their Slip Opinion in Woodford v Ngo that the possibility that Prisons might create a Procedural Requirement for the purpose of "tripping up" all but the most skillful prisoners in their

-22-

effort to file the Proper Exhaustion of Remedies was <u>not</u> part of the allegations in the <u>Woodford v Ngo</u> litigation. However, the Instant Action contains the <u>Specific Scheme</u> that the Supreme Court was alerted to at page 20 in the <u>Woodford v Ngo</u> Opinion wherein, Prison Officials; Henry J Sadowski, Warden Winn, Mrs Fernandez, and Mr Quiles acted for the Defendant United States by making the Plaintiff's Proper Exhaustion of his Informal Resolution Remedy Appeals <u>Unavailable</u> by withholding the <u>Mandatory Responses</u> to each & every one of the Plaintiff's above set forth Informal Resolution Remedy Appeal filing. The Defendant United States' making the Plaintiff's Proper Remedy Exhaustion <u>Unavailable</u> resulted in the Defendants causing <u>Substantial Injury</u> by Partial Paralysis to the Plaintiff's head, neck, and back wherein, the deprivation of the Plaintiff's Remedy Access by the Defendant United States making the Prison Remedy Process <u>Unavailable</u>, had deprived the Plaintiff of the Community Standard of Care which was the Grievance in the Plaintiff's Prison Remedies that were made <u>Unavailable</u> by Defendant United States depriving the Plaintiff of the <u>Mandatory</u> Answers in each of the Prison Remedies set forth in this Instant Motion wherein, the Defendant United States Violations of the Community Standard of Care deprived the Plaintiff of the appropriate medical treatment.

61.    Respectfully, the Defendant United States by Prison Officials; Henry J Sadowski, Warden Winn, Mrs Fernandez, and Mr Quiles are shown above by their <u>Specific Actions</u> in making the Plaintiff's Proper Exhaustion of his filed Informal Resolution Remedy Appeals <u>Unavailable</u>. Therefore, the Plaintiff deserves the Court's Granting of Partial Summary Judgment against Defendant United States herein.

THE PLAINTIFF CONTINUOUSLY NOTIFIED THE DEFENDANT UNITED STATES BY FILING
FOUR TORT CLAIM NOTICES DATED 6/28/04, 7/8/04, 7/16/04 & 8/12/04 WITH THE
BOP NORTHEAST REGIONAL COUNSEL, HENRY J SADOWSKI, SHOWING THE PATTERN OF
CONTINUOUS UNAVAILABILITY OF THE PRISON REMEDY PROCESS BY DEFENDANT UNIT
MGR MRS FERNANDEZ WHEREBY MR SADOWSKI AIDED & ABETTED THE OBSTRUCTION OF
THE PLAINTIFF'S INFORMAL RESOLUTION REMEDY APPEALS WHEREIN, THE FOREGOING
PRISON OFFICIALS MADE THE PRISON REMEDY PROCESS UNAVAILABLE TO THE
PLAINTIFF ON BEHALF OF THE DEFENDANT UNITED STATES

62.   Respectfully, the Defendant United States, by it's Agent the    BOP
NE Regional Counsel Henry J Sadowski, acted by Aiding & Abetting the
Defendant Unit Mgr Mrs Fernandez in making the Plaintiff's continuous
filing of his Informal Resolution Remedy Appeals Unavailable in Direct
Violation of the Supreme Court of the United States Law in; Woodford v
Ngo, S.Ct Docket #05416 (Slip Opinion 6/22/06), Porter v Nussle, 534 US
516 (2002), Booth v Churner, 532 US 731 (2001).

63.   Respectfully, the Defendant United States, by the BOP NE Regional
Counsel Henry J Sadowski, was Served on 6/28/04, 7/8/04, 7/16/04 &
8/12/04 with the Plaintiff's continuous Supplementing of his then Pending
Tort Claim Filing #TRT-NER-2004-03785 whereby setting forth that
Defendant Mrs Fernandez, FMC Devens Prison (JB) Unit Mgr, had
continuously made the Plaintiff's over 13 filed BOP Informal Resolution
Remedy Appeals Unavailable for their Mandatory Responses wherein,
Defendant United States, by Mr Sadowski, with Defendant Mrs Fernandez
both made the Plaintiff's over 13 Informal Resolution Remedy Appeals
Unavailable for the Mandatory Responses. The Plaintiff had set forth in
each of the foregoing Tort Claim Supplements, see EXHIBIT #6 attached
hereto, filed with the Defendant United States, by the BOP NE Regional
Counsel Mr Sadowski, that the Defendant Mrs Fernandez had failed to
provide the Plaintiff with the Mandatory Proper Response for his over 17
Informal Resolution Remedy Appeals that were filed with Defendant Mrs
Fernandez. See EXHIBIT #4 attached hereto.

-24-

**64.** Respectfully, the Defendant United States, by it's Agent BOP NE Regional Counsel Mr Sadowski, who has the Delegated Authority by the BOP NE Regional Director Scott Dodrill to oversee & administer the total BOP Northeast Region Prison Administrative Remedy Process for every Prison in the Northeast Corridor of the United States wherein, Mr Sadowski acted with Negligence in serving the Defendant United States by allowing the Defendant Mrs Fernandez to deliberately make over 17 of the Plaintiff's filed Prison Remedies Unavailable for the Mandatory Proper Responses.

**65.** Respectfully, the Defendant United States, by entrusting the Administration of the BOP NE Remedy Process for all Prison Remedy Filings to Mr Sadowski, has acted in Violation of the PLRA 42 USC §1997(e)(a), and Supreme Court Mandate in; Woodford v Ngo, S.Ct Docket #05416 (Slip Opinion 6/22/06), Porter v Nussle, 534 US 516 (2002), Booth v Churner, 532 US 732 (2001). Therefore under the Supreme Court Mandate in Carlson v Green, 446 US 14 (1980), the Defendant United States is now Guilty of the Plaintiff's alleged Federal Tort Claim Allegations in the Paragraphs set forth above wherein, the Instant Motion for Partial Summary Judgment must now be Granted against the Defendant United States.

---

The Plaintiff has filed Continuous Sensitive 10 Remedy Appeals with the BOP NE Regional Director Scott Dodrill & Regional Counsel Henry J Sadowski alleging that the ongoing acts of making the Plaintiff's Exhaustion of Prison Remedies Unavailable to the Plaintiff was still taking place after the filing of the Instant Action. However, Regional Counsel Mr Sadowski Continuously Rejected each & every one of the Plaintiff's Sensitive 10 Remedies by stating that the Plaintiff must first file a BP-9 Remedy with the Warden for his Review & Response prior to filing a Remedy with the Region. That mendacious reason for Mr Sadowski's Remedy Rejection was given in "light" of the provided evidence showing that the FMC Devens Prison Warden was making the Prison Remedy Process Unavailable to the Plaintiff whereby Mr Sadowski Aided & Abetted the Defendant United States with Warden Winn in making the Prison Remedy Process Unavailable to the Plaintiff. See EXHIBIT #7, Sensitive 10 Remedy Filings that were filed after the filing of the Instant Action, attached hereto.

**THE PLAINTIFF DISTINGUISHES THE INSTANT ACTION TO PARALLEL FORD MOTOR
COMPANY ACTIONS WHEN THEY UNDERSTOOD THAT THEIR CROWN VICTORIA MODELS
WERE EXPLODING & KILLING PEOPLE BASED ON A GAS TANK DEFECT THAT THE
FORD MOTOR COMPANY REFUSSED TO ACKNOWLEDGE**

66.  Respectfully, the long history of litigation agianst the Ford
Motor Company (FoMoCo) shows us a well known discernment of facts that
are comparable to what the Defendant United States acted out against
the Plaintiff by making his Prison Remedy Filings <u>Unavailable</u>. <u>Carlson
v Green</u>, 446 US 14 (1980).

67.  Respectfully, the FoMoCo fully <u>understood</u> that there was a gas
tank malfunction in the manufacture of their well-selling Crown
Victoria Model Automobile. The FoMoCo further <u>understood</u> that the gas
tank malfunction resulted in the Crown Victoria Sedans exploding, and
killing the occupants who were FoMoCo Customers. However, the FoMoCo
decided that it was far less expensive to deal with the litigations
resulting from the owners of the Crown Victoria Sedan Explosions, than
to recall & fix all of the Crown Victoria Sedans to avoid future
explosions & death (which lasted until State Troopers were killed).

68.  Respectfully, the Defendant United States, by the BOP Regional
Counsel Mr Sadowski, who is the Prison Expert under Congressional
Intent of the PLRA 42 USC §1997(e)(a) with Supreme Court Law in
<u>Woodford v Ngo</u>, S.Ct Docket #05416 (Slip Opinion 6/22/06), <u>Porter v
Nussle</u>, 534 US 516 (2002), <u>Booth v Churner</u>, 532 US 732 (2001) whereby
the Defendant United States, by Mr Sadowski, has decided that the
Honorable Chief Judge Wolf should <u>waste</u> his valuable Judicial
Resources in the Instant Action wherein, Mr Sadowski could not care
less about <u>how</u> the Defendant United States Administered the BOP NE
Region Remedy Process.

69.   Respectfully, the Honorable Chief Judge Wolf has a very high-profile history with the Boston FBI Agents who "enjoyed" a similar mind-set to our "Mr Sadowski". It is now in the hands of the Honorable Chief Judge to decide whether our "Mr Sadowski" should continue on his path, that is similar to the path chosen by FoMoCo & the Boston FBI Agents. The Plaintiff has provided his purpose to the Honorable Chief Judge discerning his Prima Facie Case against the United States for making the Plaintiff's BOP Administrative Remedy Process Unavailable.

70.   Respectfully, the Honorable Chief Judge's Ruling by Granting the Plaintiff's Instant Motion for Partial Summary Judgment will send a very loud, and distinct message to our "Mr Sadowski", and his employer, who have seem to forgotten that the Defendant United States deserves better treatment.

## CONCLUSION

Based on all the Papers filed in the Instant Action, the Plaintiff is respectfully requesting the Honorable Chief Judge to Grant the Instant Motion for Partial Summary Judgment against the Defendant United States for making the Plaintiff's Proper Exhaustion of Prison Administrative Remedy Appeals unavailable.

Respectfully Submitted,

Dated: July 6, 2006   By: _Frank Barbaro_

-27-

# EXHIBIT INDEX

EXHIBIT #1  -  TORT CLAIM #TRT-NER-2004-03785 DENIAL
              & TORT CLAIM RECEIPT ACKNOWLEDGMENT

EXHIBIT #2  -  US DISTRICT COURT CIVIL DOCKET
              FOR CASE #4:05-CV-40097-MLW

EXHIBIT #3  -  BOP NORTHEAST REGION "SENSITIVE 10" REMEDY APPEALS

EXHIBIT #4  -  FORM BP8½ INFORMAL RESOLUTION APPEALS (17)

EXHIBIT #5  -  INMATE REQUEST TO STAFF (IRTS)

EXHIBIT #6  -  TORT CLAIM #TRT-NER-2004-03785 SUPPLEMENTS

EXHIBIT #7  -  BOP NORTHEAST REGION "SENSITIVE 10" REMEDY APPEALS
              THAT WERE FILED AFTER THE INSTANT CIVIL ACTION WAS
              FILED

## PROOF OF SERVICE

**BARBARO v UNITED STATES, ET AL**
C.A.l.NO.l: 05-40097 (MLW)



FILED
IN CLERKS OFFICE

2006 JUL 14  A 11: 35

U.S. DISTRICT COURT
DISTRICT OF MASS.

Frank Barbaro ProSe Plaintiff declares & affirms under penalty of perjury, that he has Served the Defendant's Counsel a true copy of the attached Plaintiff's Motion for Partial Summary Judgment by Regular US Mail with the use of the FMC Devens Prison Special Mail System as set forth below:

**SERVED ON:**

Defendant's Counsel:
AUSA Mark J Grady
US Attorney's Office
One Courthouse Way, suite 9200
Boston, MA 02210

Dated: July 10, 2006  By: _Frank Barbaro_____
                              Frank Barbaro
                          Prison ID# 48264-053
                       FMC Devens Prison, Box 879
                             Ayer, MA 01432
                             ProSe Plaintiff