UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK BARBARO,       )<br>          Plaintiff,         )<br>                                )<br>v.                               )<br>                                )    CIVIL ACTION NO:<br>                                )    05-40097-MLW<br>UNITED STATES OF AMERICA,       )<br>DR. BHATTI, MLP KILDUFF and     )<br>UNIT MGR MRS FERNANDEZ          )<br>          Defendants.      ) | |

### UNITED STATES' MEMORANDUM IN SUPPORT OF THE REQUEST FOR A THIRTY ONE DAY EXTENSION TO AUGUST 28, 2006, TO RESPOND TO THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### Introduction

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, submits this memorandum in support of its request for a thirty one day extension of time to August 28, 2006, respond to the Plaintiff's Partial Motion for Summary Judgment.

### Facts

By way of background, the Plaintiff, Frank Barbaro, is an inmate committed to the custody of the Federal Bureau of Prisons at FMC-Devens. He alleges violations of the Federal Tort Claims Act (against the United States) and his constitutional rights, under the theory espoused in Bivens v. Six Unkown Federal Narcotics Agents, 403 U.S. 388 (1971) (against the individually named defendants), arising from his claim that he has received deficient and/or negligent medical care.

Service of this Complaint was effected upon the United States on or about June 4, 2006,

however, service has not yet been effected upon any of the individually named defendants.[1]

On or about July 17, 2006, the Plaintiff filed a "Motion for Partial Summary Judgment" seeking partial judgment as to his claim that "the United States made his exhaustion of administrative remedies unavailable."

**Argument**

Primarily, the United States requests an extension of thirty one days because such time is reasonably necessary to fully investigate and respond to the Plaintiff's Motion for Summary Judgment, especially in light of the fact that this claim was served less than sixty days ago.

Briefly addressing the legal merits, without waiving the right to assert any additional arguments, the motion neither complies with Local Rule 56.1, nor Fed. R. Civ. P. 56(e).  On those grounds alone, it should be denied.

That being said, at its core, Plaintiff's motion  apparently seeks to pre-empt the United States from arguing in its defense (prior to the United States actually having done so)  that the Plaintiff has failed to exhaust administrative remedies with respect to claims pressed in this

---

[1] In this regard, the plaintiff takes issue with the conduct of the staff of FMC-Devens. Specifically, FMC-Devens staff responded to attempts by the U.S. Marshal to serve the Complaint upon the individual defendants at FMC-Devens by certified mail with notice that the individually named defendants were no longer employed at FMC-Devens.  Barbaro contends that such conduct is evidence of government malfeasance.  That contention is  without merit.  Neither the United States, its attorney, nor FMC- Devens staff are in any way empowered to waive service for individually named defendants or accept service on their behalf, absent some agreement by the individual.

That being said, upon being informed that such had occurred, undersigned counsel contacted the Office of the U.S. Marshall, identified the Deputy responsible for effecting service in this matter and contacted that individual offering to secure addresses from BOP of the individually named defendants upon request (undersigned counsel noted that said addresses would likely be protected by the Privacy Act but that counsel would seek leave of this Court to make the disclosure) or to arrange some other agreement with the individuals to designate a proxy for service.  There has been no response.

matter.  To the extent that the motion simply seeks to pre-empt a potential defense, the issue simply is not yet ripe.  Further, a summary judgment motion is simply an inappropriate vehicle to pursue such claims.   If the Plaintiff wishes to oppose dismissal on the grounds of a failure to exhaust administrative remedies, the Plaintiff should, at least, wait until the United States actually makes such a motion so that this Court can rule upon the issue in the context of specific claims.

Construed as seeking summary judgment against the United States for a cause of action based upon claims that plaintiff has been denied access to administrative remedies, the allegations of the motion largely center on purported conduct of the individual defendant, Fernandez, whose conduct the Plaintiff attributes to the United States, apparently through a theory of respondeat superior.  See Plaintiff's Motion, p. 26 (arguing that the United States has liability similar to that of the Ford Motor Company).  The United States may not be held liable on such a theory.  See, e.g., Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) ("A Bivens action only may be brought against federal officials in their individual capacities.  Even then, the plaintiff must state a claim for direct rather than vicarious liability; respondeat superior is not a viable theory of Bivens liability.").

Furthermore,  it does not appear that the claim of "making administrative remedies unavailable" states a cause of action within this Court's jurisdiction against the only Defendant, the United States, to have yet been served in this matter.   The Plaintiff has cited the Federal Tort Claims Act as the basis for jurisdiction in this matter as to claims against the United States.  That statute, however, waives the sovereign immunity of the United States only to the extent that claims would be actionable under the law of the state where the injury occurred against a private

individual in similar circumstances.  See 28 U.S.C. §§ 1346(b)(1); 2674.  Thus, to state valid cause of action, the Plaintiff must state a tort that would be actionable against a private individual under Massachusetts law.  There is no tort action under Massachusetts law that may be brought against a private individual for failing to make administrative remedies available, thus, the motion raises no cause of action within this Court's subject matter jurisdiction.  See, e.g., Bolduc v. United States, 402 F.3d 50, 55-59 (1st Cir. 2005) (finding that the district court lacked subject matter jurisdiction under the FTCA because the state law at issue did not recognize a private cause of action based a failure to disclose exculpatory reports in criminal proceedings).

      To the extent that the Plaintiff's motion, (liberally construed in light of his *pro se* status) implicates causes of action against the individual defendants, no response can yet be made.  There has been no service on those individuals.  See Omni Capital International v. Rulolf Wolff & Co., Ltd, 484 U.S. 97, 103 (1987) ("[T]hough personal jurisdiction and service of process are distinguishable, they are inextricably intertwined, since service of process constitutes the vehicle by which the court obtains jurisdiction").  Further, given that service has not occurred, there has been no request by the individually named defendants for representation by the United States Attorney's Office.  Thus, pending service, this Court lacks jurisdiction, and, absent a request for representation from the individuals, the United States Attorney's Office lacks any authority to respond on their behalf.

**Conclusion**

Accordingly, the United States respectfully requests that this Court allow a thirty one day extension to August 28, 2006, respond to the Plaintiff's Motion for Summary Judgment.

|  |  |
|---|---|
|  | Respectfully submitted,<br>MICHAEL J. SULLIVAN<br>United States Attorney |
| By: | /s/ Mark J. Grady<br>Mark J. Grady<br>Assistant U.S. Attorney<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210 |
| Dated: July 28, 2006 | (617) 748-3136 |