FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432
<u>PROSE PLAINTIFF</u>

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK BARBARO,
PROSE PLAINTIFF

vs

UNITED STATES OF AMERICA ON BEHALF
OF THE FEDERAL BUREAU OF PRISONS
AND
INDIVIDUALLY NAMED PRISON OFFICIALS;
DR BHATTI, PA KILDUFF, AND
UNIT MGR MRS. FERNANDEZ,
DEFENDANTS

C.A. NO.: 05-40097 (MLW)

HONORABLE CHIEF JUDGE MARK L WOLF

MOTION BY ORDER TO SHOW CAUSE TO COMPEL DEFENDANT UNITED STATES TO STOP OBSTRUCTING SERVICE ON THE INDIVIDUALLY NAMED PRISON OFFICIAL DEFENDNATS

<u>MOTION BY THE PROSE PRISONER PLAINTIFF BY ORDER TO SHOW CAUSE TO COMPEL THE DEFENDANT UNITED STATES TO STOP OBSTRUCTING THE US MARSHAL SERVICE FOR THE INDIVIDUALLY NAMED PRISON OFFICIAL DEFENDANTS WHEREIN, AUSA GRADY CONCEDES IN HIS JULY 28, 2006 MEMORANDUM REQUESTING THE COURT'S EXTENSION OF TIME. THAT HE, AUSA GRADY, FAILED & DEPRIVED THE US MARSHAL OF THE MANDATORY ADDRESSES OF THE NAMED PRISON OFFICIAL DEFENDANTS WHEREBY AUSA GRADY MISSTATES THE USE OF THE PRIVACY ACT IN HIS OBSTRUCTING THE PLAINTIFF'S COURT ACCESS WITH SERVICE UPON THE INDIVIDUALLY NAMED PRISON OFFICIAL DEFENDANTS</u>

**CONSOLIDATED MEMORANDUM & DECLARATION BY ORDER TO SHOW CAUSE IN ORDER TO COMPEL THE DEFENDANT UNITED STATES TO ACT IMMEDIATELY WITH THE US MARSHAL WHO HAS BEEN SEEKING TO PERFECT SERVICE ON THE INDIVIDUALLY NAMED PRISON OFFICIAL DEFENDNATS IN THE INSTANT ACTION SINCE JUNE 1, 2006, AND HAS BEEN OBSTRUCTED BY AUSA GRADY & FMC DEVENS PRISON OFFICIALS WHO HAVE DELIBERATELY WITHHELD THE ADDRESSES OF THE INDIVIDUALLY NAMED PRISON OFFICIAL DEFENDANTS IN THE INSTANT ACTION**

## DECLARATION & AFFIRMATION

Frank Barbaro ProSe Plaintiff hereinafter, **Plaintiff**, declares and affirms under penalty of perjury, that the Instant Filing is true.

1. Respectfully, the Instant Action was filed on June 17, 2005, and as of the filing of this Order to Show Cause, the Plaintiff has faced the need for Mandatory Meaningful Court Access in <u>Lewis v Casey</u>, 518 US 343 (1996), <u>Bounds v Smith</u>, 52 Led 2d 72 (1977), and <u>Boivan v Black</u>, 225 F3d 36 (1st cir 2000).

2. Respectfully, the Honorable Court by the Chief Judge Mark L. Wolf has the July 28, 2006 Motion & Memorandum of Law by the Defendant United States requesting an Extension of Time to August 28, 2006 in order to Respond to the Plaintiff's Motion for Partial Summary Judgment.

3. Respectfully, in the foregoing Motion, at page 2 under the line, AUSA Grady <u>concedes</u> that he has deliberately failed to allow the US Marshal to perfect Service upon the Defendants that are Individually Named Prison Officials in the Instant Action.

**AUSA GRADY DELIBERATELY MISSTATES THE USE OF THE PRIVACY ACT AS HE DEPRIVES THE US MARSHAL WITH THE ADDRESSES OF THE INDIVIDUALLY NAMED PRISON OFFICIAL DEFENDANTS WHO MUST BE SERVED IN THE INSTANT ACTION**

4.  Respectfully, in Ausa Grady's July 28, 2006 Memorandum. at page 2 under the line, Mr. Grady <u>concedes</u> that he is <u>Individually Interfering with the US Marshal Service Demand for the addresses of the Individually Named Prison Official Defendants</u> in the Instant Action.

5.  Respectfully, at page 2 in Mr Grady's July 28, 2006 Memorandum, he represents to the Honorable Chief Judge the [misstatement] that the Privacy Act protects the addresses of the Individually Named Prison Official Defendants that <u>must</u> be turned over to the US Marshal Service in order to perfect said Service on the Individually Named Prison Official Defendants in the Instant Action. The Honorable Court is requested to Order Mr Grady to <u>Stop</u> his Obstruction of the Plaintiff's Court Access by Withholding the addresses from the US Marshal for Service upon the Individually Named Prison Official Defendants in the Instant Action.

**THE ARGUMENT BY THE DEFENDANT UNITED STATES IN THEIR JULY 28, 2006 MEMORANDUM FOR AN EXTENSION OF TIME [MISSTATES] THE PLAINTIFF'S RIGHTS UNDER THE <u>FED.R.CIV.P 56</u> IN THE PLAINTIFF'S PENDING MOTION FOR PARTIAL SUMMARY JUDGMENT**

6.  Respectfully, the Defendnat United States by AUSA Grady on July 28, 2006 filed their Memorandum with Argument at page 2 therein setting forth that the Plaintiff is <u>not</u> allowed to file his Pending Motion for Partial Summary Judgment under the <u>Fed.R.Cic.P. 56</u> based upon the Absurd contention that it preempts the United States from Arguing its defense.

-2-

7.    Respectfully, the Plaintiff Submits that the Fed.R.Civ.P. 56 sets forth at (a), that within 20 days from the Commencement of the Action or after Service, the Plaintiff may file his Pending Motion for Partial Summary Judgment against the Defendant United States. Mr Grady has No Grounds to "Cry" about the ProSe Prisoner Plaintiff's preempting the Defendant United States from Arguing their Defense.

8.    Respectfully, the Plaintiff has no issue with the Defendant United States' requested Extension of Time to August 28, 2006. However, the Plaintiff Submits that the Argument dated July 28, 2006 in the AUSA Grady Memorandum is Absurd, and [misstates] the First Circuit Law & Fed.R,Civ.P. deliberately.

9.    Respectfully, the Defendant United States' July 28, 2006 Extension of Time Memorandum at page 3 [misstates] the Grounds available under the Federal Tort Claims Act (FTCA) whereby the Defendant United States and their Prison Official Employees deprived the Plaintiff of the Proper Available Exhaustion of Prison Remedies Continuously, as set forth in the Complaint. See Woodford v Ngo, S.Ct Docket #05-416 Slip Opinion (6/22/06).

10.   Respectfully, the foregoing July 28, 2006 Argument [misstates] the Ruling by the Supreme Court of the United States in Woodford v Ngo that distinguished the Plaintiff's Right of filing his Proper Aminidtrative Remedies. The Federal Tort Claim that the Plaintiff did Exhaust sets forth that the Instant Action has Jurisdiction pursunat to the Defendant United States' acts of Negligence, Wrongful Misconduct, and Deception.

-3-

11. Respectfully, the FTCA waives the Sovereign Immunity of the United States based upon the Negligence, Wrongful Misconduct, and Deception by the Prison Officials, alleged in the Instant Complaint to have Obstructed the Plaintiff's Access to the Proper Available BOP Remedy Process.

### CONCLUSION

Respectfully, based on all the Papers filed in the Instant Action, the ProSe Prisoner Plaintiff is respectfully requesting the Honorable Court to Order AUSA Grady, on behalf of the Defendant United States, to act immediately with the US Marshal Service by providing the Mandatory required addresses for the Individually Named Prison Officials who are Defendants in the Instant Action.

Respectfully Submitted,

Dated: August 14, 2006   By: _____
                             Frank Barbaro
                             ProSe Plaintiff

<u>BARBARO v UNITED STATES, ET AL</u>
C.A. NO.: 05-40097 (MLW)

## PROOF OF SERVICE

    Frank Barbaro ProSe Plaintiff declares and affirms, under penalty of perjury, that the attached Plaintiff's <u>Motion by Order to Show Cause to Compel the Defendant United States to Stop Obstructing US Marshal Service in the Individually named Prison Officials who are Defendants in the Instant Action</u> was Served on the Defendant's Counsel, AUSA Mark J. Grady, by Regular US Mail with the use of the FMC Devens Legal Mail System as set forth below:

**SERVED ON:**

Defendant's Counsel,
AUSA Mark J. Grady
US Attorney's Office
One Courthouse Way, suite 9200
Boston, MA 02210

Dated: 8/14/06    By: _____/s/ Frank Barbaro_____

Frank Barbaro
Prison ID# 48264-053
FMC Devens Prison, Box 879
Ayer, MA 01432
<u>ProSe Plaintiff</u>