UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK BARBARO,<br>      Plaintiff,<br><br>v.<br><br><br>UNITED STATES OF AMERICA,<br>DR. BHATTI, MLP KILDUFF and<br>UNIT MGR MRS FERNANDEZ<br>      Defendants. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO:<br>)   05-40097-MLW<br>)<br>)<br>)<br>) |

**UNITED STATES' MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS PLAINTIFF'S CLAIMS OF DENIAL OF ACCESS TO THE ADMINISTRATIVE REMEDY PROCESS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, MEMORANDUM IN SUPPORT OF THE CROSS-MOTION FOR SUMMARY JUDGMENT AS TO THE CLAIM OF DENIAL OF ACCESS AND RESPONSE TO THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, submits this memorandum in support of its motion to dismiss the Plaintiff, Frank Barbaro's ("Barbaro"), claims of denial of access to the administrative process for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted, in support of its cross-motion for summary judgment and in opposition to the Plaintiff's Partial Motion for Summary Judgment.[1]

---

[1] As has been brought to the attention of this court by seriatim filings by Barbaro, the individual defendants in this matter have not yet been served. This Court, thus, presently lacks jurisdiction to entertain claims against the individuals. As noted by Barbaro, the U.S. Marshal's Office attempted to effect service upon the individuals by mailing copies of the Complaint to FMC-Devens. None of the individual defendants are employed at FMC-Devens, however, and FMC-Devens staff reported such to the U.S. Marshal's Office.

Undersigned counsel has contacted the Deputy Marshal assigned to completing service and offered to seek leave of this Court to make disclosure of the individuals home addresses on behalf of the Bureau of Prisons (in accord with the Privacy Act) or otherwise attempt to arrange

Pursuant to the Federal Tort Claims Act ("FTCA"), Barbaro makes three claims against the United States: (1) the United States has denied him access to the Bureau of Prison's Administrative Remedy Procedures; (2) the United States has negligently failed to provide proper medical care; and (3) the United States has denied his right to a second medical opinion. Only one, that involving denial of access to the Administrative Remedy Procedures, is the subject of the Plaintiff's instant motion and the Defendant's Motion to Dismiss.

In this regard, Barbaro contends that the FMC-Unit Manager, Victoria Fernandez ("Fernandez"), responsible for preparing responses to "informal" inmate grievances (briefly, the BOP has established four step procedure to seek redress of grievances in which informal resolution is step one, see infra, Section I), has deliberately refused to respond to his requests for relief under the administrative processes. Allegedly, this failure precludes Barbaro from further proceeding to the next level of the scheme.

As more fully explained below, the claim must be dismissed, summary judgment entered in favor of the United States and the Plaintiff's Motion for Partial Summary Judgment must be denied because: (1) BOP Regulations expressly provide that a refusal to respond to an informal complaint within twenty days may be deemed a denial, allowing an inmate to proceed to the next level; (2) "denial of access to the administrative process" does not state a tort claim against the United States within this Court's subject matter jurisdiction under the FTCA, and, any duty that

---

for some form of proxy service but has received no response, nor has there been any request from the U.S. Marshal's Office to the Bureau of Prisons for this information. That being the case, the United States has consulted with the individual defendants and they have agreed to allow BOP counsel, Patrick Ward, to waive service on their behalf. Those waivers shall be filed forthwith upon their completion.
    Given that service has not yet been effected on the individuals, the instant response appropriately addresses solely claims against the United States.

could be found under Massachusetts tort law has been satisfied; (3) the motion does not comply with Fed. R. Civ. P. 56(e) and/or Local Rule 56.1; and (4) material issues of fact preclude summary judgment.

**ARGUMENT**

I.   **Barbaro's Claim Must Be Dismissed For Failure To State A Claim Because BOP Regulations Provide That A Failure To Respond To Informal Complaints May Be Deemed a Denial**

The Bureau of Prisons has established a four step administrative process for resolution of inmate grievances. See 28 C.F.R. §§ 542.10, *et seq.*  According to these regulations, first, within twenty days of the event giving rise to the incident, a prisoner must present the issue in question informally to staff, who, in turn, are mandated to attempt to resolve the issue. 28 C.F.R. § 542.13.

The requirements of the informal process, at issue here, are not established by regulation, but instead, by Program Statement and the prisons. See Program Statement 1330.13 (Administrative Remedy Program), available at www.bop.gov.  Institution Supplement DEV 1330.13F, Administrative Remedy Procedures, provides the instructions for implementing the Administrative Remedy Program at FMC Devens.  This policy indicates that staff are to make good faith efforts to informally resolve inmate's concerns at this lowest level and that unit staff should ordinarily complete the informal resolution process within three business days.  It further provides that unit staff may delay providing administrative remedy forms if there is an ongoing good faith effort to resolve the inmate's concerns.  Under this policy, Barbaro's complaints, relating to medical care, were appropriately referred to the medical staff for response.  In such circumstances, the three day deadline is inapplicable, and responses are routinely not completed

3

within that period.  See See Declaration of Carlos Quiles, Counselor FMC-Devens ("Quiles Declaration"), ¶4-7; Declaration of Victoria Fernandez ("Fernandez Declaration"), ¶4-8, attached hereto as Exhibits 1 and 2, respectively.

If unsatisfied with the informal response, the inmate may file a formal complaint with the Warden.  28 C.F.R. § 542.14.  If the inmate believes the Warden's response is unsatisfactory, within 20 calendar days of the Warden's signing the response, the inmate may appeal to the Regional Director (Form BP-10).  28 C.F.R.§ 542.15(a).  The inmate may then appeal to the General Counsel within 30 calendar days of the date the Regional Director signed the response.  The process is not considered "exhausted" until this appeal is denied by the Bureau of Prisons General Counsel.  28 C.F.R. § 542.15.

According to Barbaro, the staff at FMC-Devens have refused to answer his informal complaints, preventing him from filing formal complaints with the Warden and exhausting administrative remedies.  See Complaint, ¶ 23-26, 29, 42, 46, 47-48, 50, 51-52, 54, 56-57.  BOP regulations, however, expressly preclude the result that Barbaro alleges to have occurred.  Responses to informal requests must be processed within 20 days.  See 28 C.F.R. § 542.18.  "If the inmate does not receive a response within the time allotted for reply, including extension,[2] the inmate may consider the absence of a response to be a denial at that level."  Id.  Thus, having allegedly received no response, BOP regulations expressly provided that Barbaro may proceed to the next level of the administrative process.[3]

---

[2]The regulations provide that, upon notice, the period may be extended to forty days.  28 C.F.R. § 542.18.

[3]To the extent that Barbaro may claim ignorance of such a provision, such a claim is of no assistance.  See, e.g., West Covina v. Perkins, 525 U.S. 234 (1999) (finding no basis in the

By regulation, any refusal to provide response to informal requests, even if presumed true, does not prevent appeal to the next level of the administrative process. See 28 C.F.R. § 542.18. At any time after twenty (or, at the longest, forty days) from the date of the Complaint, id., the failure to respond could have been deemed a denial and Barbaro could have sought appeal to the Warden.

Consequently, the claim must be dismissed for failure to state a claim upon which relief may be granted.

**II.     Barbaro's Claim Fails To State A Cause Of Action Against The United States Within This Court's Subject Matter Jurisdiction**

   **A.     Subject Matter Jurisdiction Under the FTCA**

It is axiomatic that the United States is immune from suit unless it has expressly consented to be sued. United States v. Mitchell, 445 U.S. 535 (1980). In this regard, the FTCA provides a limited waiver of the Government's sovereign immunity, subjecting the United States to suits in tort under certain conditions. 28 U.S.C. §§ 1346, 2671-2680. Molzof v. United States, 502 U.S. 301, 305 (1992). As with all waivers of sovereign immunity, the prerequisites to suit must be strictly construed. See United States v. Sherwood, 312 U.S. 584, 587 (1941).

As the basis of his "tort" claim for denial of access to the administrative remedy process, Barbaro alleges: (1) Regional BOP Counsel Henry Sadowski "negligently" denied his administrative claim that he has been denied access to the administrative remedy process; Complaint, ¶ 46, 47, 50, 51, 56; Plaintiff's Memorandum, ¶ 23-26, 42; (2) FMC-Devens Warden, David Winn, was negligent in preparing a "Tort Memorandum" that concluded that no

---

due process clause to impose an individualized notice requirement as to remedies established by published, generally available state statutes and case law).

denial of access existed, Complaint, ¶ 48, 50; (3) Carlos Quiles, Counselor at FMC-Devens (in the period relevant to the Complaint), was negligent by denying appropriate access to the administrative remedy process and by failing to provide responses, Complaint ¶ 52; 54, 57; (4) and that Veronica Fernandez, FMC-Devens Unit Manager (in the period relevant to the Complaint), was negligent in failing to respond to administrative requests, Memorandum ¶ 29.[4][5]

      The FTCA is not a blanket waiver for all possible negligence actions. Instead, the United States may be liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. See, also, e.g., United States v. Olson, 126 S.Ct. 510, 512-513 (2005) (the liability of the United States is dependent upon tort law applicable to private persons and is not dependent upon what claims a State would allow against itself.). This provision provides for the possibility of liability where the tort law of the state, here Massachusetts, would impose tort liability upon a private person. Thus, Barbaro "must identify some basis in Massachusetts law for holding a private party liable in tort for acts or omissions comparable to those . . .[he] attribute[s] to the [BOP] and its functionaries." McCloskey v. Mueller, 446 F.3d 262, 267 (1st Cir. 2006).

---

[4]The Plaintiff's Complaint is devoid of any FTCA claim as to Fernanedez, alleging only Bivens claims. See Complaint, ¶, 46-58, 59-76.

[5]The Plaintiff's Motion, rather than provide a statement undisputed facts in support of the motion as required by Local Rule 56.1, simply references paragraphs of the Complaint. In essence, Barbaro appears to contend that because he has made a claim in his Complaint, he is entitled to judgment. Obviously, such a position cannot stand in response to a denial. See infra, Section V. The Defendant does not, by responding to such claims, waive its objection to the motion for failure to comply with local rules. See infra, Section IV.

### B. Federal Statutes And Regulations Cannot Provide The Basis For A Claim Under The FTCA

Barbaro's contention that the FTCA provides a remedy for a failure of BOP to comply with the requirements of 42 U.S.C. § 1997e, is simply mistaken. The statute itself imposes no duty in tort whatsoever, it prohibits, as relevant in this action, federal courts from hearing any claim by a prisoner who has not exhausted available administrative remedies. See 42 U.S.C. § 1997e.

Putting aside the issue of whether the statute imposes a duty, "[f]ederal constitutional or statutory law cannot function as the source of FTCA liability." Bolduc v. United States, 402 F.3d 50, 56 (1st Cir. 2005). At best, assuming the truth of Barbaro's allegations, the BOP has violated a duty imposed by its own regulations. See 28 C.F.R. § 542.10-19. Just as is the case with constitutional or federal statutory claims, however, violation of a federal regulation cannot serve as the basis of FTCA liability. See Sea Air Shuttle Corp. v. United States, 112 F.3d 532, 536-37 (1st Cir.1997); Hassenfeld-Rutberg v. United States, 112 F.Supp.2d 77, 80-81 (D. Mass. 1998).

The United States' liability under the FTCA arises, if at all, from the substantive tort law of Massachusetts. What, if any, duty may arise in the context of state tort law, is wholly separate from federal statutory or regulatory obligations. See, e.g., Hassenfiled, supra. For example, Barbaro's claim of negligent medical care is clearly one recognized by state tort law, and thus, states a claim within this court's jurisdiction (albeit the claim will be shown to be meritless). The instant claim, however, seeks tort recovery, basically, for purportedly failing to allow Barbaro to complain about such deficient care within the administrative process. Any injury from the negligence of federal officials (there is none), arises from the provision of purportedly

negligent medical care, not from the failure to allow Barbaro to complain about it by way of an administrative scheme created under federal regulations.

   **C.**  **Massachusetts Tort Law Does Not Recognize A Duty In Tort To Provide An Administrative Remedy Process (Or Access Thereto)**

In Massachusetts, "a tort plaintiff must show that (1) the defendant owed him a duty, (2) the defendant breached that duty, (3) the breach constituted a proximate cause of the ensuing harm, and (4) the breach caused actual injury." Fithian v. Reed, 204 F.3d 306, 308 (1st Cir.2000). Generally speaking, a defendant's duty is more limited when negligence consists of an omission, i.e., failure to respond to a complaint, rather than an act of commission. See Carrier v. Riddell, Inc., 721 F.2d 867, 868-69 (1st Cir.1983) (applying Massachusetts law). That being said, a duty to act may extend, "to those who have relied in some special way upon the defendant, to those whom defendants have helped to place in a position where they are likely to depend upon his avoiding negligent omissions." Carrier v. Riddell, Inc., 721 F.2d 867, 868-69 (1st Cir. 1983). See also, e.g., Rakes v. United States, 352 F. Supp.2d 47, 58-61 (D. Mass. 2005); Estate of Davis ex rel. Davis v. United States, 340 F.Supp.2d 79 (D.Mass.2004); and cases cited.

  It is generally impossible for the United States, as sovereign, to stand exactly in the shoes of a "private person." See 28 U.S.C. § 2674. Thus, ordinarily, it is the duty of the court to find an appropriate private analog to the United States' conduct. See, e.g., McCloskey v. Mueller, 446 F.3d 262, 267 (1st Cir. 2006). In this instant case, however, "a private individual under like circumstances," at least with regard to the corrections officials alleged to have denied access to

the administrative process,[6] simply does not exist. 28 U.S.C. § 2674. "[T]he federal government does not yield its immunity with respect to obligations that are peculiar to governments or official-capacity state actors and which have no private counterpart in state law." Bolduc, 402 F.3d at 57. The government can envision no scenario in which the involuntary detention of another by a private individual would ever be lawful under Massachusetts law.[7] It stretches logic beyond reason to analogize the United States to a "private individual" who is committing the tort of false imprisonment, if not a criminal act, in order to then evaluate what duty may exist to provide an administrative remedy procedure to complain about the conditions of that (illegal) detention.[8]

Assuming *arguendo* that Massachusetts would conclude that a private individual who is (somehow lawfully) detaining another is in a "special relationship," and that Massachusetts would recognize a duty in tort upon private individuals made aware of deficient or negligent medical care to take some action, any obligation thus imposed would be to provide medical care, or notify those who could. See Section IID, infra. It would not include a duty (in tort) to create

---

[6]A distinction can clearly be drawn between BOP's medical providers and the corrections officials for purposes of the FTCA. A private analog to the BOP's medical providers is readily apparent, *i.e.*, private physicians, and the standards of Massachusetts tort liability may be applied to those individuals under the FTCA. Missing from Massachusetts law is a private analog to a corrections officer who is made aware of complaints of deficient medical care.

[7]For instance, even civil involuntary commitments are to "a public facility or at a private facility authorized for such purposes by the department [of Public Welfare]." G.L. c. 12, §123. Thus, the Defendant would suggest there is no circumstance that exists under state law where a "private person" may ever be lawfully detaining another, and thus, obligated to provide care.

[8]It is irrelevant what action Massachusetts may allow against itself in such circumstances. See United States v. Olson, 126 S.Ct. 510, 512-513 (2005) (the liability of the United States is dependent upon tort law applicable to private persons and is not dependent upon what claims a State would allow against itself.)

an administrative remedy process in which complaints about such care could be made. It follows, then, that there can be no breach of a duty imposed in state tort law by failing to respond to a complaint within such a system. In such circumstances, the Plaintiff's allegations as to the BOP's officials alleged refusal to respond to informal complaints and/or "negligent" denial of his claims that such had been the case are simply not actionable in tort.

Consequently, the Plaintiff's Complaint fails to state a claim recognized by state tort law with respect to the denial of access to the administrative remedy process and is outside this Court's jurisdiction under the FTCA.

>   **D.    Assuming That Massachusetts Law Would Recognize Some Duty To Act Where A Private Individual In Similar Circumstances Is Made Aware Of The Need For (Or Deficient) Medical Care, Any Such Duty Has Been Fully Satisfied**

Assuming, as noted above, that Massachusetts tort law would recognize some obligation on a private individual (who is not a physician), in similar circumstances, the scope of that duty would be limited to relaying such complaints to medical providers who could appropriately evaluate the complaints. That, however, is exactly what occurred. In response to the informal Complaints, BOP employees forwarded Barbaro's complaints to medical officials for review. Massachusetts tort law would require no more. See Quiles Declaration, ¶ 6-7; Fernandez Declaration, ¶ 5-7.

There is virtually nothing else that a non-physician private individual can, or would be obliged to, do in response to such complaints. Non physicians, such as corrections officials, are in no position to competently decide if medical care was negligent or is even necessary. Presuming a "special relationship" existed, see Carrier, 721 F.2d at 868-69, any duty imposed upon a non physician made aware of a medical complaint would be to apprise a treating

10

physician of the Complaint so that it could be evaluated.[9]

While no case directly on point with the facts of this case can be found in Massachusetts law, the duty imposed upon a lay person made aware of a medical complaint cannot be greater than the duty imposed upon medical providers who possess information necessary to a treating physician. See, e.g., Morgan v. Laboratory Corporation of America, 65 Mass.App.Ct. 816, 821-822 (2006) (laboratory with knowledge of life threatening test results under a duty to report results to treating physician); Santos v. Kim, 429 Mass. 130, 136 (1999)("If crucial results were not noticed or not communicated to her treating physician, this may have been the result of negligence on some person's part."). The officers in this matter relayed medical complaints to the FMC-Devens medical staff for response.[10] Massachusetts would impose no further duty in tort on corrections officials made aware of such complaints.[11]

---

[9]Barbaro's primary contention, that the United States was negligent because administrative responses were withheld, is wholly irrelevant within the context of a tort claim. The denial of a response to an administrative claim bears no causal relationship to any injury in tort in these circumstances. See, e.g., Fithian v. Reed, 204 F.3d at 308 (requiring that an alleged breach proximately cause the alleged injury). For instance, if no response were provided to complaints regarding the need for medical care, but BOP physicians treated the alleged injury regardless, there is simply no "tort." Conversely, if corrections officials had responded within the process, but no medical care was ever provided, leading to injury, the fact that an administrative response was provided should serve as no defense to an action in tort. The negligence, if any, is failing to provide, or negligently providing, medical care, not BOP's failure to investigate claims of such or otherwise respond within the administrative process. See, e.g., Doe v. Senechal, 66 Mass.App.Ct. 68, 76 (2006) (failure to investigate claims of inappropriate sexual contact between a civilly committed female and staff member was not related to any injury from the assault).

[10]The adequacy of any such response is at the core of the claims that Barbaro has been denied medical care in accord with community standards (an appropriate FTCA claim) and/or that BOP staff have been deliberately indifferent to Barbaro's medical needs. Such claims are not the subject of the instant motion.

[11]To the extent that Barbaro would premise liability upon a claim that the denial of access to the administrative process has precluded his access to courts, that claim is without

As a result of the foregoing, Barbaro's claim of denial of access to the administrative process must be dismissed for lack of subject matter jurisdiction, or alternatively, summary judgment should enter in favor of the United States on that claim because any duty imposed by Massachusetts law has been satisfied.

### III. Barbaro's Motion Should Be Denied For Failure To Comply With Fed. R. Civ. P. 56(e) And Local Rule 56.1

Under local rules, a motion for summary judgment:

> shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation. Failure to include such a statement constitutes grounds for denial of the motion.

Local Rule 56.1. Barbaro has not submitted any such statement. Instead, Barbaro has simply filed a twenty seven page memorandum outlining why he believes that summary judgment is

---

merit. See, e.g., Barbaro's Memorandum in Support of the Motion for Summary Judgment, ¶ 7. It would appear that Barbaro contends that the denial of access to the administrative process prevents him from filing suit. See 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 739 (2001) (concluding that 42 U.S.C. § 1997e precludes jurisdiction over actions brought by prisoner who have not exhausted administrative remedies). Obviously, since suit has been filed, any purported denial has not prevented Barbaro from filing suit. Further, the claim is simply mistaken as BOP regulations expressly preclude such a result. See Section IB, supra.

In any event, as a constitutionally based claim, a denial of access to the courts cannot be pursued against the United States under the FTCA. Bolduc, 402 F.3d at 56. Plaintiff's motion essentially seeks to pre-empt the United States from arguing in its defense (prior to the United States actually having done so) that the Plaintiff has failed to exhaust administrative remedies with respect to claims pressed in this matter. Any such defense, however, is an affirmative defense upon which the United States bears the burden of proof. Casanova v. Dubois, 304 F.3d 75, 77-78 (1st Cir.2002). The United States has not yet interposed any such defense, thus, any denial of access to the administrative process cannot have served to deny access to the Courts and the issue simply is not yet ripe. If the Plaintiff wishes to oppose dismissal on the grounds of a failure to exhaust administrative remedies, the Plaintiff should, at least, wait until the United States actually makes such a motion so that this Court can rule upon the issue in the context of specific claims.

12

appropriate. To the extent factual assertions are made, they are intertwined with legal argument or consist of references to Barbaro's Complaint. In such circumstances, it is impossible for the Defendant to respond to the allegations as required of it under Local Rule 56.1. Consequently, the motion for partial summary judgment should be denied.

Furthermore, Barbaro has failed to submit evidence to support the Motion in an appropriate form under Fed.R.Civ. P. 56(e) (requiring affidavits based upon personal knowledge and that exhibits be submitted in a form that would be admissible at trial). None of the exhibits upon which Barbaro relies are appropriately authenticated by any affidavit and, thus, cannot be considered. Moreover, Barbaro's memorandum in support of the motion cannot serve as a substitute for affidavits. See, e.g., Corrada Betances v. Sea-Land Service, Inc., 248 F.3d 40, 43 (1st Cir. 2001) ("We have held before, and today reaffirm, that statements contained in a memorandum or lawyer's brief are insufficient, for summary judgment purposes, to establish material facts."). Indeed, even presuming that the memorandum could serve in place of an affidavit, it is replete with conclusory allegations and averments of fact upon which Barbaro has no personal knowledge in violation of Fed. R. Civ. P. 56.

## IV. Material Issues of Fact Preclude Summary Judgment

As an initial matter, and has been previously noted, Barbaro could have pursued the next step of the BOP administrative process when no response was provided to the informal complaint within twenty days. See 28 C.F.R. § 542.18. That fact alone precludes Barbaro's claim as a matter of law.

Putting aside that the claim is based upon an erroneous interpretation of law, both Quiles and Fernandez deny failing to respond to administrative requests and/or participating in any

"scheme," as alleged by Barbaro. See Quiles Declaration, ¶ 3-8; Fernandez Declaration, ¶ 4-8. This court must view "the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." Pacific Ins. Co., Ltd. v. Eaton Vance Management, 369 F.3d 584 (1st Cir. 2004). Viewed in the light most favorable to Quiles and Fernandez, a reasonable factfinder could not find that they had engaged in the conduct alleged by Barbaro. Thus, a material issue exists, and the partial motion for summary judgment must be denied.

## CONCLUSION

For the foregoing reasons, Barbaro's claim of denial of access to the administrative remedy process must be dismissed for failure to state a claim upon which relief may be granted, must be dismissed for lack of subject matter jurisdiction, summary judgment must be entered in favor of the United States on such claims and Barbaro's motion for partial summary judgment must be denied.

|  |  |
|---|---|
|  | Respectfully submitted,<br>MICHAEL J. SULLIVAN<br>United States Attorney |
| By: | /s/ Mark J. Grady<br>Mark J. Grady<br>Assistant U.S. Attorney<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210 |
| Dated: September 7, 2006 | (617) 748-3136 |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK BARBARO, )
        Plaintiff )
        v. )    CIVIL ACTION NO:
 )    05-40097-MLW
UNITED STATES OF AMERICA, )
DR. BHATTI, MLP KILDUFF and )
UNIT MGR MRS FERNANDEZ )
        Defendants. )

## DECLARATION OF VERONICA A. FERNANDEZ

I, Veronica A. Fernandez, hereby make the following declaration:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons as the Case Management Coordinator at the Federal Correctional Institution (FCI) in Morgantown, West Virginia. I have been employed in this position since November 2004. Prior to my current position, I was employed at the Federal Medical Center (FMC) in Devens, Massachusetts as a Unit Manager from November 2002 through November 2004. I have been employed with the Federal Bureau of Prisons since August 1994.

2. Inmate Frank Barbaro, Register Number 48264-053, the Plaintiff in the above-captioned action, arrived at FMC Devens on December 30, 2003 and was assigned to J Unit at FMC Devens. I was the Unit Manager for J Unit at that time.

3. I am aware that inmate Barbaro has filed a complaint alleging that he was denied access to the administrative remedy program at FMC Devens by his Unit Team not providing him with responses, or in providing him delayed responses, to his various medical complaints raised in his informal resolution forms. He specifically alleges that I, as his Unit Manager, "orchestrated" an effort to deliberately prevent him from processing administrative remedies by ordering Counselor Quiles to delay or to not respond to his informal resolution requests.

4. I provide this declaration to deny such allegations and to explain my involvement with the informal resolution form and administrative remedy process at FMC Devens.

5. Pursuant to the Program Statement and Institution Supplement at FMC Devens on the administrative remedy process, all good faith efforts were made to attempt to respond to informal resolution requests within 3 days. If the issue raised for informal resolution pertained to a Unit Team issue, it can be responded to and returned to the inmate in less than 3 days. If the issue is outside the expertise of the Unit Team, then the Counselor would solicit the appropriate department for a response. With medical care and treatment

issues, which were very common at FMC Devens, this process took additional time which often exceeded the 3 days. This additional time was needed because the Counselor would submit the request to the medical department, who would then investigate the complaint, prepare a response, and then forward that back to the Counselor for completion of the form and submission to the Unit Manager for review and signature. This process would be a concerted good faith effort to resolve the inmate's concerns.

6. My personal involvement in informal resolution requests and responses would only pertain to occasionally providing an informal resolution form or administrative remedy request form to an inmate upon request and I would review the informal resolution response prepared by the Counselor prior to issuance to the inmate. When I received an informal resolution form and prepared response, I would immediately review and sign off on it and forward it back for delivery to the inmate when appropriate.

7. I deny any intentional delay in providing forms or responses to this or any other inmate. Any delay in providing a response to an inmate on an informal resolution response would be due to the additional time it takes for the informal resolution request and investigation to be routed and completed by the appropriate department. Delays of this nature were common when investigated by the medical department.

8. I deny any intentional effort to "orchestrate" a denial of the administrative remedy process. I did not order or advise any staff member at FMC Devens to ignore or fail to respond to Plaintiff's informal resolution submissions.

9. Because the BOP does not maintain copies of Informal Resolution forms within an inmate's central file nor in BOP administrative files, I cannot specifically respond to each of Plaintiff's documents in Exhibit #11. However, considering that Plaintiff has to date filed over 130 administrative remedy submissions with the BOP, over 75 of which he has filed since his arrival at FMC Devens in December of 2003, I find it implausible for him to argue that anyone at FMC Devens deprived him of access to the administrative remedy program. Additionally, it is significant to note that most if not all of the issues Plaintiff raised in these 2004 Informal Resolution forms have also been raised at various levels through the administrative remedy program since then. This would indicate that he did receive responses to these submissions or that he was able to proceed without them.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 7th day of September, 2006

*Veronica A. Fernandez*
Veronica A. Fernandez
Case Management Coordinator
FCI Morgantown

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK BARBARO,<br>   Plaintiff<br>  v.<br><br>UNITED STATES OF AMERICA,<br>DR. BHATTI, MLP KILDUFF and<br>UNIT MGR MRS FERNANDEZ<br>   Defendants. | )<br>)<br>)   CIVIL ACTION NO:<br>)   05-40097-MLW<br>)<br>)<br>)<br>)<br>) |

### DECLARATION OF CARLOS QUILES

I, Carlos Quiles, hereby make the following declaration:

1. I am employed by the United States Department of Justice, Federal Bureau of Prisons as a Correctional Counselor at the Federal Medical Center (FMC) in Devens, Massachusetts. I have been employed in this position since October 1998. I have been employed with the Federal Bureau of Prisons since 1992.

2. Inmate Frank Barbaro, Register Number 48264-053, the Plaintiff in the above-captioned action, arrived at FMC Devens on December 30, 2003 and was assigned to J Unit at FMC Devens. I am aware that inmate Barbaro has filed a complaint alleging that he was denied access to the administrative remedy program at FMC Devens by his Unit Team not providing him with responses, or in providing him delayed responses, to his various medical complaints raised in his informal resolution forms. He specifically alleges that I, as his Counselor, withheld the responses to his informal resolution requests because I was ordered to do so by Unit Manager Fernandez.

3. I provide this declaration to deny such allegations and to explain the informal resolution form procedures at FMC Devens.

4. Program Statement 1300.13, Administrative Remedy Program, addresses the Informal Resolution process at Section 7, page 4. Within this section, national policy indicates that staff shall attempt to informally resolve issues before an inmate submits a Request for Administrative Remedy and that each Warden is to establish procedures to allow for the informal resolution of inmate complaints. This policy provides that Warden's are to ensure that effective informal resolution procedures are in place and that "good faith attempts at informal resolution are made in an orderly and timely manner by both inmates and staff."

5. Institution Supplement DEV 1330.13F, Administrative Remedy Procedures, provides the instructions for implementing the Administrative Remedy Program at FMC Devens. Within this Supplement, at Section 4, page 1, it addresses Informal Resolution. This policy indicates that staff are to make good faith efforts to informally resolve inmate's

concerns at this lowest level and that unit staff should ordinarily complete the informal resolution process within three business days. It further provides that unit staff may delay providing administrative remedy forms if there is an ongoing good faith effort to resolve the inmate's concerns.

6. As a Counselor at FMC Devens, one of my duties includes issuing Informal Resolution forms to inmates, upon request, and working to resolve issues when possible. Often times, inmates raise issues outside my area of knowledge, wherein I will process their requests through the appropriate departments to answer their issue. This most commonly occurs within the J-Unit (a medically assigned housing unit) at FMC Devens with regard to medical issues. Therefore, upon receipt of an informal resolution request concerning a medical issue, I would refer this form to the medical department at FMC Devens by forwarding it to the Associate Warden of Medical. The form would then be sent to the appropriate individual with in the Health Services Unit to investigate and resolve or formulate a response. This response would then be returned to the Unit Team, typically the Counselor for formal presentation of a response on the appropriate informal resolution form. After I completed this process, I would immediately provide this completed Informal Resolution Response to the Unit Manager for review and signature. Upon obtaining that approval, the informal resolution form, with response, would be sent to the inmate through the internal inmate mail system.

7. This process of receipt, forward for investigation, review and delivery is the same for all inmates within the J Unit at FMC Devens. It is not atypical for informal resolution requests addressing medical issues to take additional time due to this process. Assignment of a matter to medical for review and response typically cannot be accomplished within a day or two. Any postponement of a response to Inmate Barbaro on his medical issues were attributed to the delay it took to process such medical requests and were not attributed to any concerted effort or direction from FMC Devens staff to intentionally withhold responses or hinder his access to the administrative remedy process.

8. I have no recollection of any conversation with Inmate Barbaro wherein I would have indicated Unit Manager Fernandez's direction or order not to respond to his informal resolution requests. I never had such a discussion with Ms. Fernandez and there was no effort to my knowledge to deprive Inmate Barbaro of access to the administrative remedy program.

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 7TH day of September, 2006

_____
Carlos Quiles
Counselor
Federal Medical Center-Devens