UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK BARBARO,           )<br>      Plaintiff,          )<br>                          )<br>v.                        )<br>                          )<br>                          )<br>                          )<br>UNITED STATES OF AMERICA, )<br>DR. BHATTI, MLP KILDUFF and )<br>UNIT MGR MRS FERNANDEZ    )<br>      Defendants.         ) | CIVIL ACTION NO:<br>05-40097-MLW |

**UNITED STATES STATEMENT OF UNDISPUTED MATERIAL FACT IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT AS TO CLAIMS THAT BARBARO WAS DENIED ACCESS TO THE ADMINISTRATIVE PROCESS**

1. Inmate Frank Barbaro, Register Number 48264-053, the Plaintiff in the above-captioned action, arrived at FMC Devens on December 30, 2003 and was assigned to J Unit at FMC Devens. Quiles Declaration, ¶ 2; Fernandez Declaration, ¶ 2.

2. Carlos Quiles is employed as a Correctional Counselor at the Federal Medical Center (FMC) in Devens, Massachusetts. Quiles Declaration, ¶ 1.

3. Victoria Fernandez is employed by the United States Department of Justice, Federal Bureau of Prisons (BOP) as the Case Management Coordinator at the Federal Correctional Institution (FCI) in Morgantown, West Virginia. She has been employed in this position since November 2004. Prior to her current position, she was employed at FMC Devens, as a Unit Manager from November 2002 through November 2004. Fernandez Declaration, ¶ 1.

4. The BOP has established a four step administrative process for inmate grievances. See 28 C.F.R. § 542.10-19.

5. Barbaro alleges that he was denied access to the administrative remedy program at FMC Devens by his Unit Team not providing him with responses, or in providing him delayed responses, to his various medical complaints raised in informal complaint resolution forms.   See Complaint, ¶ 23-26, 29, 42, 46, 47-48, 50, 51-52, 54, 56-57.

6. Barbaro specifically alleges that Fernandez, as his Unit Manager, "orchestrated" an effort to deliberately prevent him from processing administrative remedies by ordering Counselor Quiles to delay or to not respond to his informal resolution requests.  See Complaint, ¶ 23-26, 29, 42, 46, 47-48, 50, 51-52, 54, 56-57.

7. Program Statement 1300.13, Administrative Remedy Program, addresses the Informal

      Resolution process at Section 7, page 4. Within this section, national policy indicates that staff shall attempt to informally resolve issues before an inmate submits a Request for Administrative Remedy and that each Warden is to establish procedures for allow for the informal resolution of inmate complaints. This policy provides that Warden's are to ensure that effective informal resolution procedures are in place and that "good faith attempts at informal resolution are made in an orderly and timely manner by both inmates and staff." Quiles Declaration, ¶ 4.

8. Institution Supplement DEV 1330.13F, Administrative Remedy Procedures, provides the instructions for implementing the Administrative Remedy Program at FMC Devens. This Supplement policy indicates that staff are to make good faith efforts to informally resolve inmate's concerns at this lowest level and that unit staff should ordinarily complete the informal resolution process within three business days. It further provides that unit staff may delay providing administrative remedy forms if there is an ongoing good faith effort to resolve the inmate's concerns. Quiles Declaration, ¶ 5; Fernandez Declaration, ¶ 5.

9. Barbaro's claims regarding his medical care were forwarded to medical personnel for a response. Quiles Declaration, ¶ 6-7; Fernandez Declaration, ¶ 5.

10. When referred to the medical personnel for review, it was (and is) common for responses to take longer than the three day deadline. Quiles Declaration, ¶ 6-7; Fernandez Declaration, ¶ 5.

11. Neither Quiles nor Fernandez refused to respond to Barbaro's informal complaints for the purposes of depriving access to the administrative process. Quiles Declaration, ¶ 3, 7; Fernandez Declaration, ¶ 4, 7-8.

12. Neither Quiles nor Fernadnez delayed or refused to provide any response from the medical staff to Barbaro. Quiles Declaration, ¶ 6-7; Fernandez Declaration, ¶ 6-7.

13. Quiles was never ordered to not respond to Barbaro's complaints. Quiles Declaration, ¶ 8; Fernandez Declaration, ¶8.

          Respectfully submitted,
          MICHAEL J. SULLIVAN

          United States Attorney
By:   /s/ Mark J. Grady
       Mark J. Grady
       Assistant U.S. Attorney
       One Courthouse Way, Suite 9200
       Boston, MA 02210
Dated: September 7, 2006     (617) 748-3136