UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK BARBARO, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>DR. BHATTI, MLP KILDUFF and )<br>UNIT MGR MRS FERNANDEZ )<br>      Defendants. ) | CIVIL ACTION NO:<br>05-40097-MLW |

**UNITED STATES' RESPONSE TO THE PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACT**[1]

1.  The Defendant does not dispute the Docket in this matter.

2.  The Defendant does not contest service upon the United States on or about June 4, 2006.

3.  The Defendant does not dispute the Docket in this matter.

4.  The United States response to the Plaintiff's allegations regarding prison mail are set out in its opposition. The United States is not obstructing service in this matter, and has attempted to assist the U.S. Marshals in effecting service on the individuals.

5.  Paragraph 5 is a statement of law and requires no response.

6.  See Response to paragraph 4.

7.  Paragraph 7 is a statement of law and requires no response.

8.  Paragraph 8 states conclusory allegations without evidentiary support. To the extent response is required, such allegations are denied. Barbaro's informal complaints were appropriately responded to and, in any event, a refusal to respond would not prevent exhaustion. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

---

[1] Liberally construing the motion, the United States responds to the Memorandum as if it had been in Compliance with Local Rule 56.1.

9. Paragraph 9 states facts immaterial to the instant Motion.

10. Paragraph 8 states conclusory allegations without evidentiary support. To the extent response is required, such allegations are denied. Barbaro's informal complaints were appropriately responded to and, in any event, a refusal to respond would not prevent exhaustion. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

11. Paragraph 11 is a statement of law and requires no response.

12. The Plaintiff's Exhibit is not properly authenticated as required by Fed. R. Civ. P. 56. That being said, the United States does not contest that Regional Counsel Henry Sadowski denied the Plaintiff's tort claim alleging denial of access to the administrative process and does not dispute that the instant claim was filed within the six month deadline.

13. The Plaintiff's Exhibit is not properly authenticated as required by Fed. R. Civ. P. 56. That being said, the United States does not dispute that the Plaintiff has exhausted the administrative requirements of the FTCA as to his claim of denial of access to the administrative process.

14. The United States does not dispute that the instant claim was filed within the six month deadline.

15. The United States does not dispute that the instant claim was filed within the six month deadline.

16. Paragraph 16 is a statement of law to which no response is required. To the extent facts are alleged, they are immaterial. That being said, the United States does not dispute service upon the United States, timely filing, and that Plaintiff has filed several motions.

17. Paragraph 17 is a statement of law to which no response is required.

18. Paragraph 18 is a statement of law to which no response is required.

19. Paragraph 19 is a statement of law to which no response is required.

20. Paragraph 20 is a statement of law to which no response is required.

21. Paragraph 21 is a statement of law to which no response is required.

22. The United States does not dispute that the Plaintiff seek recovery under the FTCA based upon alleged denial of access to the BOP's administrative remedy process.

23. The Plaintiff's Complaint speaks for itself. As to the content of the Complaint the United States does not dispute the content of the Complaint on file with this Court.

24. The Plaintiff's Complaint speaks for itself. As to the content of the Complaint the United States does not dispute the content of the Complaint on file with this Court. The United States does not agree that any allegation constitutes prima facie evidence of anything.

25. The Plaintiff's Complaint speaks for itself. As to the content of the Complaint the United States does not dispute the content of the Complaint on file with this Court. Any documents referred to have not been authenticated as required by Fed. R. Civ. P. 56.

26. The Plaintiff's Complaint speaks for itself. As to the content of the Complaint the United States does not dispute the content of the Complaint on file with this Court. The United States denies that Barbaro has been denied access to the administrative process and that any refusal to respond to informal complaints, even if presumed true, constitutes a denial of access to the administrative process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

27. Paragraph 27 is a statement of law to which no response is required. To the extent facts are alleged, they are immaterial.

28. The Plaintiff's Complaint speaks for itself. As to the content of the Complaint the

United States does not dispute the content of the Complaint on file with this Court.

29. The Plaintiff's Complaint speaks for itself. As to the content of the Complaint the United States does not dispute the content of the Complaint on file with this Court. The United States disputes as a matter of law that the Complaint is evidence of anything. The documents referred to are not authenticated as required by Fed. R. Civ. P. 56. All informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

30. The Plaintiff's Complaint speaks for itself. As to the content of the Complaint the United States does not dispute the content of the Complaint on file with this Court. The United States disputes as a matter of law that the Complaint is evidence of anything. All informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

31. The Plaintiff's Complaint speaks for itself. As to the content of the Complaint the United States does not dispute the content of the Complaint on file with this Court. The United States disputes as a matter of law that the Complaint is evidence of anything.

32. Paragraph 32 is a statement of law to which no response is required.

33. Fernandez was the Unit Manager during the times relevant to the Complaint and one of her duties included processing informal complaints. Fernandez Declaration, ¶1, 5-8. All informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

34. Paragraph 34 is a statement of law to which no response is required. The paragraph otherwise states immaterial facts. The issue of exhaustion is irrelevant unless raised as an affirmative defense. Casanova v. Dubois, 304 F.3d 75, 77-78 (1st Cir.2002). The United States does not dispute that an administrative process exists, is set out in 28 C.F.R. § 542.10-19, and that 42 U.S.C. § 1997e requires exhaustion.

35. The paragraph makes allegations of fact not law. To the extent response is required, the requirements of the process are established by regulation and internal procedures of FMC Devens. See 28 C.F.R. § 542.10-19 and Quiles Declaration, ¶ 4-5.

36. Fernandez was the Unit Manager during the times relevant to the Complaint and one of her duties included processing informal complaints. Fernandez Declaration, ¶1, 5-8. All informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration. The paragraph makes allegations of law with respect to the administrative process to which no response is required. To the extent response is required, the requirements of the process are established by regulation and internal procedures of FMC Devens. See 28 C.F.R. § 542.10-19 and Quiles Declaration, ¶ 4-5.

37. The paragraph states facts immaterial to this action. The issue of exhaustion is irrelevant unless raised as an affirmative defense. Casanova v. Dubois, 304 F.3d 75, 77-78 (1st Cir.2002). The United States does not dispute that an administrative process exists, is set out in 28 C.F.R. § 542.10-19, and that 42 U.S.C. § 1997e requires exhaustion. All informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R.

§ 542.18; Quiles Declaration; Fernandez Declaration.

38. The Plaintiff's Complaint speaks for itself. As to the content of the Complaint the United States does not dispute the content of the Complaint on file with this Court. The United States disputes as a matter of law that the Complaint is evidence of anything. All informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

39. The Plaintiff's Complaint speaks for itself. As to the content of the Complaint the United States does not dispute the content of the Complaint on file with this Court. The United States disputes as a matter of law that the Complaint is evidence of anything. All informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration. The Plaintiff's allegations of causation and injury are without evidentiary basis as required by Fed. R. Civ. P. 56.

40. The Plaintiff's Complaint speaks for itself. As to the content of the Complaint the United States does not dispute the content of the Complaint on file with this Court. Any reference to documents is inappropriate as such materials have not been presented in a form that complies with Fed. R. Civ. P. 56.

41. Henry Sadowski is the BOP's Regional Counsel and responded to Complaints by Plaintiff about his allegations of denial of access to the administrative process.

42. Any reference to documents is inappropriate as such materials have not been presented in a form that complies with Fed. R. Civ. P. 56. Henry Sadowski is the BOP's Regional Counsel and responded to Complaints by Plaintiff about his allegations of denial of

        access to the administrative process. All informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

43. Paragraph 43 is a statement of law to which no response is required.

44. Paragraph 44 is a statement of law to which no response is required. All informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration. The Plaintiff's allegations of causation and injury are without evidentiary basis as required by Fed. R. Civ. P. 56.

45. Any reference to documents is inappropriate as such materials have not been presented in a form that complies with Fed. R. Civ. P. 56. The paragraph otherwise states a conclusion of law. To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

46. Any reference to documents is inappropriate as such materials have not been presented in a form that complies with Fed. R. Civ. P. 56. The paragraph otherwise states a conclusion of law. To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

47. The Plaintiff's Complaint speaks for itself. As to the content of the Complaint the United

    States does not dispute the content of the Complaint on file with this Court. The United States disputes as a matter of law that the Complaint is evidence of anything. To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration. The Plaintiff's allegations of denial of the community standard of care, causation and injury are without evidentiary basis as required by Fed. R. Civ. P. 56. Any reference to documents is inappropriate as such materials have not been presented in a form that complies with Fed. R. Civ. P. 56.

48. Paragraph 48 is a conclusory allegation of law. To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration. The Plaintiff's allegations of denial of the community standard of care, causation and injury are without evidentiary basis as required by Fed. R. Civ. P. 56.

49. Paragraph 49 is a conclusory allegation of law. To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration. The Plaintiff's allegations of denial of the community standard of care, causation and injury are without evidentiary basis as required by Fed. R. Civ. P. 56.

50. Paragraph 50 is a conclusory allegation of law. To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the

absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration. The Plaintiff's Complaint speaks for itself. As to the content of the Complaint the United States does not dispute the content of the Complaint on file with this Court. The United States disputes as a matter of law that the Complaint is evidence of anything. Any reference to documents is inappropriate as such materials have not been presented in a form that complies with Fed. R. Civ. P. 56.

51. As to the content of the Complaint the United States does not dispute the content of the Complaint on file with this Court. The United States disputes as a matter of law that the Complaint is evidence of anything. Any reference to documents is inappropriate as such materials have not been presented in a form that complies with Fed. R. Civ. P. 56.

52. Paragraph 52 states a conclusion of law as to exhaustion. To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

53. Paragraph 53 states a conclusion of law to which no response is required. To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

54. Paragraph 54 states a conclusion of law to which no response is required. To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

55. The Plaintiff lacks any basis upon which to make the allegation contained in paragraph 55 as to the state of mind of Henry Sadowski. As such, no response is required. To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

56. All informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration. Any reference to documents is inappropriate as such materials have not been presented in a form that complies with Fed. R. Civ. P. 56.

57. The United States does not dispute that Barbaro has filed numerous complaints about his alleged denial of access. That being said, such Complaints are baseless as all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration. Any reference to documents is inappropriate as such materials have not been presented in a form that complies with Fed. R. Civ. P. 56.

58. The Plaintiff lacks any basis upon which to make the allegation contained in paragraph 58 as to the state of mind of BOP employees. As such, no response is required. To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

59. Any reference to documents is inappropriate as such materials have not been presented in a form that complies with Fed. R. Civ. P. 56. To the extent response is required, all

informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

60. Paragraph 60 states a conclusion of law to which no response is required. To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration. The Plaintiff's allegations of denial of the community standard of care, causation and injury are without evidentiary basis as required by Fed. R. Civ. P. 56.

61. All informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

62. Paragraph 62 is a conclusion of law to which no response is required. To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

63. Paragraph 63 is a conclusion of law to which no response is required. To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration. Any reference to documents is inappropriate as such materials have not been presented in a form that complies with Fed. R. Civ. P. 56.

64. Paragraph 64 is a conclusion of law to which no response is required. To the extent

response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration. Any reference to documents is inappropriate as such materials have not been presented in a form that complies with Fed. R. Civ. P. 56.

65. Paragraph 64 is a conclusion of law to which no response is required. To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration. Any reference to documents is inappropriate as such materials have not been presented in a form that complies with Fed. R. Civ. P. 56.

66. Paragraph is an allegation of law to which no response is required.

67. Paragraph 67 is a mix of legal and immaterial factual allegations to which no response is required.

68. Paragraph 68 does not make sense and the defendant cannot fairly respond. It otherwise states a conclusion of law to which no response is required. To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

69. Paragraph 69 states immaterial facts. To the extent response is required, all informal

---

The footnote on page 25 of the memorandum is a conclusion of law to which no response is required. To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process. See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration. Any reference to documents is inappropriate as such materials have not been presented in a form that complies with Fed. R. Civ. P. 56.

requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process.  See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

70.  Paragraph 70 states immaterial facts.  To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process.  See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration.

|  |  |
|---|---|
|  | Respectfully submitted,<br>MICHAEL J. SULLIVAN |
|  | United States Attorney |
| By: | /s/ Mark J. Grady<br>Mark J. Grady<br>Assistant U.S. Attorney<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210 |
| Dated: September 7, 2006 | (617) 748-3136 |

**Certificate of Service**

I hereby certify that on this 7th day of September 2006, I caused a copy of the foregoing Response to the Plaintiff's "Statement" of Undisputed Fact to be served upon the Plaintiff by first class mail, addressed to:

Frank Barbaro, 48264-053
FMC Devens
PO Box 879
Ayer, MA 01432

/s/ Mark J. Grady
Mark J. Grady
Assistant U.S. Attorney

The footnote on page 25 of the memorandum is a conclusion of law to which no response is required.  To the extent response is required, all informal requests were appropriately responded to, and, even if they were not, the absence of a response did not constitute a denial of access to the process.  See 28 C.F.R. § 542.18; Quiles Declaration; Fernandez Declaration. Any reference to documents is inappropriate as such materials have not been presented in a form that complies with Fed. R. Civ. P. 56.