UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK BARBARO, )<br>   Plaintiff, )<br> )<br>v. )<br> )<br> )<br> )<br>UNITED STATES OF AMERICA, )<br>DR. BHATTI, MLP KILDUFF and )<br>UNIT MGR MRS FERNANDEZ )<br>   Defendants. ) | CIVIL ACTION NO:<br>05-40097-MLW |

**UNITED STATES' RESPONSE TO THE PLAINTIFF'S REQUEST FOR AN ORDER
TO SHOW CAUSE ON THE ISSUE OF SERVICE**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby responds to the Plaintiff's request for an order to show cause as to the issue of service.

As noted by Barbaro, the U.S. Marshal's Office attempted to effect service upon the individuals by mailing copies of the Complaint to FMC-Devens. None of the individual defendants are employed at FMC-Devens, however, and FMC-Devens staff reported such to the U.S. Marshal's Office.

Within a week of that event, upon being informed, undersigned counsel contacted the Deputy Marshal assigned to completing service and offered to seek leave of this Court to make disclosure of the individuals home addresses on behalf of the Bureau of Prisons (in accord with the Privacy Act) or otherwise attempt to arrange for some form of proxy service. There has been no response, nor has there been any request from the U.S. Marshal's Office to the Bureau of Prisons for this information.

That being the case, the United States has consulted with the individual defendants and

they have agreed to allow BOP counsel, Patrick Ward, to waive service on their behalf. Those waiver of service forms are filed herewith.

With respect to allegations that the United States, or its counsel, has acted in any inappropriate fashion, such claims are wholly baseless and warrant minimal response. The Office of the United States Attorney does not represent the individual defendants. That being said, the individuals have now requested representation by the United States Attorney's Office and those requests are presently being reviewed by the Department of Justice. Unless and until representation is requested and approved, however, this Office cannot waive service or act in any way on their behalf. Nor can the Federal Bureau of Prisons, or FMC-Devens employees, accept service or take any action on behalf of the individually named defendants.

Indeed, rather than seek some advantage, undersigned counsel, without any obligation to do so, contacted the U.S. Marshal's Office and attempted to make alternative arrangements to effect service upon the individual defendants. Receiving no response, undersigned counsel has, with counsel for FMC-Devens, conferred with the individual defendants who have now agreed to waive service in this matter. Copies of those waivers are attached hereto.

There is nothing improper whatsoever in the actions of the employees of FMC-Devens or in the actions of undersigned counsel with respect to service.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Mark J. Grady
      Mark J. Grady
      Assistant U.S. Attorney
      One Courthouse Way, Suite 9200
      Boston, MA 02210
Dated: September 7, 2006        (617) 748-3136

### Certificate of Service

I hereby certify that on this 7th day of September 2006, I caused a copy of the foregoing Response and Exhibits to be served upon the Plaintiff by first class mail, addressed to:

Frank Barbaro, 48264-053
FMC Devens
PO Box 879
Ayer, MA 01432

/s/ Mark J. Grady
Mark J. Grady
Assistant U.S. Attorney

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: __Frank Barbaro__
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Fazal Bhatti, M.D., by proxy Patrick Ward, Esq., Federal BOP__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __Barbaro v. United States et al.__,
(CAPTION OF ACTION)

which is case number __05-40097-MLW__ in the United States District Court
(DOCKET NUMBER)

for the _____ District of __Massachusetts__ .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after __9/8/2006__ ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__9/8/2006__                __Patrick Ward__ (signature)
(DATE)                       (SIGNATURE)

Printed/Typed Name:    __Patrick Ward, Esq. for Fazal Bhatti, M.D.__

As __Attorney Advisor__ of __FMC Devens__
    (TITLE)              (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: __Frank Barbaro__
      (NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __Veronica Fernandez, by proxy Patrick Ward, Esq., Federal BOP__, acknowledge receipt of your request
      (DEFENDANT NAME)

that I waive service of summons in the action of __Barbaro v. United States et al.__,
                                                      (CAPTION OF ACTION)

which is case number __05-40097-MLW__ in the United States District Court
                        (DOCKET NUMBER)

for the _____ District of __Massachusetts__.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __9/8/2006__,
                                                                                                      (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__9/8/2006__                               __/s/ Patrick Ward__
   (DATE)                                      (SIGNATURE)

                    Printed/Typed Name:   __Patrick Ward, Esq. for Veronica Fernandez__

                    As __Attorney Advisor__ of __FMC Devens__
                         (TITLE)                 (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: Frank Barbaro
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Diane Kilduff, N.P., by proxy Patrick Ward, Esq., Federal BOP, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Barbaro v. United States et al.,
(CAPTION OF ACTION)

which is case number 05-40097-MLW in the United States District Court
(DOCKET NUMBER)

for the _____ District of Massachusetts.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after   9/8/2006   ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

9/8/2006                            /s/ Patrick Ward
(DATE)                              (SIGNATURE)

Printed/Typed Name:   Patrick Ward, Esq. for Diane Kilduff

As   Attorney Advisor   of   FMC Devens
     (TITLE)                  (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.