FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432

PROSE PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK BARBARO,

PROSE PLAINTIFF

   C.A. NO. 05-40097 (MLW)

vs.

UNITED STATES OF AMERICA ON
BEHALF OF THE FEDERAL BUREAU
OF PRISONS, FMC DEVENS PRISON
     AND
INDIVIDUALLY NAMED PRISON
OFFICIALS: DR BHATTI, PA KILDUFF
& UNIT MGR MRS FERNANDEZ,

DEFENDANTS

THE HONORABLE CHIEF JUDGE, MARK L. WOLF

<u>MOTION BY THE PROSE PLAINTIFF REQUESTING CHIEF JUDGE WOLF TO ORDER THE DEFENDANT UNITED STATES TO STOP OBSTRUCTING THE PLAINTIFF'S COURT ACCESS AT THE FMC DEVENS PRISON LAW LIBRARY FROM RESPONDING TO THE DEFENDANT'S PENDING MOTION FOR SUMMARY JUDGMENT, UNDER THE PLAINTIFF'S COMPLAINT ALLEGATIONS FOR THE DEFENDANT UNITED STATES' MAKING THE PLAINTIFF'S ADMINISTRATIVE REMEDIES UNAVAILABLE FOR TOTAL EXHAUSTION THAT ADDITIONALLY IS THE BASIS OF THE PLAINTIFF'S PENDING MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE DEFENDANT UNITED STATES</u>

**AND**

<u>MOTION FOR THE PLAINTIFF'S EXTENSION OF TIME UNTIL CHIEF JUDGE WOLF STOPS THE DEFENDANT UNITED STATES' OBSTRUCTION OF THE PLAINTIFF'S COURT ACCESS IN THE PLAINTIFF & DEFENDANT'S PENDING MOTIONS FOR SUMMARY JUDGMENT PERTAINING TO THE DEFENDANT'S DENIAL & MAKING THE PRISON REMEDY PROCEDURES UNAVAILABLE TO THE PLAINTIFF</u>

[A] CONSOLIDATED MOTION, DECLARATION & ARGUMENT REQUESTING CHIEF JUDGE WOLF TO ORDER THE DEFENDANT UNITED STATES TO STOP THE DENIAL OF THE PLAINTIFF'S COURT ACCESS AT THE FMC DEVENS PRISON LAW LIBRARY WHEREIN, NO MASSACHUSETTS LAW BOOKS ARE AVAILABLE TO THE PROSE PRISONER PLAINTIFF IN ORDER TO RESPOND TO THE DEFENDANT'S PENDING MOTION FOR SUMMARY JUDGMENT UNDER THE [QUESTION] OF THE DEFENDANT UNITED STATES' MAKING THE PLAINTIFF'S PRISON REMEDY PROCEDURES UNAVAILABLE FOR TOTAL EXHAUSTION THAT IS IN ADDITION TO THE PLAINTIFF'S OBSTRUCTED COURT ACCESS BY THE DEFENDANT UNITED STATES WHEREIN, THE PROSE PRISONER PLAINTIFF IS UNABLE TO FILE HIS RESPONSE TO THE DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S PENDING MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE DEFENDANT UNITED STATES FOR MAKING THE PLAINTIFF'S PRISON REMEDY PROCEDURES UNAVAILABLE FOR TOTAL EXHAUSTION

AND

[B] MOTION FOR EXTENSION OF TIME WHEREIN, THE PROSE PRISONER PLAINTIFF REQUIRES CHIEF JUDGE WOLF TO ORDER COURT ACCESS THAT HAS BEEN DEPRIVED THE PLAINTIFF BY DEFENDANT UNITED STATES IN BOTH THE PLAINTIFF'S AND DEFENDANT'S PENDING MOTIONS FOR SUMMARY JUDGMENT UNDER THE DEFENDANT UNITED STATES' DENIAL OF THE PLAINTIFF'S EXHAUSTION OF PRISON REMEDIES THAT WERE MADE UNAVAILABLE WHEREBY THE FMC DEVENS PRISON LAW LIBRARY CONTAINS NO MASSACHUSETTS STATE LAW BOOKS THAT ARE MANDATORY FOR THE PLAINTIFF'S PREPARATION OF THE ABOVE FILINGS DISCERNING THE SUBSTANTIVE TORT LAW OF MASSACHUSETTS THAT IS AT THE [HEART] OF BOTH ABOVE PENDING MOTIONS

### DECLARATION & AFFIRMATION

Frank Barbaro ProSe Prisoner Plaintiff hereinafter, **Plaintiff**, declares and affirms under penalty of perjury, that the Instant Filing is true.

**MOTION FOR EXTENSION OF TIME BY THE PROSE PRISONER PLAINTIFF, AND MOTION FOR AN ORDER BY CHIEF JUDGE WOLF PROVIDING THE PLAINTIFF'S MANDATORY FMC DEVENS LAW LIBRARY COURT ACCESS WITH THE USE OF MASSACHUSETTS SUBSTANTIVE TORT LAW AUTHORITY, STATUTES, AND ANY OTHER REQUIRED STATE OF MASSACHUSETTS LAW BOOKS**

1.   Respectfully, the Honorable Court now has the Plaintiff's Motion for Partial Summary Judgment discerning the Defendant United States Tort Negligence & Wrongful Misconduct by deception, under the Plaintiff's totally exhausted Federal Tort Claims Administrative Remedies, showing that the Defendant United States made the FMC Devens Prison Administrative Remedy Process <u>Unavailable</u> to the Plaintiff for total exhaustion.

2.   Respectfully, in addition to the above Plaintiff's Motion for Partial Summary Judgment, the Court now has the Defendant United States' Pending Motion for Summary Judgment, under the same [Question] of the Defendant United States making the Plaintiff's FMC Devens Prison total exhaustion of Remedies <u>Unavailable</u> continuously in violation of the Federal Tort Claims Act (FTCA).

**THE DEFENDANT UNITED STATES AND PLAINTIFF BOTH CONCEDE THAT THE SUBSTANTIVE TORT LAW OF MASSACHUSETTS IS THE CONTROLLING AUTHORITY FOR THE ABOVE PENDING MOTIONS FOR SUMMARY JUDGMENT**

3.   Respectfully, on September 7, 2006 AUSA Grady, on behalf of the Defendant United States, filed his Motion for Summary Judgment against the Plaintiff regarding the Defendant United States' Denial of Access of in the Plaintiff's total exhaustion of BOP Remedies at the FMC Devens Prison.

4.  Respectfully, throughout the AUSA Grady September 7, 2006 Motion for Summary Judgment the Court will see that the [Question] presented under the FTCA must be Reviewed under the Substantive Tort Law of Massachusetts.

5.  Respectfully, the Plaintiff requests herein, that Chief Judge Wolf Order AUSA Grady to provide the Plaintiff with all of the Substantive Tort Law of Massachusetts that is unavailable at the FMC Devens Prison Law Library. The Plaintiff claims that the FMC Devens Prison Law Library has no Substantive Tort Law Books of Massachusetts. See Lewis v Casey, 518 US 343 (1996), Bounds v Smith, 52 LEd 2d 72 (1977), and Boivan v Black, 225 F3d 36 (1st cir 2000).

6.  Respectfully, the Plaintiff & Defendnat, by AUSA Grady, have both conceded to the Honorable Court that the Substantive Tort Law of Massachusetts must be Briefed and filed by the Plaintiff in the two above Pending Motions for Summary Judgment. However, the Plaintiff is deprived of his Constitutional Right of Meaningful Court Access at the FMC Devens Prison Law Library wherein, that Library contains no Substantive Tort Law Books of Massachusetts. See Lewis v Casey, 518 US 343 (1996), Bounds v Smith, 52 LEd 2d 72 (1977), and Boivan v Black, 225 F3d 36 (1st cir 2000).

**AUSA GRADY, AT PAGE 9 OF HIS MEMORANDUM FILED ON 9/7/06, STATES THAT THE GOVERNMENT CAN ENVISION NO SCENARIO UNDER MASSACHUSETTS STATE TORT LAW IN THE ABOVE TWO INSTANT PENDING MOTIONS**

7.   Respectfully, the Plaintiff submits that the [Question] under Massachusetts State Tort Law revolves around the BOP Regional Counsel, Henry J Sadowski, acting as an Attorney that Denied the Plaintiff's Access to the BOP Administrative Remedy Procedures that are Mandatory under Woodford v Ngo, S.Ct Docket #05416 (Slip Opinion decided 6/22/06).

8.   Respectfully, the Plaintiff will distinguish his Facts & Law once he is provided with the Substantive Massachusetts Tort Law Books that will discern Attorney Sadowski in the role as an Attorney for a Massachusetts State Insurance Company wherein, it would be mandatory for the Plaintiff to process his Insurance Claims through Attorney Sadowski with the Plaintiff's State of Massachusetts Insurance Carrier that provided the Plaintiff's medical coverage & benefits.

9.   Respectfully, the [Question] in front of the Honorable Chief Judge Wolf is [how] and [why] Attorney Sadowski denied & deprived the Plaintiff of his Access to the Mandatory BOP total exhaustion of Prison Remedies that was Mandated in the Supreme Court under Woodford v Ngo, Docket #05416 (Slip Opinion decided 6/22/06).

10.   Respectfully, the BOP Regional Counsel, Henry J Sadowski, stands in the role of any State Insurance Attorney who would have the Authority over the Plaintiff's filing of medical reimbursement claims with a State Insurance Carrier. In said role, Attorney Sadowski would face the Mandatory Massachusetts Insurance Regulations that demands Attorney Sadowski to process the Plaintiff's Massachusetts State Insurance Coverage Claims that would be the benefits that the Plaintiff paid for.

11. Respectfully, AUSA Grady at page 9 of his 9/7/06 Memorandum set forth that the Government can not envision any scenario regarding the above [Question] of Fact & Law under Massachusetts State Tort Law. However, AUSA Grady misstated the Grounds of [why] Attorney Sadowski would deny the Plaintiff of his Right to file the Plaintiff's Insurance Administrative Remedies for the Plaintiff's benefits under his proposed Medical Insurance Policy. The Supreme Court Ruled in Woodford v Ngo, Docket #05416 (Slip Opinion decided 6/22/06) that the BOP Remedies are to be interpreted under Administrative Law. Therefore, the Pliantiff will be able to make an on-point filing in the above two Pending Motions regarding [how] a Massachusetts State Insurance Company Attorney would face the Mandatory State Regulations in providing the Plaintiff's Access to the Massachusetts State Insurance Remedies for the Plaintiff's Medical Treatment, Coverage, and Payment of his Medical Bills.

12. Respectfully, AUSA Grady on page 9 of his Memorandum misstated the [Question] of Fact & Law regarding the above two Pending Motions. Mr Grady misstates his application of Prison Detention that has absolutely no bearing upon the Plaintiff's Access to the BOP Remedy Procedures. The issue at hand is not about custody of the Plaintiff, but the [Question] raises the Plaintiff's reliance on the Supreme Court Law in Woodford v Ngo.

**THE SUPREME COURT OF THE UNITED STATES RULED THAT THE NEW TERM STARTING IN OCTOBER 2006 WILL ADDRESS THE [QUESTION] IN THE ABOVE TWO PENDING MOTIONS**

13. Respectfully, the Supreme Court of the United States Ruled that they will decide the above [Question] of Law that will be

addressed in <u>Jones v Boch</u>, Docket #057058 (Petition for Cert Granted 3/6/06), <u>Williams v Overton</u>, and <u>Walton v Borchard</u>, Docket #057142 (Petition for Cert Granted 3/6/06). In addition, the Supreme Court said that they will Rule in the Petition for Cert in <u>Hoffenberg v Provost</u>, Docket #059989 in September 2006 this month wherein, said Petition is <u>on-point</u> with the above two Pending Motions that this Honorable Court will now Review.

**MOTION FOR EXTENSION OF TIME TO PROVIDE THE PLAINTIFF WITH THE SUBSTANTIVE MASSACHUSETTS STATE TORT LAW BOOKS, AND TO ALLOW THE SUPREME COURT TO RULE ON THE ISSUE OF LAW IN THE ABOVE TWO PENDING MOTIONS**

14.  Respectfully, the Plaintiff submits that Judicial Economy dictates that the Instant Action wherein, the above two Pending Motions presents a [Question] of Law that is now in front of the Supreme Court of the United States should be extended until the Supreme Court Rules in the above cases.

15.  Respectfully, the Honorable Chief Judge Wolf would be spending unnecessary Judicial Resources in Reviewing the above two Instant Pending Motions when the Supreme Court of the United States will Rule in this term starting October 1, 2006 on the [Question] of Law presented herein. There is <u>no</u> dispute at the Supreme Court wherein, the evolving [Question] of Law in the Exhaustion of Prison Remedies must be established for the 1,200 Federal Courts in America. See <u>Woodford v Ngo</u>, S.Ct Docket #05416 (Slip Opinion decided 6/22/06), <u>Booth v Churner</u>, 532 US 732 (2001), and <u>Porter v Nussle</u>, 534 US 516 (2002).

16. Respectfully, the Plaintiff is submitting that AUSA Grady may appreciate the consideration of the Judicial Resources that the Honorable Chief Judge Wolf would have to spend in Reviewing the above two Pending Motions. The Plaintiff submits that AUSA Grady would concede to the Honorable Chief Judge Wolf Extension of Time in Briefing the above two Pending Motions until the Supreme Court decides the [Question] of Law in <u>Jones v Boch</u>, S.Ct docket #057058 (Cert Granted 3/6/06), <u>Williams v Oveton</u>, and <u>Walton v Borchard</u>, S.Ct docket #057142 (Cert Granted 3/6/06), with <u>Hoffenberg v Provost</u>, S.Ct docket #059989.

**THE PLAINTIFF MUST BE PROVIDED, BY DEFENDANT UNITED STATES, WITH THE SUBSTANTIVE MASSACHUSETTS STATE TORT LAW BOOKS AT THE FMC DEVENS PRISON LAW LIBRARY**

17. Respectfully, the Plaintiff submits that AUSA Grady must arrange for the FMC Devens Prison Law Library to provide the Plaintiff with the Substantive Massachusetts State Tort Law Books that are Mandatory for the Plaintiff's Court Access in litigating the above two Pending Motions. <u>Lewis v Casey</u>, 518 US 343 (1996), <u>Bounds v Smith</u>, 52 LEd 2d 72 (1977), and <u>Boivan v Black</u>, 225 F3d 36 (1st cir 2000).

### CONCLUSION

Based on all the Papers filed in the Instant Action, the ProSe Prisoner Plaintiff is requesting the Honorable Chief Judge Wolf to Extend the Instant Action until the Supreme Court of the United

States Rules on the Pending [Question] of Law in this term October 2006, and in addition that AUSA Grady must provide the Plaintiff at the FMC Devens Prison Law Library with all of the Substantive Massachusetts State Tort Law Books pertaining to the above Pending Motions.

                          Respectfully Submitted,

Dated: 9/12/06  By: _____
                           Frank Barbaro
                           ProSe Plaintiff

BARBARO v UNITED STATES, ET AL
C.A. NO.: 05-40097 (MLW)

PROOF OF SERVICE

Frank Barbaro ProSe Plaintiff declares & affirms under penalty of perjury that he Served the Defendant's Counsel with the attached Plaintiff's Motion for Court Access & Extension of Time to Respond by Regular US Mail Service with the use of the FMC Devens Legal Mail System on September 12, 2006 as set forth below:

SERVED ON:
Defendant's Counsel,
AUSA Mark J. Grady
One Courthouse Way, suite 9200
Boston, MA 02210

Dated: September 12, 2006   By: _____/s/ Frank Barbaro_____
                                Frank Barbaro
                                Prison ID# 48264-053
                                FMC Devens Prison, Box 879
                                Ayer, MA 01432
                                ProSe Plaintiff