UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK BARBARO,            )<br>          Plaintiff,           )<br>                                     )<br>v.                                )<br>                                     )<br>                                     )<br>UNITED STATES OF AMERICA, )<br>DR. BHATTI, MLP KILDUFF and )<br>UNIT MGR MRS FERNANDEZ  )<br>          Defendants.          ) | CIVIL ACTION NO:<br>05-40097-MLW |

**<u>UNITED STATES' RESPONSE TO THE PLAINTIFF'S DEMAND THAT THE UNITED STATES PROVIDE A LAW LIBRARY CONTAINING ALL MASSACHUSETTS STATE LAW</u>**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby responds to the Plaintiff's request that the United States be required to provide the Plaintiff with full access to a law library containing Massachsuetts state law.

Frank Barbaro ("Barbaro"), is an inmate committed to the custody of the Federal Bureau of Prisons at FMC-Devens. He alleges violations of the Federal Tort Claims Act (against the United States) and his constitutional rights, under the theory espoused in <u>Bivens v. Six Unkown Federal Narcotics Agents</u>, 403 U.S. 388 (1971) (against the individually named defendants), arising from his claim that he has received deficient and/or negligent medical care. In the context of this mixed FTCA/Bivens action as to his medical care, Barbaro also seeks recovery under the FTCA for alleged denial of access to the Bureau of Prison's ("BOP") administrative remedy process. Barbaro has moved for summary judgment as to the claim alleging denial of access and the United States has moved to dismiss and filed a cross-motion for summary

judgment on that claim.

By way of the most recent Motion, Barbaro seeks an order of this Court compelling the United States to provide Barbaro with access to a law library containing Massachusetts state law to vindicate the " tort" claim of denial of access to the Bureau of Prison's administrative remedy process.  Since Massachusetts state tort law provides the basis for any claim under the FTCA, see 28 U.S.C. 2674, Barbaro contends that the United States is *constitutionally obligated* to furnish him with a compete library of Massachusetts law at FMC-Devens.

Putting aside that the "denial of access" claim is both frivolous and premised upon a mistake of law,[1] in Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court has unequivocally concluded that the constitutional right of access to a law library does not extend to the provision of legal materials to allow an inmate to pursue tort claims against the government.

> [P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts. . . . we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim.  Nearly all of the access-to-courts cases in the Bounds line involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated, . . . or habeas petitions. . . .we extended this universe of relevant claims only slightly, to "civil rights actions"--i.e., actions under 42 U.S.C. § 1983 to vindicate "basic constitutional rights."
> . . . .
> In other words, Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

---

[1] See United States' Motion to Dismiss and Cross-Motion for Summary Judgment, Docket # 39-41.

Lewis v. Casey, 518 U.S. 343, 351, 354-355 (1996)(citations and quotations omitted).

Admittedly, Barbaro must be granted access to a library with adequate federal law to pursue his Bivens claims (claims which seek to vindicate a constitutional right with respect to the provision of basic medical care). Massachusetts state law is, however, irrelevant to a federal constitutional claim under Bivens and Barbaro makes no complaint about the adequacy of his access to federal law to pursue his Bivens claim.[2]

Wherefore, the United States requests that Barbaro's Motion, seeking to complete the United States to provide access to a law library containing Massachusetts state law, be denied.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ Mark J. Grady
Mark J. Grady
Assistant U.S. Attorney
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3136

Dated: September 18, 2006

**Certificate of Service**

I hereby certify that on this 18th day of September 2006, I caused a copy of the foregoing Response to be served upon the Plaintiff by first class mail, addressed to, Frank Barbaro, 48264-053, FMC Devens, PO Box 879, Ayer, MA 01432.

/s/ Mark J. Grady
Mark J. Grady
Assistant U.S. Attorney

---

[2] Moreover, Barbaro seeks access to Massachusetts law for the purposes of establishing that BOP employees who have denied care may be analogized to "an attorney for a Massachusetts state insurance company" for purposes of tort liability under the FTCA. See 28 U.S.C. § 2674. Such a theory is unavailing. The United States does not provide insurance to inmates, and thus, the proposed analogy fails on its face. Moreover, insurance obligations, in any event, arise as a matter of contract rather than tort law. Massachusetts law governing the conduct of insurance companies is simply not an appropriate analog for FTCA liability.