FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432

<u>PROSE PLAINTIFF</u>

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK BARBARO, | : |
| PROSE PLAINTIFF | : C.A. NO.: 05-40097 (MLW) |
| vs. | : |
| UNITED STATES OF AMERICA ON BEHALF OF THE FEDERAL BUREAU OF PRISONS, FMC DEVENS PRISON AND | : THE HONORABLE CHIEF JUDGE MARK L. WOLF |
| INDIVIDUALLY NAMED PRISON OFFICIALS: DR BHATTI, PA KILDUFF AND UNIT MGR MRS FERNANDEZ, | : RESPONSE BY THE PROSE PLAINTIFF TO THE DEFENDANT UNITED STATES OF AMERICA FRIVOLOUS OPPOSITION DATED 9/18/06 |
| DEFENDANTS | : |

<u>RESPONSE BY THE PROSE PLAINTIFF PRISONER TO THE DEFENDANT UNITED STATES'</u>

<u>DELIBERATELY FRIVOLOUS & MISSTATED OPPOSITION DATED 9/18/06 IN THE DEFENDANT</u>

<u>UNITED STATES ATTEMPT TO DEPRIVE THE PROSE PLAINTIFF PRISONER OF HIS COURT</u>

<u>ACCESS THAT REQUIRES MASSACHUSETTS STATE LAW BOOKS THAT ARE UNAVAILABLE AT THE</u>

<u>FMC DEVENS PRISON LAW LIBRARY THEREBY DEPRIVING THE PLAINTIFF'S CONSTITUTIONAL</u>

<u>RIGHT TO LITIGATE HIS TORT CLAIMS AGAINST THE DEFENDANT UNITED STATES WHEREBY</u>

<u>THE DEFENDANT UNITED STATES' OPPOSITION DELIBERATELY VIOLATES THE SUPREME COURT</u>

<u>MANDATE IN **CARLSON v GREEN**, 64 LEd 2d 15 (1980)</u>

CONSOLIDATED ARGUMENT & DECLARATION DISTINGUISHING THE DEFENDANT UNITED STATES' 9/18/06 OPPOSITION THAT WAS DELIBERATELY FILED TO DEPRIVE THE PROSE PLAINTIFF PRISONER OF HIS CONSTITUTIONAL RIGHT OF MEANINGFUL COURT ACCESS THAT DEMANDS THE FMC DEVENS PRISON LAW LIBRARY TO PROVIDE MASSACHUSETTS STATE LAW BOOKS IN ORDER TO ALLOW THE PLAINTIFF THE RIGHT TO LITIGATE HIS CLAIMS AGAINST THE DEFENDANT UNITED STATES WHEREBY THE SUPREME COURT OF THE UNITED STATES MANDATED SAID RIGHT IN <u>CARLSON v GREEN</u>, 64 LEd 2d 15 (1980), THAT IS LINKED TO <u>BOUNDS v SMITH</u>, 52 LEd 2d 72 (1977)

## DECLARATION & AFFIRMATION

Frank Barbaro ProSe Plaintiff Prisoner hereinafter, **Plaintiff**, declares and affirms under penalty of perjury, that the Instant Filing is true.

1. Respectfully, the Honorable Court has the Plaintiff's Motion to Stop the Defendant United States' Obstructing the Plaintiff's Court Access at the FMC Devens Prison Law Library from Responding to the Defendant's Pending Motion for Summary Judgment, under the Plaintiff's Complaint Allegations for the Defendant United States' making the Plaintiff's Administrative Remedies <u>Unavailable</u> for total exhaustion that is additionally the basis of the Plaintiff's Pending Motion for Partial Summary Judgment against the Defendant United States & Motion for the Plaintiff's Extension of Time until the Honorable Chief Judge Stops the Defendant United States Obstruction of the Plaintiff's Court Access, dated 9/12/06. The foregoing Motion is requesting that the Defendant United States provide the Plaintiff with the Massachusetts State Tort Law Books at the FMC Devens Law Library that is <u>Mandatory</u> to provide the Plaintiff with Court Access. The Plaintiff must distinguish his Tort & <u>Bivens</u> Claims that are [counterparts] pursuant to the Supreme Court of the United States

-1-

Mandate under <u>Carlson v Green</u>, 64 LEd 2d 15 (1980), <u>Bounds v Smith</u>, 52 LEd 2d 72 (1977), <u>Lewis v Casey</u>, 518 US 343 (1996);

> THE SUPREME COURT OF THE UNITED STATES RULED IN <u>CARLSON v GREEN</u>, 64 LEd 2d 15 (1980) AT PAGE 24 UNDER [446 US 20] BY SETTING FORTH THE FOLLOWING:
>
> "...Furthermore, this provision should be viewed as a <u>counterpart</u> to the <u>Bivens</u> case and its progeny [sic], in that it waives the defense of sovereign immunity so as to make the Government independently liable to damages for the same type of conduct that is alleged to have occurred in <u>Bivens</u> (and for which that case imposes liability upon the individual Government Officials involved) S Rep No. 93-588 p3 (1973)(emphasis supplied)."

2.   Respectfully, the Defendant United States filed their Opposition on 9/18/06 to Deny the Plaintiff Court Access in the Plaintiff's above Motion requesting an Order providing for the Constitutional Right to Meaningful Court Access with the Massachusetts State Law Books setting forth State Tort Statutes, Commentary, and Authority Case-Law.*

**AUSA GRADY HAS REQUESTED THE HONORABLE CHIEF JUDGE WOLF TO INTERPRET THE SUPREME COURT OF THE UNITED STATES RULING IN <u>LEWIS v CASEY</u>, 518 US 343 (1996) REGARDING THE PLAINTIFF'S RIGHT TO SUE THE DEFENDANT UNITED STATES WITH THE MANDATORY USE OF THE FMC DEVENS PRISON LAW LIBRARY IN VIOLATION OF <u>CARLSON v GREEN</u>, 64 LEd 2d 15 (1980)**

3.   Respectfully, AUSA Grady states at page 2 of his 9/18/06 Pending Opposition to the Plaintiff's Right to use of the Massachusetts State Law Books at the FMC Devens Prison Law Library in order to litigate the Instant Action pursuant to the Plaintiff's Pending Tort Claims under <u>Lewis v Casey</u>, 518 US 343 (1996). Therein, AUSA Grady alleges that the Supreme Court of the United States Ruled in <u>Lewis v Casey</u> on-point in depriving & denying the Plaintiff of

---

* Wherefore, if this Instant Action were a corporate civil litigation, AUSA Grady would have already faced substantial Fed.R.Civ.P. Rule 11 Sanctions.

Prison Law Library Access to litigate 'his Instant Tort Claims. However, AUSA Grady deliberately misstated the Supreme Court of the United States Mandate under Carlson v Green, 64 LEd 2d 15 (1980) wherein, the Supreme Court [Linked] all Bivens litigations against the Defendant United States directly to all Federal Tort Claims litigations at Carlson v Green, 446 US 20.*

**AUSA GRADY DELIBERATELY MISSTATES THE LEWIS v CASEY SUPREME COURT RULING IN ORDER TO CREATE AN UNLAWFUL PROCEDURAL ADVANTAGE FOR THE DEFENDANT UNITED STATES IN VIOLATION OF CARLSON v GREEN, 446 US 20**

4.  Respectfully, Lewis v Casey particularly Ruled that the long line of cases under Bounds v Smith, 52 LEd 2d 72 (1977) provided this Plaintiff with his Constitutional Right of Court Access in order to litigate against the Government. Nowhere in Lewis v Casey did the Supreme Court of the United States state that Prisoner Tort Claim Litigation must be Denied Court Access by the Prison Officials. The Supreme Court, when Ruling in Lewis v Casey, fully understood their Mandate in Carlson v Green, 446 US 20, which AUSA Grady deliberately misstates.*

5.  Respectfully, Lewis v Casey, 135 LEd 2d, at page 617, provides the Plaintiff with the established Right to litigate all of his Prisoner Claims against the Government. The Supreme Court therein cited Bounds v Smith, 52 LEd 2d 72 (1977), Johnson v Avery, 21 LEd 2d 718 (1969), Ex-Parte Hull, 85 LEd 1034 (1941), Burns v Ohio, 3 LEd 2d 1209 (1959), Griffen v Illinois, 100 1Ed 891 (1956). Therefore, the Supreme Court of the United States Mandate in Carlson v Green, 446 US 20 is [Linked] directly to all of the foregoing established Supreme Court Rulings.

---

* Wherefore, if this Instant Action were a corporate civil litigation, AUSA Grady would have already faced substantial Fed.R.Civ.P. Rule 11 Sanctions.

**BARBARO v UNITED STATES, ET AL**
**C.A. NO.: 05-40097 (MLW)**

## PROOF OF SERVICE

    Frank Barbaro ProSe Plaintiff declares and affirms under penalty of perjury that he Served the Defendant's Counsel the attached Plainitff's <u>Response to the Defendant's 9/18/06 Opposition</u> by Regular US Mail with the use of the FMC Devens Prison Legal Mail System as set forth below:

**SERVED ON:**

AUSA Mark J. Grady
US Attorney's Office
One Courthouse Way, suite 9200
Boston, MA 02210


Dated: 9/21/06      By: _____
                                        Frank Barbaro
                                Prison ID# 48264-053
                            FMC Devens Prison, Box 879
                                 Ayer, MA 01432
                                <u>ProSe Plaintiff</u>