FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS, BOX 879
AYER, MA 01432
PROSE PLAINTIFF

FILED
IN CLERKS OFFICE

2006 NOV 17  P 12: 44

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANK BARBARO, | : | |
| PROSE PLAINTIFF | : | C.A. NO.: 05-40097 MLW |
| | : | |
| vs. | : | |
| | : | JUDGE: HONORABLE MARK L. WOLF |
| UNITED STATES OF AMERICA ON | : | |
| BEHALF OF THE FEDERAL BUREAU | : | |
| OF PRISONS FMC DEVENS PRISON | : | **OPPOSITION BY PROSE PLAINTIFF TO** |
| AND INDIVIDUALLY NAMED PRISON | : | **DEFENDANT'S MOTION FOR 14 DAY** |
| OFFICIALS: DR BHATTI, PA KILDUFF | : | **EXTENSION OF TIME TO 11/21/06** |
| & UNIT MGR MRS FERNANDEZ, | : | **TO ANSWER PROSE PLAINTIFF COMPLAINT** |
| DEFENDANTS | : | |

OPPOSITION BY PROSE PLAINTIFF TO DEFENDANT UNITED STATES' MOTION FOR

A 14 DAY EXTENSION OF TIME TO NOVEMBER 21, 2006 TO ANSWER PROSE

PLAINTIFF'S COMPLAINT WHEREIN, SAID EXTENSION OF TIME SHOULD BE 120 DAYS

TO MARCH 15, 2006 WHEREBY ALLOWING THE HONORABLE COURT TO FIRST REMEDY

THE PROSE PLAINTIFF'S DEPRIVATION OF MEANINGFUL COURT ACCESS PURSUANT TO

HIS TWO PENDING MOTIONS DATED 9/12/06 & 9/21/06

**CONSOLIDATED DECLARATION & ARGUMENT TO GRANT DEFENDANT UNITED STATES A 120 DAY EXTENSION OF TIME TO MARCH 15, 2006 TO ANSWER PROSE PLAINTIFF COMPLAINT WHEREBY ALLOWING THE HONORABLE COURT TO FIRST REMEDY THE PROSE PLAINTIFF'S DEPRIVATION OF MEANINGFUL COURT ACCESS PURSUANT TO HIS TWO PENDING MOTIONS DATED 9/12/06 & 9/21/06**

### DECLARATION & AFFIRMATION

Frank Barbaro Prose Plaintiff hereinafter, **Plaintiff**, declares and affirms under penalty of perjury that the Instant Filing is true.

**PENDING MOTIONS BY PROSE PLAINTIFF & DEFENDANT UNITED STATES FOR SUMMARY JUDGMENT BASED ON THE [QUESTION] OF LAW PURSUANT TO THE DEFENDANT UNITED STATES MAKING THE PLAINTIFF'S PROPER EXHAUSTION OF PRISON REMEDIES UNAVAILABLE CONTINUOUSLY IN VIOLATION OF THE FTCA**

1.     Respectfully, the Honorable Court now has the Prose Plaintiff's Pending Motion for Partial Summary Judgment discerning Defendant United States' Tort Negligence & Wrongful Misconduct by deception under the Plaintiff's totally exhausted FTCA Prison Remedies showing that Defendant United States made the Mandatory Proper Exhaustion of Prison Remedies Unavailable to the Plaintiff continuously in violation of the FTCA.

2.     Respectfully, the Honorable Court now has Defendant United States' Pending Motion for Summary Judgment under the same [Question] of Defendant United States making the Plaintiff's Proper Exhaustion of Prison Remedies Unavailable continuously in violation of the FTCA.

**THE PROSE PLAINTIFF & DEFENDANT UNITED STATES BOTH CONCEDE THAT THE SUBSTANTIVE TORT LAW OF MASSACHUSETTS IS THE CONTROLLING AUTHORITY FOR THE ABOVE PENDING MOTIONS FOR SUMMARY JUDGMENT**

3.     Respectfully, the Plaintiff & Defendant United States, by AUSA Grady, have both conceded to the Honorable Court that the Substantive Tort Law of Massachusetts must be Briefed and filed by the Plaintiff in

-1-

the two above Pending Motions for Summary Judgment. However, the Plaintiff is Deprived of his Constitutional Right of Meaningful Court Access at the FMC Devens Prison Law Library wherein, that Library contains <u>no</u> Substantive Tort Law Books of Massachusetts. See <u>Lewis v Casey</u>, 518 US 343 (1996), <u>Bounds v Smith</u>, 52LEd 2d 72 (1977), <u>Boivan v Black</u> 225 F3d 36 (1st cir 2000).

**PROSE PLAINTIFF'S PENDING TWO MOTIONS DATED 9/12/06 & 9/21/06 PURSUANT TO DEFENDANT UNITED STATES, BY AUSA GRADY'S OBSTRUCTING & DEPRIVING THE PROSE PLAINTIFF OF HIS RIGHT TO MEANINGFUL COURT ACCESS**

4. Respectfully, the Plaintiff's Pending 9/12/06 Motion for the Honorable Court to stop the Defendnat United States', by AUSA Grady, Obstruction and Deprivation of the Prose Prisoner Plaintiff's Right to Meaningful Court Access & Request for Extension of Time for the Supreme Court of the United States to Rule in their October 2006 Term on the [Question] of Law in the Pending Plaintiff's & Defendant's Motions for Summary Judgment, attached hereto in EXHIBIT #1, and the Prose Prisoner Plaintiff's Pending 9/21/06 Response to Defendant United States' 9/18/06 Frivolous Opposition, attached hereto in EXHIBIT #2 are both based on the Prose Prisoner Plaintiff's Deprivation of Meaningful Court Access by Defendant United States.

**PROSE PLAINTIFF REQUESTS THE HONORABLE COURT FOR 120 DAY EXTENSION OF TIME TO MARCH 15, 2007 TO ALLOW TIME TO REMEDY THE PROSE PLAINTIFF'S DEPRIVATION OF MEANINGFUL COURT ACCESS, AND FOR THE SUPREME COURT OF THE UNITED STATES TO RULE IN THIS OCTOBER 2006 TERM ON THE [QUESTION] OF LAW IN THE ABOVE PENDING MOTIONS FOR SUMMARY JUDGMENT**

5. Respectfully, the Prose Prisoner Plaintiff requests the Honorable Court to stop the Defendant United States' Obstruction & Deprivation

of the Prose Prisoner Plaintiff's Mandatory Meaningful Court Access set forth in the attached Motions in EXHIBITS #1 & #2 by instructing Defendant United States, by AUSA Grady, to provide all of the Substantive Tort Law of Massachusetts that is Unavailable at the FMC Devens Prison Law Library. The Plaintiff claims that the FMC Devens Prison Law Library has no Substantive Tort of Massachusetts Law Books. See Lewis v Casey, 518 US 343 (1996), Bounds v Smith, 52 LEd 2d 72 (1977), Boivan v Black, 225 F3d 36 (1st cir 2000).

6.    Respectfully, the Plaintiff submits that for Judicial Economy a 120 Day Extension of Time is required in the Instant Action wherein, the above two Pending Motions for Summary Judgment present a [Question] of Law that is now in front of the Supreme Court of the United States in this October 2006 Term that will be addressed in Jones v Boch, Docket #057058 (Petition for Cert Granted 3/6/06), Williams v Overton, and Walter v Borchard, Docket #057142 (Petition for Cert 3/6/06) whereby the foregoing Petitions are on-point with the Pending two Motions for Summary Judgment in the Instant Action, that this Honorable Court must Review.

## CONCLUSION

Based on all the Papers filed in  the Instant Action, the Prose Prisoner Plaintiff respectfully requests the Honorable Court to Grant a 120 Day Extension of Time for the United States to Answer the Plainitff's Complaint whereby allowing the Honorable Court to first Remedy the Obstruction & Deprivation of Mandatory Meaningful Court Access that the Prose Prisoner Plaintiff suffers by Ordering Defendant United States to provide the Prose Prisoner Plaintiff with access to Substantive Tort Massachusetts Law Books or Appointment of Counsel in the Instant Action, and further allowing the Supreme Court of the United States to Rule in this October 2006 Term on the [Question] of Law in the Pending Plaintiff & Defendant's Motions for Summary Judgment.

Respectfully Submitted,

Dated: 11/13/06     By: _Frank Barbaro_

Frank Barbaro
Prose Plaintiff

-4-

**BARBARO v UNITED STATES, ET AL**
**C.A. NO.: 05-40097 MLW**

## PROOF OF SERVICE

Frank Barbaro Prose Plaintiff declares & affirms under penalty of perjury, that he Served Defendants' Counsel with the attached Opposition to Defendant's Motion for a 14 Day Extension of Time by Allowing a 120 Day Extension by Regular US Mail with the use of the FMC Devens Prison Legal Mail System on November 13, 2006 as follows:

**SERVED ON:**

Defendant's Counsel,

AUSA Grady
US Attorney's Office
One Courthouse Way, suite 9200
Boston, MA 02210

Dated: 11/13/06    By:  _____

Frank Barbaro
Prison ID# 48264-053
FMC Devens Prison, Box 879
Ayer, MA 01432
Prose Plaintiff

FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432

EXHIBIT #1

PROSE PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK BARBARO,          :
                        :
PROSE PLAINTIFF         :          C.A. NO.: 05-40097 (MLW)
                        :
vs.                     :
                        :
UNITED STATES OF AMERICA ON   :  THE HONORABLE CHIEF JUDGE, MARK L. WOLF
BEHALF OF THE FEDERAL BUREAU  :
OF PRISONS, FMC DEVENS PRISON :
          AND                 :
INDIVIDUALLY NAMED PRISON     :
OFFICIALS: DR BHATTI, PA KILDUFF :
& UNIT MGR MRS FERNANDEZ,     :
                              :
DEFENDANTS                    :

MOTION BY THE PROSE PLAINTIFF REQUESTING CHIEF JUDGE WOLF TO ORDER THE DEFENDANT

UNITED STATES TO STOP OBSTRUCTING THE PLAINTIFF'S COURT ACCESS AT THE FMC DEVENS

PRISON LAW LIBRARY FROM RESPONDING TO THE DEFENDANT'S PENDING MOTION FOR

SUMMMARY JUDGMENT, UNDER THE PLAINTIFF'S COMPLAINT ALLEGATIONS FOR THE DEFENDANT

UNITED STATES' MAKING THE PLAINTIFF'S ADMINISTRATIVE REMEDIES UNAVAILABLE FOR

TOTAL EXHAUSTION THAT ADDITIONALLY IS THE BASIS OF THE PLAINTIFF'S PENDING

MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE DEFENDANT UNITED STATES

**AND**

MOTION FOR THE PLAINTIFF'S EXTENSION OF TIME UNTIL CHIEF JUDGE WOLF STOPS THE

DEFENDANT UNITED STATES' OBSTRUCTION OF THE PLAINTIFF'S COURT ACCESS IN THE

PLAINTIFF & DEFENDANT'S PENDING MOTIONS FOR SUMMARY JUDGMENT PERTAINING TO THE

DEFENDANT'S DENIAL & MAKING THE PRISON REMEDY PROCEDURES UNAVAILABLE TO THE

PLAINTIFF

[A]   CONSOLIDATED MOTION, DECLARATION & ARGUMENT REQUESTING CHIEF JUDGE WOLF TO ORDER THE DEFENDANT UNITED STATES TO STOP THE DENIAL OF THE PLAINTIFF'S COURT ACCESS AT THE FMC DEVENS PRISON LAW LIBRARY WHEREIN, NO MASSACHUSETTS LAW BOOKS ARE AVAILABLE TO THE   PROSE PRISONER PLAINTIFF IN ORDER TO RESPOND TO THE DEFENDANT'S PENDING MOTION FOR SUMMARY JUDGMENT UNDER THE [QUESTION] OF THE DEFENDANT UNITED STATES' MAKING THE PLAINTIFF'S PRISON REMEDY PROCEDURES UNAVAILABLE FOR TOTAL EXHAUSTION THAT IS IN ADDITION TO THE PLAINTIFF'S OBSTRUCTED COURT ACCESS BY THE DEFENDANT UNITED STATES WHEREIN, THE PROSE PRISONER PLAINTIFF IS UNABLE TO FILE HIS RESPONSE TO THE DEFENDANT'S OPPOSITION TO THE PLAINTIFF'S PENDING MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE DEFENDANT UNITED STATES FOR MAKING THE PLAINTIFF'S PRISON REMEDY PROCEDURES UNAVAILABLE FOR TOTAL EXHAUSTION

### AND

[B]   MOTION FOR EXTENSION OF TIME WHEREIN, THE PROSE PRISONER PLAINTIFF REQUIRES CHIEF JUDGE WOLF TO ORDER COURT ACCESS THAT HAS BEEN DEPRIVED THE PLAINTIFF BY DEFENDANT UNITED STATES IN BOTH THE PLAINTIFF'S AND DEFENDANT'S PENDING MOTIONS FOR SUMMARY JUDGMENT UNDER THE DEFENDANT UNITED STATES' DENIAL OF THE PLAINTIFF'S EXHAUSTION OF PRISON REMEDIES THAT WERE MADE UNAVAILABLE WHEREBY THE FMC DEVENS PRISON LAW LIBRARY CONTAINS NO MASSACHUSETTS STATE LAW BOOKS THAT ARE MANDATORY FOR THE PLAINTIFF'S PREPARATION OF THE ABOVE FILINGS DISCERNING THE SUBSTANTIVE TORT LAW OF MASSACHUSETTS THAT IS AT THE [HEART] OF BOTH ABOVE PENDING MOTIONS

### DECLARATION & AFFIRMATION

Frank Barbaro ProSe Prisoner Plaintiff hereinafter, **Plaintiff**, declares and affirms under penalty of perjury, that the Instant Filing is true.

-1-

**MOTION FOR EXTENSION OF TIME BY THE PROSE PRISONER PLAINTIFF, AND MOTION FOR AN ORDER BY CHIEF JUDGE WOLF PROVIDING THE PLAINTIFF'S MANDATORY FMC DEVENS LAW LIBRARY COURT ACCESS WITH THE USE OF MASSACHUSETTS SUBSTANTIVE TORT LAW AUTHORITY, STATUTES, AND ANY OTHER REQUIRED STATE OF MASSACHUSETTS LAW BOOKS**

1.     Respectfully, the Honorable Court now has the Plaintiff's Motion for Partial Summary Judgment discerning the Defendant United States Tort Negligence & Wrongful Misconduct by deception, under the Plaintiff's totally exhausted Federal Tort Claims Administrative Remedies, showing that the Defendant United States made the FMC Devens Prison Administrative Remedy Process Unavailable to the Plaintiff for total exhaustion.

2.     Respectfully, in addition to the above Plaintiff's Motion for Partial Summary Judgment, the Court now has the Defendant United States' Pending Motion for Summary Judgment, under the same [Question] of the Defendant United States making the Plaintiff's FMC Devens Prison total exhaustion of Remedies Unavailable continuously in violation of the Federal Tort Claims Act (FTCA).

**THE DEFENDANT UNITED STATES AND PLAINTIFF BOTH CONCEDE THAT THE SUBSTANTIVE TORT LAW OF MASSACHUSETTS IS THE CONTROLLING AUTHORITY FOR THE ABOVE PENDING MOTIONS FOR SUMMARY JUDGMENT**

3.     Respectfully, on September 7, 2006 AUSA Grady, on behalf of the Defendant United States, filed his Motion for Summary Judgment against the Plaintiff regarding the Defendant United States' Denial of Access of in the Plaintiff's total exhaustion of BOP Remedies at the FMC Devens Prison.

4.     Respectfully, throughout the AUSA Grady September 7, 2006
Motion for Summary Judgment the Court will see that the [Question]
presented under the FTCA must be Reviewed under the Substantive Tort
Law of Massachusetts.

5.     Respectfully, the Plaintiff requests herein, that Chief Judge
Wolf Order AUSA Grady to provide the Plaintiff with all of the
Substantive Tort Law of Massachusetts that is unavailable at the FMC
Devens Prison Law Library. The Plaintiff claims that the FMC  Devens
Prison  Law  Library  has  no  Substantive  Tort  Law  Books  of
Massachusetts. See Lewis v Casey,518 US 343 (1996), Bounds v Smith,
52 LEd 2d 72 (1977), and Boivan v Black, 225 F3d 36 (1st cir 2000).

6.     Respectfully, the Plaintiff & Defendnat, by AUSA Grady, have
both conceded to the Honorable Court that the Substantive Tort Law
of Massachusetts must be Briefed and filed by the Plaintiff in the
two  above  Pending  Motions  for  Summary  Judgment.  However,  the
Plaintiff is deprived of his Constitutional Right of Meaningful Court
Access at the  FMC Devens Prison Law Library wherein, that Library
contains no Substantive Tort Law Books of Massachusetts. See Lewis v
Casey, 518 US 343 (1996), Bounds v Smith, 52 LEd 2d 72 (1977), and
Boivan v Black, 225 F3d 36 (1st cir 2000).

-3-

**AUSA GRADY, AT PAGE 9 OF HIS MEMORANDUM FILED ON 9/7/06, STATES THAT THE GOVERNMENT CAN ENVISION NO SCENARIO UNDER MASSACHUSETTS STATE TORT LAW IN THE ABOVE TWO INSTANT PENDING MOTIONS**

7.    Respectfully, the Plaintiff submits that the [Question] under Massachusetts State Tort Law revolves around the BOP Regional Counsel, Henry J Sadowski, acting as an Attorney that Denied the Plaintiff's Access to the BOP Administrative Remedy Procedures that are Mandatory under Woodford v Ngo, S.Ct Docket #05416 (Slip Opinion decided 6/22/06).

8.    Respectfully, the Plaintiff will distinguish his Facts & Law once he is provided with the Substantive Massachusetts Tort Law Books that will   discern Attorney Sadowski   in the role as an Attorney for a Massachusetts State Insurance Company wherein, it would be mandatory for the Plaintiff to process his Insurance Claims through Attorney Sadowski with the Plaintiff's State of Massachusetts Insurance Carrier that provided the Plaintiff's medical coverage & benefits.

9.    Respectfully, the [Question] in front of the Honorable Chief Judge Wolf is [how] and [why] Attorney Sadowski denied & deprived the Plaintiff of his Access to the Mandatory BOP total exhaustion of Prison Remedies that was Mandated in the Supreme Court under Woodford v Ngo, Docket #05416 (Slip Opinion decided 6/22/06).

10.   Respectfully, the BOP Regional Counsel, Henry J Sadowski, stands in the role of any State Insurance Attorney who would have the Authority over the Plaintiff's filing of medical reimbursement claims with a State Insurance Carrier. In said role, Attorney Sadowski would face the Mandatory Massachusetts Insurance Regulations that demands Attorney Sadowski to process the Plaintiff's Massachusetts State Insurance Coverage Claims that would be the benefits that the Plaintiff paid for.

-4-

11.   Respectfully, AUSA Grady at page 9 of his 9/7/06 Memorandum set forth that the Government can not envision any scenario regarding the above [Question] of Fact & Law under Massachusetts State Tort Law. However, AUSA Grady misstated the Grounds of [why] Attorney Sadowski would deny the Plaintiff of his Right to file the Plaintiff's Insurance Administrative Remedies for the Plaintiff's benefits under his proposed Medical Insurance Policy. The Supreme Court Ruled in Woodford v Ngo, Docket #05416 (Slip Opinion decided 6/22/06) that the BOP Remedies are to be interpreted under Administrative Law. Therefore, the Pliantiff will be able to make an on-point filing in the above two Pending Motions regarding [how] a Massachusetts State Insurance Company Attorney would face the Mandatory State Regulations in providing the Plaintiff's Access to the Massachusetts State Insurance Remedies for the Plaintiff's Medical Treatment, Coverage, and Payment of his Medical Bills.

12.   Respectfully, AUSA Grady on page 9 of his Memorandum misstated the [Question] of Fact & Law regarding the above two Pending Motions. Mr Grady misstates his application of Prison Detention that has absolutely no bearing upon the Plaintiff's Access to the BOP Remedy Procedures. The issue at hand is not about custody of the Plaintiff, but the [Question] raises the Plaintiff's reliance on the Supreme Court Law in Woodford v Ngo.

**THE SUPREME COURT OF THE UNITED STATES RULED THAT THE NEW TERM STARTING IN OCTOBER 2006 WILL ADDRESS THE [QUESTION] IN THE ABOVE TWO PENDING MOTIONS**

13.   Respectfully, the Supreme Court of the United States Ruled that they will decide the above [Question] of Law that will be

addressed in <u>Jones v Boch</u>, Docket #057058 (Petition for Cert Granted 3/6/06), <u>Williams v Overton</u>, and <u>Walton v Borchard</u>, Docket #057142 (Petition for Cert Granted 3/6/06). In addition, the Supreme Court said that they will Rule in the Petition for Cert in <u>Hoffenberg v Provost</u>, Docket #059989 in September 2006 this month wherein, said Petition is <u>on-point</u> with the above two Pending Motions that this Honorable Court will now Review.

**MOTION FOR EXTENSION OF TIME TO PROVIDE THE PLAINTIFF WITH THE SUBSTANTIVE MASSACHUSETTS STATE TORT LAW BOOKS, AND TO ALLOW THE SUPREME COURT TO RULE ON THE ISSUE OF LAW IN THE ABOVE TWO PENDING MOTIONS**

14.     Respectfully, the Plaintiff submits that Judicial Economy dictates that the Instant Action wherein, the above two Pending Motions presents a [Question] of Law that is now in front of the Supreme Court of the United States should be extended until the Supreme Court Rules in the above cases.

15.     Respectfully, the Honorable Chief Judge Wolf would be spending unnecessary Judicial Resources in Reviewing the above two Instant Pending Motions when the Supreme Court of the United States will Rule in this term starting October 1, 2006 on the [Question] of Law presented herein. There is <u>no</u> dispute at the Supreme Court wherein, the evolving [Question] of Law in the Exhaustion of Prison Remedies must be established for the 1,200 Federal Courts in America. See <u>Woodford v Ngo</u>, S.Ct Docket #05416 (Slip Opinion decided 6/22/06), <u>Booth v Churner</u>, 532 US 732 (2001), and <u>Porter v Nussle</u>, 534 US 516 (2002).

-6-

16.   Respectfully, the Plaintiff is submitting that AUSA Grady may appreciate the consideration of the Judicial Resources that the Honorable Chief Judge Wolf would have to spend in Reviewing the above two Pending Motions. The Plaintiff submits that AUSA Grady would concede to the Honorable Chief Judge Wolf Extension of Time in Briefing the above two Pending Motions until the Supreme Court decides the [Question] of Law in Jones v Boch, S.Ct docket #057058 (Cert Granted 3/6/06), Williams v Oveton, and Walton v Borchard, S.Ct docket #057142 (Cert Granted 3/6/06), with Hoffenberg v Provost, S.Ct docket #059989.

**THE PLAINTIFF MUST BE PROVIDED, BY DEFENDANT UNITED STATES, WITH THE SUBSTANTIVE MASSACHUSETTS STATE TORT LAW BOOKS AT THE FMC DEVENS PRISON LAW LIBRARY**

17.   Respectfully, the Plaintiff submits that AUSA Grady must arrange for the FMC Devens Prison Law Library to provide the Plaintiff with the Substantive Massachusetts State Tort Law Books that are Mandatory for the Plaintiff's Court Access in litigating the above two Pending Motions. Lewis v Casey, 518 US 343 (1996), Bounds v Smith, 52 LEd 2d 72 (1977), and Boivan v Black, 225 F3d 36 (1st cir 2000).

## CONCLUSION

Based on all the Papers filed in the Instant Action, the ProSe Prisoner Plaintiff is requesting the Honorable Chief Judge Wolf to Extend the Instant Action until the Supreme Court of the United

States Rules on the Pending [Question] of Law in this term October
2006, and  in addition that AUSA Grady must provide the Plaintiff at
the FMC   Devens   Prison Law Library with all of the Substantive
Massachusetts State Tort Law Books pertaining to the above Pending
Motions.

Respectfully Submitted,

Dated: 9/12/06   By: _____

Frank Barbaro
ProSe Plaintiff

.FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
.AYER, MA 01432

*EXHIBIT #2*

PROSE PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK BARBARO, | : |
| PROSE PLAINTIFF | :     C.A. NO.: 05-40097 (MLW) |
| vs. | : |
| UNITED STATES OF AMERICA ON BEHALF OF THE FEDERAL BUREAU OF PRISONS, FMC DEVENS PRISON AND | :   THE HONORABLE CHIEF JUDGE MARK L. WOLF |
| INDIVIDUALLY NAMED PRISON OFFICIALS: DR BHATTI, PA KILDUFF AND UNIT MGR MRS FERNANDEZ, | :   RESPONSE BY THE PROSE PLAINTIFF : TO THE DEFENDANT UNITED STATES OF AMERICA : FRIVOLOUS OPPOSITION DATED 9/18/06 |
| DEFENDANTS | : |

RESPONSE BY THE PROSE PLAINTIFF PRISONER TO THE DEFENDANT UNITED STATES'

DELIBERATELY FRIVOLOUS & MISSTATED OPPOSITION DATED 9/18/06 IN THE DEFENDANT

UNITED STATES ATTEMPT TO DEPRIVE THE PROSE PLAINTIFF PRISONER OF HIS COURT

ACCESS THAT REQUIRES MASSACHUSETTS STATE LAW BOOKS THAT ARE UNAVAILABLE AT THE

FMC DEVENS PRISON LAW LIBRARY THEREBY DEPRIVING THE PLAINTIFF'S CONSTITUTIONAL

RIGHT TO LITIGATE HIS TORT CLAIMS AGAINST THE DEFENDANT UNITED STATES WHEREBY

THE DEFENDANT UNITED STATES' OPPOSITION DELIBERATELY VIOLATES THE SUPREME COURT

MANDATE IN **CARLSON v GREEN,** 64 LEd 2d 15 (1980)

**CONSOLIDATED ARGUMENT & DECLARATION DISTINGUISHING THE DEFENDANT UNITED STATES' 9/18/06 OPPOSITION THAT WAS DELIBERATELY FILED TO DEPRIVE THE PROSE PLAINTIFF PRISONER OF HIS CONSTITUTIONAL RIGHT OF MEANINGFUL COURT ACCESS THAT DEMANDS THE FMC DEVENS PRISON LAW LIBRARY TO PROVIDE MASSACHUSETTS STATE LAW BOOKS IN ORDER TO ALLOW THE PLAINTIFF THE RIGHT TO LITIGATE HIS CLAIMS AGAINST THE DEFENDANT UNITED STATES WHEREBY THE SUPREME COURT OF THE UNITED STATES MANDATED SAID RIGHT IN CARLSON v GREEN, 64 LEd 2d 15 (1980), THAT IS LINKED TO BOUNDS v SMITH, 52 LEd 2d 72 (1977)**

## DECLARATION & AFFIRMATION

Frank Barbaro ProSe Plaintiff Prisoner hereinafter, **Plaintiff**, declares and affirms under penalty of perjury, that the Instant Filing is true.

1.    Respectfully, the Honorable Court has the Plaintiff's Motion to Stop the Defendant United States' Obstructing the Plaintiff's Court Access at the FMC Devens Prison Law Library from Responding to the Defendant's Pending Motion for Summary Judgment, under the Plaintiff's Complaint Allegations for the Defendant United States' making the Plaintiff's Administrative Remedies Unavailable for total exhaustion that is additionally the basis of the Plaintiff's Pending Motion for Partial Summary Judgment against the Defendant United States & Motion for the Plaintiff's Extension of Time until the Honorable Chief Judge Stops the Defendant United States Obstruction of the Plaintiff's Court Access, dated 9/12/06. The foregoing Motion is requesting that the Defendant United States provide the Plaintiff with the Massachusetts State Tort Law Books at the FMC Devens Law Library that is Mandatory to provide the Plaintiff with Court Access. The Plaintiff must distinguish his Tort & Bivens Claims that are ⌊counterparts⌋ pursuant to the Supreme Court of the United States

-1-

Mandate under <u>Carlson v Green</u>, 64 LEd 2d 15 (1980), <u>Bounds v Smith</u>, 52 LEd 2d 72 (1977), <u>Lewis v Casey</u>, 518 US 343 (1996);

**THE SUPREME COURT OF THE UNITED STATES RULED IN <u>CARLSON v GREEN</u>, 64 LEd 2d 15 (1980) AT PAGE 24 UNDER |446 US 20] BY SETTING FORTH THE FOLLOWING:**

"...Furthermore, this provision should be viewed as a counterpart to the <u>Bivens</u> case and its progenty [sic], in that it waives the defense of sovereign immunity so as to make the Government independently liable to damages for the same type of conduct that is alleged to have occurred in <u>Bivens</u> (and for which that case imposes liability upon the individual Government Officials involved) S Rep No. 93-588 p3 (1973)(emphasis supplied)."

2. Respectfully, the Defendant United States filed their Opposition on 9/18/06 to Deny the Plaintiff Court Access in the Plaintiff's above Motion requesting an Order providing for the Constitutional Right to Meaningful Court Access with the Massachusetts State Law Books setting forth State Tort Statutes, Commentary, and Authority Case-Law.*

**AUSA GRADY HAS REQUESTED THE HONORABLE CHIEF JUDGE WOLF TO INTERPRET THE SUPREME COURT OF THE UNITED STATES RULING IN <u>LEWIS v CASEY</u>, 518 US 343 (1996) REGARDING THE PLAINTIFF'S RIGHT TO SUE THE DEFENDANT UNITED STATES WITH THE MANDATORY USE OF THE FMC DEVENS PRISON LAW LIBRARY IN VIOLATION OF <u>CARLSON v GREEN</u>, 64 LEd 2d 15 (1980)**

3. Respectfully, AUSA Grady states at page 2 of his 9/18/06 Pending Opposition to the Plaintiff's Right to use of the Massachusetts State Law Books at the FMC Devens Prison Law Library in order to litigate the Instant Action pursuant to the Plaintiff's Pending Tort Claims under <u>Lewis v Casey</u>, 518 US 343 (1996). Therein, AUSA Grady alleges that the Supreme Court of the United States Ruled in <u>Lewis v Casey</u> on-point in depriving & denying the Plaintiff of

---

* Wherefore, if this Instant Action were a corporate civil litigation, AUSA Grady would have already faced substantial Fed.R.Civ.P. Rule 11 Sanctions.

Prison Law Library Access to litigate his Instant Tort Claims. However, AUSA Grady deliberately misstated the Supreme Court of the United States Mandate under Carlson v Green, 64 LEd 2d 15 (1980) wherein, the Supreme Court [Linked] all Bivens litigations against the Defendant United States directly to all Federal Tort Claims litigations at Carlson v Green, 446 US 20.*

**AUSA GRADY DELIBERATELY MISSTATES THE LEWIS v CASEY SUPREME COURT RULING IN ORDER TO CREATE AN UNLAWFUL PROCEDURAL ADVANTAGE FOR THE DEFENDANT UNITED STATES IN VIOLATION OF CARLSON v GREEN, 446 US 20**

4.     Respectfully, Lewis v Casey particularly Ruled that the long line of cases under Bounds v Smith, 52 LEd 2d 72 (1977) provided this Plaintiff with his Constitutional Right of Court Access in order to litigate against the Government. Nowhere in Lewis v Casey did the Supreme Court of the United States state that Prisoner Tort Claim Litigation must be Denied Court Access by the Prison Officials. The Supreme Court, when Ruling in Lewis v Casey, fully understood their Mandate in Carlson v Green, 446 US 20, which AUSA Grady deliberately misstates.*

5.     Respectfully, Lewis v Casey, 135 LEd 2d, at page 617, provides the Plaintiff with the established Right to litigate all of his Prisoner Claims against the Government. The Supreme Court therein cited Bounds v Smith, 52 LEd 2d 72 (1977), Johnson v Avery, 21 LEd 2d 718 (1969), Ex-Parte Hull, 85 LEd 1034 (1941), Burns v Ohio, 3 LEd 2d 1209 (1959), Griffen v Illinois, 100 1Ed 891 (1956). Therefore, the Supreme Court of the United States Mandate in Carlson v Green, 446 US 20 is [Linked] directly to all of the foregoing established Supreme Court Rulings.

---

* Wherefore, if this Instant Action were a corporate civil litigation, AUSA Grady would have already faced substantial Fed.R.Civ.P. Rule 11 Sanctions.

6.   Respectfully, the Supreme Court of the United States has continuously Ruled in each and every one of their Prisoner Court Access Mandates that the Plaintiff now has a Constitutional Right of Meaningful Court Access to litigate against the Government. That Constitutional Right has no restriction or limitations that withholds the Plaintiff's Court Access in litigating his Instant Tort Claims. Furthermore, the Supreme Court of the United States in Carlson v Green, 446 US 20 directly linked this Plaintiff's Tort & Bivens litigations that is now Unlawfully Attacked by AUSA Grady.*

**THE HONORABLE COURT SHOULD REPRIMAND AUSA GRADY FOR WASTING THE CHIEF JUDGE'S JUDICIAL RESOURCES IN REVIEWING THE DELIBERATELY FICTITIOUS 9/18/06 OPPOSITION THAT WILLFULLY MISSTATES THE ESTABLISHED SUPREME COURT RULINGS IN LEWIS v CASEY, 518 US 343 (1996) & CARLSON v Green, 446 US 20 (1980)**

7.   Respectfully, AUSA Grady has now taken a substantially "low road" in wasting the Chief Judge's Judicial Resources by the filing of the 9/18/06 Frivolous Opposition. It is absurd for the Honorable Chief Judge to spend his valuable time in Reviewing AUSA Grady's deliberately    Frivolous    Filings.    The    Plaintiff    has    an Absolute Meaningful Constitutional Right to litigate his Instant Tort Claims. The First Circuit has continuously Ruled by ratifying the Supreme Court Holding in Lewis v Casey, 518 US 343 (1996). See Boivan v Black, 225 F3d 36 (1st cir 2000), and Carlson v Green, 446 US 20 (1980).*

_____

* Wherefore, if this Instant Action were a corporate civil litigation, AUSA Grady would have already faced substantial Fed.R.Civ.P. Rule 11 Sanctions.

-4-

THE HONORABLE CHIEF JUDGE SHOULD EXTEND THE TIME TO FILE FURTHER
PLEADINGS IN THE PLAINTIFF'S TORT ALLEGATIONS' PENDING MOTIONS FOR
SUMMARY JUDGMENT UNTIL THE SUPREME COURT OF THE UNITED STATES RULES
IN THE OCTOBER 2006 TERM UNDER JONES v BOCH, S.CT DOCKET #057058
(CERT GRANTED 3/6/06), WILLAIMS v OVETON & WALTON v BOUCHARD S.CT
DOCKET #057142 (CERT GRANTED 3/6/06), WITH HOFFENBERG v PROVOST, S.CT
DOCKET #059989

8.     Respectfully, the Honorable Chief Judge is now wasting his
Judicial  Resources  with  entertaining  the  AUSA  Grady  Frivolous
Pleadings. The Supreme Court of the United States will resolve in the
October 2006 Term the basis of all administrative remedies pertaining
to Prisoners and Prison Officials' litigations. That Ruling will be
directly linked to the Instant Motion for Partial Summary Judgment
pertaining to the Plaintiff's completed Tort Claim administrative
remedies. Therefore, the Honorable Chief Judge may simply wait to
allow the Supreme Court of the United States to Rule on their above
cases.

## CONCLUSION

Based on all the Papers filed in the Instant Action, the ProSe
Plaintiff is respectfully requesting the Honorable Court to Order
that the FMC Devens Prison Law Library must provide the Plaintiff
with the Mandatory Massachusetts State Tort Law Books that will be
used by the Plaintiff to distinguish his Pending Arguments in the
Instant Motion for Partial Summary Judgment. Should the Honorable
Court decide to Extend the Briefing Time in the Instant Tort Motion
until the Supreme Court Rules on the above Administrative Remedy
Cases that are under Review in this Term, then the Plaintiff is
simply requesting the Court's Briefing Schedule at a later date which
will include the use of Massachusetts State Tort Law Books at the FMC
Devens Prison Law Library in allowing the Plaintiff to litigate the
Instant Motion for Partial Summary Judgment. Furthermore, the Chief
Judge should now Reprimand AUSA Grady in order to stop his
Frivolous Filing of unnecessary Pleadings that are deliberately
wasting the Honorable Chief Judge's Judicial Resources, and thereby
providing no assistance to AUSA Grady's client, the United States of
America.*

Respectfully Submitted,

Dated: 9/21/06      By: _Frank Barbaro_

Frank Barbaro
ProSe Plaintiff

* Wherefore, if this Instant Action were a corporate civil litigation
AUSA Grady would have already faced substantial Fed.R.Civ.P. Rule 11 Sanctions.