UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK BARBARO         ) | |
|     Plaintiff,      ) | |
|                             ) | |
|     v.           ) | C.A. No. 05-40097-MLW |
|                             ) | |
| UNITED STATES OF AMERICA, ON  ) | |
| BEHALF OF THE FEDERAL BUREAU OF ) | |
| PRISONS, ET AL.,      ) | |
|     Defendants.     ) | |

ORDER
=====

WOLF, D.J.                                           December 6, 2006

    Pro se plaintiff, Frank Barbaro ("Barbaro"), is an inmate committed to the custody of the Federal Bureau of Prisons at FMC-Devens. He alleges that FMC-Devens has delivered deficient and/or negligent medical care, and has filed suit against the United States under the theory of Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Barbaro also seeks recovery under the Federal Tort Claims Act ("FTCA") for alleged denial of access to the Bureau of Prison's ("BOP") administrative remedy process.

    In the instant motion, Barbaro seeks summary judgment on his claim of denial of access to the BOP's administrative remedy process. The United States, on behalf of FMC-Devens, opposes the motion and seeks dismissal of Barbaro's denial of access claim. For the reasons discussed below, Barbaro's motion for summary judgment is being denied and defendant's motion to dismiss Barbaro's denial of access claim is being allowed.

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before seeking relief in federal court. 42 U.S.C. § 1997e(a); <u>Woodford v. Ngo</u>, 126 S. Ct. 2378, 2382 (2006).  The BOP has established a four-step administrative process for resolution of inmate grievances. <u>See</u> 28 C.F.R. §§542.10, <u>et seq</u>.  According to these regulations, an inmate seeking redress must first, within twenty days of the event giving rise to the grievance, present the issue informally to prison staff, who, in turn, must attempt to resolve the issue. <u>Id.</u> at §542.13.  The requirements of this informal process, are established by Program Statement.  <u>See</u> Program Statement 1330.13 (Administrative Remedy Program), available at www.bop.gov. Prison staff are to make good faith efforts to resolve an inmate's concerns informally within three business days, although they may take longer if there is an ongoing good faith effort to resolve the inmate's concerns.  <u>See</u> <u>id.</u> at 1330.13F.

An inmate dissatisfied with the informal response may file a formal complaint with the Warden.  28 C.F.R. at 542.14.  Should the Warden issue an unsatisfactory response, the inmate may appeal to the Regional Director within 20 calendar days of the Warden's issuing the response.  <u>Id.</u> at 542.15(a).  Finally, the inmate can appeal the Regional Director's decision to the General Counsel within 30 calendar days of the date the Regional Director issues a response.  <u>Id.</u>  The grievance process is not deemed

2

"exhausted" until the General Counsel denies an inmate's appeal. See id. at 542.15.

Barbaro alleges that the staff at FMC-Devens have refused to answer his informal complaints, preventing him from filing formal complaints with the Warden and exhausting administrative remedies. See Docket No. 31. However, BOP regulations indicate that an inmate presenting an informal grievance who has not received a response within the allotted 20 days "may consider the absence of a response to be a denial at that level." Id. at 542.18. Thus, having allegedly received no response, BOP regulations expressly provide that Barbaro could proceed to the next level of the administrative process--filing a formal complaint with the Warden. Therefore, Barbaro has not exhausted his administrative remedies. See Woodford, 126 S. Ct. at 2385 ("proper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly.") (citation omitted).

Accordingly, it is hereby ORDERED:

1. Barbaro's partial motion for summary judgment (Docket No. 31) is DENIED.

2. Defendant's Motion to Dismiss (Docket No. 39) is ALLOWED.

3. Barbaro's claim of denial of access to the administrative remedy process is DISMISSED without prejudice for

failure to exhaust administrative remedies.

                                                                         /s/   MARK L. WOLF
                                                                   UNITED STATES DISTRICT JUDGE