FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432
PROSE PLAINTIFF



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANK BARBARO, | : | |
| PROSE PLAINTIFF | : | CASE NO.: 05-40097 (MLW) |
| vs | : | |
| | : | THE HONORABLE MARK L. WOLF |
| UNITED STATES OF AMERICA, | : | US DISTRICT COURT CHIEF JUDGE |
| DR BHATTI, MLP KILDUFF & | : | |
| MRS FERNANDEZ, | : | **MOTION FOR CLARIFICATION OF THE** |
| DEFENDANTS | : | **COURT'S JANUARY 10, 2007 ORDER** |

MOTION BY THE PROSE PRISONER PLAINTIFF REQUESTING THE HONORABLE CHIEF JUDGE, MARK L. WOLF, TO **CLARIFY** THE COURT'S 1/10/07 ORDER WHICH STATES THAT THE COURT ISSUED THEIR **ERRONEOUS ORDER** ON 12/6/06 THAT DISMISSED THE PLAINTIFF'S CLAIMS OF DENIAL OF ACCESS TO THE BUREAU OF PRISONS (BOP) ADMINISTRATIVE REMEDY PROCESS WHEREBY THE PLAINTIFF **DID** TOTALLY EXHAUST HIS FEDERAL TORT CLAIMS ACT FOR SAID ALLEGATION, IN ADDITION TO THE PLAINTIFF'S TOTAL EXHAUSTION OF BOP "SENSITIVE" ADMINISTRATIVE REMEDY CLAIMS FOR THE SAME ALLEGATIONS WHEREIN SETTING FORTH THAT THE FMC DEVENS PRISON OFFICIALS DELIBERATELY PREVENTED THE PLAINTIFF'S EXHAUSTION OF REMEDIES AND DENIED THE PLAINTIFF HIS RIGHT OF EXHAUSTION OF REMEDIES, IN ORDER TO STOP THE PRISON OFFICIALS FROM OBSTRUCTING THE PLAINTIFF'S TOTAL EXHAUSTION OF REMEDIES UNDER THAT **ONE LEGAL POINT**, AND NOT THE MEDICAL REMEDIES THAT THE PLAINTIFF DID COMPLETE PROPER TOTAL EXHAUSTION

CONSOLIDATED MOTION, DECLARATION, MEMORANDUM & ARGUMENT REQUESTING THE HONORABLE CHIEF JUDGE, MARK L. WOLF, TO CLARIFY THE COURT'S 1/10/07 ORDER WHICH RULED THAT THE COURT'S 12/6/06 ORDER WAS ERRONEOUSLY ISSUED

## DECLARATION & AFFIRMATION

Frank Barbaro Prose Prisoner Plaintiff hereinafter, **Plaintiff**, declares and affirms under penalty of perjury that the Instant Filing is true.

1.   Respectfully, on 1/10/07 the Honorable Mark L. Wolf issued his Order that Re-Opened the Instant Action, and set forth that the Court had Erroneously Entered the 12/6/06 Order regarding the Denial of Access to the Administrative Remedy Process.

2.   Respectfully, for the benefit of saving Judicial Time, the Honorable Court is familiar with the history of the Plaintiff's Motion for Partial Summary Judgment in Court's Docket #31 with the Defendant's Motion to Dismiss Plaintiff's Partial Summary Judgment in Court's Docket #'s 39 & 40. The Plaintiff is respectfully requesting the Honorable Court to Review all of the Motions for Partial Summary Judgment under the consolidated weight that is submitted under well-settled First Circuit & Supreme Court Law mandating Meaningful Court Access to prisoners.

3.   Respectfully, the Supreme Court Ruled in Woodford v Ngo, 165 LEd.2d 368 (2006) that the prisoner's proper exhaustion of administrative remedies provided a "Substantial Useful Record" when the remedy allegations were filed in Federal Court as a Prisoner Lawsuit. The foregoing Opinion stated that Prison Institutions should provide prisoners with meaningful opportunity to raise meritorious grievances. The Defendant United States by Mrs Fernandez, Mr Quiles, and Mr Sadowski made a majority of the Plaintiff's prison remedies unavailable for Exhaustion in direct violation of the Supreme Court Mandate in Woodford v Ngo, 165 LEd.2d 368 (2006, Porter v Nussle, 534 US 516 (2002), Booth v Churner, 532 US 732 (2001), and the Congressional Intent of the PLRA 42 USC §1997(e)(a).

THE PLAINTIFF DID TOTALLY EXHAUST HIS FEDERAL TORT CLAIMS ACT (FTCA) ALLEGATIONS IN ADDITION TO THE PLAINTIFF'S BOP "SENSITIVE" GRIEVANCES ASSERTING THAT THE DEFENDANTS DENIED THE PLAINTIFF OF HIS RIGHT TO EXHAUSTION OF REMEDIES, UNDER ONE ISSUE ONLY

4.  Respectfully, the Plaintiff is requesting the Honorable Court to Clarify the 1/10/07 Order that apparently did not consider the Plaintiff's Total Exhaustion of his FTCA Allegations in the Denial of the Plaintiff's Access to the Administrative Remedy Process pursuant to Tort Claim #TRT-NER-2004-03785 in the Plaintiff's 7/6/06 Motion for Partial Summary Judgment EXHIBITS #1 & #6 in the Court's Docket #31.

5.  Respectfully, the Plaintiff submitted to FMC Devens Prison Staff some 17 BP8½ Informal Resolutions that are the first step of the Administrative Remedy Process, which can be found in EXHIBIT #4 of the Plaintiff's 7/6/06 Motion for Partial Summary Judgment. Thereafter the Defendants refused to provide the required and mandatory Response wherein the Plaintiff then submitted Inmate Request to Staff (IRTS) submittals to the FMC Devens Prison Officials requesting the mandatory Responses to the Outstanding BP8½ Informal Resolutions, see EXHIBIT #5 of the Plaintiff's 7/6/06 Motion for Partial Summary Judgment.

6.  Respectfully, the FMC Devens Prison Officials refused & failed to respond to the above IRTS submittals requesting the mandatory Responses to the BP8½ Informal Resolutions. The Plaintiff was further refused any BP9 forms to submit his Grievances to the Warden for his Review & Response in order to complete proper total exhaustion.

7.  Respectfully, when a prisoner can not submit a Grievance at the Institution Level under a BP9 submittal to the Warden, there is a process known as a "Sensitive" BP10 that is submitted to the BOP Regional Director for his Review & Response. The Plaintiff submitted <u>repeated</u> "Sensitive" 10 Appeals to the BOP Northeast Regional Director claiming that the Defendants Denied the Plaintiff's Access to Administrative Remedies under one point as follows.

-2-

THE ONE POINT OF THE DEFENDANT'S DENIAL OF THE PLAINTIFF'S RIGHT OF EXHAUSTION IS THE DEFENDANT'S DELIBERATE FAILURE TO ALLOW THE PLAINTIFF TOTAL EXHAUSTION OF REMEDIES UNDER THE CLAIM OF <u>DENIAL OF EXHAUSTION OF REMEDIES</u>

8.   Respectfully, the Plaintiff submits that the Honorable Court's 1/10/07 Order did Rule that the Court issued their Erroneous Order on 12/6/06 Dismissing the Plaintiff's claims to hold the Defendant Liable for Obstructing Access to the Administrative Remedy Procedures in the Exhaustion of the foregoing claims. However, the Plaintiff & Defendant both concede that the Plaintiff did properly exhaust all of his Deliberate Indifference & FTCA allegations for all of the medical injuries set forth in the Instant Action.

9.   Respectfully, the Plaintiff submits that the Clarification of the 12/6/06 Order that was Ruled on 1/10/07 must include the Plaintiff's Right to litigate his allegation setting forth that the Defendant Denied the Plaintiff Access to the Administrative Remedy Process in order to Exhaust various claims that were withheld, and therein Denied Exhaustion.

10.   Respectfully, the Plaintiff submits that he completed the Proper Total Exhaustion pursuant to the FTCA in Tort Claim #TRT-NER-2004-03785, see Plaintiff's 7/6/06 Motion for Partial Summary Judgment EXHIBITS #1 & #6, that alleged the Defendant's Denial of Exhaustion of certain Specific Remedies that did not include all of the Plaintiff's Proper Total End-point Exhaustion, <u>Woodford v Ngo</u>, 165 LEd.2d 368 (2006). Whereby the Plaintiff did Exhaust Proper Total Exhaustion of the majority of his medical claims required for Jurisdiction.

11.   Respectfully, the Plaintiff submits that he did Properly Exhaust, pursuant to the BOP "Sensitive" 10 Administrative Remedy Policy, his allegations discerning the Defendant's Denial of Access to the Prison Remedy Process to Exhaust certain claims that were made <u>unavailable</u> after the Plaintiff filed his first level of BOP Exhaustion, under <u>Carter v Newland</u>, 441 FS 2d 208 (D.Mass 2006).

12. Respectfully, the District Court in <u>Carter v Newland</u>, 441 FS 2d 208 (D.Mass 2006) Ruled on-point with the above Plaintiff's claims wherein, the same Named Prison Officials acted out the on-point Misconduct with the Prisoner/Plaintiff Carter by Denying his Access to the Prison Administrative Remedy Process.

13. Respectfully, the Plaintiff faced the same on-point Denial of Access to Administrative Remedies in <u>Carter v Newland</u> whereby the Plaintiff submits that he must be Granted Jurisdiction in order to litigate his on-point claims with <u>Carter v Newland</u>, 441 FS 2d 208 (D.Mass 2006) in the Plaintiff's Instant Action.

**THE COURT'S 12/6/06 ERRONEOUSLY ISSUED ORDER NEEDS TO BE RE-STATED FOR CLARIFICATION UNDER THE INSTANT MOTION**

14. Respectfully, the Plaintiff submits that the confusion of the Erroneously Issued 12/6/06 Order that was set forth by the Honorable Chief Judge Mark L. Wolf requires the Court to issue their new Order by considering the issues in the Instant Motion that must provide the Plaintiff with Jurisdiction in order to litigate his allegations against the Defendant's Denial of Access to the Administrative Remedy Process, under some of the Plaintiff's Grievances.

**THE PLAINTIFF WITHDRAWS HIS MOTION FOR PARTIAL SUMMARY JUDGMENT, UNDER THE QUESTION OF THE PLAINTIFF'S DENIAL OF ACCESS TO THE BOP ADMINISTRATIVE REMEDY PROCESS**

15. Respectfully, on 1/10/07 the Honorable Chief Judge Mark L. Wolf Ruled that the Court's 12/6/06 Order Dismissing the Plaintiff's allegations of Denial to the BOP Administrative Remedy Process was thereby Dismissed by the Court Erroneously on 12/6/06. Therein, the Plaintiff now Withdraws his Motion for Partial Summary Judgment, under the allegations that the Defendant Denied his Access to the BOP Administrative Remedy Process.

-4-

16. Respectfully, the Plaintiff submits that the Defendant has filed their Answer in the Instant Action whereby all of the Complaint Allegations must now proceed through Discovery.

17. Respectfully, the Plaintiff submits that the Erroneous Issuing of the 12/6/06 Order that Dismissed the Instant Complaint Allegations for certain denial of grievances filed by the Plaintiff should now proceed through Discovery. Therein, the Plaintiff did Proper Total Exhaustion of the FTCA Allegations in Tort Claim #TRT-NER-2004-03785, see EXHIBIT #1 of the Plaintiff's 7/6/06 Motion for Partial Summary Judgment, in addition to the Plaintiff's Proper Total Exhaustion of the BOP "Sensitive" BP-10 Remedies under the Grievance that the Defendants made certain remedies filed by the Plaintiff <u>unavailable</u> for Exhaustion, see EXHIBIT #3 of the Plaintiff's 7/6/06 Motion for Partial Summary Judgment in the Court's Docket #31.

18. Respectfully, the Plaintiff submits that the Denial of Access to the BOP Administrative Remedy Process by the Defendants is set forth in the Instant Complaint at paragraphs; 5, 10, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73 & 74.

## CONCLUSION

The Plaintiff is respectfully requesting the Honorable Court to Clarify the 1/10/07 Order which Ruled that the Court's 12/6/06 Order was Erroneously Issued whereby the Plaintiff requests that Jurisdiction be Granted for all of his Complaint Allegations alleging the Defendant's partial denial of the Plaintiff's Access to the BOP Administrative Remedy Process.

Respectfully Submitted,

Dated: 1/18/07   By: _____
Frank Barbaro/Prose Plaintiff

BARBARO v UNITED STATES, ET AL
CASE NO.: 05-40097 (MLW)



## PROOF OF SERVICE

Frank Barbaro Prose Prisoner Plaintiff declares and affirms under penalty of perjury that the attached <u>Motion for Clarification of the Court's 1/10/07 Order</u> WAS Served on the Defendant's Counsel by Regular US MAil with the use of the FMC Devens Prison Legal Mail System as set forth below:

**SERVED ON:**

Defendant's Counsel,

AUSA Mark J. Grady
US Attorney's Office
1 Courthouse Way, ste 9200
Boston, MA 02210

Dated: 1/19/07    By: _____

Frank Barbaro
Prison ID# 48264-053
FMC Devens, Box 879
Ayer, MA 01432
<u>Prose Plaintiff</u>