UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
FRANK BARBARO            )
      Plaintiff,         )
                         )
         v.              )   C.A. No. 05-40097-MLW
                         )
UNITED STATES OF AMERICA, ON  )
BEHALF OF THE FEDERAL BUREAU OF )
PRISONS, ET AL.,         )
      Defendants.        )
```

MEMORANDUM AND ORDER

WOLF, D.J.                              January 29, 2007

I. INTRODUCTION

Pro se plaintiff, Frank Barbaro ("Barbaro"), is an inmate committed to the custody of the Federal Bureau of Prisons at FMC-Devens.  He alleges that FMC-Devens has delivered deficient and/or negligent medical care, and has filed suit against the United States under the theory of Bivens v. Six Unkown Federal Narcotics Agents, 403 U.S. 388 (1971).  Barbaro also seeks recovery under the Federal Tort Claims Act ("FTCA") for alleged denial of access to the Bureau of Prison's administrative remedy process.

      In the instant motion, Barbaro asks that this court order the government to provide access to Massachusetts tort law materials so that he may pursue his claim under the FTCA.  For the reasons discussed below, Barbaro's motion is being denied.

II. DISCUSSION

In Bounds v. Smith, 430 U.S. 817, 817-18 (1977), the Supreme Court held that in order to protect the constitutional right to

access the courts, the government must provide to prisoners access to libraries or similar sources of legal knowledge. The Court clarified the boundaries of that holding in Lewis v. Casey, 518 U.S. 343, 351 (1996), where it held that this right was not injured simply because a prison library was subpar in some theoretical sense, or because a prisoner did not have the means to pursue all of his legal claims.

The Court explained that in order to establish an injury sufficient to establish standing under Bounds, a prisoner must show that a deficient library frustrated not just any legal claim, but one akin to a prisoner's appeal from conviction, a petition for habeas corpus, or a civil rights action vindicating basic constitutional rights. See id. Thus, the tools a prison must provide to protect a prisoner's right to access the courts are limited to those "that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." See id. at 595 n.5.

In accord with Lewis and Bounds a tort claim is too remote from the right to access the courts: it is not related to confinement or fundamental constitutional rights.

But, as Barbaro is proceeding pro se, his pleadings must be construed liberally. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Instituto de Education Universal Corp. v. U.S. Dept. of Ed., 209 F.3d 18, 23 (1st Cir. 2000). Viewed in this manner, Barbaro

2

argues, in effect, that his tort law claim is part and parcel of the conditions of confinement complaint that Barbaro raises in his <u>Bivens</u> action.

In his <u>Bivens</u> action, Barbaro alleges that FMC-Devens has delivered deficient and/or negligent medical care. In their opposition to the motion, the government concedes that Barbaro is entitled to access the law materials necessary to vindicate that action. But such access is inadequate where the government has tortuously interfered with Barbaro's ability to file the claim.

To file a conditions of confinement complaint, Barbaro must exhaust prison grievance procedures. <u>See</u> 42 U.S.C. §1997e(a); <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001) (holding that a prisoner must exhaust all administrative remedies even where the relief sought cannot be granted by the administrative process). As the government has tortuously interfered with this process, the argument goes, Barbaro must pursue his tort claim to vindicate the <u>Bivens</u> action.

The argument fails. If the government tortuously interfered with the <u>Bivens</u> action, Barbaro must seek recourse through federal administrative law, not state tort law. Barbaro does not allege inadequate access to the relevant federal materials.

Accordingly, Barbaro's Motion to Order Access to the Law

Library (Docket No. 45) is hereby DENIED.


_____        ___/s/_____MARK L. WOLF____
_____                                UNITED STATES DISTRICT JUDGE