UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANK BARBARO, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO: |
| | ) | 05-40097-MLW |
| UNITED STATES OF AMERICA, | ) | |
| DR. BHATTI, MLP KILDUFF and | ) | |
| UNIT MGR MRS FERDNANDEZ, | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO QUASH AND REQUEST THAT ANY FURTHER DISCOVERY IN THIS MATTER BY THE PLAINTIFF BE CONDUCTED ONLY WITH COURT PERMISSION

The Defendants, by and through their attorney, Michael J. Sullivan, United States

Attorney for the District of Massachusetts, hereby move for an Order quashing fifteen (15) sets

of interrogatories, totaling two hundred and thirty five (235) interrogatories, served upon the

Defendants. Copies are attached as Exhibits 1 and 2. In support of the Motion, the Defendants

state that:

The Plaintiff, Frank Barbaro, is an inmate committed to the custody of the Federal

Bureau of Prisons at FMC-Devens. He alleges violations of the Federal Tort Claims Act and his

constitutional rights, under the theory espoused in Bivens v. Six Unkown Federal Narcotics

Agents, 403 U.S. 388 (1971), arising from his claim that he has received deficient and/or

negligent medical care.

On or about January 22, 2007, Barbaro served the United States Attorney's Office with

Interrogatories Directed to the "United States" "by" "Dr. Bhatti," "Diane Kilduff," "Unit Mngr

Fernandez" and "Special Agent Thomas Hopkins of the United States Department of Justice

Office of Inspector General."  Each named individual received separate interrogatories.  See Exhibit 1.

On February 5, 2007, the Plaintiff served interrogatories on the United States Attorney's Office naming eleven additional individuals: Dr. Sandra Howard; Dr. Karl Bernhard; Asst. Warden Brian Hertel; Asst. Warden Russell; Mr. Darren Brown; Dr. Ralph E. Spada; Captain Bollinger; Eric Dulplesis; Warden Carolyn Sabol; Warden David Winn; and Asst. Warden Ms. Schults.  See Exhibit 2.

### Argument

The Defendants move to quash the above noted interrogatories as they fail to comply with the Federal Rules of Civil Procedure and are a clear attempt by this Plaintiff to abuse the discovery rules.  Given that this is the second occasion that the Plaintiff has initiated discovery in violation of the Rules of Civil Procedure, and, in light of the fact that these requests are clearly an abuse of the discovery process, the Defendants further request that this Court direct that any further discovery request in this matter from the Plaintiff must be first approved by the Court.

Specifically, the Plaintiff has: (1) initiated discovery prior to complying with the mandatory disclosure provisions and has initiated discovery prior to the discovery conference; (2) has served interrogatories directed to individuals who are not parties to this action; and (3) served an excessive and abusive number of interrogatories, and further, has done so without the approval of this Court as required by the Rules of Civil Procedure.

As an initial matter, absent a specific court order, parties to civil litigation are required to wait until commencing discovery until the conference anticipated by Federal Rule of Civil Procedure 26(f) has occurred.  This prevents a party from having to submit to unreasonable

discovery while a motion to dismiss is pending.  See Fed. R. Civ. P. 26(d).  Further, local rules prohibit service of discovery requests until mandatory disclosures have been completed.  See Local Rule 26.2(A).

There has been no conference, nor Order directing that this case proceed without such a conference.  Nor has Plaintiff complies with the mandatory disclosure provisions of the Rules of Civil Procedure.   As a consequence, the interrogatories must be quashed.  It should also be noted that this is the second occasion that the Plaintiff has attempted to initiate discovery in this manner in violation of the Rules of Civil Procedure.  See Docket # 18 (denying without prejudice Plaintiff's "Motion for Discovery" pending, *inter alia*, the scheduling conference and mandatory disclosures).  The Plaintiff is well aware of this requirement, yet, has chosen to ignore it.

Under Fed. R. Civ. P. 33, a litigant may serve up to 25 interrogatories upon "parties to the litigation."  Fed. R. Civ. P. 33.  Here, the Plaintiff has served interrogatories on the United States Attorney's Office naming fifteen different individuals (only three individuals are parties to this action).[1]  The Plaintiff has now served a total of two hundred and thirty five (235) interrogatories upon the Defendants.  The interrogatories are both unauthorized, and in violative of, Fed. R. Civ. P. 33 and Local Rule 26.1(C).  The Plaintiff has clearly ignored the limitations as to whom interrogatories may be directed and the appropriate number that may be served.  As such, they must be quashed.

This Court "plainly possess discretionary powers to regulate the conduct of abusive

---

[1]Moreover, the viability of claims against Unit Manager Ferndandez, alleging "denial of access to the administrative procedures of the BOP" have been rejected by this Court. Consequently, there are only two individuals against whom viable claims are stated.

3

litigants." <u>Cok v. Family Court of Rhode Island</u>, 985 F.2d 32, 34 (1st Cir. 1993), and the primary means of regulating the conduct of abusive litigants is the imposition of filing sanctions.  <u>See Martin v. District of Columbia Court of Appeals</u>, 506 U.S. 1, 3 (1992); <u>Cok</u>, 985 F.2d at 34; <u>Castro v. United States</u>, 775 F.2d 399, 408 (1st Cir. 1985).

The Plaintiff 's conduct to date clearly demonstrates that some sanction is warranted. The Plaintiff's attempts to prematurely initiate discovery have already been rebuffed on one occasion; <u>see</u> Docket # 13, 15, and 18; the Plaintiff has filed several frivolous motions (with respect to service, seriatim frivolous motions); <u>see</u> Docket # 19, 21, 29, 36, 45, 46, 51, 54 and 56; and, given the opportunity, Plaintiff has now served improper, excessive and abusive discovery requests.   <u>See</u> Exhibit 1.

The Plaintiff has clearly demonstrated an unwillingness to comply with the Federal Rules of Civil Procedure and has clearly abused the discovery rules.  As a consequence, Defendants request that this Court prohibit the Plaintiff from conducting any discovery whatsoever without prior Court approval, or, at a minimum, direct that further discovery requests comply with the Rules of Civil Procedure.

## Conclusion

Accordingly, the United States respectfully requests that this Court enter an order quashing the interrogatories and prohibiting this Plaintiff from serving any additional discovery request without approval of the Court.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By:    /s/ Mark J. Grady
       Mark J. Grady
       Assistant U.S. Attorney
       One Courthouse Way, Suite 9200
       Boston, MA 02210
Dated: February 12, 2007    (617) 748-3100

### Certificate of Compliance

The United States takes the position that Local Rule 7.1 requires "counsel" to confer.  As such, the rule is inapposite.  Notwithstanding the foregoing, the Defendants request that the Court allow the filing of this Motion without a conference because the Plaintiff is an inmate committed to the custody of the Bureau of Prisons.

/s/ Mark J. Grady
Mark J. Grady
Assistant U.S. Attorney

### Certificate of Service

I hereby certify that on this 12th day of February 2007, I caused a copy of the foregoing Motion to be served upon the Plaintiff by first class mail, addressed to:

Frank Barbaro, 48264-053
FMC Devens
PO Box 879
Ayer, MA 01432


/s/ Mark J. Grady
Mark J. Grady
Assistant U.S. Attorney

5

6

FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA  01432
PROSE PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK BARBARO,                    :

PROSE PLAINTIFF                   :      CIVIL ACTION NO.: 05-40097 (MLW)

                                  :

VS                                :      THE HONORABLE MARK L. WOLF
                                  :      CHIEF JUDGE, UNITED STATES DISTRICT COURT

UNITED STATES OF AMERICA,         :
DR BHATTI, MLF KILDUFF &
UNIT MGR MRS FERNANDEZ,           :

                                  :      PLAINTIFF'S FIRST SET OF INTERROGATORIES

DEFENDANTS                        :

PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES

FOR DEFENDANT UNITED STATES BY SPECIAL AGENT THOMAS HOPKINS, ESQ

UNITED STATES DEPT. OF JUSTICE INSPECTOR GENERAL'S OFFICE

ONE COURTHOUSE WAY, SUITE 9200 - BOSTON, MA 02210

PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT UNITED STATES BY SPECIAL AGENT THOMAS M. HOPKINS, ESQ

* Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Prose Plaintiff, Frank Barbaro, propounds these Interrogatories to which Special Agent Thomas M. Hopkins, Esq shall respond separately & fully in writing and under oath within 30 days after Service of these Interrogatories in accordance with the Instructions & Definitions set forth herein.

## INSTRUCTIONS

**A.**    These Interrogatories are continuing in character and require you to file supplemental answers if you obtain additional or different information before the Trial of this case.

**B.**    Unless you contend that you are entitled to withhold any information requested in these Interrogatories on the basis of Attorney/Client Privilege, the Work Product Doctrine, or some other Grounds, then for any such information; identify each person who has knowledge of the information or who now has possession, custody, or control of any document relating thereto; and state the basis upon which you contend that you are entitled to withhold the information with specificity sufficient to enable the Court to determine whether the information should be produced.

**C.**    If in answering these Interrogatories you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

## INTERROGATORIES

**1.**    Please state Thomas M. Hopkins, Esq.'s Government Employment History including the dates employed by any & all Government Agencies.

**2.**    Please state when and if Special Agent Thomas Hopkins, Esq read the Plaintiff's 12/4/06 letter to Attorney Alexander Eisemann that shows a carbon copy sent to United States Department of Justice Office of Inspector General 1-85 Thomas M. Hopkins, Esq Special Agent.                                    •

**2.**    Please state what steps Special Agent Thomas Hopkins took in proceeding in any of all communications with the Plaintiff's above 12/4/06 letter regarding the alleged "Whistle Blower" Thomas Janesko. Kindly state the dates and nature of any & all conversations had by Special Agent Hopkins and the above alleged "Whistle Blower" Thomas Janesko.

4.    Please state when & if Special Agent Hopkins learned about any alleged "Whistle
Blower" of unlawful misconduct alleged against the FMC Devens Prison Medical Director,
the unlicensed Dr. Sandra Howard. Kindly state when Special Agent Hopkins learned about
the above investigation into the misconduct by Dr Sandra Howard.

5.    Please state who & when Special Agent Hopkins communicated with other persons at
any time during the years 2006 & 2007 regarding the alleged investigation in the
Plaintiff's above 12/4/06 letter pertaining to Dr Howard.

6.    Please state the dates & nature of each communication that Special Agent Hopkins
had in 2006 & 2007 regarding the Plaintiff's above 12/4/06 letter alleging misconduct
and further "Whistle Blower" investigations into the actions of Dr Howard.


Dated: 1/18/07



BY REGULAR MAIL
AUSA Mark J. Grady
US Attorney's Office
1 Courthouse Way, ste 9200
Boston, MA 02210

FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA  01432
PROSE PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK BARBARO,                    :

PROSE PLAINTIFF                   :       CIVIL ACTION NO.: 05-40097  (MLW)

                                  :

vs                                :       THE HONORABLE MARK L. WOLF
                                  :       CHIEF JUDGE, UNITED STATES DISTRICT COURT

UNITED STATES OF AMERICA,         :
DR BHATTI, MLP KILDUFF &          :
UNIT MGR MRS FERNANDEZ,           :       PLAINTIFF'S FIRST SET OF INTERROGATORIES

DEFENDANTS                        :


PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES

FOR DEFENDANT UNITED STATES BY UNIT MGR FERNANDEZ

### PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT UNITED STATES BY MRS. FERNANDEZ

\* Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Prose Plaintiff, Frank Barbaro, propounds these Interrogatories to which Defendant United States by Mrs Fernandez shall respond separately & fully in writing and under oath within 30 days after Service of these Interrogatories in accordance with the Instructions & Definitions set forth herein.

### INSTRUCTIONS

A.  These Interrogatories are continuing in character and require you to file supplemental answers if you obtain additional or different information before the Trial of this Case.

B.  Unless otherwise indicated, these Interrogatories refer to the time period identified in the Complaint.

C.  If you contend that you are entitled to withhold any information requested in these Interrogatories on the basis of Attorney/Client Privilege, the Work Product Doctrine, or some other Grounds, then for any such information; identify each person who has knowledge of the information or who now has possession, custody, or control of any document relating thereto; and state the basis upon which you contend that you are entitled to withhold the information with specificity sufficient to enable the Court to determine whether the information should be produced.

D.  If, in answering these Interrogatories, you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

### INTERROGATORIES

1.  Please set forth if Defendant Fernandez during the time of 2003 thru Present, and her during the time of her interaction with the Plaintiff was ever placed under any type of Government Investigation pertaining to the employment of Defendant Fernandez at the Federal Bureau of Prisons FMC Devens Prison.

2.  Kindly discern the above Government Investigation Issues and/or Allegations that were investigated, and provide the dates of the above Government Investigation.

3.  Please discern the conduct that the FMCDevens Prison Officials undertook during the above Defendant Fernandez Investigations regarding the status of Defendant Fernandez's Prison Employment during the time of the above Government/Prison Investigations.

-1-

4.    Please discern if Defendant Fernandez was interviewed during the above investigations, and kindly state [who] on behalf of the Government interviewed Defendant Fernandez, and state that Official Government Capacity of the persons who interviewed Defendant Fernandez.

5.    Kindly state the Subject Matter and dates of each above Government Investigative Interview that Defendant Fernandez participated in.

6.    Please discern the conclusion and any decision that came from the above Defendant Fernandez investigations regarding her Government Employment.

7.    Please discern [why & when] Defendant Fernandez was transferred from FMC Devens Prison, and set forth [why] Defendant Fernandez faced the Government's demotion in lowering & reducing Defendnat Fernandez's Government Employment from a Prison Unit Manager that was reduced to a Prison Case Manager Employment.

8.    Please explain, describe, and set forth Defendant Fernandez's communication with the Bureau of Prison Northeast Regional Office concerning the Plaintiff's numerous "Sensitive" BP-10 Appeals discerning Defendant Fernandez's repeated refusal & failure to provide the Mandatory Responses to the Plaintiff's numerous BP-8½ Informal Resolutions.

9.    Kindly set forth [who] from the BOP Northeast Regional Office contacted Defendant Fernandez regarding the above "Sensitive" BP-10 Complaints, and describe the investigation by the BOP Regional Office & Defendant Fernandez into the Plaintiff's numerous Complaints of Defendant Fernandez & her Staff refusing and failing to provide the Mandatory Response to the Plaintiff's numerous BP-8½ Informal Resolutions.

10.    Please explain [why] Defendant Fernandez instructed her Staff not to provide BP-9 Forms for the Plaintiff to submit his Complaints for the Warden's Review & Response.

11.    Kindly set forth Defendant Fernandez's objective in failing to provide Responses for the Plaintiff's BP-8½ Informal Resolutions, and thereby refusing to provide BP-9 Forms to the Plaintiff to obtain the Warden's Review & Response.

12.    Please explain [why] the BP-8½ Informal Resolutions that were filed with Defendant Fernandez and the BOP Northeast Regional Office were never provided Responses by Defendant Fernandez.

Dated: 1/18/07

BY REGULAR MAIL
AUSA Mark J. Grady
US Attorney's Office
1 Courthouse Way, ste 9200
Boston, MA 02210

FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA  01432
PROSE PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANK BARBARO, | : | |
| PROSE PLAINTIFF | : | CIVIL ACTION NO.: 05-40097 (MLW) |
| | : | |
| vs | : | THE HONORABLE MARK L. WOLF |
| | : | CHIEF JUDGE, UNITED STATES DISTRICT COURT |
| UNITED STATES OF AMERICA, | : | |
| DR BHATTI, MLP KILDUFF & | | |
| UNIT MGR MRS FERNANDEZ, | : | |
| | : | PLAINTIFF'S FIRST SET OF INTERROGATORIES |
| DEFENDANTS | : | |

PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES

**FOR DEFENDANT UNITED STATES BY DR BHATTI**

## PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT UNITED STATES BY DR. FAZAL BHATTI

    \* Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Prose Plaintiff, Frank Barbaro, propounds these Interrogatories to which Defendant United States by Dr. Fazal Bhatti shall respond seperately & fully in writing and under oath within 30 days after Service of these Interrogatories in accordance with the Instructions & Definitions set forth herein.

### INSTRUCTIONS

**A.**   These Interrogatories are continuing in character and require you to file supplemental answers if you obtain additional or different information before the trial of this case.

**B.**   Unless otherwise indicated, these Interrogatories refer to the time period identified in the Complaint.

**C.**   If you contend that you are entitled to withhold any information requested on these Interrogatories on the basis of Attorney/Client Privilege, the Work Product Doctrine, or some other Grounds, then for any such information; identify each person who has knowledge of the information or who has possession, custody, or control of any document relating thereto; and state the basis upon which you contend that you are entitled to withhold the information with specificity sufficient to enable the Court to determine whether the information should be produced.

**D.**   If, in answering these Interrogatories you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed aambiguous and the construction used in answering.

### INTERROGATORIES

**1.**   Please state Dr. Fazal Bhatti's Government Employment History including the dates employed by any & all Government Agencies.

**2.**   Plaease discern if & when Dr. Fazal Bhatti, who is a Defendant in the Instant Litigation, became a "Whistle-Blower" and/or Complainant in any kind of Government Investigation regarding Defendant Bhatti's employment at FMC Devens Prison. Kindly set forth the date & time that Defendant Bhatti became a "Whistle-Blower" and/or Complainant in a Government Investigation.

**3.**   Please discern the names of the Government Investigators with their Official Government Employment Capacity, and include the dates that Defendant Bhatti specifically met with each of the Government Investigators.

4.    Please discern the approximate date, time and capacity that Dr. Fazal Bhatti interacted with the Plaintiff.

5.    Please discern the nature of Dr. Fazal Bhatti's interaction with the Plaintiff on or about the dates that Defendant Bhatti interacted with the Plaintiff

6.    Please discern the pain relief medication prescribed by Dr. Fazal Bhatti for the Plaintiff's Neuropathic Injuries that the Plaintiff suffered daily & ongoing during the dates Dr. Fazal Bhatti had interacted with the Plaintiff. Kindly set forth the names of the medications, properties, side effects, and intended relief this medication would offer under the Plaintiff's Neuropathic Injuries.

7.    Please discern why Defendant Bhatti authorized a Neurosurgeon Consultation to take place with over one year old MRI films without first ordering up to date MRI films.

8.    Please discern the Treatment Plan Dr. Fazal Bhatti initiated after the Neurosurgeon, Dr Blumenkopf's approx March 2004 diagnosis that the Plaintiff required surgery. Kindly explain what steps were taken after it was determined that the Plaintiff required surgery by the BOP Contract Specialist Dr Blumenkopf.

9.    Please explain if Dr. Fazal Bhatti participated in any FMC Devens Prison Clinic Meetings wherein, the Plaintiff's medical treatment was discussed. Kindly set forth dates & times of said meetings.

10.   Please set forth the subject matter of the above meetings as it pertains to the Plaintiff, and the Plaintiff's medical treatment.

11.   Please set forth all of the person(s) in attendance of each above meeting.

12.   Please discern the medical decisions pertaining to the Plaintiff's medical treatment of his injuries, and treatment plan that was decided at the above meetings.

13.   Please explain & describe each and every medical decision decided in the above meetings, and under who's authority the decisions were made.

14.   Please explain if Dr. Fazal Bhatti was in agreement with all of the medical decisions pertaining to the Plaintiff's medical treatment, and name the person(s) that Defendant Bhatti informed about his disagreements.

15.   Please discern under who's authority was the Plaintiff's medical treatment plan devised. Kindly set forth each person(s) name, role, and authority in devising the Plaintiff's medical treatment plan.

Dated: 1/18/07
BY REGULAR MAIL

AUSA Mark J. Grady
US Attorney's Office                    -2-
1 Courthouse Way, ste 9200
Boston, MA 02210

FRANK BARBARO
PRISON ID# 48264 053
AYER  MA 01432
PROSE PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANK BARBARO , | : | |
| PROSE PLAINTIFF | : | CIVIL ACTION NO   05 40097 (MLW) |
| | : | |
| VS | : | THE HONORABLE MARK L  WOLF |
| | : | CHIEF JUDGE  UNITED STATES DISTRICT COURT |
| UNITED STATES OF AMERICA | : | |
| DR BHATTI  MLP KILDUFF & | : | |
| MRS  FERNANDEZ , | : | |
| DEFENDANTS | : | PLAINTIFF S FIRST SET OF INTERROGATORIES |
| | : | |

PROSE PLAINTIFF S FIRST SET OF INTERROGATORIES

FOR DEFENDANT UNITED STATES BY DIANE KILDUFF

PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT UNITED STATES BY MLP DIANE KILDUFF

* Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Prose Plaintiff, Frank Barbaro, propounds these Interrogatories to which Defendant United States by MLP Diane Kilduff shall respond seperately & fully in writing and under oath within 30 days after Service of these Interrogatories in accordance with the Instructions & Definitions set forth herein.

## INSTRUCTIONS

A.    These Interrogatories are continuing in character and require you to file supplemental answers if you obtain additional or different information before the trial of this case.

B.    Unless otherwise indicated, these Interrogatories refer to the time period identified in the Complaint.

C.    If you contend that you are entitled to withhold any information requested on these Interrogatories on the basis of Attorney/Client Privilege, the Work Product Doctrine, or some other Grounds, then for any such information; identify each person who has knowledge of the information or who has possession, custody, or control of any document relating thereto; and state the basis upon which you contend that you are entitled to withhold the information with specificity sufficient to enable the Court to determine whether the information should be produced.

D.    If, in answering these Interrogatories you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed aambiguous and the construction used in answering.

## INTERROGATORIES

1.    Please state MLP Diane Kilduff's Government Employment History including the dates employed by any & all Government Agencies.

2.    Plaease discern if & when MLP Diane Kilduff, who is a Defendant in the Instant Litigation, became a "Whistle-Blower" and/or Complainant in any kind of Government Investigation regarding Defendant Kilduff employment at FMC Devens Prison. Kindly set forth the date & time that Defendant Kilduff became a "Whistle-Blower" and/or Complainant in a Government Investigation.

3.    Please discern the names of the Government Investigators with their Official Government Employment Capacity, and include the dates that Defendant Kilduff specifically met with each of the Government Investigators.

4.    Please discern the approximate date, time and capacity that    Diane Kilduff interacted with the Plaintiff.

5.    Please discern the nature of Diane Kilduff's    interaction with the Plaintiff on or about the dates that Defendant Bhatti interacted with the Plaintiff

6.    Please discern the pain relief medication prescribed by Diane Kilduff    for the Plaintiff's Neuropathic Injuries that the Plaintiff suffered daily & ongoing during the dates Diane Kilduff    had interacted with the Plaintiff. Kindly set forth the names of the medications, properties, side effects, and intended relief this medication would offer under the Plaintiff's Neuropathic Injuries.

7.    Please discern why Diane Kilduff    authorized a Neurosurgeon Consultation to take place with over one year old MRI films without first ordering up to date MRI films.

8.    Please discern the Treatment Plan    Diane Kilduff    initiated after the Neurosurgeon, Dr Blumenkopf's approx March 2004 diagnosis that the Plaintiff required surgery. Kindly explain what steps were taken after it was determined that the Plaintiff required surgery by the BOP Contract Specialist Dr Blumenkopf.

9.    Please explain if    Diane Kilduff    participated in any FMC Devens Prison Clinic Meetings wherein, the Plaintiff's medical treatment was discussed. Kindly set forth dates & times of said meetings.

10.    Please set forth the subject matter of the above meetings as it pertains to the Plaintiff, and the Plaintiff's medical treatment.

11.    Please set forth all of the person(s) in attendance of each above meeting.

12.    Please discern the medical decisions pertaining to the Plaintiff's medical treatment of his injuries, and treatment plan that was decided at the above meetings.

13.    Please explain & describe each and every medical decision decided in the above meetings, and under who's authority the decisions were made.

14.    Please explain if Diane Kilduff    was in agreement with all of the medical decisions pertaining to the Plaintiff's medical treatment, and name the person(s) that Defendant Bhatti informed about his disagreements.

15.    Please discern under who's authority was the Plaintiff's medical treatment plan devised. Kindly set forth each person(s) name, role, and authority in devising the Plaintiff's medical treatment plan.

Dated: 1/18/07
BY REGULAR MAIL

AUSA Mark J. Grady
US Attorney's Office
1 Courthouse Way, Ste 9200        -2-
Boston, MA 02210

FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA  01432
PROSE PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANK BARBARO, | : | |
| PROSE PLAINTIFF | : | CIVIL ACTION NO.: 05-40097 (MLW) |
| | : | |
| vs | : | THE HONORABLE MARK L. WOLF |
| | : | CHIEF JUDGE, UNITED STATES DISTRICT COURT |
| UNITED STATES OF AMERICA, | : | |
| DR BHATTI, MLF KILDUFF & | : | |
| UNIT MGR MRS FERNANDEZ, | : | PLAINTIFF'S FIRST SET OF INTERROGATORIES |
| DEFENDANTS | : | |

PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES

FOR DEFENDANT UNITED STATES BY SPECIAL AGENT THOMAS HOPKINS, ESQ

UNITED STATES DEPT. OF JUSTICE INSPECTOR GENERAL'S OFFICE

ONE COURTHOUSE WAY, SUITE 9200 - BOSTON, MA 02210

### PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT UNITED STATES BY SPECIAL AGENT THOMAS M. HOPKINS, ESQ

* Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Prose Plaintiff, Frank Barbaro, propounds these Interrogatories to which Special Agent Thomas M. Hopkins, Esq shall respond separately & fully in writing and under oath within 30 days after Service of these Interrogatories in accordance with the Instructions & Definitions set forth herein.

### INSTRUCTIONS

**A.** These Interrogatories are continuing in character and require you to file supplemental answers if you obtain additional or different information before the Trial of this case.

**B.** Unless you contend that you are entitled to withhold any information requested in these Interrogatories on the basis of Attorney/Client Privilege, the Work Product Doctrine, or some other Grounds, then for any such information; identify each person who has knowledge of the information or who now has possession, custody, or control of any document relating thereto; and state the basis upon which you contend that you are entitled to withhold the information with specificity sufficient to enable the Court to determine whether the information should be produced.

**C.** If in answering these Interrogatories you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

### INTERROGATORIES

**1.** Please state Thomas M. Hopkins, Esq.'s Government Employment History including the dates employed by any & all Government Agencies.

**2.** Please state when and if Special Agent Thomas Hopkins, Esq read the Plaintiff's 12/4/06 letter to Attorney Alexander Eisemann that shows a carbon copy sent to United States Department of Justice Office of Inspector General 1-85 Thomas M. Hopkins, Esq Special Agent.

**2.** Please state what steps Special Agent Thomas Hopkins took in proceeding in any of all communications with the Plaintiff's above 12/4/06 letter regarding the alleged "Whistle Blower" Thomas Janesko. Kindly state the dates and nature of any & all conversations had by Special Agent Hopkins and the above alleged "Whistle Blower" Thomas Janesko.

4.    Please state when & if Special Agent Hopkins learned about any alleged "Whistle Blower" of unlawful misconduct alleged against the FMC Devens Prison Medical Director, the unlicensed Dr. Sandra Howard. Kindly state when Special Agent Hopkins learned about the above investigation into the misconduct by Dr Sandra Howard.

5.    Please state who & when Special Agent Hopkins communicated with other persons at any time during the years 2006 & 2007 regarding the alleged investigation in the Plaintiff's above 12/4/06 letter pertaining to Dr Howard.

6.    Please state the dates & nature of each communication that Special Agent Hopkins had in 2006 & 2007 regarding the Plaintiff's above 12/4/06 letter alleging misconduct and further "Whistle Blower" investigations into the actions of Dr Howard.


Dated: 1/18/07



<u>BY REGULAR MAIL</u>

AUSA Mark J. Grady
US Attorney's Office
1 Courthouse Way, ste 9200
Boston, MA 02210

FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA  01432
PROSE PLAINTIFF

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANK BARBARO, | : | |
| PROSE PLAINTIFF | : | CIVIL ACTION NO.: 05-40097 (MLW) |
| | : | |
| vs | : | THE HONORABLE MARK L. WOLF |
| | : | CHIEF JUDGE, UNITED STATES DISTRICT COURT |
| UNITED STATES OF AMERICA, | : | |
| DR BHATTI, MLP KILDUFF & | : | |
| UNIT MGR MRS FERNANDEZ, | : | PLAINTIFF'S FIRST SET OF INTERROGATORIES |
| DEFENDANTS | : | |

PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES

FOR DEFENDANT UNITED STATES BY UNIT MGR FERNANDEZ

### PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT UNITED STATES BY MRS. FERNANDEZ

&#42; Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Prose Plaintiff, Frank Bartaro, propounds these Interrogatories to which Defendant United States by Mrs Fernandez shall respond separately & fully in writing and under oath within 30 days after Service of these Interrogatories in accordance with the Instructions & Definitions set forth herein.

#### INSTRUCTIONS

A.    These Interrogatories are continuing in character and require you to file supplemental answers if you obtain additional or different information before the Trial of this Case.

B.    Unless otherwise indicated, these Interrogatories refer to the time period identified in the Complaint.

C.    If you contend that you are entitled to withhold any information requested in these Interrogatories on the basis of Attorney/Client Privilege, the Work Product Doctrine, or some other Grounds, then for any such information: identify each person who has knowledge of the information or who now has possession, custody, or control of any document relating thereto; and state the basis upon which you contend that you are entitled to withhold the information with specificity sufficient to enable the Court to determine whether the information should be produced.

D.    If, in answering these Interrogatories, you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

#### INTERROGATORIES

1.    Please set forth if Defendant Fernandez during the time of 2003 thru Present, and her during the time of her interaction with the Plaintiff was ever placed under any type of Government Investigation pertaining to the employment of Defendant Fernandez at the Federal Bureau of Prisons FMC Devens Prison.

2.    Kindly discern the above Goverment Investigation Issues and/or Allegations that were investigated, and provide the dates of the above Government Investigation.

3.    Please discern the conduct that the FMCDevens Prison Officials undertook during the above Defendant Fernandez Investigations regarding the status of Defendant Fernandez's Prison Employment during the time of the above Government/Prison Investigations.

**4.**    Please discern if Defendant Fernandez was interviewed during the above investigations, and kindly state [who] on behalf of the Government interviewed Defendant Fernandez, and state that Official Government Capacity of the persons who interviewed Defendant Fernandez.

**5.**    Kindly state the Subject Matter and dates of each above Government Investigative Interview that Defendant Fernandez participated in.

**6.**    Please discern the conclusion and any decision that came from the above Defendant Fernandez investigations regarding her Government Employment.

**7.**    Please discern [why & when] Defendant Fernandez was transferred from FMC Devens Prison, and set forth [why] Defendant Fernandez faced the Government's demotion in lowering & reducing Defendnat Fernandez's Government Employment from a Prison Unit Manager that was reduced to a Prison Case Manager Employment.

**8.**    Please explain, describe, and set forth Defendant Fernandez's communication with the Bureau of Prisor Northeast Regional Office concerning the Plaintiff's numerous "Sensitive" BP-10 Appeals discerning Defendant Fernandez's repeated refusal & failure to provide the Mandatory Responses to the Plaintiff's numerous BP-8½ Informal Resolutions.

**9.**    Kindly set forth [who] from the BOP Northeast Regional Office contacted Defendant Fernandez regarding the above "Sensitive" BP-10 Complaints, and describe the investigation by the BOP Regional Office & Defendant Fernandez into the Plaintiff's numerous Complaints of Defendant Fernandez & her Staff refusing and failing to provide the Mandatory Response to the Plaintiff's numerous BP-8½ Informal Resolutions.

**10.**    Please explain [why] Defendant Fernandez instructed her Staff not to provide BP-9 Forms for the Plaintiff to submit his Complaints for the Warden's Review & Response.

**11.**    Kindly set forth Defendant Fernandez's objective in failing to provide Responses for the Plaintiff's BP-8½ Informal Resolutions, and thereby refusing to provide BP-9 Forms to the Plaintiff to obtain the Warden's Review & Response.

**12.**    Please explain [why] the BP-8½ Informal Resolutions that were filed with Defendant Fernandez and the BOP Northeast Regional Office were never provided Responses by Defendant Fernandez.

Dated: 1/18/07

BY REGULAR MAIL

AUSA Mark J. Grady
US Attorney's Office
1 Courthouse Way, ste 9200
Boston, MA 02210

FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA  01432
PROSE PLAINTIFF


UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


FRANK BARBARO,                       :

PROSE PLAINTIFF                      :        CIVIL ACTION NO.: 05-40097 (MLW)

                                     :

vs                                   :        THE HONORABLE MARK L. WOLF
                                     :        CHIEF JUDGE, UNITED STATES DISTRICT COURT

UNITED STATES OF AMERICA,            :
DR BHATTI, MLP KILDUFF &
UNIT MGR MRS FERNANDEZ,              :

DEFENDANTS                           :        PLAINTIFF'S FIRST SET OF INTERROGATORIES



PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES

FOR DEFENDANT UNITED STATES BY DR BHATTI

## PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT UNITED STATES BY DR. FAZAL BHATTI

\* Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Prose Plaintiff, Frank Barbaro, propounds these Interrogatories to which Defendant United States by Dr. Fazal Bhatti shall respond seperately & fully in writing and under oath within 30 days after Service of these Interrogatories in accordance with the Instructions & Definitions set forth herein.

### INSTRUCTIONS

**A.**     These Interrogatories are continuing in character and require you to file supplemental answers if you obtain additional or different information before the trial of this case.

**B.**     Unless otherwise indicated, these Interrogatories refer to the time period identified in the Complaint.

**C.**     If you contend that you are entitled to withhold any information requested on these Interrogatories on the basis of Attorney/Client Privilege, the Work Product Doctrine, or some other Grounds, then for any such information; identify each person who has knowledge of the information or who has possession, custody, or control of any document relating thereto; and state the basis upon which you contend that you are entitled to withhold the information with specificity sufficient to enable the Court to determine whether the information should be produced.

**D.**     If, in answering these Interrogatories you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed aambiguous and the construction used in answering.

### INTERROGATORIES

**1.**     Please state Dr. Fazal Bhatti's Government Employment History including the dates employed by any & all Government Agencies.

**2.**     Plaease discern if & when Dr. Fazal Bhatti, who is a Defendant in the Instant Litigation, became a "Whistle-Blower" and/or Complainant in any kind of Government Investigation regarding Defendant Bhatti's employment at FMC Devens Prison. Kindly set forth the date & time that Defendant Bhatti became a "Whistle-Blower" and/or Complainant in a Government Investigation.

**3.**     Please discern the names of the Government Investigators with their Official Government Employment Capacity, and include the dates that Defendant Bhatti specifically met with each of the Government Investigators.

--1--

4.    Please discern the approximate date, time and capacity that Dr. Fazal Bhatti interacted with the Plaintiff.

5.    Please discern the nature of Dr. Fazal Bhatti's interaction with the Plaintiff on or about the dates that Defendant Bhatti interacted with the Plaintiff

6.    Please discern the pain relief medication prescribed by Dr. Fazal Bhatti for the Plaintiff's Neuropathic Injuries that the Plaintiff suffered daily & ongoing during the dates Dr. Fazal Bhatti had interacted with the Plaintiff. Kindly set forth the names of the medications, properties, side effects, and intended relief this medication would offer under the Plaintiff's Neuropathic Injuries.

7.    Please discern why Defendant Bhatti authorized a Neurosurgeon Consultation to take place with over one year old MRI films without first ordering up to date MRI films.

8.    Please discern the Treatment Plan Dr. Fazal Bhatti initiated after the Neurosurgeon, Dr Blumenkopf's approx March 2004 diagnosis that the Plaintiff required surgery. Kindly explain what steps were taken after it was determined that the Plaintiff required surgery by the BOP Contract Specialist Dr Blumenkopf.

9.    Please explain if Dr. Fazal Bhatti participated in any FMC Devens Prison Clinic Meetings wherein, the Plaintiff's medical treatment was discussed. Kindly set forth dates & times of said meetings.

10.   Please set forth the subject matter of the above meetings as it pertains to the Plaintiff, and the Plaintiff's medical treatment.

11.   Please set forth all of the person(s) in attendance of each above meeting.

12.   Please discern the medical decisions pertaining to the Plaintiff's medical treatment of his injuries, and treatment plan that was decided at the above meetings.

13.   Please explain & describe each and every medical decision decided in the above meetings, and under who's authority the decisions were made.

14.   Please explain if Dr. Fazal Bhatti was in agreement with all of the medical decisions pertaining to the Plaintiff's medical treatment, and name the person(s) that Defendant Bhatti informed about his disagreements.

15.   Please discern under who's authority was the Plaintiff's medical treatment plan devised. Kindly set forth each person(s) name, role, and authority in devising the Plaintiff's medical treatment plan.

Dated: 1/18/07
BY REGULAR MAIL

AUSA Mark J. Grady
US Attorney's Office                    -2-
1 Courthouse Way, ste 9200
Boston, MA 02210

FRANK BARBARO
PRISON ID# 48264 053
AYER MA 01432
PROSE PLAINTIFF

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANK BARBARO , | : | |
| PROSE PLAINTIFF | : | CIVIL ACTION NO   05 40097 (MLW) |
| | : | |
| vs | : | THE HONORABLE MARK L  WOLF |
| | : | CHIEF JUDGE   UNITED STATES DISTRICT COURT |
| UNITED STATES OF AMERICA | : | |
| DR BHATTI  MLF KILDUFF & | | |
| MRS  FERNANDEZ , | : | |
| DEFENDANTS | : | PLAINTIFF S FIRST SET OF INTERROGATORIES |
| | : | |

PROSE PLAINTIFF S FIRST SET OF INTERROGATORIES

FOR DEFENDANT UNITED STATES BY DIANE KILDUFF

### PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT UNITED STATES BY MLP DIANE KILDUFF

\* Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Prose Plaintiff, Frank Barbaro, propounds these Interrogatories to which Defendant United States by MLP Diane Kilduff shall respond seperately & fully in writing and under oath within 30 days after Service of these Interrogatories in accordance with the Instructions & Definitions set forth herein.

### INSTRUCTIONS

**A.** These Interrogatories are continuing in character and require you to file supplemental answers if you obtain additional or different information before the trial of this case.

**B.** Unless otherwise indicated, these Interrogatories refer to the time period identified in the Complaint.

**C.** If you contend that you are entitled to withhold any information requested on these Interrogatories on the basis of Attorney/Client Privilege, the Work Product Doctrine, or some other Grounds, then for any such information; identify each person who has knowledge of the information or who has possession, custody, or control of any document relating thereto; and state the basis upon which you contend that you are entitled to withhold the information with specificity sufficient to enable the Court to determine whether the information should be produced.

**D.** If, in answering these Interrogatories you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed aambiguous and the construction used in answering.

### INTERROGATORIES

**1.** Please state MLP Diane Kilduff's Government Employment History including the dates employed by any & all Government Agencies.

**2.** Plaease discern if & when MLP Diane Kilduff, who is a Defendant in the Instant Litigation, became a "Whistle-Blower" and/or Complainant in any kind of Government Investigation regarding Defendant Kilduff employment at FMC Devens Prison. Kindly set forth the date & time that Defendant Kilduff became a "Whistle-Blower" and/or Complainant in a Government Investigation.

**3.** Please discern the names of the Government Investigators with their Official Government Employment Capacity, and include the dates that Defendant Kilduff specifically met with each of the Government Investigators.

4.    Please discern the approximate date, time and capacity that    Diane Kilduff interacted with the Plaintiff.

5.    Please discern the nature of Diane Kilduff's    interaction with the Plaintiff on or about the dates that Defendant Bhatti interacted with the Plaintiff

6.    Please discern the pain relief medication prescribed by Diane Kilduff    for the Plaintiff's Neuropathic Injuries that the Plaintiff suffered daily & ongoing during the dates Diane Kilduff    had interacted with the Plaintiff. Kindly set forth the names of the medications, properties, side effects, and intended relief this medication would offer under the Plaintiff's Neuropathic Injuries.

7.    Please discern why Diane Kilduff    authorized a Neurosurgeon Consultation to take place with over one year old MRI films without first ordering up to date MRI films.

8.    Please discern the Treatment Plan Diane Kilduff    initiated after the Neurosurgeon, Dr Blumenkopf's approx March 2004 diagnosis that the Plaintiff required surgery. Kindly explain what steps were taken after it was determined that the Plaintiff required surgery by the BOP Contract Specialist Dr Blumenkopf.

9.    Please explain if    Diane Kilduff    participated in any FMC Devens Prison Clinic Meetings wherein, the Plaintiff's medical treatment was discussed. Kindly set forth dates & times of said meetings.

10.    Please set forth the subject matter of the above meetings as it pertains to the Plaintiff, and the Plaintiff's medical treatment.

11.    Please set forth all of the person(s) in attendance of each above meeting.

12.    Please discern the medical decisions pertaining to the Plaintiff's medical treatment of his injuries, and treatment plan that was decided at the above meetings.

13.    Please explain & describe each and every medical decision decided in the above meetings, and under who's authority the decisions were made.

14.    Please explain if Diane Kilduff    was in agreement with all of the medical decisions pertaining to the Plaintiff's medical treatment, and name the person(s) that Defendant Bhatti informed about his disagreements.

15.    Please discern under who's authority was the Plaintiff's medical treatment plan devised. Kindly set forth each person(s) name, role, and authority in devising the Plaintiff's medical treatment plan.

Dated: 1/18/07
BY REGULAR MAIL

AUSA Mark J. Grady
US Attorney's Office
1 Courthouse Way, Ste 9200          -2-
Boston, MA 02210

FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432
<u>PROSE PLAINTIFF</u>

RECEIVED
U.S. ATTORNEY

07 FEB -5 PM 3: 27

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK BARBARO,                          :

PROSE PLAINTIFF                         :      C.A. NO.: 05-40097 (MLW)

                                        :

vs                                      :      THE HONORABLE MARK L. WOLF
                                               UNITED STATES DISTRICT COURT CHIEF JUDGE
                                        :

UNITED STATES OF AMERICA ON BEHALF OF   :
THE FEDERAL BUREAU OF PRISONS FMC DEVENS
PRISON, AND INDIVIDUALLY NAMED <u>BIVENS</u> :
DEFENDANTS: DR. FAZAL BHATTI, MLP KILDUFF, :      <u>FIRST SET OF INTERROGATORIES</u>
AND UNIT MGR. MRS. FERNANDEZ,           :

DEFENDANTS                              :

                                        :


<u>PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES FOR DEFENDANT UNITED STATES</u>


<u>BY DR. SANDRA HOWARD</u>

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED STATES
### BY DR. SANDRA HOWARD

* Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Prose Plaintiff, Frank Barbaro, propounds these Interrogatories to which Defendant Untied States by Dr. Sandra Howard shall respond separately & fully in writing and under oath within 30 days after Service of these Interrogatories in accordance with the Instructions & Definitions set forth herein.

### INSTRUCTIONS

**A.** THese Interrogatories are continuing in character and require you to file supplemental answers if you obtain additional or different information before the trial of this case.

**B.** Unless otherwise indicated, these Interrogatories refer to the time period identified in the complaint.

**C.** If you contend that you are entitled to withhold any information requested on these Interrogatories on the basis of Attorney/Client Privilege, the Work Product Doctrine, or some other Grounds, then for any such information; identify each person who has knowledge of the information or who has possession, custody, or control of any document relating thereto; and state the basis upon which you contend that you are entitled to withhold the information with specificity sufficient to enable the Court to determine whether the information should be produced.

**D.** If, in answering these Interrogatories you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

**E.** In each Interrogatory the answer must set forth if the person has directly or indirectly any knowledge pertaining to the Question Presented. Should the person answering in the Interrogatory contend that they were entitled to withhold any part of their Response under any Objection that they claim, said person must state, when Objecting to answering the Question, whether they have direct or indirect knowledge of any element of the Question that they are Objecting to answer.

## INTERROGATORIES

1.    Please state when **Dr Sandra Howard** learned about the Pending FBI/DOJ Office of Inspector General Investigations into the FMC Devens Prison Medical Staff; Dr. Sandra Howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Bernhardt, Dr. Beckencort, Diane Kilduff, Thomas Janescko, and any other FMC Devens Prison Medical Staff that were interviewed by Captain Bollinger, SIS/SIA Staff, FBI, or DOJ Insp. General Office. The foregoing Question is linked to any & all information and Knowledge that **Dr Sandra Howard** is aware of, regarding all investigations initiated pertaining to the FMC Devens Medical Staff, which is linked to the Plaintiff's Pending Action that embraces the Plaintiff's total exhaustion under the FTCA for Medical Negligence, Malpractice, Misconduct & Concealment of Facts in the Plaintiff's Pending Action.

2.    Please state each Named Person that **Dr. Sandra Howard** knows was subjected to any & all interviews by the FBI, DOJ Insp. General Office, Captain Bollinger, including the FMC Devens SIS/SIA Staff regarding all Medical Staff employed at the FMC Devens Prison as set forth in the Instructions of the Instant Interrogatories.

3.    Please state if **Dr. Sandra Howard** himself participated in any interviews or investi- gations directly or indirectly with Captain Bollinger, FMC Devens SIS/SIA Staff, FBI, and/or DOJ Insp. General Office regarding FMC Devens Prison Medical Staff Personnel as set forth in the Instructions of the Instant Interrogatories that are thereby linked to the Plaintiff's Pending Action. Medical Negligence Claims.

4.    Please state if **Dr. Sandra Howard** is a target in any of the investigations set forth in the Instant Interrogatories directly or indirectly under any & all information that **Dr. Sandra Howard** has. regarding FMC Devens Prison Medical Staff.

5.    Please state the Names of the Investigation Targets directly or indirectly that Dr Sandra Howard is aware of regarding any & all investigations by the FBI, DOJ Insp. General Office, FMC Devens Prison SIS/SIA Staff regarding the FMC Devens Prison Medical Staff; Dr. Sandra howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Beckencort, Diane Kilduff, Thomas Janescko, and/or any other FMC Devens Prison Medical Staff.

6.    Please state if Dr Sandra Howard prepared any BOP Memorandum and/or other documents regarding any & all FMC Devens Prison Medical Staff investigations including the FMC Devens Prison SIS/SIA Staff, FBI, DOJ Insp. General Personnel, or any other Government Agency regarding the FMC Devens Medical Staff Negligence and/or Corruption.

7.    Please state if Dr Sandra Howard  participated in any written, verbal (in person),
telephone, E-Mail, fax, and/or US Mail with any Government Staff participating in the
Review, directly or indirectly, of the FMC Devens Medical Staff set forth above whereby
stating any communication participation with either FMC Devens Personnel, FBI, and/or
DOJ Insp. General Personnel. Kindly state approximate date of any of the above communications,
and name with whom each communication was with along with their Government Postion/Title.

8.    Please state if Dr Sandra Howard  is aware of any Prior or Pending litigation
claiming Medical Negligence, Malpractice, Deliberate Indifference, Deception or Fraud
against any party including the United States or any other Named Medical Personnel that
are presently or previously employed by FMC Devens Prison. Kindly set forth the names of
the Litigants in the foregoing Question.

9.    Please state if Dr Sandra Howard  participated in any FMC Devens Prison Staff
Meetings that discussed directly or indirectly the above litigations pertaining to the
FMC Devens Medical Dept., and kindly set forth the names of the FMC Devens Prison Officials,
Staff or other Government Employees who participated in said meeting, and the approximate
dates of said meetings.

10.    Please state when Dr Sandra Howard  learned about gratuities that were being paid
directly or indirectly to any FMC Devens Prison Medical Staff by current or former prisoners.

11.    Please state when Dr Sandra Howard  learned of any allegations directly or indirectly
to any current or former FMC Devens Medical Staff.

12.    Please state the names FMC Devens Medical Staff **Dr Sandra Howard** learned had
resigned and/or terminated their employment at FMC Devens Prison under allegations of
Misconduct by FMC Devens Medical Staff at FMC Devens Prison.

13.    Please state the approximate date, time, and capacity that Dr Howard      interacted
with the Plaintiff.

14.    Please discern the nature of Dr Howard's   interaction with the Plaintiff on or about
the dates that Dr Howard     interacted with the Plaintiff.

15.    Please discern the pain relief medication prescribed by Dr Howard  for the Plaintiff's
Neuropathic Injuries that the Plaintiff suffered daily & ongoing during the dates
had interacted with the Plaintiff. Kindly set forth the names of the medications, properties,
side-effects, and intended relief said medication would offer the Plaintiff under his
Neuropathic Injuries.

16.    Please discern the Treatment Plan Dr Howard     initiated after the Neurosurgeon, Dr.
Blumenkopf approximate March 2004 diagnosis that the Plaintiff required surgery. Kindly
explain what steps were taken after it was determined that the Plaintiff required surgery
by the BOP Contract Specialist Dr. Blumenkopf.

-3-

17.    Please explain if **Dr Howard**  participated in any FMC Devens Prison Clinic Meetings wherein, the Plaintiff's medical treatment was discussed. Kindly set forth dates & times of said meetings, and include the names of all persons in attendance of said meetings.

18.    Please discern the medical decisions pertaining to the Plaintiff's medical treatment of his injuries, and treatment plan that was decided at the above meetings.

19.    Please explain & describe each & every medical decision decided in the above meetings, and under who's authority the decisions were made regarding the Plaintiff's injuries.

20.    Please explain if **Dr Howard**  was in agreement with all of the medical decisions pertaining to the Plaintiff's neck, back & shoulder injuries, and name the person(s) **Dr Howard** had informed about his disagreements regarding the Plaintiff's medical treatment.

21.    Please discern under who's authority was the Plaintiff's medical treatment plan devised. Kindly set forth each person's name, role, and authority in devising the Plaintiff's medical treatment plan regarding his injuries to his neck, shoulder, and back.

22.    Please discern under who's authority was the Plaintiff's medical treatment plan devised. Kindly set forth each person(s) name, role, and authority in devising the Plaintiff's medical treatment plan for his neck, back & shoulder injuries.

23.    Please discern under who's authority was the Plaintiff prescribed physical therapy as treatment for his neck, back & shoulder injuries. Kindly set forth name of the person(s) responsible for prescribing and authorizing physical therapy as treatment for the Plaintiff's neck, back, and shoulder injuries. Kindly set forth the dates of the above person(s) authorization for said physical therapy.

24.    Please discern whether Dr Howard  was in agreement with the above physical therapy treatment for the Plaintiff neck, back & shoulder injuries, and name the person(s) that Dr Howard    had informed about his disagreement regarding physical therapy treatment for the Plaintiff's neck, back & shoulder injuries.

25.    Please discern if Dr Howard  had understood from the Plaintiff's prison medical record's MRI, EMG, and Neurosurgeon Dr. Blumenkopf Evaluation that the Plaintiff would suffer further injuries if he were to undergo physical therapy for his neck, back, and shoulder injuries. Kindly set forth the above Diagnostic & Neurosurgeon Evaluations and their medical indications that physical therapy for the Plaintiff's neck, back & shoulder injuries would cause further damage to the Plaintiff's said injuries.

Dated: 1/31/07

BY REGULAR MAIL
AUSA MARK J. GRADY
US ATTORNEY'S OFFICE
1 COURTHOUSE WAY, STE 9200         **-4-**
BOSTON, MA 02210

FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432
PROSE PLAINTIFF

RECEIVED
U.S. ATTORNEY

07 FEB -5 PM 3: 27

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK BARBARO,                              :

PROSE PLAINTIFF                             :    C.A. NO.: 05-40097 (MLW)

                                            :

vs                                          :    THE HONORABLE MARK L. WOLF
                                            :    UNITED STATES DISTRICT COURT CHIEF JUDGE

UNITED STATES OF AMERICA ON BEHALF OF       :
THE FEDERAL BUREAU OF PRISONS FMC DEVENS
PRISON, AND INDIVIDUALLY NAMED BIVENS       :    FIRST SET OF INTERROGATORIES
DEFENDANTS: DR. FAZAL BHATTI, MLP KILDUFF,  :
AND UNIT MGR. MRS. FERNANDEZ,
                                            :

DEFENDANTS                                  :


PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES FOR DEFENDANT UNITED STATES


BY DR. KARL A. BERNHARD

<u>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED STATES**</u>
**BY DR. KARL A. BERNHARD**

&ast; Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Prose Plaintiff. Frank Barbaro, propounds these Interrogatories to which Defendant Untied States by Dr. Karl Bernhard shall respond separately & fully in writing and under oath within 30 days after Service of these Interrogatories in accordance with the Instructions & Definitions set forth herein.

### INSTRUCTIONS

**A.** THese Interrogatories are continuing in character and require you to file supplemental answers if you obtain additional or different information before the trial of this case.

**B.** Unless otherwise indicated. these Interrogatories refer to the time period identified in the complaint.

**C.** If you contend that you are entitled to withhold any information requested on these Interrogatories on the basis of Attorney/Client Privilege, the Work Product Doctrine, or some other Grounds, then for any such information; identify each person who has knowledge of the information or who has possession, custody, or control of any document relating thereto; and state the basis upon which you contend that you are entitled to withhold the information with specificity sufficient to enable the Court to determine whether the information should be produced.

**D.** If. in answering these Interrogatories you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

**E.** In each Interrogatory the answer must set forth if the person has directly or indirectly any knowledge pertaining to the Question Presented. Should the person answering in the Interrogatory contend that they were entitled to withhold any part of their Response under any Objection that they claim, said person must state, when Objecting to answering the Question. whether they have direct or indirect knowledge of any element of the Question that they are Objecting to answer.

–1–

### INTERROGATORIES

1.    Please state when **Dr. Bernhard**        learned about the Pending FBI/DOJ Office of Inspector General Investigations into the FMC Devens Prison Medical Staff; Dr. Sandra Howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Bernhardt, Dr. Beckencort, Diane Kilduff, Thomas Janescko, and any other FMC Devens Prison Medical Staff that were interviewed by Captain Bollinger, SIS/SIA Staff, FBI, or DOJ Insp. General Office. The foregoing Question is linked to any & all information and Knowledge that **Dr. Bernhard**        is aware of, regarding all investigations initiated pertaining to the FMC Devens Medical Staff, which is linked to the Plaintiff's Pending Action that embraces the Plaintiff's total exhaustion under the FTCA for Medical Negligence, Malpractice, Misconduct & Concealment of Facts in the Plaintiff's Pending Action.

2.    Please state each Named Person that Dr. Bernhard        knows was subjected to any & all interviews by the FBI, DOJ Insp. General Office, Captain Bollinger, including the FMC Devens SIS/SIA Staff regarding all Medical Staff employed at the FMC Devens Prison as set forth in the Instructions of the Instant Interrogatories.

3.    Please state if Dr. Bernhard        himself participated in any interviews or investi-gations directly or indirectly with Captain Bollinger, FMC Devens SIS/SIA Staff, FBI, and/or DOJ Insp. General Office regarding FMC Devens Prison Medical Staff Personnel as set forth in the Instructions of the Instant Interrogatories that are thereby linked to the Plaintiff's Pending Action. Medical Negligence Claims.

4.    Please state if Dr. Bernhard        is a target in any of the investigations set forth in the Instant Interrogatories directly or indirectly under any & all information that Dr. Bernhard        has. regarding FMC Devens Prison Medical Staff.

5.    Please state the Names of the Investigation Targets directly or indirectly that Dr. Bernhard        is aware of regarding any & all investigations by the FBI, DOJ Insp. General Office, FMC Devens Prison SIS/SIA Staff regarding the FMC Devens Prison Medical Staff; Dr. Sandra howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Beckencort, Diane Kilduff, Thomas Janescko, and/or any other FMC Devens Prison Medical Staff.

6.    Please state if Dr. Bernhard        prepared any BOP Memorandum and/or other documents regarding any & all FMC Devens Prison Medical Staff investigations including the FMC Devens Prison SIS/SIA Staff, FBI, DOJ Insp. General Personnel, or any other Government Agency regarding the FMC Devens Medical Staff Negligence and/or Corruption.

7.    Please state if **Dr. Bernhard**    participated in any written, verbal (in person), telephone, E-Mail, fax, and/or US Mail with any Government Staff participating in the Review, directly or indirectly, of the FMC Devens Medical Staff set forth above whereby stating any communication participation with either FMC Devens Personnel, FBI, and/or DOJ Insp. General Personnel. Kindly state approximate date of any of the above communications, and name with whom each communication was with along with their Government Postion/Title.

8.    Please state if Dr. Bernhard    is aware of any Prior or Pending litigation claiming Medical Negligence, Malpractice, Deliberate Indifference, Deception or Fraud against any party including the United States or any other Named Medical Personnel that are presently or previously employed by FMC Devens Prison. Kindly set forth the names of the Litigants in the foregoing Question.

9.    Please state if Dr. Bernhard    participated in any FMC Devens Prison Staff Meetings that discussed directly or indirectly the above litigations pertaining to the FMC Devens Medical Dept., and kindly set forth the names of the FMC Devens Prison Officials, Staff or other Government Employees who participated in said meeting, and the approximate dates of said meetings.

10.    Please state when Dr. Bernhard    learned about gratuities that were being paid directly or indirectly to any FMC Devens Prison Medical Staff by current or former prisoners.

11.    Please state when Dr. Bernhard    learned of any allegations directly or indirectly to any current or former FMC Devens Medical Staff.

12.    Please state the names FMC Devens Medical Staff  Dr. Bernhard    learned had resigned and/or terminated their employment at FMC Devens Prison under allegations of Misconduct by FMC Devens Medical Staff at FMC Devens Prison.

13.    Please state the approximate date, time, and capacity that Dr. Bernhard  interacted with the Plaintiff.

14.    Please discern the nature of Dr. Bernhard'sinteraction with the Plaintiff on or about the dates that Dr Bernhard interacted with the Plaintiff.

15.    Please discern the pain relief medication prescribed by Dr Bernhardfor the Plaintiff's Neuropathic Injuries that the Plaintiff suffered daily & ongoing during the dates had interacted with the Plaintiff. Kindly set forth the names of the medications, properties, side-effects, and intended relief said medication would offer the Plaintiff under his Neuropathic Injuries.

16.    Please discern the Treatment Plan Dr Bernhard initiated after the Neurosurgeon, Dr. Blumenkopf approximate March 2004 diagnosis that the Plaintiff required surgery. Kindly explain what steps were taken after it was determined that the Plaintiff required surgery by the BOP Contract Specialist Dr. Blumenkopf.

17.    Please explain if Dr Bernhard participated in any FMC Devens Prison Clinic Meetings wherein, the Plaintiff's medical treatment was discussed. Kindly set forth dates & times of said meetings, and include the names of all persons in attendance of said meetings.

18.    Please discern the medical decisions pertaining to the Plaintiff's medical treatment of his injuries, and treatment plan that was decided at the above meetings.

19.    Please explain & describe each & every medical decision decided in the above meetings, and under who's authority the decisions were made regarding the Plaintiff's injuries.

20.    Please explain if Dr Bernhard was in agreement with all of the medical decisions pertaining to the Plaintiff's neck, back & shoulder injuries, and name the person(s) Dr Bernhard had informed about his disagreements regarding the Plaintiff's medical treatment.

21.    Please discern under who's authority was the Plaintiff's medical treatment plan devised. Kindly set forth each person's name, role, and authority in devising the Plaintiff's medical treatment plan regarding his injuries to his neck, shoulder, and back.

22.    Please discern under who's authority was the Plaintiff's medical treatment plan devised. Kindly set forth each person(s) name, role, and authority in devising the Plaintiff's medical treatment plan for his neck, back & shoulder injuries.

23.    Please discern under who's authority was the Plaintiff prescribed physical therapy as treatment for his neck, back & shoulder injuries. Kindly set forth name of the person(s) responsible for prescribing and authorizing physical therapy as treatment for the Plaintiff's neck, back, and shoulder injuries. Kindly set forth the dates of the above person(s) authorization for said physical therapy.

24.    Please discern whether Dr Bernhard was in agreement with the above physical therapy treatment for the Plaintiff neck, back & shoulder injuries, and name the person(s) that Dr Bernhard had informed about his disagreement regarding physical therapy treatment for the Plaintiff's neck, back & shoulder injuries.

25.    Please discern if Dr Bernhard had understood from the Plaintiff's prison medical record's MRI, EMG, and Neurosurgeon Dr. Blumenkopf Evaluation that the Plaintiff would suffer further injuries if he were to undergo physical therapy for his neck, back, and shoulder injuries. Kindly set forth the above Diagnostic & Neurosurgeon Evaluations and their medical indications that physical therapy for the Plaintiff's neck, back & shoulder injuries would cause further damage to the Plaintiff's said injuries.

Dated: 1/31/07

BY REGULAR MAIL
AUSA MARK J. GRADY
US ATTORNEY'S OFFICE
1 COURTHOUSE WAY, STE 9200
BOSTON, MA 02210

-4-

FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432
<u>PROSE PLAINTIFF</u>

RECEIVED
U.S. ATTORNEY

07 FEB -5 PM 3: 27

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


FRANK BARBARO,                          :

PROSE PLAINTIFF                         :    C.A. NO.: 05-40097 (MLW)

                                        :

vs                                      :    THE HONORABLE MARK L. WOLF
                                        :    UNITED STATES DISTRICT COURT CHIEF JUDGE

UNITED STATES OF AMERICA ON BEHALF OF   :
THE FEDERAL BUREAU OF PRISONS FMC DEVENS :
PRISON, AND INDIVIDUALLY NAMED <u>BIVENS</u> :    <u>FIRST SET OF INTERROGATORIES</u>
DEFENDANTS: DR. FAZAL BHATTI, MLP KILDUFF, :
AND UNIT MGR. MRS. FERNANDEZ,           :

DEFENDANTS                              :

                                        :


<u>PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES FOR DEFENDANT UNITED STATES</u>


<u>BY ASSISTANT WARDEN BRIAN E. HERTEL</u>

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED STATES
### BY ASSISTANT WARDEN BRIAN E. HERTEL

    * Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Prose Plaintiff, Frank Barbaro, propounds these Interrogatories to which Defendant Untied States by A.W. Hertel          shall respond separately & fully in writing and under oath within 30 days after Service of these Interrogatories in accordance with the Instructions & Definitions set forth herein.

### INSTRUCTIONS

**A.**    These Interrogatories are continuing in character and require you to file supplemental answers if you obtain additional or different information before the trial of this case.

**B.**    Unless otherwise indicated, these Interrogatories refer to the time period identified in the complaint.

**C.**    If you contend that you are entitled to withhold any information requested on these Interrogatories on the basis of Attorney/Client Privilege, the Work Product Doctrine, or some other Grounds, then for any such information; identify each person who has knowledge of the information or who has possession, custody, or control of any document relating thereto; and state the basis upon which you contend that you are entitled to withhold the information with specificity sufficient to enable the Court to determine whether the information should be produced.

**D.**    If, in answering these Interrogatories you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

**E.**    In each Interrogatory the answer must set forth if the person has directly or indirectly any knowledge pertaining to the Question Presented. Should the person answering in the Interrogatory contend that they were entitled to withhold any part of their Response under any Objection that they claim, said person must state, when Objecting to answering the Question, whether they have direct or indirect knowledge of any element of the Question that they are Objecting to answer.

-1-

## INTERROGATORIES

1.    Please state when ·A.W.   Hertel     learned about the Pending FBI/DOJ Office of
Inspector General Investigations into the FMC Devens Prison Medical Staff; Dr. Sandra
Howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Bernhardt, Dr. Beckencort, Diane Kilduff,
Thomas Janescko, and any other FMC Devens Prison Medical Staff that were interviewed
by Captain Bollinger, SIS/SIA Staff, FBI, or DOJ Insp. General Office. The foregoing
Question is linked to any & all information and Knowledge that **A.W.  Hertel**     is aware
of, regarding all investigations initiated pertaining to the FMC Devens Medical Staff,
which is linked to the Plaintiff's Pending Action that embraces the Plaintiff's total
exhaustion under the FTCA for Medical Negligence, Malpractice, Misconduct & Concealment
of Facts in the Plaintiff's Pending Action.

2.    Please state each Named Person that **A.W.  Hertel**     knows was subjected to any
& all interviews by the FBI, DOJ Insp. General Office, Captain Bollinger, including the
FMC Devens SIS/SIA Staff regarding all Medical Staff employed at the FMC Devens Prison
as set forth in the Instructions of the Instant Interrogatories.

3.    Please state if **A.W. Hertel**     himself participated in any interviews or investi-
gations directly or indirectly with Captain Bollinger, FMC Devens SIS/SIA Staff, FBI,
and/or DOJ Insp. General Office regarding FMC Devens Prison Medical Staff Personnel as
set forth in the Instructions of the Instant Interrogatories that are thereby linked
to the Plaintiff's Pending Action. Medical Negligence Claims.

4.    Please state if **A.W. Hertel**     is a target in any of the investigations set
forth in the Instant Interrogatories directly or indirectly under any & all information
that **A.W.  Hertel**     has. regarding FMC Devens Prison Medical Staff.

5.    Please state the Names of the Investigation Targets directly or indirectly that
**A.W.  Hertel**     is aware of regarding any & all investigations by the FBI, DOJ Insp.
General Office, FMC Devens Prison SIS/SIA Staff regarding the FMC Devens Prison Medical
Staff; Dr. Sandra howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Beckencort, Diane
Kilduff, Thomas Janescko, and/or any other FMC Devens Prison Medical Staff.

6.    Please state if **A.W. Hertel**     prepared any BOP Memorandum and/or other documents
regarding any & all FMC Devens Prison Medical Staff investigations including the FMC
Devens Prison SIS/SIA Staff, FBI, DOJ Insp. General Personnel, or any other Government
Agency regarding the FMC Devens Medical Staff Negligence and/or Corruption.

7.    Please state if A.W. Hertel    participated in any written, verbal (in person), telephone, E-Mail, fax, and/or US Mail with any Government Staff participating in the Review, directly or indirectly, of the FMC Devens Medical Staff set forth above whereby stating any communication participation with either FMC Devens Personnel, FBI, and/or DOJ Insp. General Personnel. Kindly state approximate date of any of the above communications, and name with whom each communication was with along with their Government Postion/Title.

8.    Please state if A.W. Hertel    is aware of any Prior or Pending litigation claiming Medical Negligence, Malpractice, Deliberate Indifference, Deception or Fraud against any party including the United States or any other Named Medical Personnel that are presently or previously employed by FMC Devens Prison. Kindly set forth the names of the Litigants in the foregoing Question.

9.    Please state if A.W. Hertel    participated in any FMC Devens Prison Staff Meetings that discussed directly or indirectly the above litigations pertaining to the FMC Devens Medical Dept., and kindly set forth the names of the FMC Devens Prison Officials sand/or other Government Employees who participated in said meeting, and the approximate dates of said meetings.

10.    Please state when A.W. Hertel    learned about gratuities that were being paid directly or indirectly to any FMC Devens Prison Medical Staff by current or former prisoners.

11.    Please state when A.W. Hertel    learned of any allegations directly or indirectly to any current or former FMC Devens Medical Staff's Negligence, Malpractice or Corruption.

12.    Please state the names FMC Devens Medical Staff A.W. Hertel    learned had resigned and/or terminated their employment at FMC Devens Prison under allegations of Misconduct by FMC Devens Medical Staff at FMC Devens Prison.

13.    Please state if A.W. Hertel    directly or indirectly took any action to Review or Investigate any of the FMC Devens Medical Staff Resignation/Terminations of Employment resulting from allegations of FMC Devens Medical Staff Misconduct, and set forth the names of persons that A.W. Hertel    investigated.

14.    Please state what complaints A.W. Hertel    learned about regarding Misconduct by current or former FMC Devens Prison Medical Staff. Kindly set forth the nature of the complaint, the form in which the complaint was made written, verbal, etc, and the names of the persons that filed the complaint.

Dated: 1/31/07

BY REGULAR MAIL
AUSA MARK J. GRADY
US ATTORNEY'S OFFICE
1 COURTHOUSE WAY, STE 9200
BOSTON, MA 02210

-3-

FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432
PROSE PLAINTIFF

RECEIVED
U.S. ATTORNEY

07 FEB -5 PH 3:27


UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


FRANK BARBARO,                          :

PROSE PLAINTIFF                         :     C.A. NO.: 05-40097 (MLW)

                                        :

vs                                      :     THE HONORABLE MARK L. WOLF
                                        :     UNITED STATES DISTRICT COURT CHIEF JUDGE

UNITED STATES OF AMERICA ON BEHALF OF   :
THE FEDERAL BUREAU OF PRISONS FMC DEVENS :
PRISON, AND INDIVIDUALLY NAMED BIVENS   :     FIRST SET OF INTERROGATORIES
DEFENDANTS: DR. FAZAL BHATTI, MLP KILDUFF, :
AND UNIT MGR. MRS. FERNANDEZ,           :

DEFENDANTS                              :


PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES FOR DEFENDANT UNITED STATES


BY ASSISTANT WARDEN RUSSELL

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED STATES**
**BY ASSISTANT WARDEN RUSSELL**

\* Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Prose Plaintiff, Frank Barbaro, propounds these Interrogatories to which Defendant Untied States by A.W. Russell        shall respond separately & fully in writing and under oath within 30 days after Service of these Interrogatories in accordance with the Instructions & Definitions set forth herein.

### INSTRUCTIONS

**A.**     These Interrogatories are continuing in character and require you to file supplemental answers if you obtain additional or different information before the trial of this case.

**B.**     Unless otherwise indicated, these Interrogatories refer to the time period identified in the complaint.

**C.**     If you contend that you are entitled to withhold any information requested on these Interrogatories on the basis of Attorney/Client Privilege, the Work Product Doctrine, or some other Grounds, then for any such information; identify each person who has knowledge of the information or who has possession, custody, or control of any document relating thereto; and state the basis upon which you contend that you are entitled to withhold the information with specificity sufficient to enable the Court to determine whether the information should be produced.

**D.**     If, in answering these Interrogatories you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

**E.**     In each Interrogatory the answer must set forth if the person has directly or indirectly any knowledge pertaining to the Question Presented. Should the person answering in the Interrogatory contend that they were entitled to withhold any part of their Response under any Objection that they claim, said person must state, when Objecting to answering the Question, whether they have direct or indirect knowledge of any element of the Question that they are Objecting to answer.

-1-

## INTERROGATORIES

1.     Please state when · **A.W. Russell**     learned about the Pending FBI/DOJ Office of
Inspector General Investigations into the FMC Devens Prison Medical Staff; Dr. Sandra
Howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Bernhardt, Dr. Beckencort, Diane Kilduff,
Thomas Janescko, and any other FMC Devens Prison Medical Staff that were interviewed
by Captain Bollinger, SIS/SIA Staff, FBI, or DOJ Insp. General Office. The foregoing
Question is linked to any & all information and Knowledge that **A.W. Russell**     is aware
of, regarding all investigations initiated pertaining to the FMC Devens Medical Staff,
which is linked to the Plaintiff's Pending Action that embraces the Plaintiff's total
exhaustion under the FTCA for Medical Negligence, Malpractice, Misconduct & Concealment
of Facts in the Plaintiff's Pending Action.

2.     Please state each Named Person that A.W. Russell      knows was subjected to any
& all interviews by the FBI, DOJ Insp. General Office, Captain Bollinger, including the
FMC Devens SIS/SIA Staff regarding all Medical Staff employed at the FMC Devens Prison
as set forth in the Instructions of the Instant Interrogatories.

3.     Please state if A.W. Russell      himself participated in any interviews or investi-
gations directly or indirectly with Captain Bollinger, FMC·Devens SIS/SIA Staff, FBI,
and/or DOJ Insp. General Office regarding FMC Devens Prison Medical Staff Personnel as
set forth in the Instructions of the Instant Interrogatories that are thereby linked
to the Plaintiff's Pending Action. Medical Negligence Claims.

4.     Please state if A.W. Russell      is a target in any of the investigations set
forth in the Instant Interrogatories directly or indirectly under any & all information
that A.W. Russell      has. regarding FMC Devens Prison Medical Staff.

5.     Please state the Names of the Investigation Targets directly or indirectly that
A.W. Russell      is aware of regarding any & all investigations by the FBI, DOJ Insp.
General Office, FMC Devens Prison SIS/SIA Staff regarding the FMC Devens Prison Medical
· Staff; Dr. Sandra howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Beckencort, Diane
Kilduff, Thomas Janescko, and/or any other FMC Devens Prison Medical Staff.

6.     Please state if  A.W. Russell      prepared any BOP Memorandum and/or other documents
regarding any & all FMC Devens Prison Medical Staff investigations including the FMC
Devens Prison SIS/SIA Staff, FBI, DOJ Insp. General Personnel, or any other Government
Agency regarding the FMC Devens Medical Staff Negligence and/or Corruption.

7.    Please state if  A.W.  Russell   participated in any written, verbal (in person), telephone, E—Mail, fax, and/or US Mail with any Government Staff participating in the Review, directly or indirectly, of the FMC Devens Medical Staff set forth above whereby stating any communication participation with either FMC Devens Personnel, FBI, and/or DOJ Insp. General Personnel. Kindly state approximate date of any of the above communications, and name with whom each communication was with along with their Government Postion/Title.

8.    Please state if A.W.  Russell   is aware of any Prior or Pending litigation claiming Medical Negligence, Malpractice, Deliberate Indifference, Deception or Fraud against any party including the United States or any other Named Medical Personnel that are presently or previously employed by FMC Devens Prison. Kindly set forth the names of the Litigants in the foregoing Question.

9.    Please state if A.W.  Russell   participated in any FMC Devens Prison Staff Meetings that discussed directly or indirectly the above litigations pertaining to the FMC Devens Medical Dept., and kindly set forth the names of the FMC Devens Prison Officials sand/or other Government Employees who participated in said meeting, and the approximate dates of said meetings.

10.    Please state when  A.W.  Russell   learned about gratuities that were being paid directly or indirectly to any FMC Devens Prison Medical Staff by current or former prisoners.

11.    Please state when  A.W.  Russell   learned of any allegations directly or indirectly to any current or former FMC Devens Medical Staff's Negligence, Malpractice or Corruption.

12.    Please state the names FMC Devens Medical Staff  A.W.  Russell   learned had resigned and/or terminated their employment at FMC Devens Prison under allegations of Misconduct by FMC Devens Medical Staff at FMC Devens Prison.

13.    Please state if  A.W.  Russell   directly or indirectly took any action to Review or Investigate any of the FMC Devens Medical Staff Resignation/Terminations of Employment resulting from allegations of FMC Devens Medical Staff Misconduct, and set forth the names of persons that  A.W.  Russell   investigated.

14.    Please state what complaints  A.W.  Russell   learned about regarding Misconduct by current or former FMC Devens Prison Medical Staff. Kindly set forth the nature of the complaint, the form in which the complaint was made written, verbal, etc, and the names of the persons that filed the complaint.

Dated: 1/31/07

BY REGULAR MAIL
AUSA MARK J. GRADY
US ATTORNEY'S OFFICE
1 COURTHOUSE WAY, STE 9200                    **—3—**
BO
ON, MA 02210

FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432
PROSE PLAINTIFF

RECEIVED
U.S. ATTORNEY

07 FEB -5 PM 3:27

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANK BARBARO, | : | |
| PROSE PLAINTIFF | : | C.A. NO.: 05-40097 (MLW) |
| | : | |
| vs | : | THE HONORABLE MARK L. WOLF |
| | : | UNITED STATES DISTRICT COURT CHIEF JUDGE |
| UNITED STATES OF AMERICA ON BEHALF OF | : | |
| THE FEDERAL BUREAU OF PRISONS FMC DEVENS | : | |
| PRISON, AND INDIVIDUALLY NAMED BIVENS | : | FIRST SET OF INTERROGATORIES |
| DEFENDANTS: DR. FAZAL BHATTI, MLP KILDUFF, | : | |
| AND UNIT MGR. MRS. FERNANDEZ, | : | |
| | : | |
| DEFENDANTS | : | |

PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES FOR DEFENDANT UNITED STATES

BY MR. DARREN BROWN

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED STATES
### BY DARREN BROWN

\* Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Prose Plaintiff, Frank Barbaro, propounds these Interrogatories to which Defendant Untied States by Mr. Darren Brown shall respond separately & fully in writing and under oath within 30 days after Service of these Interrogatories in accordance with the Instructions & Definitions set forth herein.

### INSTRUCTIONS

**A.** These Interrogatories are continuing in character and require you to file supplemental answers if you obtain additional or different information before the trial of this case.

**B.** Unless otherwise indicated, these Interrogatories refer to the time period identified in the complaint.

**C.** If you contend that you are entitled to withhold any information requested on these Interrogatories on the basis of Attorney/Client Privilege, the Work Product Doctrine, or some other Grounds, then for any such information; identify each person who has knowledge of the information or who has possession, custody, or control of any document relating thereto; and state the basis upon which you contend that you are entitled to withhold the information with specificity sufficient to enable the Court to determine whether the information should be produced.

**D.** If, in answering these Interrogatories you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

**E.** In each Interrogatory the answer must set forth if the person has directly or indirectly any knowledge pertaining to the Question Presented. Should the person answering in the Interrogatory contend that they were entitled to withhold any part of their Response under any Objection that they claim, said person must state, when Objecting to answering the Question, whether they have direct or indirect knowledge of any element of the Question that they are Objecting to answer.

**-1-**

## INTERROGATORIES

1.    Please state when Mr. Darren Brown  learned about the Pending FBI/DOJ Office of Inspector General Investigations into the FMC Devens Prison Medical Staff; Dr. Sandra Howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Bernhardt, Dr. Beckencort, Diane Kilduff, Thomas Janescko, and any other FMC Devens Prison Medical Staff that were interviewed by Captain Bollinger, SIS/SIA Staff, FBI, or DOJ Insp. General Office. The foregoing Question is linked to any & all information and Knowledge that Mr. Darren Brown  is aware of, regarding all investigations initiated pertaining to the FMC Devens Medical Staff, which is linked to the Plaintiff's Pending Action that embraces the Plaintiff's total exhaustion under the FTCA for Medical Negligence, Malpractice, Misconduct & Concealment of Facts in the Plaintiff's Pending Action.

2.    Please state each Named Person that Mr. Darren Brown  knows was subjected to any & all interviews by the FBI, DOJ Insp. General Office, Captain Bollinger, including the FMC Devens SIS/SIA Staff regarding all Medical Staff employed at the FMC Devens Prison as set forth in the Instructions of the Instant Interrogatories.

3.    Please state if **Mr. Darren Brown** himself participated in any interviews or investigations directly or indirectly with Captain Bollinger, FMC Devens SIS/SIA Staff, FBI, and/or DOJ Insp. General Office regarding FMC Devens Prison Medical Staff Personnel as set forth in the Instructions of the Instant Interrogatories that are thereby linked to the Plaintiff's Pending Action. Medical Negligence Claims.

4.    Please state if **Mr. Darren Brown** is a target in any of the investigations set forth in the Instant Interrogatories directly or indirectly under any & all information that **Mr. Darren Brown**  has. regarding FMC Devens Prison Medical Staff.

5.    Please state the Names of the Investigation Targets directly or indirectly that Mr. Darren Brown  is aware of regarding any & all investigations by the FBI, DOJ Insp. General Office, FMC Devens Prison SIS/SIA Staff regarding the FMC Devens Prison Medical Staff; Dr. Sandra howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Beckencort, Diane Kilduff, Thomas Janescko, and/or any other FMC Devens Prison Medical Staff.

6.    Please state if Mr. Darren Brown  prepared any BOP Memorandum and/or other documents regarding any & all FMC Devens Prison Medical Staff investigations including the FMC Devens Prison SIS/SIA Staff, FBI, DOJ Insp. General Personnel, or any other Government Agency regarding the FMC Devens Medical Staff Negligence and/or Corruption.

7.     Please state if Mr. Darren Brown  participated in any written, verbal (in person), telephone, E-Mail, fax, and/or US Mail with any Government Staff participating in the Review, directly or indirectly, of the FMC Devens Medical Staff set forth above whereby stating any communication participation with either FMC Devens Personnel, FBI, and/or DOJ Insp. General Personnel. Kindly state approximate date of any of the above communications, and name with whom each communication was with along with their Government Postion/Title.

8.     Please state if Mr. Darren Brown is aware of any Prior or Pending litigation claiming Medical Negligence, Malpractice, Deliberate Indifference, Deception or Fraud against any party including the United States or any other Named Medical Personnel that are presently or previously employed by FMC Devens Prison. Kindly set forth the names of the Litigants in the foregoing Question.

9.     Please state if Mr. Darren Brown  participated in any FMC Devens Prison Staff Meetings that discussed directly or indirectly the above litigations pertaining to the FMC Devens Medical Dept., and kindly set forth the names of the FMC Devens Prison Officials sand/or other Government Employees who participated in said meeting, and the approximate dates of said meetings.

10.    Please state when Mr. Darren Brown learned about gratuities that were being paid directly or indirectly to any FMC Devens Prison Medical Staff by current or former prisoners.

11.    Please state when Mr. Darren Brown learned of any allegations directly or indirectly to any current or former FMC Devens Medical Staff's Negligence, Malpractice or Corruption.

12.    Please state the names FMC Devens Medical Staff Mr. Darren Brown  learned had resigned and/or terminated their employment at FMC Devens Prison under allegations of Misconduct by FMC Devens Medical Staff at FMC Devens Prison.

13.    Please state if Mr. Darren Brown directly or indirectly took any action to Review or Investigate any of the FMC Devens Medical Staff Resignation/Terminations of Employment resulting from allegations of FMC Devens Medical Staff Misconduct, and set forth the names of persons that Mr. Darren Brown investigated.

14.    Please state what complaints Mr. Darren Brown learned about regarding Misconduct by current or former FMC Devens Prison Medical Staff. Kindly set forth the nature of the complaint, the form in which the complaint was made written, verbal, etc, and the names of the persons that filed the complaint.

Dated: 1/31/07

BY REGULAR MAIL
AUSA MARK J. GRADY
US ATTORNEY'S OFFICE
1 COURTHOUSE WAY, STE 9200          **-3-**
BOSTON, MA 02210

FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432
<u>PROSE PLAINTIFF</u>

RECEIVED
U.S. ATTORNEY

07 FEB -5 PM 3: 27

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANK BARBARO, | : | |
| PROSE PLAINTIFF | : | C.A. NO.: 05-40097 (MLW) |
| | : | |
| vs | : | THE HONORABLE MARK L. WOLF |
| | : | UNITED STATES DISTRICT COURT CHIEF JUDGE |
| UNITED STATES OF AMERICA ON BEHALF OF | : | |
| THE FEDERAL BUREAU OF PRISONS FMC DEVENS | : | |
| PRISON, AND INDIVIDUALLY NAMED <u>BIVENS</u> | : | <u>FIRST SET OF INTERROGATORIES</u> |
| DEFENDANTS: DR. FAZAL BHATTI, MLP KILDUFF, | : | |
| AND UNIT MGR. MRS. FERNANDEZ, | : | |
| | : | |
| DEFENDANTS | : | |

<u>PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES FOR DEFENDANT UNITED STATES</u>

<u>BY DR. RALPH E. SPADA</u>

## INTERROGATORIES

1.    Please state when ·Dr. Ralph Spada  learned about the Pending FBI/DOJ Office of Inspector General Investigations into the FMC Devens Prison Medical Staff; Dr. Sandra Howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Bernhardt, Dr. Beckencort, Diane Kilduff, Thomas Janescko, and any other FMC Devens Prison Medical Staff that were interviewed by Captain Bollinger, SIS/SIA Staff, FBI, or DOJ Insp. General Office. The foregoing Question is linked to any & all information and Knowledge that Dr. Ralph Spada  is aware of, regarding all investigations initiated pertaining to the FMC Devens Medical Staff, which is linked to the Plaintiff's Pending Action that embraces the Plaintiff's total exhaustion under the FTCA for Medical Negligence, Malpractice, Misconduct & Concealment of Facts in the Plaintiff's Pending Action.

2.    Please state each Named Person that Dr. Ralph Spada  knows was subjected to any & all interviews by the FBI, DOJ Insp. General Office, Captain Bollinger, including the FMC Devens SIS/SIA Staff regarding all Medical Staff employed at the FMC Devens Prison as set forth in the Instructions of the Instant Interrogatories.

3.    Please state if Dr, Ralph Spada  himself participated in any interviews or investi- gations directly or indirectly with Captain Bollinger, FMC Devens SIS/SIA Staff, FBI, and/or DOJ Insp. General Office regarding FMC Devens Prison Medical Staff Personnel as set forth in the Instructions of the Instant Interrogatories that are thereby linked to the Plaintiff's Pending Action. Medical Negligence Claims.

4.    Please state if Dr. Ralph Spada  is a target in any of the investigations set forth in the Instant Interrogatories directly or indirectly under any & all information that Dr. Ralph Spada  has. regarding FMC Devens Prison Medical Staff.

5.    Please state the Names of the Investigation Targets directly or indirectly that Dr. Ralph Spada  is aware of regarding any & all investigations by the FBI, DOJ Insp. General Office, FMC Devens Prison SIS/SIA Staff regarding the FMC Devens Prison Medical Staff; Dr. Sandra howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Beckencort, Diane Kilduff, Thomas Janescko, and/or any other FMC Devens Prison Medical Staff.

6.    Please state if Dr. Ralph Spada  prepared any BOP Memorandum and/or other documents regarding any & all FMC Devens Prison Medical Staff investigations including the FMC Devens Prison SIS/SIA Staff, FBI, DOJ Insp. General Personnel, or any other Government Agency regarding the FMC Devens Medical Staff Negligence and/or Corruption.

7.     Please state if Dr Ralph Spada    participated in any written, verbal (in person), telephone, E-Mail, fax, and/or US Mail with any Government Staff participating in the Review, directly or indirectly, of the FMC Devens Medical Staff set forth above whereby stating any communication participation with either FMC Devens Personnel, FBI, and/or DOJ Insp. General Personnel. Kindly state approximate date of any of the above communications, and name with whom each communication was with along with their Government Postion/Title.

8.     Please state if Dr. Ralph Spada    is aware of any Prior or Pending litigation claiming Medical Negligence, Malpractice, Deliberate Indifference, Deception or Fraud against any party including the United States or any other Named Medical Personnel that are presently or previously employed by FMC Devens Prison. Kindly set forth the names of the Litigants in the foregoing Question.

9.     Please state if  Dr. Ralph Spada   participated in any FMC Devens Prison Staff Meetings that discussed directly or indirectly the above litigations pertaining to the FMC Devens Medical Dept., and kindly set forth the names of the FMC Devens Prison Officials, Staff or other Government Employees who participated in said meeting, and the approximate dates of said meetings.

10.    Please state when Dr. Ralph Spada    learned about gratuities that were being paid directly or indirectly to any FMC Devens Prison Medical Staff by current or former prisoners.

11.    Please state when Dr. Ralph Spada    learned of any allegations directly or indirectly to any current or former FMC Devens Medical Staff.

12.    Please state the names FMC Devens Medical Staff   Dr. Ralph Spada  learned had resigned and/or terminated their employment at FMC Devens Prison under allegations of Misconduct by FMC Devens Medical Staff at FMC Devens Prison.

13.    Please state the approximate date, time, and capacity that Dr.Ralph Spada interacted with the Plaintiff.

14.    Please discern the nature of Dr Ralph Spada interaction with the Plaintiff on or about the dates that Dr. Spada    interacted with the Plaintiff.

15.    Please discern the pain relief medication prescribed by Dr Spada    for the Plaintiff's Neuropathic Injuries that the Plaintiff suffered daily & ongoing during the dates had interacted with the Plaintiff. Kindly set forth the names of the medications, properties, side-effects, and intended relief said medication would offer the Plaintiff under his Neuropathic Injuries.

16.    Please discern the Treatment Plan Dr Spada     initiated after the Neurosurgeon, Dr. Blumenkopf approximate March 2004 diagnosis that the Plaintiff required surgery. Kindly explain what steps were taken after it was determined that the Plaintiff required surgery by the BOP Contract Specialist Dr. Blumenkopf.

17.    Please explain if Dr. Spada participated in any FMC Devens Prison Clinic Meetings wherein, the Plaintiff's medical treatment was discussed. Kindly set forth dates & times of said meetings, and include the names of all persons in attendance of said meetings.

18.    Please discern the medical decisions pertaining to the Plaintiff's medical treatment of his injuries, and treatment plan that was decided at the above meetings.

19.    Please explain & describe each & every medical decision decided in the above meetings, and under who's authority the decisions were made regarding the Plaintiff's injuries.

20.    Please explain if Dr. Spada was in agreement with all of the medical decisions pertaining to the Plaintiff's neck, back & shoulder injuries, and name the person(s) Dr Spada had informed about his disagreements regarding the Plaintiff's medical treatment.

21.    Please discern under who's authority was the Plaintiff's medical treatment plan devised. Kindly set forth each person's name, role, and authority in devising the Plaintiff's medical treatment plan regarding his injuries to his neck, shoulder, and back.

22.    Please discern under who's authority was the Plaintiff's medical treatment plan devised. Kindly set forth each person(s) name, role, and authority in devising the Plaintiff's medical treatment plan for his neck, back & shoulder injuries.

23.    Please discern under who's authority was the Plaintiff prescribed physical therapy as treatment for his neck, back & shoulder injuries. Kindly set forth name of the person(s) responsible for prescribing and authorizing physical therapy as treatment for the Plaintiff's neck, back, and shoulder injuries. Kindly set forth the dates of the above person(s) authorization for said physical therapy.

24.    Please discern whether Dr. Spada was in agreement with the above physical therapy treatment for the Plaintiff neck, back & shoulder injuries, and name the person(s) that Dr. Spada had informed about his disagreement regarding physical therapy treatment for the Plaintiff's neck, back & shoulder injuries.

25.    Please discern if Dr. Spada had understood from the Plaintiff's prison medical record's MRI, EMG, and Neurosurgeon Dr. Blumenkopf Evaluation that the Plaintiff would suffer further injuries if he were to undergo physical therapy for his neck, back, and shoulder injuries. Kindly set forth the above Diagnostic & Neurosurgeon Evaluations and their medical indications that physical therapy for the Plaintiff's neck, back & shoulder injuries would cause further damage to the Plaintiff's said injuries.


Dated: 1/31/07

BY REGULAR MAIL
AUSA MARK J. GRADY
US ATTORNEY'S OFFICE
1 COURTHOUSE WAY, STE 9200
BOSTON, MA 02210

—4—

FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432
<u>PROSE PLAINTIFF</u>

RECEIVED
U.S. ATTORNEY

07 FEB -5 PM 3: 27

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK BARBARO,                          :

PROSE PLAINTIFF                         :       C.A. NO.: 05-40097 (MLW)

                                        :

vs                                      :       THE HONORABLE MARK L. WOLF
                                                UNITED STATES DISTRICT COURT CHIEF JUDGE
                                        :

UNITED STATES OF AMERICA ON BEHALF OF   :
THE FEDERAL BUREAU OF PRISONS FMC DEVENS
PRISON, AND INDIVIDUALLY NAMED <u>BIVENS</u> :       <u>FIRST SET OF INTERROGATORIES</u>
DEFENDANTS: DR. FAZAL BHATTI, MLP KILDUFF, :
AND UNIT MGR. MRS. FERNANDEZ,           :

DEFENDANTS                              :

<u>PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES FOR DEFENDANT UNITED STATES</u>

<u>BY CAPTAIN BOLLINGER</u>

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED STATES
### BY CAPTAIN BOLLINGER

\* Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Prose Plaintiff, Frank Barbaro, propounds these Interrogatories to which Defendant Untied States by Captain Bollinger shall respond separately & fully in writing and under oath within 30 days after Service of these Interrogatories in accordance with the Instructions & Definitions set forth herein.

### INSTRUCTIONS

**A.**    THese Interrogatories are continuing in character and require you to file supplemental answers if you obtain additional or different information before the trial of this case.

**B.**    Unless otherwise indicated, these Interrogatories refer to the time period identified in the complaint.

**C.**    If you contend that you are entitled to withhold any information requested on these Interrogatories on the basis of Attorney/Client Privilege, the Work Product Doctrine, or some other Grounds, then for any such information; identify each person who has knowledge of the information or who has possession, custody, or control of any document relating thereto; and state the basis upon which you contend that you are entitled to withhold the information with specificity sufficient to enable the Court to determine whether the information should be produced.

**D.**    If, in answering these Interrogatories you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

**E.**    In each Interrogatory the answer must set forth if the person has directly or indirectly any knowledge pertaining to the Question Presented. Should the person answering in the Interrogatory contend that they were entitled to withhold any part of their Response under any Objection that they claim, said person must state, when Objecting to answering the Question, whether they have direct or indirect knowledge of any element of the Question that they are Objecting to answer.

## INTERROGATORIES

1.    Please state when Captain Bollinger learned about the Pending FBI/DOJ Office of Inspector General Investigations into the FMC Devens Prison Medical Staff; Dr. Sandra Howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Bernhardt, Dr. Beckencort, Diane Kilduff, Thomas Janescko, and any other FMC Devens Prison Medical Staff that were interviewed by Captain Bollinger, SIS/SIA Staff, FBI, or DOJ Insp. General Office. The foregoing Question is linked to any & all information and Knowledge that Captain Bollinger is aware of, regarding all investigations initiated pertaining to the FMC Devens Medical Staff, which is linked to the Plaintiff's Pending Action that embraces the Plaintiff's total exhaustion under the FTCA for Medical Negligence, Malpractice, Misconduct & Concealment of Facts in the Plaintiff's Pending Action.

2.    Please state each Named Person that Captain Bollinger knows was subjected to any & all interviews by the FBI, DOJ Insp. General Office, Captain Bollinger, including the FMC Devens SIS/SIA Staff regarding all Medical Staff employed at the FMC Devens Prison as set forth in the Instructions of the Instant Interrogatories.

3.    Please state if Captain Bollinger himself participated in any interviews or investi- gations directly or indirectly with Captain Bollinger, FMC Devens SIS/SIA Staff, FBI, and/or DOJ Insp. General Office regarding FMC Devens Prison Medical Staff Personnel as set forth in the Instructions of the Instant Interrogatories that are thereby linked to the Plaintiff's Pending Action. Medical Negligence Claims.

4.    Please state if Captain Bollinger is a target in any of the investigations set forth in the Instant Interrogatories directly or indirectly under any & all information that Captain Bollinger has. regarding FMC Devens Prison Medical Staff.

5.    Please state the Names of the Investigation Targets directly or indirectly that Captain Bollinger is aware of regarding any & all investigations by the FBI, DOJ Insp. General Office, FMC Devens Prison SIS/SIA Staff regarding the FMC Devens Prison Medical Staff; Dr. Sandra howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Beckencort, Diane Kilduff, Thomas Janescko, and/or any other FMC Devens Prison Medical Staff.

6.    Please state if Captain Bollinger prepared any BOP Memorandum and/or other documents regarding any & all FMC Devens Prison Medical Staff investigations including the FMC Devens Prison SIS/SIA Staff, FBI, DOJ Insp. General Personnel, or any other Government Agency regarding the FMC Devens Medical Staff Negligence and/or Corruption.

7.     Please state if Captain Bollinger participated in any written, verbal (in person), telephone, E-Mail, fax, and/or US Mail with any Government Staff participating in the Review, directly or indirectly, of the FMC Devens Medical Staff set forth above whereby stating any communication participation with either FMC Devens Personnel, FBI, and/or DOJ Insp. General Personnel. Kindly state approximate date of any of the above communications, and name with whom each communication was with along with their Government Postion/Title.

8.     Please state if Captain Bollinger is aware of any Prior or Pending litigation claiming Medical Negligence, Malpractice, Deliberate Indifference, Deception or Fraud against any party including the United States or any other Named Medical Personnel that are presently or previously employed by FMC Devens Prison. Kindly set forth the names of the Litigants in the foregoing Question.

9.     Please state if Captain Bollinger participated in any FMC Devens Prison Staff Meetings that discussed directly or indirectly the above litigations pertaining to the FMC Devens Medical Dept., and kindly set forth the names of the FMC Devens Prison Officials, Staff or other Government Employees who participated in said meeting, and the approximate dates of said meetings.

10.     Please state when Captain Bollinger learned about gratuities that were being paid directly or indirectly to any FMC Devens Prison Medical Staff by current or former prisoners.

11.     Please state when Captain Bollinger learned of any allegations directly or indirectly to any current or former FMC Devens Medical Staff!s Negligence, Malpractice or Corruption.

12.     Please state the names FMC Devens Medical Staff Captain Bollinger learned had resigned and/or terminated their employment at FMC Devens Prison under allegations of Misconduct by FMC Devens Medical Staff at FMC Devens Prison.

13.     Please state if Captain Bollinger directly or indirectly took any action to Review or Investigate any of the FMC Devens Medical Staff Resignation/Terminations of Employment resulting from allegations of FMC Devens Medical Staff Misconduct, and set forth the names of persons that Captain Bollinger investigated.

14.     Please state what complaints Captain Bollinger learned about regarding Misconduct by current or former FMC Devens Prison Medical Staff. Kindly set forth the nature of the complaint, form in which the complaint was made; written, verbal, etc, and the names of the persons that filed the complaints.

Dated: 1/31/07

BY REGULAR MAIL
AUSA MARK J. GRADY
US ATTORNEY'S OFFICE
1 COURTHOUSE WAY, STE 9200
BOSTON, MA 02210                    —3—

FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432
PROSE PLAINTIFF

RECEIVED
U.S. ATTORNEY

07 FEB -5 PM 3: 27

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


FRANK BARBARO,                            :

PROSE PLAINTIFF                           :    C.A. NO.: 05-40097 (MLW)

                                          :

vs                                        :    THE HONORABLE MARK L. WOLF
                                               UNITED STATES DISTRICT COURT CHIEF JUDGE
                                          :

UNITED STATES OF AMERICA ON BEHALF OF     :
THE FEDERAL BUREAU OF PRISONS FMC DEVENS
PRISON, AND INDIVIDUALLY NAMED BIVENS     :    FIRST SET OF INTERROGATORIES
DEFENDANTS: DR. FAZAL BHATTI, MLP KILDUFF, :
AND UNIT MGR. MRS. FERNANDEZ,
                                          :
DEFENDANTS
                                          :


PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES FOR DEFENDANT UNITED STATES


LT. ERIC DUPLESIS

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED STATES
### BY LT. ERIC DUPLESIS

\* Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Prose Plaintiff, Frank Barbaro, propounds these Interrogatories to which Defendant Untied States by Lt. Eric Duplesis shall respond separately & fully in writing and under oath within 30 days after Service of these Interrogatories in accordance with the Instructions & Definitions set forth herein.

### INSTRUCTIONS

**A.** THese Interrogatories are continuing in character and require you to file supplemental answers if you obtain additional or different information before the trial of this case.

**B.** Unless otherwise indicated, these Interrogatories refer to the time period identified in the complaint.

**C.** If you contend that you are entitled to withhold any information requested on these Interrogatories on the basis of Attorney/Client Privilege, the Work Product Doctrine, or some other Grounds, then for any such information; identify each person who has knowledge of the information or who has possession, custody, or control of any document relating thereto; and state the basis upon which you contend that you are entitled to withhold the information with specificity sufficient to enable the Court to determine whether the information should be produced.

**D.** If, in answering these Interrogatories you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

**E.** In each Interrogatory the answer must set forth if the person has directly or indirectly any knowledge pertaining to the Question Presented. Should the person answering in the Interrogatory contend that they were entitled to withhold any part of their Response under any Objection that they claim, said person must state, when Objecting to answering the Question, whether they have direct or indirect knowledge of any element of the Question that they are Objecting to answer.

### INTERROGATORIES

1.    Please state when Lt. **Eric Duplesis** learned about the Pending FBI/DOJ Office of Inspector General Investigations into the FMC Devens Prison Medical Staff; Dr. Sandra Howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Bernhardt, Dr. Beckencort, Diane Kilduff, Thomas Janescko, and any other FMC Devens Prison Medical Staff that were interviewed by Captain Bollinger, SIS/SIA Staff, FBI, or DOJ Insp. General Office. The foregoing Question is linked to any & all information and Knowledge that Lt. Eric Duplesis is aware of, regarding all investigations initiated pertaining to the FMC Devens Medical Staff, which is linked to the Plaintiff's Pending Action that embraces the Plaintiff's total exhaustion under the FTCA for Medical Negligence, Malpractice, Misconduct & Concealment of Facts in the Plaintiff's Pending Action.

2.    Please state each Named Person that Lt. Eric Duplesis knows was subjected to any & all interviews by the FBI, DOJ Insp. General Office, Captain Bollinger, including the FMC Devens SIS/SIA Staff regarding all Medical Staff employed at the FMC Devens Prison as set forth in the Instructions of the Instant Interrogatories.

3.    Please state if **Lt. Eric Duplesis** himself participated in any interviews or investigations directly or indirectly with Captain Bollinger, FMC Devens SIS/SIA Staff, FBI, and/or DOJ Insp. General Office regarding FMC Devens Prison Medical Staff Personnel as set forth in the Instructions of the Instant Interrogatories that are thereby linked to the Plaintiff's Pending Action. Medical Negligence Claims.

4.    Please state if Lt. Eric Duplesis is a target in any of the investigations set forth in the Instant Interrogatories directly or indirectly under any & all information that Lt. Eric Duplesis has. regarding FMC Devens Prison Medical Staff.

5.    Please state the Names of the Investigation Targets directly or indirectly that Lt. Eric Duplesis is aware of regarding any & all investigations by the FBI, DOJ Insp. General Office, FMC Devens Prison SIS/SIA Staff regarding the FMC Devens Prison Medical Staff; Dr. Sandra howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Beckencort, Diane Kilduff, Thomas Janescko, and/or any other FMC Devens Prison Medical Staff.

6.    Please state if Lt. Eric Duplesis prepared any BOP Memorandum and/or other documents regarding any & all FMC Devens Prison Medical Staff investigations including the FMC Devens Prison SIS/SIA Staff, FBI, DOJ Insp. General Personnel, or any other Government Agency regarding the FMC Devens Medical Staff Negligence and/or Corruption.

7.    Please state if **Lt. Eric Duplesis** participated in any written, verbal (in person), telephone, E-Mail, fax, and/or US Mail with any Government Staff participating in the Review, directly or indirectly, of the FMC Devens Medical Staff set forth above whereby stating any communication participation with either FMC Devens Personnel, FBI, and/or DOJ Insp. General Personnel. Kindly state approximate date of any of the above communications, and name with whom each communication was with along with their Government Postion/Title.

8.    Please state if Lt. Eric Duplesis is aware of any Prior or Pending litigation claiming Medical Negligence, Malpractice, Deliberate Indifference, Deception or Fraud against any party including the United States or any other Named Medical Personnel that are presently or previously employed by FMC Devens Prison. Kindly set forth the names of the Litigants in the foregoing Question.

9.    Please state if Lt. Eric Duplesis participated in any FMC Devens Prison Staff Meetings that discussed directly or indirectly the above litigations pertaining to the FMC Devens Medical Dept., and kindly set forth the names of the FMC Devens Prison Officials sand/or other Government Employees who participated in said meeting, and the approximate dates of said meetings.

10.    Please state when Lt. Eric Duplesis learned about gratuities that were being paid directly or indirectly to any FMC Devens Prison Medical Staff by current or former prisoners.

11.    Please state when Lt. Eric Duplesis learned of any allegations directly or indirectly to any current or former FMC Devens Medical Staff's Negligence, Malpractice or Corruption.

12.    Please state the names FMC Devens Medical Staff Lt. Eric Duplesis learned had resigned and/or terminated their employment at FMC Devens Prison under allegations of Misconduct by FMC Devens Medical Staff at FMC Devens Prison.

13.    Please state if Lt. Eric Duplesis directly or indirectly took any action to Review or Investigate any of the FMC Devens Medical Staff Resignation/Terminations of Employment resulting from allegations of FMC Devens Medical Staff Misconduct, and set forth the names of persons that Lt. Eric Duplesis investigated.

14.    Please state what complaints Lt. Eric Duplesis learned about regarding Misconduct by current or former FMC Devens Prison Medical Staff. Kindly set forth the nature of the complaint, the form in which the complaint was made written, verbal, etc, and the names of the persons that filed the complaint.


Dated: 1/31/07

BY REGULAR MAIL
AUSA MARK J. GRADY
US ATTORNEY'S OFFICE
1 COURTHOUSE WAY, STE 9200                    **-3-**
BOSTON, MA 02210

FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432
<u>PROSE PLAINTIFF</u>

RECEIVED
U.S. ATTORNEY

07 FEB -6 PM 3:27

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANK BARBARO,                                  :

PROSE PLAINTIFF                                 :     C.A. NO.: 05-40097 (MLW)

                                                :

vs                                              :     THE HONORABLE MARK L. WOLF
                                                :     UNITED STATES DISTRICT COURT CHIEF JUDGE

UNITED STATES OF AMERICA ON BEHALF OF           :
THE FEDERAL BUREAU OF PRISONS FMC DEVENS
PRISON, AND INDIVIDUALLY NAMED <u>BIVENS</u>        :
DEFENDANTS: DR. FAZAL BHATTI, MLP KILDUFF,     :     <u>FIRST SET OF INTERROGATORIES</u>
AND UNIT MGR. MRS. FERNANDEZ,
                                                :
DEFENDANTS                                      :



<u>PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES FOR DEFENDANT UNITED STATES</u>


<u>BY WARDEN CAROLYN SABOL</u>

### <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED STATES</u><br><u>BY WARDEN CAROLYN SABOL</u>

* Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Prose Plaintiff, Frank Barbaro, propounds these Interrogatories to which Defendant Untied States by Warden Carolyn Sabol  shall respond separately & fully in writing and under oath within 30 days after Service of these Interrogatories in accordance with the Instructions & Definitions set forth herein.

### INSTRUCTIONS

**A.**   These Interrogatories are continuing in character and require you to file supplemental answers if you obtain additional or different information before the trial of this case.

**B.**   Unless otherwise indicated, these Interrogatories refer to the time period identified in the complaint.

**C.**   If you contend that you are entitled to withhold any information requested on these Interrogatories on the basis of Attorney/Client Privilege, the Work Product Doctrine, or some other Grounds, then for any such information; identify each person who has knowledge of the information or who has possession, custody, or control of any document relating thereto; and state the basis upon which you contend that you are entitled to withhold the information with specificity sufficient to enable the Court to determine whether the information should be produced.

**D.**   If, in answering these Interrogatories you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

**E.**   In each Interrogatory the answer must set forth if the person has directly or indirectly any knowledge pertaining to the Question Presented. Should the person answering in the Interrogatory contend that they were entitled to withhold any part of their Response under any Objection that they claim, said person must state, when Objecting to answering the Question, whether they have direct or indirect knowledge of any element of the Question that they are Objecting to answer.

## INTERROGATORIES

1.    Please state when **Warden Sabol**      learned about the Pending FBI/DOJ Office of
Inspector General Investigations into the FMC Devens Prison Medical Staff; Dr. Sandra
Howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Bernhardt, Dr. Beckencort, Diane Kilduff,
Thomas Janescko, and any other FMC Devens Prison Medical Staff that were interviewed
by Captain Bollinger, SIS/SIA Staff, FBI, or DOJ Insp. General Office. The foregoing
Question is linked to any & all information and Knowledge that **Warden Sabol**      is aware
of, regarding all investigations initiated pertaining to the FMC Devens Medical Staff,
which is linked to the Plaintiff's Pending Action that embraces the Plaintiff's total
exhaustion under the FTCA for Medical Negligence, Malpractice, Misconduct & Concealment
of Facts in the Plaintiff's Pending Action.

2.    Please state each Named Person that **Warden Sabol**      knows was subjected to any
& all interviews by the FBI, DOJ Insp. General Office, Captain Bollinger, including the
FMC Devens SIS/SIA Staff regarding all Medical Staff employed at the FMC Devens Prison
as set forth in the Instructions of the Instant Interrogatories.

3.    Please state if **Warden Sabol**      himself participated in any interviews or investi-
gations directly or indirectly with Captain Bollinger, FMC Devens SIS/SIA Staff, FBI,
and/or DOJ Insp. General Office regarding FMC Devens Prison Medical Staff Personnel as
set forth in the Instructions of the Instant Interrogatories that are thereby linked
to the Plaintiff's Pending Action. Medical Negligence Claims.

4.    Please state if Warden Sabol      is a target in any of the investigations set
forth in the Instant Interrogatories directly or indirectly under any & all information
that   Warden Sabol      has. regarding FMC Devens Prison Medical Staff.

5.    Please state the Names of the Investigation Targets directly or indirectly that
Warden Sabol      is aware of regarding any & all investigations by the FBI, DOJ Insp.
General Office, FMC Devens Prison SIS/SIA Staff regarding the FMC Devens Prison Medical
Staff; Dr. Sandra howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Beckencort, Diane
Kilduff, Thomas Janescko, and/or any other FMC Devens Prison Medical Staff.

6.    Please state if  Warden Sabol      prepared any BOP Memorandum and/or other documents
regarding any & all FMC Devens Prison Medical Staff investigations including the FMC
Devens Prison SIS/SIA Staff, FBI, DOJ Insp. General Personnel, or any other Government
Agency regarding the FMC Devens Medical Staff Negligence and/or Corruption.

-2-

7.    Please state if Warden Sabol      participated in any written, verbal (in person), telephone, E-Mail, fax, and/or US Mail with any Government Staff participating in the Review, directly or indirectly, of the FMC Devens Medical Staff set forth above whereby stating any communication participation with either FMC Devens Personnel, FBI, and/or DOJ Insp. General Personnel. Kindly state approximate date of any of the above communications, and name with whom each communication was with along with their Government Postion/Title.

8.    Please state if Warden Sabol      is aware of any Prior or Pending litigation claiming Medical Negligence, Malpractice, Deliberate Indifference, Deception or Fraud against any party including the United States or any other Named Medical Personnel that are presently or previously employed by FMC Devens Prison. Kindly set forth the names of the Litigants in the foregoing Question.

9.    Please state if Warden Sabol      participated in any FMC Devens Prison Staff Meetings that discussed directly or indirectly the above litigations pertaining to the FMC Devens Medical Dept., and kindly set forth the names of the FMC Devens Prison Officials sand/or other Government Employees who participated in said meeting, and the approximate dates of said meetings.

10.   Please state when Warden Sabol      learned about gratuities that were being paid directly or indirectly to any FMC Devens Prison Medical Staff by current or former prisoners.

11.   Please state when               learned of any allegations directly or indirectly to any current or former FMC Devens Medical Staff's Negligence, Malpractice or Corruption.

12.   Please state the names FMC Devens Medical Staff Warden Sabol      learned had resigned and/or terminated their employment at FMC Devens Prison under allegations of Misconduct by FMC Devens Medical Staff at FMC Devens Prison.

13.   Please state if  Warden Sabol      directly or indirectly took any action to Review or Investigate any of the FMC Devens Medical Staff Resignation/Terminations of Employment resulting from allegations of FMC Devens Medical Staff Misconduct, and set forth the names of persons that Warden Sabol      investigated.

14.   Please state what complaints Warden Sabol      learned about regarding Misconduct by current or former FMC Devens Prison Medical Staff. Kindly set forth the nature of the complaint, the form in which the complaint was made written, verbal, etc, and the names of the persons that filed the complaint.


Dated: 1/31/07

BY REGULAR MAIL
AUSA MARK J. GRADY
US ATTORNEY'S OFFICE
1 COURTHOUSE WAY, STE 9200                **-3-**
BOSTON, MA 02210

FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432
PROSE PLAINTIFF

RECEIVED
U.S. ATTORNEY

07 FEB -5 PH 3: 27

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANK BARBARO, | : | |
| PROSE PLAINTIFF | : | C.A. NO.: 05-40097 (MLW) |
| | : | |
| vs | : | THE HONORABLE MARK L. WOLF |
| | : | UNITED STATES DISTRICT COURT CHIEF JUDGE |
| UNITED STATES OF AMERICA ON BEHALF OF | : | |
| THE FEDERAL BUREAU OF PRISONS FMC DEVENS | | |
| PRISON, AND INDIVIDUALLY NAMED BIVENS | : | FIRST SET OF INTERROGATORIES |
| DEFENDANTS: DR. FAZAL BHATTI, MLP KILDUFF, | : | |
| AND UNIT MGR. MRS. FERNANDEZ, | : | |
| | : | |
| DEFENDANTS | : | |

## PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES FOR DEFENDANT UNITED STATES

## WARDEN DAVID L. WINN

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED STATES
### BY WARDEN DAVID L. WINN

\* Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Prose Plaintiff, Frank Barbaro, propounds these Interrogatories to which Defendant Untied States by Mr. David L. Winn shall respond separately & fully in writing and under oath within 30 days after Service of these Interrogatories in accordance with the Instructions & Definitions set forth herein.

### INSTRUCTIONS

**A.** These Interrogatories are continuing in character and require you to file supplemental answers if you obtain additional or different information before the trial of this case.

**B.** Unless otherwise indicated, these Interrogatories refer to the time period identified in the complaint.

**C.** If you contend that you are entitled to withhold any information requested on these Interrogatories on the basis of Attorney/Client Privilege, the Work Product Doctrine, or some other Grounds, then for any such information; identify each person who has knowledge of the information or who has possession, custody, or control of any document relating thereto; and state the basis upon which you contend that you are entitled to withhold the information with specificity sufficient to enable the Court to determine whether the information should be produced.

**D.** If, in answering these Interrogatories you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

**E.** In each Interrogatory the answer must set forth if the person has directly or indirectly any knowledge pertaining to the Question Presented. Should the person answering in the Interrogatory contend that they were entitled to withhold any part of their Response under any Objection that they claim, said person must state, when Objecting to answering the Question, whether they have direct or indirect knowledge of any element of the Question that they are Objecting to answer.

-1-

## INTERROGATORIES

1.     Please state when Mr. David J. Winn learned about the Pending FBI/DOJ Office of Inspector General Investigations into the FMC Devens Prison Medical Staff; Dr. Sandra Howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Bernhardt, Dr. Beckencort, Diane Kilduff, Thomas Janescko, and any other FMC Devens Prison Medical Staff that were interviewed by Captain Bollinger, SIS/SIA Staff, FBI, or DOJ Insp. General Office. The foregoing Question is linked to any & all information and Knowledge that Mr David L. Winn is aware of, regarding all investigations initiated pertaining to the FMC Devens Medical Staff, which is linked to the Plaintiff's Pending Action that embraces the Plaintiff's total exhaustion under the FTCA for Medical Negligence, Malpractice, Misconduct & Concealment of Facts in the Plaintiff's Pending Action.

2.     Please state each Named Person that Mr. David L Winn  knows was subjected to any & all interviews by the FBI, DOJ Insp. General Office, Captain Bollinger, including the FMC Devens SIS/SIA Staff regarding all Medical Staff employed at the FMC Devens Prison as set forth in the Instructions of the Instant Interrogatories.

3.     Please state if Mr. David L Winn  himself participated in any interviews or investigations directly or indirectly with Captain Bollinger, FMC Devens SIS/SIA Staff, FBI, and/or DOJ Insp. General Office regarding FMC Devens Prison Medical Staff Personnel as set forth in the Instructions of the Instant Interrogatories that are thereby linked to the Plaintiff's Pending Action. Medical Negligence Claims.

4.     Please state if Mr David L. Winn  is a target in any of the investigations set forth in the Instant Interrogatories directly or indirectly under any & all information that Mr David L. Winn  has. regarding FMC Devens Prison Medical Staff.

5.     Please state the Names of the Investigation Targets directly or indirectly that Mr David L. Winn  is aware of regarding any & all investigations by the FBI, DOJ Insp. General Office, FMC Devens Prison SIS/SIA Staff regarding the FMC Devens Prison Medical Staff; Dr. Sandra howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Beckencort, Diane Kilduff, Thomas Janescko, and/or any other FMC Devens Prison Medical Staff.

6.     Please state if Mr David L. Winn  prepared any BOP Memorandum and/or other documents regarding any & all FMC Devens Prison Medical Staff investigations including the FMC Devens Prison SIS/SIA Staff, FBI, DOJ Insp. General Personnel, or any other Government Agency regarding the FMC Devens Medical Staff Negligence and/or Corruption.

7.     Please state if Mr David L. Winn  participated in any written, verbal (in person),
telephone, E-Mail, fax, and/or US Mail with any Government Staff participating in the
Review, directly or indirectly, of the FMC Devens Medical Staff set forth above whereby
stating any communication participation with either FMC Devens Personnel, FBI, and/or
DOJ Insp. General Personnel. Kindly state approximate date of any of the above communications,
and name with whom each communication was with along with their Government Postion/Title.

8.     Please state if Mr David L. Winn  is aware of any Prior or Pending litigation
claiming Medical Negligence, Malpractice, Deliberate Indifference, Deception or Fraud
against any party including the United States or any other Named Medical Personnel that
are presently or previously employed by FMC Devens Prison. Kindly set forth the names of
the Litigants in the foregoing Question.

9.     Please state if Mr David L. Winn  participated in any FMC Devens Prison Staff
Meetings that discussed directly or indirectly the above litigations pertaining to the
FMC Devens Medical Dept., and kindly set forth the names of the FMC Devens Prison Officials
sand/or other Government Employees who participated in said meeting, and the approximate
dates of said meetings.

10.    Please state when Mr David L. Winn learned about gratuities that were being paid
directly or indirectly to any FMC Devens Prison Medical Staff by current or former prisoners.

11.    Please state when Mr David L. Winn learned of any allegations directly or indirectly
to any current or former FMC Devens Medical Staff's Negligence, Malpractice or Corruption.

12.    Please state the names FMC Devens Medical Staff Mr David L. Winn  learned had
resigned and/or terminated their employment at FMC Devens Prison under allegations of
Misconduct by FMC Devens Medical Staff at FMC Devens Prison.

13.    Please state if Mr David L. Winn  directly or indirectly took any action to Review
or Investigate any of the FMC Devens Medical Staff Resignation/Terminations of Employment
resulting from allegations of FMC Devens Medical Staff Misconduct, and set forth the
names of persons that Mr David L. Winn  investigated.

14.    Please state what complaints Mr David L. Winn learned about regarding Misconduct
by current or former FMC Devens Prison Medical Staff. Kindly set forth the nature of the
complaint; the form in which the complaint was made written, verbal, etc, and the names
of the persons that filed the complaint.

Dated: 1/31/07

BY REGULAR MAIL
AUSA MARK J. GRADY
US ATTORNEY'S OFFICE
1 COURTHOUSE WAY, STE 9200                    –3–
BOSTON, MA 02210

FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432
<u>PROSE PLAINTIFF</u>

RECEIVED
U.S. ATTORNEY

07 FEB -5 PM 3: 27

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


FRANK BARBARO,                          :

PROSE PLAINTIFF                         :     C.A. NO.: 05-40097 (MLW)

                                        :

vs                                      :     THE HONORABLE MARK L. WOLF
                                        :     UNITED STATES DISTRICT COURT CHIEF JUDGE

UNITED STATES OF AMERICA ON BEHALF OF   :
THE FEDERAL BUREAU OF PRISONS FMC DEVENS
PRISON, AND INDIVIDUALLY NAMED <u>BIVENS</u>  :     <u>FIRST SET OF INTERROGATORIES</u>
DEFENDANTS: DR. FAZAL BHATTI, MLP KILDUFF, :
AND UNIT MGR. MRS. FERNANDEZ,           :

DEFENDANTS                              :


<u>PROSE PLAINTIFF'S FIRST SET OF INTERROGATORIES FOR DEFENDANT UNITED STATES</u>


<u>BY ASSISTANT WARDEN MS. SHULTS</u>

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT UNITED STATES**
**BY A.W. SHULTS**

       \* Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the Prose Plaintiff, Frank Barbaro, propounds these Interrogatories to which Defendant Untied States by A.W. Shults        shall respond separately & fully in writing and under oath within 30 days after Service of these Interrogatories in accordance with the Instructions & Definitions set forth herein.

<b>INSTRUCTIONS</b>

**A.**    These Interrogatories are continuing in character and require you to file supplemental answers if you obtain additional or different information before the trial of this case.

**B.**    Unless otherwise indicated, these Interrogatories refer to the time period identified in the complaint.

**C.**    If you contend that you are entitled to withhold any information requested on these Interrogatories on the basis of Attorney/Client Privilege, the Work Product Doctrine, or some other Grounds, then for any such information; identify each person who has knowledge of the information or who has possession, custody, or control of any document relating thereto; and state the basis upon which you contend that you are entitled to withhold the information with specificity sufficient to enable the Court to determine whether the information should be produced.

**D.**    If, in answering these Interrogatories you encounter any ambiguities when construing a question, instruction, or definition, your answer shall set forth the matter deemed ambiguous and the construction used in answering.

**E.**    In each Interrogatory the answer must set forth if the person has directly or indirectly any knowledge pertaining to the Question Presented. Should the person answering in the Interrogatory contend that they were entitled to withhold any part of their Response under any Objection that they claim, said person must state, when Objecting to answering the Question, whether they have direct or indirect knowledge of any element of the Question that they are Objecting to answer.

-1-

## INTERROGATORIES

1.    Please state when ·A.W. Shults      learned about the Pending FBI/DOJ Office of Inspector General Investigations into the FMC Devens Prison Medical Staff; Dr. Sandra Howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Bernhardt, Dr. Beckencort, Diane Kilduff, Thomas Janescko, and any other FMC Devens Prison Medical Staff that were interviewed by Captain Bollinger, SIS/SIA Staff, FBI, or DOJ Insp. General Office. The foregoing Question is linked to any & all information and Knowledge that  A.W. Shults      is aware of, regarding all investigations initiated pertaining to the FMC Devens Medical Staff, which is linked to the Plaintiff's Pending Action that embraces the Plaintiff's total exhaustion under the FTCA for Medical Negligence, Malpractice, Misconduct & Concealment of Facts in the Plaintiff's Pending Action.

2.    Please state each Named Person that   A.W. Shults      knows was subjected to any & all interviews by the FBI, DOJ Insp. General Office, Captain Bollinger, including the FMC Devens SIS/SIA Staff regarding all Medical Staff employed at the FMC Devens Prison as set forth in the Instructions of the Instant Interrogatories.

3.    Please state if A.W. Shults      himself participated in any interviews or investigations directly or indirectly with Captain Bollinger, FMC·Devens SIS/SIA Staff, FBI, and/or DOJ Insp. General Office regarding FMC Devens Prison Medical Staff Personnel as set forth in the Instructions of the Instant Interrogatories that are thereby linked to the Plaintiff's Pending Action. Medical Negligence Claims.

4.    Please state if  A.W. Shults      is a target in any of the investigations set forth in the Instant Interrogatories directly or indirectly under any & all information that   A.W. Shults      has. regarding FMC Devens Prison Medical Staff.

5.    Please state the Names of the Investigation Targets directly or indirectly that A.W.  Shults      is aware of regarding any & all investigations by the FBI, DOJ Insp. General Office, FMC Devens Prison SIS/SIA Staff regarding the FMC Devens Prison Medical Staff; Dr. Sandra howard, Dr. Fazal Bhatti, Dr. Ralph Spada, Dr. Beckencort, Diane Kilduff, Thomas Janescko, and/or any other FMC Devens Prison Medical Staff.

6.    Please state if  A.W.  Shults      prepared any BOP Memorandum and/or other documents regarding any & all FMC Devens Prison Medical Staff investigations including the FMC Devens Prison SIS/SIA Staff, FBI, DOJ Insp. General Personnel, or any other Government Agency regarding the FMC Devens Medical Staff Negligence and/or Corruption.

7.    Please state if **A.W. Shults** participated in any written, verbal (in person), telephone, E-Mail, fax, and/or US Mail with any Government Staff participating in the Review, directly or indirectly, of the FMC Devens Medical Staff set forth above whereby stating any communication participation with either FMC Devens Personnel, FBI, and/or DOJ Insp. General Personnel. Kindly state approximate date of any of the above communications, and name with whom each communication was with along with their Government Postion/Title.

8.    Please state if A.W. Shults is aware of any Prior or Pending litigation claiming Medical Negligence, Malpractice, Deliberate Indifference, Deception or Fraud against any party including the United States or any other Named Medical Personnel that are presently or previously employed by FMC Devens Prison. Kindly set forth the names of the Litigants in the foregoing Question.

9.    Please state if A.W. Shults participated in any FMC Devens Prison Staff Meetings that discussed directly or indirectly the above litigations pertaining to the FMC Devens Medical Dept., and kindly set forth the names of the FMC Devens Prison Officials sand/or other Government Employees who participated in said meeting, and the approximate dates of said meetings.

10.    Please state when A.W. Shults learned about gratuities that were being paid directly or indirectly to any FMC Devens Prison Medical Staff by current or former prisoners.

11.    Please state when A.W. Shults learned of any allegations directly or indirectly to any current or former FMC Devens Medical Staff's Negligence, Malpractice or Corruption.

12.    Please state the names FMC Devens Medical Staff A.W. Shults learned had resigned and/or terminated their employment at FMC Devens Prison under allegations of Misconduct by FMC Devens Medical Staff at FMC Devens Prison.

13.    Please state if A.W. Shults directly or indirectly took any action to Review or Investigate any of the FMC Devens Medical Staff Resignation/Terminations of Employment resulting from allegations of FMC Devens Medical Staff Misconduct, and set forth the names of persons that A.W. Shults investigated.

14.    Please state what complaints A.W. Shults learned about regarding Misconduct by current or former FMC Devens Prison Medical Staff. Kindly set forth the nature of the complaint, the form in which the complaint was made written, verbal, etc, and the names of the persons that filed the complaint.


Dated: 1/31/07

BY REGULAR MAIL
AUSA MARK J. GRADY
US ATTORNEY'S OFFICE
1 COURTHOUSE WAY, STE 9200                    **-3-**
BOSTON, MA 02210