FRANK BARBARO
PRISON ID# 48264-053
FMC DEVENS PRISON, BOX 879
AYER, MA 01432

<u>PROSE PLAINTIFF</u>

FILED
IN CLERKS OFFICE

2007 MAR 12 P 3: 11

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK BARBARO,<br>PROSE PLAINTIFF<br><br>vs<br><br>UNITED STATES OF AMERICA ON BEHALF<br>OF THE FEDERAL BUREAU OF PRISONS,<br>FMC DEVENS, AND INDIVIDUALLY NAMED<br><u>BIVENS</u> DEFENDANTS: DR. BHATTI, PA<br>KILDUFF & UNIT MGR MRS FERNANDEZ,<br>DEFENDANTS | C.A. NO.: 05-40097-MLW<br><br>THE HONORABLE MARK L. WOLF<br>US DISTRICT COURT CHIEF JUDGE<br><br>**PROSE PLAINTIFF'S OPPOSITION TO<br>DEFENDANT'S MOTION TO QUASH &<br>REQUEST FOR FURTHER DISCOVERY IN<br>THIS MATTER BY PROSE PLAINTIFF BE<br>CONDUCTED ONLY WITH THE COURT'S<br>PERMISSION** |

<u>OPPOSITION BY THE PROSE PRISONER PLAINTIFF TO THE DEFENDANT'S FRIVOLOUS</u>

<u>MOTION TO QUASH & REQUEST FOR THE COURT'S PERMISSION FOR ANY FURTHER</u>

<u>DISCOVERY BY THE PROSE PLAINTIFF BASED ON PLAINTIFF'S INITIATING</u>

<u>DISCOVERY PRIOR TO FED.R.CIV.P. 26(d) DISCLOSURES & FED.R.CIV.P. 26(f)</u>

<u>CONFERENCE</u>

**CONSOLIDATED MOTION, DECLARATION & ARGUMENT BY THE PROSE PLAINTIFF IN OPPOSITION TO THE DEFENDANT'S MOTION TO QUASH & REQUEST FOR THE COURT'S PERMISSION FOR ANY FURTHER DISCOVERY BY THE PROSE PLAINTIFF**

## DECLARATION & AFFIRMATION

Frank Barbaro Prose Prisoner Plaintiff hereinafter, **Plaintiff**, declares and affirms under penalty of perjury, that the Instant Filing is true.

**THE AUSA GRADY DEFENDANTS FRIVOLOUS MOTION TO QUASH THE PROSE PLAINTIFF'S DISCOVERY REQUESTS AT PAGE 2, UNDER THE HEADING OF <u>ARGUMENT</u>, IN PARAGRAPH 2 STATES PLAINTIFF INITIATED DISCOVERY PRIOR TO COMPLYING WITH MANDATORY DISCLOSURE PROVISIONS**

1. Respectfully, the AUSA Grady Defendants Frivolous Motion to Quash the Prose Prisoner Plaintiff's Discovery Requests at page 2, under <u>Argument</u>, in paragraph 2 states that the Plaintiff initiated Discovery prior to Complying with Mandatory Disclosure Provisions. The foregoing statement by AUSA Grady is a <u>false & deceptive</u> attempt by Mr. Grady to Deny the Prose Prisoner Plaintiff his Right to Discovery wherein, AUSA Grady is fully aware that the Fed.R.Civ.P. 26(a)(1)(E)(iii) discerns the Prose Prisoner Plaintiff's exemption from the mandatory Disclosure Provisions as follows:

> <u>Fed.R.Civ.P. 26(a)(1):</u>
>
> **(E)** The following categories of proceedings are exempt from initial disclosure under Rule 26(a)(1):
>
> **(iii)** an action brought without counsel by a person in custody of the United States, a state, or a state subdivision

**THE AUSA GRADY DEFENDANTS FRIVOLOUS MOTION TO QUASH THE PROSE PLAINTIFF'S DISCOVERY REQUESTS AT PAGE 2, UNDER HEADING <u>ARGUMENT</u>, IN PARAGRAPH 2 STATES PLAINTIFF HAS SERVED INTERROGATORIES DIRECTED TO INDIVIDUALS WHO ARE NOT PARTIES TO THIS ACTION**

2. Respectfully, the AUSA Grady Defendants Frivolous Motion to Quash the Prose Plaintiff's Discovery Requests at page 2, under Heading <u>Argument</u>, in paragraph 2 states that the Plaintiff has served

-1-

interrogatories to individuals who are not parties to this Action. The Plaintiff submits that the foregoing statement by AUSA Grady is a <u>false & deceptive</u> attempt by Mr. Grady to Deny the Prose Plaintiff his Right to Discovery wherein, the Plaintiff's Instant Complaint Allegations discern Wrongful Negligence acted out by the United States against the Plaintiff whereby all of the individuals that the Plaintiff seeks Discovery by Interrogatories are employed by the United States, and possess Discoverable Information discerning the Wrongful Negligence acted out by the United States against the Plaintiff. The Plaintiff sets forth that AUSA Grady fully understood, when he filed the Instant Frivolous Motion, that the Discovery Scope & Limits as set forth in Fed.R.Civ.P. 26(b)(1) are as follows:

Fed.R.Civ.P. 26(b):

**(b) DISCOVERY SCOPE AND LIMITATIONS.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

   **(1) IN GENERAL.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim of defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)      [*The Plaintiff submits that Rule 26(b)(2)(i), (ii), or (iii) is <u>not</u> applicable to the Plaintiff's instant interrogatories]

3. Respectfully, the "corrupt ploy" behind AUSA Grady's Defendants Motion to Quash the Prose Plaintiff's Discovery Demands by Interrogatories is an attempt to Obstruct the Honorable Chief Judge from learning about the <u>Extraordinary Unlawful Medical Deprivations & Corruption</u> acted out by the Defendants in the Instant Action whereby said Unlawful Medical Deprivations & Corruption is being investigated by the FBI and Dept. of Justice Inspector General's Office. The Plaintiff's Complaint in the Instant Action discerns <u>repeated</u> allegations of the Defendants' Unlawful Deprivation of Health Care that has resulted in the Plaintiff's affliction of pain & suffering from 12/03 thru 3/03 along with the Plaintiff suffering with partial paralysis for the balance of his life.

4. The Individually Named Defendants in the Instant Action, Dr. Fazal Bhatti & MLP Diane Kilduff have come forward with other Bureau of Prisons Employees, and requested the United States Attorney & FBI in Boston to open a "Whistle Blower" Investigation into their allegations of Criminal Negligence & Unlawful Deprivation of Medical Care that includes the Plaintiff's Instant Action. The "Whistle Blowers," Dr. Bhatti & MLP Kilduff were employees of the Defendant, by FMC Devens Prison Medical Dept. wherein, they were responsible for the deprivation of the medical treatment that resulted in the Plaintiff's lifetime partial paralysis. The above two FMC Devens Prison Medical Staff informed the Plaintiff that they were being Ordered by the FMC Devens Officials to violate the community standard of care, and deprive the Plaintiff of the mandatory medical treatment that would have prevented his suffering lifetime partial paralysis.

5.   Respectfully, the Plaintiff states that the AUSA Grady Defendants Instant Motion to Quash the Prose Plaintiff Discovery Demands <u>deceptively</u> states at page 2, under Heading <u>Argument</u>, in paragraph 2 that the Plaintiff served interrogatories directed to individuals who are not a party to this Action. The Plaintiff submits that except for the Named Defendants; Dr. Bhatti, MLP Kilduff & Mrs. Fernandez the remaining interrogatories were served, and directed to Defendant United States, who is a party to this action, whereby twenty five (25) <u>identical</u> Interrogatory Questions therein indicating those Defendant United States Employees that possess the Discovery Information contained in the foregoing identical (25) Interrogatory Questions were served on Defendants Counsel AUSA Grady.

6.   Respectfully, the Plaintiff submits that Fed.R.Civ.P. 33(a) states that Interrogatories are to Answered by the party served or, "if the party served is a public or private corporation, or a partnership, or association, or governmental agency, by an officer or agent, who shall furnish such information as is available to the party." The Plaintiff further submits that he does not Object to an officer or agent, who represents the Defendant United States, furnishing the information to the Plaintiff's twenty five (25) Interrogatories whereby said officer or agent should thereby indicate those Defendant United States Employees, that were identified by the Plaintiff, who have knowledge pertaining to the information relevant to the (25) Interrogatories along with any other Defendant United States Employees who may also possess said knowledge.

7.   Respectfully, the AUSA Grady Defendants Frivolous Motion to Quash the Prose Plaintiff's Discovery Requests at page 2, under Heading <u>Argument</u>, in paragraph 2 <u>falsely</u> states that the Plaintiff served an excessive and abusive number of Interrogatories. The Plaintiff submits

that he has served no more than twenty five Interrogatories to each party, Dr. Bhatti, MLP Kilduff & United States as stated above in accordance with Fed.R.Civ.P. 33(a).

**THE AUSA GRADY DEFENDANTS FRIVOLOUS MOTION TO QUASH THE PROSE PLAINTIFF'S DISCOVERY REQUESTS AT PAGES 2 & 3, UNDER HEADING <u>ARGUMENT</u>, IN PARAGRAPH 3 ATTEMPTS TO DENY THE PROSE PLAINTIFF MEANINGFUL COURT ACCESS BY DISCOVERY BY USING FED.R.CIV.P. 26(f) & (d) WITH LOCAL RULE 26.2(A) UNDER THE WRONG CONTEXT**

8.   Respectfully, the AUSA Grady Defendants Frivolous Motion to Quash the Prose Plaintiff's Discovery Requests attempts to Deny the Prose Plaintiff Meaningful Court Access by Discovery by using Fed.R.Civ.P. 26(f) & (d) with Local Rule 26.2(A) that does <u>not</u> apply to the Instant Fact & Law that is in front of the Honorable Chief Judge. The Plaintiff submits that AUSA Grady attempts to <u>escape</u> Discovery by using a "wrongful ploy" setting forth that the Court must first hold a Conference under Fed.R.Civ.P. 26(f) in order to allow the Plaintiff's Demanded Discovery wherein, the Plaintiff is acting Pro-Se in the Instant Action while being held in Federal Detention. Therefore, the Plaintiff is exempt from said Conference under Fed.R.Civ.P. 26(a)(1)(E)(iii) as set forth above. The second element in the foregoing paragraph 3 "wrongful ploy" sets forth that Fed.R.Civ.P. 26(d) prohibited the Plaintiff's Pending Discovery by Interrogatories based on the <u>false</u> position that "the parties should not be submitted to unreasonable Discovery while a Motion to Dismiss is Pending." The foregoing second element to the AUSA Grady "wrongful ploy" is <u>absurd</u> wherein, AUSA Grady fully understood when he filed his Instant <u>False & Frivolous</u> Motion that on 11/16/06 AUSA Grady filed the Defendant's Answer to the Plaintiff's Instant Complaint, with Demand for Trial by the Defendants.

**THE PROSE PRISONER PLAINTIFF MUST BE PROVIDED WITH HIS MANDATORY RIGHT TO DISCOVERY WHEREIN, THE DEFENDANT PROVIDES NO LEGAL GROUNDS TO STAY THE MANDATORY DISCOVERY THAT THE PLAINTIFF FILED**

9.   Respectfully, in Evans v Yum Brands, Inc, 326 S.Supp.2d 214 (DNH 2004), the District Court Ruled at page 226, under Heading III [15,16], setting forth that Dispute over the Discovery Schedule does not rest upon the Defendant and their effort to bring a Motion for Summary Judgment. The District Court in New Hampshire Ruled that they frown on Motions to Stay Discovery, and Deny them in the absence of compelling reasons. Under the above facts the Evans Court cited a long line of case-law authority in support of the Plaintiff's Instant Demand for Discovery. The following Authority comes from paragraphs [15,16] at page 226 in the above Evans Ruling: 3 Alba Conte & Herbert B. Newberg, Newberg on Class Actions §9:43, at 404 (4th ed 2002); see also Medimatch Inc v Lucent Techs Inc, 120 F.Supp.2d 842, 862 n. 20 (N.D. Cal 2000); In Re Proxima Corp Sec Litig, 1994 WL 374306, at *15, 1994 US Dist. LEXIS 21443, at *43-*44 (S.D. Cal 1994); Dickson v Chicago Allied Warehouse, Inc, 1993 WL 362450, at *11, 1993 US Dist. LEXIS 12914, at *34-*35 (N.D. Ill Sept. 15, 1993).

10.   The Evans Court further Ruled at page 226 paragraphs 15 & 16 that "a Defendant's confidence that it will prevail on a dispositive motion does not in and of itself justify holding discovery in abeyance. See Gray v First Winthrop Corp, 133 F.R.D. 39, 40 (N.D. Cal 1990); accord Miller Brewing Co v Silver Bros Co, No. 88-229-SD (D.N.H. Sept 29, 1992), available at http://www.nhd.uscourts.gov (rejecting pendency of motions as reason to stay discovery)."

11.   In addition to all of the above case-law, the Plaintiff is litigating as a Prose Prisoner wherein, the Supreme Court has held under well-settled law in Lewis v Casey citing Bounds v Smith which has been affirmed by the First Circuit in Boivan v Black, 225 F3d 36 (1st cir 2000), that the Plaintiff must be provided with Meaningful Court Access in the Instant Action.

-6-

**FED.R.CIV.P. 26(a)(1)(E)(iii) STATES IN (E) UNDER (iii) THAT AN ACTION BROUGHT WITHOUT COUNSEL BY A PERSON IN CUSTODY OF THE UNITED STATES IS EXEMPT FROM INITIAL DISCLOSURES UNDER RULE 26(a)(1)**

12.  Respectfully, AUSA Grady's Instant Motion to Quash & Stay the Plaintiff's Mandatory Discovery shows a deliberate <u>Fraud upon the Court</u> in the last paragraph of page 2, under Heading <u>Argument</u>.

13.  Respectfully, AUSA Grady perpetrated his Fraud on the Court in the Pending Motion <u>Argument</u> at pages 2 & 3 by deliberately concealing the Mandatory applicable Authority pertaining to the AUSA Grady's Frivolous Motion to Quash & Stay the Plaintiff's Discovery. Said Fraud on the Court by AUSA Grady deliberately conceals Fed.R.Civ.P. 26(a)(1)(E)(iii) as follows:

> <u>Fed.R.Civ.P. Rule 26</u>
>
> **(a) REQUIRED DISCLOSURES: METHODS TO DISCOVER ADDITIONAL MATTER**
>
> **(1) INITIAL DISCLOSURES,** Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:
>
> **(E)** The following categories of proceedings are exempt from initial disclosure under Rule 26(a)(1):
>
> **(iii)** an action brought without counsel by a person in custody of the United States, a state, of a state subdivision

14.  Respectfully, the FMC Devens Prison Law Library does not provide the Plaintiff with the ability to research the well-settled area of law that is established under the Fed.R.Civ.P. 26(a)(1)(E)(iii) that the Plaintiff wanted to include in the Instant Opposition.

15.  Respectfully, the Plaintiff submits that the Honorable Court can appreciate, in the Instant Review whereby as a Pro-Se Prisoner Litigant the hardships of research in order to litigate with the well-settled Body of Law under the Plaintiff's Mandatory Right to Discovery should be interpreted pursuant to Fed.R.Civ.P. 26(a)(1)(E)(iii). <u>Haines v Kerner</u>, 30 LEd.2d 652 (1972).

## CONCLUSION

Respectfully, the Prose Prisoner Plaintiff is requesting the Honorable Court to Deny the AUSA Grady Pending Motion to Quash & Stay the Plaintiff's Mandatory Right to Proceed with all Discovery that has already been Served upon the Defendants.

Respectfully Submitted,

Dated: 3/7/07   By: _____
Frank Barbaro
Prose Plaintiff

BARBARO v UNITED STATES, ET AL
C.A. NO.: 05-40097 MLW

PROOF OF SERVICE

Frank Barbaro Prose Plaintiff declares & affirms under penalty of perjury that the attached Opposition by the Prose Plaintiff to the Defendant's Pending Motion to Quash & Stay the Prose Plaintiff's Discovery was Served on the Defendant's Counsel by Regular US Mail with the use of the FMC Devens Prison Legal Mail System as follows:

SERVED ON:

Defendant's Counsel,

AUSA Mark Grady
US Attorney's Office
1 Courthouse Way, ste 9200
Boston, MA 02210

Dated: 3/7/07   By: _____
                    Frank Barbaro
                    Prison ID# 48264-053
                    FMC Devens Prison, Box 879
                    Ayer, MA 01432
                    Prose Plaintiff