UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
FRANK BARBARO                        )
     Plaintiff,                      )
                                     )
     v.                              )  C.A. No. 05-40097-MLW
                                     )
UNITED STATES OF AMERICA, ON         )
BEHALF OF THE FEDERAL BUREAU OF      )
PRISONS, ET AL.,                     )
     Defendants.                     )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                              May 22, 2007

The court has received pro Se plaintiff Frank Barbaro's Motion for Clarification of the Court's January 10, 2007 Order. Plaintiff appears to ask to court to reconsider its ruling on December 6, 2006, which found that plaintiff had not exhausted his state administrative remedies. The court thus construes plaintiff's motion as a Motion for Reconsideration under Rule 60 of the Federal Rules of Civil Procedure.

A district court has the authority to reconsider interlocutory orders at any time before final judgment. F.R.Civ.P. 54 (b);[1]

---

[1] The rule states:

> In the absence of [a final] determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

F.R.Civ.P 54.

1

Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994). However, the Supreme Court instructs that "courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v. California, 460 U.S. 605, 618 n.8 (1983)). Accordingly, "a court should grant a motion for reconsideration of an interlocutory order only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000).

    Plaintiff has not made the required showing. Among other things, he has not shown that the December 6, 2006 Order was clearly erroneous. Accordingly, his motion for reconsideration (Docket No. 55) is hereby DENIED.

                                                   /s/      MARK L. WOLF
                                             UNITED STATES DISTRICT JUDGE