UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANK BARBARO,           )<br>      Plaintiff,           )<br>                          )<br>v.                        )<br>                          )     CIVIL ACTION NO:<br>                          )     05-40097-MLW<br>UNITED STATES OF AMERICA, )<br>DR. BHATTI, MLP KILDUFF and )<br>UNIT MGR MRS FERNANDEZ    )<br>      Defendants.          ) | |

## UNITED STATES' RESPONSE TO THE COURT'S JULY 30, 2008, ORDER

The United States submits this Response to the July 30, 2008, Order of this Court directing that, "[t]he United States shall file a report with the Court by August 5, 2008 stating the status of the remaining claims and whether any discovery has been done. The report shall also propose a schedule for the remainder of the case."

## Background

The instant Complaint was filed on June 17, 2005. In his Complaint, the Plaintiff, Frank Barbaro ("Barbaro") alleged that Bureau of Prisons ("BOP") personnel at the Federal Medical Center in Devens, Massachusetts ("FMC - Devens") were negligent and/or constitutionally deficient in providing medical care to Barbaro. Accompanying such contentions was a claim under the Federal Tort Claims Act against the United States for denial of access to the BOP administrative remedy program. See generally, Complaint [D. 1].

Chief Judge Wolf subsequently allowed the Plaintiff's Motion for Leave to File in Forma Pauperis, and summonses were issued for the United States and individually named Defendants

on February 27, 2006.[1]  After resolution of numerous issues with respect to service, see supra note 1, On November 16, 2006, the United States and the individual defendants filed an Answer. [D. 49]

Barbaro moved for summary judgment as to his claim of denial of access to the BOP administrative remedy program. [D. 31].  The United States opposed that motion and cross-moved for dismissal and/or summary judgment on that claim. [D. 39-41].  On December 6, 2006, Chief Judge Wolf granted the United States' Motion, dismissing claims of denial of access as to the United States and Victoria Fernandez. [D. 51].

On August 24, 2007, Chief Judge Wolf granted a Motion to Quash [D. 57] improper interrogatories served by Barbaro and further ordered that, in light of the abusive nature of the requests and Barbaro's prior conduct in the litigation, see supra note 1, any and all discovery requests by the Plaintiff in this matter required advance approval of the Court.  [D. 61].

Thereafter, on April 15, 2008, the matter was referred to this Court for all pre-trial purposes. [D. 67].

## Remaining Claims And Discovery Status

To be litigated are Plaintiff's negligence claims under the FTCA, alleging medical malpractice against the United States, and denial of medical care in violation of the Eighth Amendment against the individual defendants, Dr. Bhatti and Mid Level Practitioner ("MLP")

---

[1]To date, Barbaro has filed numerous motions alleging government misconduct, all of which were without merit and/or denied.  See [D. 13, 15 and 18] (seeking to compel production of MRI films, and denying relief); [D. 19, 20, 21 54] (alleging improper treatment of legal mail and denying relief); [D. 29, 36, 43] (alleging interference by the government with service of process, to which the government responded with executed waivers of service); and  [D 45, 46, 56] (alleging denial of access to legal materials and denying relief).

Kilduff. The crux of Plaintiff's claims would appear to relate to the alleged failure of FMC Devens to afford him recommended shoulder surgery.

The United States would expect the evidence, and medical records, to show that Barbaro was afforded prompt and appropriate treatment that at no time deviated from the standards of appropriate medical care, including but not limited to multiple referrals to orthopedic surgeons and neurosurgeons regarding the issue of whether surgery was appropriate. The evidence will also show, *inter alia*, that consulting neurosurgeons and orthopedic surgeons initially recommended against surgery, or wished additional tests before recommending surgery, and that when surgery was scheduled in November 2004, Barbaro refused to undergo the procedure.

No discovery has been conducted.

## Government's Proposed Discovery Schedule

If the Court wishes to allow the parties to conduct discovery, rather than to proceed directly to summary judgment,[2] the government proposes the following schedule:

1. Automatic Disclosures[3] shall be provided on or before August 30 2008;

2. Written discovery (interrogatories, document requests and requests for admissions) be served on or before September 5, 2008;

3. Responses to written discovery requests be provided by October 30, 2008;

4. Depositions and all other discovery be completed on or before October 30, 2008;

---

[2]The United States is prepared to move for summary judgment based upon the medical records and declarations of medical providers and notes that the Plaintiff has failed to pursue any discovery in this matter for almost an entire year.

[3]Fed. R. Civ. P. 26(a)(1)(B)(iv) exempts from the initial disclosure requirements "an action brought without an attorney by a person in the custody of the United States. . ." Barbaro appears, however, to have been released from BOP custody on or about June 25, 2008.

5.	Plaintiff's expert disclosures to be due on or before November 15, 2008;

6.	Defendant's expert disclosures to be due on or before December 30, 2008;

7.	All expert discovery to be completed on or before January 30, 2009;

8.	Summary Judgment Motions to be filed on or before March 15, 2009;

9.	Responses to Summary Judgment due on or before March 30, 2009

10.	Leave to file Reply memoranda will be subject to court approval.

11.	Hearing on Motions for Summary Judgment and any Pre Trial Conference to be set by the Court

12.	Trial date to be set by the Court.

>	Respectfully submitted,
>	MICHAEL J. SULLIVAN
>	United States Attorney
>
> By:	/s/ Mark J. Grady
>	Mark J. Grady
>	Assistant U.S. Attorney
>	One Courthouse Way, Suite 9200
>	Boston, MA 02210
>	(617) 748-3136

**Certificate of Service**

I hereby certify that on this 5th day of August 2008, I caused a copy of the foregoing Response to be served upon the Plaintiff by first class mail at the address provided by way of the January 23, 2008 notice of change of address, Frank Barbaro, 11 David Ave. Hicksville, NY 11801.

>	/s/ Mark J. Grady
>	Mark J. Grady
>	Assistant U.S. Attorney