UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FRANK BARBARO,                          )
        Plaintiff,                      )
                                        )
v.                                      )
                                        )        CIVIL ACTION NO:
                                        )        05-40097-MLW
UNITED STATES OF AMERICA,               )
DR. BHATTI, MLP KILDUFF and             )
UNIT MGR MRS FERNANDEZ                   )
        Defendants.                     )

## PLAINTIFF'S RESPONSE TO UNITED STATES' AUGUST 5, 2008 REPORT

Plaintiff submits this Response to the United States' August 5, 2008 Report (the "August 5 Report"). By Order dated July 30, 2008 (the "July 30 Order"), this Court directed the United States to "file a report with the Court by August 5, 2008, stating the status of the remaining claims and whether any discovery has been done" and "propos[ing] a schedule for the remainder of the case." By the same Order, Plaintiff was given an opportunity to respond to the United States' August 5 Report.

Plaintiff submits this Response in order to: (i) inform this Court of certain claims and the status of discovery in the action before the District Court for the Southern District of New York styled Barbaro v. United States et. al. (No. 05 Civ. 6998 (DLC)(THK)), an action in which Plaintiff is represented by counsel (the "New York Action"), (ii) supplement the United States' description of the status of remaining claims and the extent of discovery in this action (also referred to as the "Massachusetts Action"), (iii) propose that discovery and any dispositive motions in this action be postponed until June 2009 or until such time as judgment has been

rendered in the New York Action, and (iv) propose that an order be entered permitting the discovery materials compiled in the New York Action to be available for use in this proceeding.

## The New York Action

Plaintiff filed his complaint in the New York Action *pro se* on August 5, 2005, including negligence claims against the United States based on the Federal Tort Claims Act ("FTCA") and claims based on the cause of action developed in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and progeny against the individual defendants M.E. Ray, Harrell Watts, Dr. Sundarin, Dr. Genovese, Dr. Williams, Physician Assistant ("PA") Hugo Sanchez and Jane Vander Heywright (individually or collectively, the "New York Defendants").[1] The negligence claims allege medical malpractice by Bureau of Prisons ("BOP") personnel at the Federal Correction Institution in Otisville ("FCI Otisville"), where Plaintiff was incarcerated from early 1998 to late 2003. The Bivens claims allege denial of medical care by the seven named New York Defendants in violation of the Eighth Amendment.

On January 24, 2007, the New York Defendants moved for summary judgment with respect to Plaintiff's Bivens claims. Plaintiff filed in opposition to this motion on March 20, 2007. On April 27, 2007, the United States Court of Appeals for the Second Circuit decided *sua sponte* to appoint *pro bono* counsel to represent Plaintiff in the New York Action. On May 17, 2007, White & Case LLP filed a notice of appearance on behalf of Plaintiff in the New York Action.

After the New York Defendants submitted additional briefing on November 16, 2007 in support of their motion for summary judgment and Plaintiff submitted a response on December 7, 2007, District Judge Cote granted partial summary judgment to the New York Defendants on

---

[1] There is no overlap between the individual defendants in the New York Action and the individual defendants in the Massachusetts Action.

March 3, 2008, dismissing Plaintiff's Bivens claims in the New York Action. *See* Barbaro v. United States et. al., 2008 WL 564622, at *3 (SDNY 2008). With respect to Plaintiff's FTCA claims against the United States, a pre-trial conference was held on March 21, 2008, resulting in a pretrial scheduling order. *See* March 25, 2008 Pretrial Scheduling Order, attached hereto as Exhibit A. The scheduling order provides in relevant part:

- All fact discovery must be completed by September 26, 2008
- All expert discovery must be completed by November 21, 2008
- The Joint Pretrial Order must be filed by December 19, 2008
- Trial will begin at 9:30 a.m. on January 26, 2009

Document discovery in the New York Action is well advanced. Plaintiff has produced to the United States approximately 4,000 pages of materials by productions dated January 31, March 5, May 14 and August 7, 2008. In addition, several third parties have produced documents in connection with the New York Action and additional third parties have been subpoenaed to produce relevant documents. The United States has produced approximately 3,400 pages of materials, with its most recent production occurring on June 4, 2008. Most of the documents produced in the New York Action are relevant to the Massachusetts Action. For example, the United States production contains a lengthy document entitled "BOP Health File," bearing bates-stamps US000001-US000888. The BOP Health File contains information regarding Plaintiff's medical treatment and medical history that were generated while Plaintiff was incarcerated in both FCI Otisville and FMC Devens. This is one of many instances where documents discovered in the New York Action are relevant to the Massachusetts Action.

Other fact discovery is also well under way. The United States issued its first interrogatories on November 13, 2006 and Plaintiff responded on January 11, 2007. With the

3

assistance of counsel, Plaintiff served interrogatory requests on February 19, 2008, to which the United States responded on March 28, 2008. Included in the United States' responses is an identification of personnel who provided medical treatment to Plaintiff, including Dr. Bhatti, an individual defendant against whom Plaintiff alleges Bivens claims in the Massachusetts Action.

Deposition discovery is about to commence in the New York Action. Pursuant to Plaintiff's subpoenas dated July 31 and August 1, 2008, the parties to the New York Action have scheduled the deposition of Dr. M. J. Jhaveri[2] to occur on Tuesday, August 19, 2008 at Dr. Jhaveri's office in Middletown, New York and the deposition of Dr. Goddard Lainjo[3] to occur on Wednesday, September 10, 2008 at Dr. Lainjo's office in Middletown, New York. Plaintiff is currently in discussions with the United States regarding the scheduling of further depositions, including Rule 30(b)(6) deposition(s) to address the BOP's recordkeeping and several other issues. On more than one occasion, the United States has suggested that the fact discovery deadline in the New York Action be extended by one month. *See* Letter dated August 6, 2008 from Assistant United States Attorney Daniel Filor to Stefan Ebaugh, attached hereto as Exhibit B. Plaintiff is opposed to these suggestions out of a concern that the pretrial schedule in the New York Action, where Plaintiff is represented by counsel, might fall behind the pretrial schedule in the Massachusetts Action, where Plaintiff lacks counsel.

Plaintiff's FTCA claims against the United States in the New York Action also have implications for the time period and occurrences covered in the Massachusetts Action. In the New York Action, Plaintiff seeks to recover, *inter alia*, for Plaintiff's exacerbated pain and suffering resulting from the negligent medical care afforded Plaintiff, while Plaintiff was

---

[2] Dr. Jhaveri is a neurologist to whom Defendant sent Plaintiff on September 11, 2003 for diagnosis or treatment of his back and neck problems.

[3] Dr. Lainjo is a rheumatologist to whom Defendant sent Plaintiff on May 28, 2003 for diagnosis or treatment of his back, neck and shoulder problems.

4

incarcerated at FCl Otisville, for his back, neck and shoulder problems. To the extent that Plaintiff establishes that the United States' negligence caused exacerbated pain and suffering during the FCI Otisville time period, Plaintiff will also want to establish (for purposes of damages calculations) that Plaintiff's exacerbated pain and suffering was not subsequently resolved by medical treatment received by Plaintiff from the United States during the FMC Devens period. In this regard, Plaintiff plans on deposing Dr. Bhatti,[4] Dr. Philbin,[5] Dr. Blumenkopf[6] and other persons who diagnosed or treated Plaintiff during the FMC Devens period in the New York Action.

## The Massachusetts Action

ln the Massachusetts Action, Plaintiff pursues medical malpractice claims against the United States based on the FTCA and Bivens claims against the individual defendants Dr. Bhatti and Mid Level Practitioner ("MLP") Kilduff. Contrary to the suggestion of the United States in its August 5 Report, the "crux" of Plaintiff's negligence claims is not limited to BOP personnel at FMC Devens failing to perform surgery on Plaintiff's shoulder. *See* August 5 Report at 3. In addition to claims that BOP personnel at FMC Devens failed to provide Plaintiff with necessary back, neck and shoulder surgeries, Plaintiff also claims, *inter alia*, that relevant personnel failed to provide adequate non-surgical treatment for Plaintiff's back, neck and shoulder problems, including treatment of the pain and weakness resulting from nerves pinched by the abnormalities

---

[4] Dr. Bhatti was the Medical Director at FMC Devens when Plaintiff was transferred from FCI Otisville to FMC Devens on December 30, 2003. Dr. Bhatti prescribed Percocet for Plaintiff's pain and approved consultations of Plaintiff with Dr. Philbin and Dr. Blumenkopf.

[5] Dr. Philbin is an orthopedic surgeon who twice examined Plaintiff's shoulder (on February 10, 2004 and December 21, 2004) and concluded that surgical intervention was not warranted.

[6] Dr. Blumenkopf is a neurosurgeon who examined Plaintiff's cervical and lumbar spine on at least three occasions (on March 31, 2004, October 6, 2004 and November 10, 2004) and wrote medical notes to the effect that surgery on Plaintiff's spine was warranted.

in Plaintiff's cervical and lumbar spine and the pain connected with the osteoarthritis, bursitis and tendonitis in Plaintiff's dislocating right shoulder.

The United States maintains that "no discovery has been conducted" in the Massachusetts Action. *See* August 5 Report at 3. While this is technically accurate, there is a significant amount of discovery that (i) has taken place between Frank Barbaro and the United States in the New York Action, (ii) is relevant to Frank Barbaro and the United States in the Massachusetts Action and (iii) is available for production in the Massachusetts Action in relatively short order.[7]

## **Plaintiff's Proposed Discovery Schedule**

Plaintiff proposes that discovery and any dispositive motions in this action be postponed until June 2009 or until such time as judgment has been rendered in the New York Action. This does not mean, however, that discovery will not be proceeding in the Massachusetts Action. As discussed above, much of the discovery conducted in the New York Action will be duplicative of evidence sought in the Massachusetts Action. For example, the BOP Health File produced by the United States in the New York Action is the same BOP Health File whose production Plaintiff would request in the Massachusetts Action. Similarly, Plaintiff's post-BOP medical records, collected by Plaintiff and the United States in the New York Action through medical record requests and subpoenas to the hospitals and medical offices visited by Plaintiff subsequent to his release from FMC Devens, is the same post-BOP medical records whose production the United States would likely request in the Massachusetts Action. In addition, depositions taken in the New York Action of Dr. Bhatti, Dr. Philbin, and Dr. Blumenkopf would cover the same or similar topics as depositions of those same doctors in the Massachusetts Action. Plaintiff intends

---

[7] The production in the New York Action is subject to a Confidentiality Order issued by Judge Cote, subscribed to by the parties to the New York Action and filed with the court on February 21, 2008 (docket entry 125).

to move the Court, as proposed above, to allow the discovery materials obtained in the New York Action to be used in this proceeding.

Plaintiff's proposed discovery schedule promotes efficiency for both the defendants and this Court. Because Plaintiff intends to move the Court to allow the discovery materials obtained in the New York Action to be used in this proceeding, the discovery work from the New York Action - much of which will be relevant to this proceeding – will not need to be performed again. Moreover, any issue that is narrowed or resolved in the New York Action may have a similar effect in the Massachusetts Action. This would not only decrease the scope of claims that defendants in the Massachusetts Action must defend against, it would also tend to conserve the judicial resources that this Court would expend on the Massachusetts Action.

Plaintiff's proposed schedule also reduces a risk arising under the present circumstances that resolution of Plaintiff's claims in the New York and Massachusetts Actions will result from procedural default, instead of upon a trying of the merits. Were this Court to follow the pretrial schedule proposed in the United States' August 5 Report, a four or six week extension of the fact discovery deadline requested in the New York Action by the United States and permitted by that court could result in the discovery schedules in the New York and Massachusetts Actions to run in tandem or result in the pretrial schedule in the New York Action, where Plaintiff is represented by counsel, to fall behind the pretrial schedule in the Massachusetts Action, where Plaintiff lacks counsel. Under such circumstances, Plaintiff in the Massachusetts Action might commit a procedural default for lack of counsel. It is even possible that the preclusive effects from a procedural default in the Massachusetts Action could foreclose or otherwise affect recovery on a claim in the New York Action. Maintaining the priority of the pretrial schedule in

the New York Action over the pretrial schedule in the Massachusetts will increase the likelihood that Plaintiff's claims, in both actions, will be resolved on the merits rather than by default.

## Notice of Recent Activity in Massachusetts Action

On August 4, 2008, Plaintiff received an envelope post-marked August 1, 2008 with return address of United States District Court, 1 Courthouse Way, Suite 2300, Office of the Clerk, Boston, Massachusetts. Inside the envelope was a copy of the docket through July 30, 2008 and a note indicating that notice of the July 30, 2008 docket entry had been electronically mailed to Mark J. Grady, counsel for the United States. The note also stated that notice will not be electronically mailed to Frank Barbaro.

The envelope received by Plaintiff on August 4, 2008 was the first court-related communication Plaintiff received since filing a Notice of Change of Address, entered on the docket on January 25, 2008 as entry number 66. Plaintiff received no notice of Judge Wolf's April 15, 2008 Order (docket entry 67) referring the case for full pretrial purposes to a magistrate judge, nor did Plaintiff receive notice - prior to August 4, 2008 - of the assignment to Magistrate Judge Sorokin of the present case or of Judge Sorokin's July 30 Order, denying Plaintiff's December 18, 2007 Motion to Consolidate.[8] Given the Court's prior practice of mailing the Plaintiff a copy of each order in the case along with an updated copy of the docket, any lack of vigilance in monitoring the docket subsequent to Plaintiff's filing of a change of address is excusable. Moreover, until Plaintiff was released on June 25, 2008 from the detention facility in Brooklyn, New York, Plaintiff was prohibited from using the internet, a computer or a cellular phone. During this time, Plaintiff was authorized to leave the Brooklyn facility only for scheduled appointments.

---

[8] Plaintiff objects to the lack of notice regarding the recent developments in this case and in no way waives any right to move the court to reconsider its denial of Plaintiff's December 18, 2007 Motion to Consolidate.

8

The Court's July 30 Order gives Plaintiff an opportunity to respond by August 12, 2008 to the United States' August 5 Report. By facsimile of August 12, 2008 from Plaintiff to the District Court for the District of Massachusetts, Plaintiff requested a one-week extension to the deadline to respond to the United States' August 5 Report and pledged to make every effort to submit the response as soon as possible. *See* facsimile dated August 12, 2008, attached hereto as Exhibit C. On August 13, 2008, Plaintiff spoke with Maria Simeone, Courtroom Deputy to Judge Sorokin. Plaintiff arranged to fax Ms. Simeone a signed copy of the instant submission before 6 p.m. on August 13, 2008 and to then FedEx the original signed submission to the Court.

Plaintiff respectfully requests that the Court take the above circumstances into consideration when rendering a decision regarding the pretrial schedule.

Respectfully submitted,

FRANK BARBARO
*Pro se* Plaintiff

**Certificate of Service**

I hereby certify that on this 13th day of August 2008, I caused a true copy of the foregoing Response to be served upon the defendants by FedEx.

Frank Barbaro
*Pro se* Plaintiff

9

Exhibit A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
FRANK BARBARO,                            :
                      Plaintiff,          :
                                          :      05 CIV. 6998 (DLC)
          -v-                             :
                                          :          PRETRIAL
UNITED STATES OF AMERICA ON BEHALF OF     :      SCHEDULING ORDER
THE FEDERAL BUREAU OF PRISONS FCI         :
OTISVILLE, WITH THE FOLLOWING NAMED       :
PRISON OFFICIALS WHO ARE BIVENS           :
DEFENDANTS: M.E. RAY; HARRELL WATTS;      :
DR. SUNDARIN; DR. GENOVESE; DR.           :
WILLIAMS; P.A. HUGO SANCHEZ; and JANE     :
VANDER HEYWRIGHT;                         :
                                          :
                      Defendants.         :
                                          :
-----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/25/08

DENISE COTE, District Judge:

    As set forth at the pretrial conference held pursuant to
Rule 16, Fed.R.Civ.P., on March 21, 2008, the following schedule
shall govern the further conduct of pretrial proceedings in this
case:

1.  The parties are instructed to contact the chambers of
    Magistrate Judge Katz prior to **April 11, 2008** in order to
    pursue settlement discussions under his supervision.

2.  All fact discovery must be completed by **September 26, 2008**.

3.  Plaintiff's identification of experts and disclosure of
    expert testimony conforming to the requirements of Rule
    26(a)(2)(B), Fed.R.Civ.P., must occur by **October 10, 2008**.
    Defendants' identification of experts and disclosure of
    expert testimony must occur by **October 31, 2008**.

4.  All expert discovery must be completed by **November 21, 2008**.

5.  The Joint Pretrial Order must be filed by **December 19, 2008**.

    As described in this Court's Individual Practices in Civil
    Cases, the following documents must be filed with the
    Pretrial Order:  Proposed Findings of Fact and Conclusions
    of Law and a Memorandum of Law addressing all questions of
    law expected to arise at trial.  Any responsive papers are
    due one week thereafter.

1

All direct testimony except for testimony of an adverse
party, a person whose attendance must be compelled by
subpoena, or a witness for whom a party has requested and
the Court has agreed to hear the direct testimony at trial,
shall be submitted by affidavits served, **but not filed**, with
the Joint Pretrial Order.

Those portions of depositions that are being offered as
substantive evidence, along with a one page synopsis (with
transcript citations) of such testimony for each deposition,
shall be exchanged at the time the Pretrial Order is filed.

Three days after submission of the affidavits, counsel for
each party shall submit a list of all affiants that he or
she intends to cross-examine at the trial.  Affiants for
whom such notice is not given are not required to be present
at trial.

Counsel will provide the Court with a one (1) courtesy copy
of all these documents at the time they are served, as well
as two sets of pre-marked exhibits assembled sequentially i)
in a looseleaf binder, or ii) in separate manila folders
labelled with the exhibit numbers and placed in a suitable
container or box for ready reference.

IT IS HEREBY ORDERED that the trial will begin at **9:30 a.m.**
on **January 26, 2009.**

IT IS FURTHER ORDERED that the following procedures shall
govern the conduct of the trial.

1.    All exhibits must be pre-marked.

2.    At the start of the trial each party will present the Court
      with three copies of a complete exhibit list.  The exhibits
      should include expert reports, and any charts or summaries
      of evidence.

3.    Counsel should be available every day at 9:00 a.m. (except
      for the first day of trial) in order to discuss with the
      Court any legal or evidentiary issues expected to arise
      during the day.

4.    Testimony will generally be taken between 9:30 and 5:00 from
      Monday through Thursday.  There will be a mid-morning, a
      mid-afternoon and a lunch break from 12:45 to 2:00 p.m.

2

5.   Counsel should make certain that they have custody of all
     original exhibits.  The Court does not retain them and the
     Clerk is not responsible for them.

Dated:    New York, New York
          March 25, 2008

                                    DENISE COTE
                              United States District Judge

3

Exhibit B



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3ʳᵈ Floor*

*New York, New York 10007*

August 6, 2008

**By Electronic Mail**

Stefan D. Ebaugh, Esq.
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036

Re:   **Barbaro v. United States, 05 Civ. 6998 (DLC) (THK)**

Dear Mr. Ebaugh:

I write in response to plaintiff's email dated August 6, 2008, and in furtherance of our telephone discussion on August 6. On August 6, for the first time, plaintiff indicated that he intends to depose Dr. Goddard Lainjo on Sunday, August 10, 2008, in Middletown, New York. As I informed you on August 6, I have a preexisting engagement out-of-town on August 10. As a result, I cannot attend the deposition on that date, and request that Dr. Lainjo's deposition be conducted at a mutually convenient time after the doctor returns from his vacation.

As I indicated previously, the Government would not object to a one-month extension of the fact discovery deadline in the above-referenced matter in order to accommodate plaintiff's desire to depose Dr. Lainjo before conducting depositions of other witnesses.

Please inform me by 3 p.m. on August 7, 2008, whether plaintiff agrees to postpone Dr. Lainjo's deposition from August 10, so that I may bring this issue before the Court if that is necessary. Thank you for your prompt attention to this matter.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: ___ /s/ Daniel P. Filor _____
DANIEL P. FILOR
Assistant United States Attorney
Telephone: (212) 637-2726
Facsimile: (212) 637-2717

Exhibit C

To: Chambers of Magistrate Judge Leo T. Sorokin

Fax number: 508-929-9908

From: Frank Barbaro, *pro se* plaintiff

I write in connection with the case Barbaro v. United States, et. al (4:05-cv-40097-MLW). Pursuant to an Order entered on the docket of the instant case on July 30, 2008, I have until August 12, 2008 to file a response to the defendant's pretrial scheduling report of August 5, 2008 (the "Report"). I request an extension of one week to respond to the Report, but will make every effort to respond as soon as possible.

Please note that I was first made aware of recent activity in the instant case by receipt on August 4, 2008 of an envelope from this Court containing a copy of the docket including the July 30, 2008 Order. The envelope received on August 4, 2008 was the first such communication or receipt of materials received by me since I filed with the Court a Notice of Change of Address, entered on the docket on January 25, 2008 as entry number sixty-six. I received no notice of Judge Wolf's order referring the case for full pretrial purposes to a magistrate judge (docket entry number sixty-seven), nor did I - prior to August 4, 2008 - receive notice of the assignment of this case to Magistrate Judge Sorokin or receive notice of Judge Sorokin's order on the docket denying Plaintiff's Motion to Consolidate Case. Given the Court's prior practice of mailing me a copy of each order in the case along with an updated copy of the docket, I request the one-week extension to adequately respond to defendant's Report.

Respectfully,

Frank Barbaro

Frank Barbaro, *pro se* plaintiff

TRANSMISSION VERIFICATION REPORT

TIME  : 08/12/2008 05:44
SER.# : M6K513814

```
DATE,TIME          08/12 05:42
FAX NO./NAME       15089299908
DURATION           00:00:35
PAGE(S)            01
RESULT             OK
MODE               STANDARD
                   ECM
```